**No. 99-447C**
**(Judge Lettow)**

---

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**BOSTON EDISON COMPANY,**

**Plaintiff,**

**v.**

**THE UNITED STATES,**

**Defendant.**

---

# PLAINTIFF BOSTON EDISON COMPANY'S BRIEF IN RESPONSE TO DEFENDANT'S MOTION TO STRIKE THE AFFIDAVIT OF GEOFFREY LUBBOCK

---

**Richard J. Conway**
**DICKSTEIN SHAPIRO MORIN**
**& OSHINSKY LLP**
**2101 L Street, NW**
**Washington, DC 20037**
**Tel: (202) 785-9700**
**Fax: (202) 887-0689**

**Attorney for Plaintiff**

**Of Counsel:**
**David M. Nadler**
**Nicholas W. Mattia, Jr.**
**Bradley D. Wine**
**Jeffrey P. Becherer**
**DICKSTEIN SHAPIRO MORIN**
**& OSHINSKY LLP**
**2101 L Street, NW**
**Washington, DC 20037**

**Neven Rabadjija, Esq.**
**Associate General Counsel**
**NSTAR Electric & Gas Corporation**
**800 Boylston Street, 17th Floor**
**Boston, MA 02199-0228**

**August 23, 2004**

# TABLE OF CONTENTS


TABLE OF AUTHORITIES .......... ii

INTRODUCTION .......... 1

ARGUMENT .......... 3

I. THE LUBBOCK AFFIDAVIT MEETS THE REQUIREMENTS OF FRE 602 BECAUSE MR. LUBBOCK HAS PERSONAL KNOWLEDGE OF THE MATTERS STATED IN HIS AFFIDAVIT .......... 3

II. MR. LUBBOCK'S AFFIDAVIT IS RATIONALLY BASED ON HIS PERCEPTION AND IS ADMISSIBLE LAY OPINION TESTIMONY UNDER FRE 701 .......... 6

III. FRE 901 SHOULD NOT BE CONSIDERED AS A BASIS TO STRIKE THE LUBBOCK AFFIDAVIT AS THE RULE IS NOT APPLICABLE TO TESTIMONIAL EVIDENCE .......... 9

IV. THE LUBBOCK AFFIDAVIT IS NOT MEANT TO "PROVE" BOSTON EDISON'S DAMAGES, BUT TO CHARACTERIZE THE ESSENTIAL ELEMENTS OF ITS CLAIM .......... 11

CONCLUSION .......... 13

**TABLE OF AUTHORITIES**

Page

Cases:

*Altvater v. Battocletti*, 300 F.2d 156 (4th Cir. 1962) ........ 6

*Bank of China v. NBM LLC*, 359 F.3d 171 (2d Cir. 2004) ........ 8

*Burnside-Ott Aviation Training Ctr., Inc. v. United States*, 985 F.2d 1574 (Fed. Cir. 1993) ........ 12

*Conoco, Inc. v. Dep't of Energy*, 99 F.3d 387 (Fed. Cir. 1997) ........ 10

*Cook v. Hoppin*, 783 F.2d 684 (7th Cir. 1986) ........ 10

*DIJO, Inc. v. Hilton Hotels Corp.*, 351 F.3d 679 (5th Cir. 2003) ........ 8, 9

*Davis v. City of Chicago*, 841 F.2d 186 (7th Cir. 1988) ........ 5

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) ........ 11, 12

*Orr v. Bank of America, NT & SA*, 285 F.3d 764 (9th Cir. 2002) ........ 10

*Torres v. County of Oakland*, 758 F.2d 147 (6th Cir. 1985) ........ 6

*United States v. Dotson*, 799 F.2d 189 (5th Cir. 1986) ........ 7

*United States v. Hickey*, 917 F.2d 901 (6th Cir. 1990) ........ 3

*United States v. Powers*, 75 F.3d 335 (7th Cir. 1996) ........ 4

*United States v. Trenton Potteries Co.*, 273 U.S. 392 (1927) ........ 6

*United States v. McClintic*, 570 F.2d 685 (8th Cir. 1978) ........ 7

Federal Rules of Evidence:

Rule 602 ........ *passim*

Rule 701 ........ *passim*

Rule 702 ........ 6, 8

Rule 901 ........ 1, 9, 10

Other Authorities:

