IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| BOSTON EDISON COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 99-447C |
| | ) | (Judge Lettow) |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S SUPPLEMENTAL BRIEF PURSUANT TO
THE COURT'S DIRECTION AT THE PARTIES' AUGUST 31, 2004 HEARING

Defendant, the United States, respectfully submits this supplemental brief in response to the Court's comments and questions at the parties' argument on August 31, 2004. During that argument, the Court asked (1) whether the plaintiff, Boston Edison Company ("Boston"), had ever submitted a Final Delivery Schedule, as described in Article V.B of the Standard Contract, to the Department of Energy ("DOE") and (2) whether the Supreme Court's decision in Franconia Associates v. United States, 536 U.S. 129 (2002), had any effect upon a contract holder's ability to recover damages incurred prior to a partial breach of contract. We respond to these inquiries below.[1]

[1] In addition, at the hearing on August 31, 2004, counsel for Boston briefly mentioned a matter from a District of Columbia Circuit case that purportedly related to the Government's position about jurisdiction regarding Nuclear Waste Fund fees, and counsel suggested that Boston might address this matter and provide the Court with a copy of a related document in its September 10, 2004 submission to the Court. We have not been provided with a copy of the document to which counsel was referring, and, therefore, we are not presently in a position to respond to it. To the extent that Boston submits that document to the Court in its September 10, 2004 filing, we respectfully request that the Court grant us leave to file a response to Boston's argument about that document after we have had an opportunity to review it.

## DISCUSSION

### I. WE HAVE NO RECORD INDICATING THAT BOSTON EDISON HAS EVER SUBMITTED A FINAL DELIVERY SCHEDULE TO THE DEPARTMENT OF ENERGY

During the hearing on August 31, 2004, the Court inquired as to whether Boston had ever submitted Final Delivery Schedules to DOE and whether DOE had declined to approve or disapprove them. After reviewing DOE's contract file for Boston, we have been unable to identify any evidence that Boston ever submitted a Final Delivery Schedule to DOE for approval. We understand, based upon our telephone conversation with counsel for Boston on Wednesday, September 8, 2004, that Boston is also unaware of any Final Delivery Schedules that Boston submitted to DOE. We have also been unable to locate any evidence that DOE notified Boston that it should not submit Final Delivery Schedules.

### II. THE SUPREME COURT'S DECISION IN *FRANCONIA* DOES NOT AFFECT A CONTRACT HOLDER'S INABILITY TO OBTAIN PRE-BREACH DAMAGES IN A PARTIAL BREACH CASE

During the August 31, 2004 hearing, the Court asked whether the Supreme Court's decision in Franconia Associates v. United States, 536 U.S. 129 (2002), provides a basis for finding that damages for an anticipatory partial breach of contract are permissible. The contract and alleged breach at issue in that case do not support the existence of a legal theory of "anticipatory partial breach" or an ability to recover pre-breach damages in a partial breach case.

The issue presented in Franconia was whether the plaintiffs' claims for breach of contract and takings were barred by the six-year statute of limitations in 28 U.S.C. § 2501. The plaintiffs had filed their suits nine years after Congress enacted the Emergency Low Income Housing Preservation Act of 1987 ("ELIHPA"), 42 U.S.C. § 1472(c), which imposed conditions upon the

Farmers Home Administration's acceptance of prepayments for housing loans. The plaintiffs alleged that the loan agreements that the plaintiffs had entered, and through which the plaintiffs had agreed to provide low-income housing, provided the plaintiffs with an absolute right to prepay their loans at any time. See Franconia Assocs. v. United States, 240 F.3d 1358, 1360 (Fed. Cir. 2001) (pre-payment provision "made it possible for appellants to prepay their loans at any time and then convert their property from low income to more profitable market-rate housing without first obtaining the permission of FmHA"), rev'd, 536 U.S. 129 (2002). The Federal Circuit held that the plaintiffs' suit was barred by the six-year statute of limitations applicable to breach actions filed at the Court of Federal Claims, reasoning that the breach at issue was the enactment of ELIHPA nine years earlier. Franconia, 240 F.3d at 1363-64.

The Supreme Court reversed, holding that, "[a]ssuming for purposes of [its] decision that the loan contracts guaranteed the absolute prepayment right petitioners allege[d]," enactment of the ELIHPA "qualified as a repudiation of the parties' bargain, not a present breach of the loan agreements." Franconia, 536 U.S. at 134. Accordingly, the Supreme Court found that based upon the petitioners' allegations, "breach would occur, and the six-year statute of limitations period would commence to run, when a borrower tenders prepayment and the Government then dishonors its obligation to accept the tender and release its control over use of the property that secured the loan." Id. The Court found that the performance due from the Government under the promissory notes was "an obligation to accept prepayment and execute the appropriate releases," an obligation that corresponded to the borrower's "right to prepay their loans at anytime." Id. at 142.

In reaching its conclusion that the statute of limitations had not expired before the plaintiffs filed their lawsuits, the Supreme Court generally discussed the law of anticipatory repudiation. The Court recognized that, although a contract holder may elect to treat an anticipatory repudiation as a total breach of contract, the contract holder is not required to do so and, instead, may elect to await the date for contract performance before declaring the contract in breach:

> Failure by the promisor to perform at the time indicated for performance in the contract establishes an immediate breach. But the promisor's renunciation of a "contractual duty *before* the time fixed in the contract for . . . performance" is a repudiation. Such a repudiation ripens into a breach prior to the time for performance only if the promisee "elects to treat it as such."