U.S.C.S. Fed. R. Evid. 602 Commentary ........ 3

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **BOSTON EDISON COMPANY,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 99-447C (J. Lettow)** |
| **UNITED STATES OF AMERICA,** | ) | |
| **Defendant.** | ) | |

**PLAINTIFF BOSTON EDISON COMPANY'S BRIEF IN RESPONSE TO DEFENDANT'S MOTION TO STRIKE THE AFFIDAVIT OF GEOFFREY LUBBOCK**

## INTRODUCTION

Plaintiff Boston Edison Company ("Boston Edison") hereby opposes the Defendant's ("Government") Motion to Strike the Affidavit of Geoffrey Lubbock ("Lubbock Affidavit" or "Lubbock Aff."). As demonstrated below and as is apparent on the face of the affidavit, the facts to which Mr. Lubbock attested in his affidavit are admissible under Federal Rules of Evidence ("FRE") 602 and 701, as Mr. Lubbock possesses personal knowledge of all of the factual statements contained therein. The Government's bare assertion that the Lubbock Affidavit is not based upon his personal knowledge is without merit, particularly when the affidavit demonstrates that both Mr. Lubbock's employment and his involvement on the Boston Edison nuclear plant divestiture due diligence team provided him with such knowledge. Accordingly, Boston Edison respectfully requests that the Court deny the Government's Motion to Strike.

The Government's Motion to Strike is yet an additional revealing indication that its underlying Motion to Dismiss or in the Alternative for Summary Judgment

("Motion to Dismiss") regarding Boston Edison's standing to sue is without merit and should be denied. The Government's criticisms regarding the sufficiency of evidence pertaining to Boston Edison's damages are at best disingenuous.

The Government filed its dispositive motion as its initial responsive pleading to Boston Edison's Amended Complaint, prior to any discovery being taken since the filing of the Amended Complaint. The Lubbock Affidavit was offered as further evidence of the general nature of the damages Boston Edison sustained as a result of the Government's breach, as distinct from other claimants, and with the express understanding that Boston Edison intends to develop further evidence in support of its claims through expert testimony and discovery of the Government. Plaintiff's Brief in Response to Defendant's Motion to Dismiss and for Summary Judgment at 7 n.3.

Indeed, the Lubbock Affidavit should be read in the context in which it is currently offered -- a summary of the salient points of a nuclear plant divestiture transaction occurring seventeen months after the DOE breach. The affidavit is made by the corporate official principally responsible for negotiating and developing the particular terms of the transaction. Moreover, the Lubbock Affidavit refers to just a few months after the lifting of a prolonged stay in which Boston Edison was prevented from obtaining original evidence from the Government via discovery. Boston Edison specifically stated that "[t]he Lubbock Affidavit should not be construed as articulating the entirety of Boston Edison's damages analysis," *id.*, yet this is exactly what the Government's Motion to Strike is attempting to do. Accordingly, Boston Edison respectfully requests that the Court deny the Government's Motion to Strike paragraphs 9 through 15 of the Lubbock Affidavit, and that the related portions of Boston Edison's proposed findings of fact and brief remain intact.

## ARGUMENT

### I. THE LUBBOCK AFFIDAVIT MEETS THE REQUIREMENTS OF FRE 602 BECAUSE MR. LUBBOCK HAS PERSONAL KNOWLEDGE OF THE MATTERS STATED IN HIS AFFIDAVIT

All of the statements contained in the Lubbock Affidavit are based upon Mr. Lubbock's personal knowledge, and therefore satisfy the requirements of FRE 602. Mr. Lubbock's personal knowledge of the damages sustained by Boston Edison are based upon, in pertinent part, his: (1) sixteen years of employment with Boston Edison (Lubbock Aff. ¶ 1); (2) experience as Director of Generation Divestiture at Boston Edison at the time of the sale of the Pilgrim facility (*id.*); (3) present position as Vice President for Financial Strategic Planning and Policy for Boston Edison (*id.*); (4) oversight of the independent public auctions of Boston Edison's generating facilities, including Pilgrim (*id.* ¶ 3); (5) meetings with members of the due diligence team (*id.*); and (6) discussions regarding various matters and issues raised directly by and with prospective buyers of the Pilgrim facility during the due diligence and sale negotiation process (*id.*). The Government's Motion to Strike conveniently fails to discuss these overarching aspects of the Lubbock Affidavit.