Franconia, 536 U.S. at 143 (citations omitted). In a parenthetical, the Supreme Court quoted from its prior decision in Roehm v. Horst, 178 U.S. 1 (1900), in which it had found that "repudiation 'give[s] the promisee the right of electing either to . . . wait till the time for [the promisor's] performance has arrived, or to act upon [the renunciation] and treat it as a final assertion by the promisor that he is no longer bound by the contract.'" Franconia, 536 U.S. at 143 (quoting Roehm, 178 U.S at 13) (brackets in original, emphasis added). Clearly, the Supreme Court recognized that a repudiation requires the non-breaching party to make an election: either to declare the contract in total breach or to waive the repudiation and await the contract performance date.

Reviewing the petitioners' allegations in Franconia, the Supreme Court determined that, although the petitioners' allegations would qualify the enactment of ELIHPA as a repudiation of the parties' bargain, ELIHPA's enactment did not constitute a present or immediate breach of the

petitioners' loan agreements and that the six-year statute of limitations would not commence until the actual breach, the date upon which the petitioners applied for prepayment of their loans and were rejected:

> Viewed in this light [as alleged by the petitioners], ELIHPA effected a repudiation of the FmHA loan contracts, not an immediate breach. The Act conveyed an announcement by the Government that it would not perform as represented in the promissory notes if and when, at some point in the future, petitioners attempted to prepay their mortgages. Unless petitioners treated ELIHPA as a present breach by filing suit prior to the date indicated for performance, breach would occur when a borrower attempted to prepay, for only at that time would the Government's responsive performance become due.

Id. at 143 (citations and quotations omitted).

The Supreme Court's decision in Franconia does not conflict in any way with the view that a plaintiff cannot recover pre-breach damages in a partial breach case. As the Court is aware, in Boston's original complaint and in the complaint filed by Boston's assignee, Entergy Nuclear Generation Company ("Entergy"), both Boston and Entergy allege a partial breach of contract.[2] The Supreme Court's decision in Franconia does not indicate that, in either a total breach or partial breach situation, the non-breaching party is entitled to recover damages that precede the date upon which the non-breaching party declares the contract to be in breach. Further, the Supreme Court in Franconia did not indicate that a legal doctrine of "anticipatory

[2] As we explained in our reply brief, dated August 26, 2004, Boston's amended complaint does not expressly identify whether Boston is now claiming a total breach or a partial breach. To the extent that Boston is now attempting to change its prior theory of liability and, after making its assignment to Entergy, claim that DOE is responsible for a total breach of contract, its effort to modify its theory of recovery is untimely. To the extent that Boston is allowed to claim a total breach of contract, Entergy's suit should be dismissed in its entirety because, given that Boston has declared the contract at an end by declaring a total breach, Entergy could not have acquired a right to sue for damages based upon the non-performance of that contract.

partial breach" exists or that a non-breaching party can anticipatorily declare a contract to be in "partial breach" and collect damages for that "anticipatory partial breach" prior to the due date for performance. To the contrary, as evidenced by the Supreme Court's quotation from Roehm, an anticipatory repudiation requires the non-breaching party to make an election to declare the contract at issue in total breach prior to the due date for performance.[3] Franconia, 536 U.S. at 143.

Here, Boston made no such election prior to the due date for performance and did not, in its original complaint, declare that DOE had totally breached the Standard Contract. In any event, the Supreme Court's focus in the Franconia case was the date upon which the six-year statute of limitations began to run. Finding that the statute begins to run from the due date for performance, rather than from the date of a repudiation that the non-breaching party does not elect to treat as a breach, the Supreme Court did not further address other issues applicable to this case. For these reasons, the Court's decision in Franconia does not affect the Government's arguments regarding a plaintiff's ability to recover pre-breach damages in a partial breach case.

For further discussion of these matters, we refer the Court to our brief filed in support of our motion *in limine* in Maine Yankee Atomic Power Company v. United States, Fed. Cl. No. 98-474C. See Defendant's Motion *in limine* to Exclude Testimony and Evidence Regarding

[3] The non-breaching party faced with a repudiation is required to make an election for statute of limitations purposes. Franconia, 536 U.S. at 144. "If that party '[e]lects to place the repudiator in breach before the performance date, the accrual date of the cause of action is accelerated from [the] time of performance to the date of such election.'" Id. (quoting 1 C. Corman, Limitations of Actions § 7.2.1, at 488 (1991)). "But if the injured party instead opts to await performance, 'the cause of action accrues, and the statute of limitations commences to run, from the time fixed for performance rather than from the earlier date of repudiation.'" Id. (quoting 1 C. Corman, supra, § 7.2.1, at 488).

Plaintiff's Request for Pre-Breach Damages and Alternative Restitution Claim, and Defendant's Motion to Strike (Feb. 19, 2004).

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/Stefan Shaibani
STEFAN SHAIBANI
Trial Attorney
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street, N.W.
ATTN: Classification Unit, 8th Floor
Washington, D.C. 20530
Tel: 202-305-7597
Fax: 202-307-2503

Attorneys for Defendant

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

September 10, 2004

CERTIFICATE OF SERVICE

I hereby certify that, on September 10, 2004, a copy of the foregoing "DEFENDANT'S SUPPLEMENTAL BRIEF PURSUANT TO THE COURT'S DIRECTION AT THE PARTIES' AUGUST 31, 2004 HEARING" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Stefan Shaibani