Under FRE 602, "a witness who testifies to a fact which can be perceived by the senses must have had an opportunity to observe, and must have actually observed the fact." FRE 602 advisory committee's note. As long as there is sufficient evidence to support a finding that the witness has personal knowledge, the court must ultimately decide what weight to give the testimony. U.S.C.S. Fed. R. Evid. 602 Commentary. If the Court believes that the witness has no personal knowledge, it should weigh the testimony accordingly. *See, e.g.*, *United States v. Hickey*, 917 F.2d 901, 904 (6th Cir. 1990) ("Testimony should not be excluded for lack of personal knowledge unless no reasonable juror could believe that the witness had the ability and opportunity to

perceive the event that he testifies about."). Thus, the personal knowledge requirement is more a matter of testimonial relevance than one of admissibility. *See* FRE 602 advisory committee's note. Accordingly, the Lubbock Affidavit should not be stricken.

A witness need not be absolutely certain of an event to which testimony pertains in order to satisfy the personal knowledge requirement. *Id*. It is enough that a finder of fact could find that the witness perceived the event. *Id*. Moreover, perfect knowledge is not required – the witness can be vague about certain details, and still have enough knowledge to testify and comply with FRE 602 requirements. A problem in the witness' perception generally goes to weight and not admissibility. *See, e.g., United States v. Powers,* 75 F.3d 335, 340 (7th Cir. 1996) ("[t]he fact that a witness cannot recall specific dates does not require exclusion of that testimony," since inability to recall specific dates does not demonstrate an absence of personal knowledge; the opponent's remedy is not exclusion but rather cross-examination and impeachment). Accordingly, a witness's general awareness of conditions, such as Mr. Lubbock possessed with regard to the events contained in his affidavit, is sufficient to satisfy FRE 602.

The Government asserts that [in order to testify with personal knowledge] Mr. Lubbock must have specific knowledge of the bidders' valuation models and pricing decisions as well as the exact number of bidders that would have participated in the auction process had DOE begun accepting SNF on January 31, 1998. Motion to Strike at 4. Such precision is not required in order for Mr. Lubbock's testimony to be considered with respect to the Government's standing argument, and as a realistic matter it is not practicable for the executive in charge of a large corporate project to be intimately involved with every detail of that undertaking. The fact that Mr. Lubbock

personally directed the transaction in issue, and that the matters covered by his affidavit occurred under his direct supervision and control, more than satisfy the requirements of FRE 602.

In fact, Mr. Lubbock has the requisite personal knowledge required under FRE 602. Mr. Lubbock is Vice President of Financial Strategic Planning and Policy for Boston Edison, and was responsible for divestiture of the company's electric generating assets. Lubbock Aff. ¶ 3. Mr. Lubbock oversaw the independent public auctions for all of Boston Edison's generating assets, and met regularly with Boston Edison's due diligence team to discuss matters and issues raised by prospective buyers during the due diligence process. *Id*. Mr. Lubbock has personal knowledge regarding the information that potential and actual bidders sought from Boston Edison for purposes of forming their valuation models; Mr. Lubbock directly oversaw all of the due diligence information that was assembled at prospective buyers' requests. Given this, Mr. Lubbock has testified based upon his personal knowledge of the facts contained in his affidavit.

The cases cited by the Government are inapposite with respect to the admissibility of Mr. Lubbock's affidavit. For instance, Defendant cites to *Davis v. City of Chicago*, 841 F.2d 186, 188 (7th Cir. 1988) for the assertion that "[t]he affidavits presented must be based on the personal knowledge of the affiants and must set forth the facts in a manner that would be admissible in evidence." In *Davis*, a foreman in the City of Chicago's Bureau of Rodent Control with limited knowledge of the hiring and firing practices of the City submitted an affidavit attesting to a specific hiring policy. The *Davis* affidavit is entirely different from the statements of Mr. Lubbock as to the divestiture of the Pilgrim facility. Mr. Lubbock was privy to and an active participant

in numerous conversations with bidders and prospective bidders and had personal knowledge of requests from bidders for various information about Pilgrim. Accordingly, Boston Edison respectfully requests that the Court deny the Government's Motion to Strike.

## II. MR. LUBBOCK'S AFFIDAVIT IS RATIONALLY BASED ON HIS PERCEPTION AND IS ADMISSIBLE LAY OPINION TESTIMONY UNDER FRE 701

The Government also wrongfully asserts that Mr. Lubbock lacks the personal knowledge required of a lay witness, or in the alternative, is inadmissible expert testimony. Motion to Strike at 11-20. The Court need not reach the argument that Mr. Lubbock is providing expert testimony because his testimony clearly meets the requirements of FRE 701. Boston Edison has never maintained that Mr. Lubbock's affidavit is being offered to provide expert testimony, although Boston Edison reserves the right to seek designation of Mr. Lubbock as an expert on selected utility matters should it become necessary and appropriate to do so at a later date. Rather, the Government's FRE 702 and *Daubert* arguments mischaracterize the function, purpose, and actual content of the Lubbock Affidavit, and do not form the basis for withholding its consideration by the Court.

FRE 701 effectively incorporates the personal knowledge requirement as a prerequisite to acceptance of opinions by lay persons as required by FRE 602. In addition, to be deemed competent to testify, it is not required that a witness show that he has knowledge of every fact surrounding the act or transaction in issue. The fact that he did not observe some surrounding condition goes to the weight/relevance of the evidence and not the admissibility of his testimony. *Altvater v. Battocletti,* 300 F.2d 156, 160 (4th Cir. 1962). The trial court has great discretion as to admissibility of opinions of

ordinary witnesses with respect to matters shown to be within their observation or experience. *See United States v. Trenton Potteries Co.*, 273 U.S. 392 (1927). As such, pursuant to FRE 701, a witness may testify to facts gained in the course of conversations with others. *See Torres v. County of Oakland,* 758 F.2d 147, 149 (6th Cir. 1985); *see also United States v. McClintic*, 570, F.2d 685, 690 (8th Cir. 1978) (lay witness' opinion that defendant fully understood how goods had been obtained was admissible under FRE 701, since it was rationally based upon witness's perceptions, and his opinion was proper as shorthand rendition of witness's knowledge of total situation and collective facts). As discussed in greater deal *supra*, the statements made by Mr. Lubbock, particularly those with respect to his discussions with potential bidders and members of the Boston Edison due diligence team, qualify as permissible FRE 701 opinion testimony.

The cases cited by the Government regarding FRE 701 do not support the Government's premise and are factually distinguishable from the Lubbock Affidavit. In *United States v. Dotson*, 799 F.2d 189, 193 (5th Cir. 1986), the testimony at issue was opinion testimony by Government agents with respect to the defendant's character for truthfulness. The opinion was based on the agents' investigation of Dotson and not on "how long the agents had known Dotson, or in what way they had acted to form their opinions." *Id*. The witnesses were testifying to an entirely speculative matter, that of defendant's truthfulness, without setting forth a basis for their opinion. The *Dotson* court also stated that:

> When and by whom the basis for such opinion must be developed is a question initially committed to the sound discretion of the trial court. That court has the responsibility for determining the order of proof, but the determination should be made deliberately and in the exercise of a considered discretion.

*Id*. Such discretion requires the Court's consideration of the Lubbock Affidavit with respect to the injuries Boston Edison sustained, and therefore, Boston Edison's standing to sue. In sharp contrast to *Dotson*, Mr. Lubbock is testifying to a factual matter – whether actual or potential bidders considered the breach of the Standard Contract in their decision to participate in the auction. Furthermore, these underlying facts will be supported at trial after both parties have had an opportunity to engage in discovery and present expert testimony regarding the damages Boston Edison sustained, and after the preparation and submission of expert reports.

Defendant also incorrectly argues that the court's decisions in *Bank of China v. NBM LLC*, 359 F.3d 171 (2d Cir. 2004), and *DIJO, Inc. v. Hilton Hotels Corp.*, 351 F.3d 679 (5th Cir. 2003), support the exclusion of the Lubbock Affidavit. Rather, the court's application of FRE 701 to the facts of those cases actually *supports* the admissibility of Mr. Lubbock's testimony here. While the court in *Bank of China* appropriately excluded Mr. Huang's testimony, the Court further held that

> to the extent Huang's testimony was grounded in the investigation he undertook in his role as a Bank of China employee, it was admissible pursuant to Rule 701 . . . because it was based on his *perceptions*. . . . However, to the extent Huang's testimony was not a product of his investigation, but rather reflected specialized knowledge he has because of his extensive experience in international banking, its admission pursuant to Rule 701 was error.

*Id*. at 181-82. Under this rationale, since Mr. Lubbock's affidavit essentially reports his personal activities and observations in the course of the transaction in question, and offers no expert opinions on specialized issues, it should be admitted as stemming from his direct participation in the nuclear asset divestiture process and his communications with persons participating in that process, including members of his own due diligence team. Lubbock Aff. ¶¶ 1, 3. The fact that Mr. Lubbock has specialized knowledge in

the nuclear industry (particularly with respect to divestitures) does not require Boston Edison to qualify him as an expert for purposes of the pending Motion to Dismiss, so long as the content of his affidavit derives from his activities and experiences while employed at Boston Edison.

Similarly, in *DIJO*, 351 F.3d 679, the court reversed the lower court's admission of testimony by an outside financial consultant, Skinner, regarding DIJO's lost profits resulting from a casino operator's breach of a lease. The court's opinion is based on two primary facts: (1) Skinner was an outside consultant, not a current or former employee, officer, or director of the business, and (2) Skinner had very little actual knowledge about DIJO's business operations. *Id.* at 685-86. Given these facts, Skinner's testimony is exactly the kind of opinion testimony that Rule 701 aims to channel into Rule 702, requiring qualifications of expert witnesses. The Court notes that "[t]he further removed a layman is from a company's day-to-day operations, the less likely it is that his opinion testimony will be admissible under Rule 701." *Id*. at 686. In sharp contrast to Skinner, Mr. Lubbock is Vice President – Financial Strategic Planning and Policy for NSTAR Electric and Gas Corporation ("NSTAR"). Lubbock Aff. ¶ 1. In this position, Mr. Lubbock played an integral role in the sale of Pilgrim and was privy to many conversations across the negotiating table. *Id.* ¶¶ 1, 3. The Lubbock Affidavit meets the requirements of FRE 701, and therefore, the Government's Motion to Strike should be denied.

## III. FRE 901 SHOULD NOT BE CONSIDERED AS A BASIS TO STRIKE THE LUBBOCK AFFIDAVIT AS THE RULE IS NOT APPLICABLE TO TESTIMONIAL EVIDENCE

FRE 901 has no bearing on the Court's consideration of Mr. Lubbock's affidavit as the affidavit is not subject to that rule. The Government claims that

Mr. Lubbock's affidavit is inadmissible because it fails to meet authentication requirements of FRE 901. However, FRE 901 relates solely to the authentication of offers of *tangible evidence* (i.e., documents, handwriting, public records, reports, telephone conversations, voice characteristics, etc.), as distinguished from testimonial evidence. *See Cook v. Hoppin*, 783 F.2d 684, 688 (7th Cir. 1986) (holding rule 901 inapplicable to a testimonial affidavit). The Rule on its face clearly applies to efforts to authenticate, as opposed to proffers of testimony. The Court of Appeals in *Cook* stated "Cook's argument that Glossop's testimony should be excluded on the basis of Rule 901 simply misses the mark." *Id*. Similarly, the Government's efforts to employ FRE 901 misses the mark, as Boston Edison offers the Lubbock Affidavit in a testimonial capacity, not in an effort to authenticate other evidence.

Both cases Defendant cites in support of requiring authentication under FRE 901 involve admission of documentary evidence. *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 773-78 (9th Cir. 2002) (court held Orr's submission of deposition extracts, trial transcripts, and documents obtained in discovery inadmissible because of inadequate authentication); *Conoco Inc. v. Dep't of Energy*, 99 F.3d 387 (Fed. Cir. 1997) (holding business records inadmissible hearsay without proper testimony from a qualified witness to establish foundation). Defendant seems to be confusing FRE 901's applicability to affidavits submitted to authenticate tangible evidence with purely testimonial affidavits. It is true that documents may be authenticated using an affidavit of an individual with personal knowledge. *Orr*, 285 F.3d at 773-74. However, Mr. Lubbock's testimony is not being used to authenticate any evidence presently being submitted. Rather, Mr. Lubbock's testimony is his personal account of his participation in the sale of Pilgrim and the knowledge he gained through this participation. As such,

FRE 901 provides no basis for striking the Lubbock Affidavit, and the Government's Motion to Strike should therefore be denied.

## IV. THE LUBBOCK AFFIDAVIT IS NOT MEANT TO "PROVE" BOSTON EDISON'S DAMAGES, BUT TO CHARACTERIZE THE ESSENTIAL ELEMENTS OF ITS CLAIM

Finally, Boston Edison does not seek to quantify or otherwise prove the entirety of its damages through the Lubbock Affidavit, but rather to prove that it sustained injuries, and in particular injuries different in kind from those of other existing claimants, and should therefore be deemed to have standing to sue.[1] Boston Edison submitted the Lubbock Affidavit as part of its response to the Government's Motion to Dismiss, which it filed as its initial response to Boston Edison's Amended Complaint. In its motion, the Government challenged Boston Edison's standing, alleging that Boston Edison had suffered no injury as a result of the Government's failure to commence disposal of spent fuel from the nation's nuclear plants by January 31, 1998. Neither Boston Edison nor the Government have as yet had the opportunity to conduct discovery as to the Amended Complaint, including its amended damages analysis.

Boston Edison need not offer comprehensive proof to survive the Government's Motion to Dismiss. "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss

[1] The Government has identified a misstatement in Plaintiff's Amended Complaint regarding the development of dry cask storage. Motion at 8-9. Contrary to the assertion presently contained in paragraph 71 of the Amended Complaint, Boston Edison did not incur pre-closing expenditures related to a dry cask storage facility at Pilgrim. Accordingly, Boston Edison is not seeking damages in this case related to such pre-closing costs. Boston Edison's damages theory is completely consistent with the Lubbock Affidavit. Boston Edison is prepared to further amend its complaint to omit the reference in paragraph 71 to the extent that the Court believes that such an amendment is necessary and/or beneficial.

we 'presum[e] that general allegations embrace those specific facts that are necessary to support the claim." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (citations omitted). It is well settled that "'summary judgment is inappropriate unless a tribunal permits the parties adequate time for discovery.' Indeed, summary judgment should 'be refused where the nonmoving party has not had the opportunity to discover information that is essential to [its] opposition.'" *Burnside-Ott Aviation Training Ctr., Inc. v. United States*, 985 F.2d 1574, 1582 (Fed. Cir. 1993) (citations omitted). Moreover, as the Supreme Court noted in *Lujan*,

> When the suit is one challenging the legality of government action or inaction, the nature and extent of facts that must be averred (at the summary judgment stage) or proved (at the trial stage) in order to establish standing depends considerably upon whether the plaintiff is himself an object of the action (or foregone action) at issue. *If he is, there is ordinarily little question that the action or inaction has caused him injury, and that a judgment preventing or requiring the action will redress it*.

504 U.S. at 561-62 (emphasis added).

The Lubbock Affidavit was simply offered to the Court to assist in describing the nature of some of the damages suffered by Boston Edison as a direct and proximate result of the Government's breach. The Lubbock Affidavit should not be construed as articulating the entirety of Boston Edison's damages analysis, which will follow discovery and the preparation and exchange of experts' reports. As it did in its original response to the Government's Motion to Dismiss, Boston Edison expressly reserves its right to develop more fully its damages analysis through the use of documents, demonstrative exhibits, testimony (including the testimony of expert witnesses), and other means, as appropriate.

**CONCLUSION**

For all of the foregoing reasons, the Boston Edison respectfully request that the Court deny the Government's Motion to Strike the Affidavit of Geoffrey Lubbock.

Date: August 23, 2004

Respectfully submitted,

s/ Richard J. Conway
Richard J. Conway
DICKSTEIN SHAPIRO MORIN
& OSHINSKY LLP
2101 L Street, NW
Washington, DC 20037
(202) 785-9700

*Counsel of Record for*
*Boston Edison Company*

Of Counsel:
David M. Nadler
Nicholas W. Mattia, Jr.
Bradley D. Wine
Jeffrey P. Becherer
DICKSTEIN SHAPIRO MORIN
& OSHINSKY LLP
2101 L Street, NW
Washington, DC 20037
(202) 785-9700

Neven Rabadjjija, Esq.
Associate General Counsel
NSTAR Electric & Gas Corporation
800 Boylston Street
17th Floor
Boston, MA 02199-0228

**CERTIFICATE OF ELECTRONIC FILING**

I hereby certify that on August 23, 2004 a copy of the foregoing "Plaintiff Boston Edison Company's Opposition to Defendant's Motion to Strike the Affidavit of Geoffrey Lubbock" was filed electronically. I understand that the notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Richard J. Conway
Richard J. Conway
DICKSTEIN SHAPIRO MORIN
& OSHINSKY LLP
2101 L Street, NW
Washington, DC 20037
(202) 785-9700

*Counsel of Record for*
*Boston Edison Company*