IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| BOSTON EDISON COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 99-447C |
| | ) | (Judge Lettow) |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION FOR LEAVE TO RESPOND TO PAGES 12 AND 13 OF "PLAINTIFF BOSTON EDISON COMPANY'S POST-HEARING REPORT"

Defendant, the United States, respectfully requests leave to respond to the arguments raised at pages 12 and 13 of "Plaintiff Boston Edison Company's Post-Hearing Report," dated September 10, 2004. A copy of the proposed filing is attached to this motion for leave.

As the Court is aware, during the oral argument upon the pending dispositive motion in this case, the Court requested that the parties file a short supplemental brief addressing some questions that the Court had raised during oral argument, and the parties filed those supplemental briefs on September 10, 2004. In its supplemental brief, however, plaintiff, Boston Edison Company ("Boston"), included an argument – not contained in its original briefing – that went beyond the specific questions that the Court had asked the parties to address. In that supplemental brief, Boston asserted that, in prior proceedings before the United States Court of Appeals for the District of Columbia in Consolidated Edison Co. of New York, Inc. v. Department of Energy, No. 98-1358 (D.C. Cir.), the United States argued, and the D.C. Circuit ultimately agreed, that challenges to the Government's assessments of the fees to be paid under the Nuclear Waste Fund should be presented to this Court. Boston then attached to its

supplemental brief some of the pleadings that the Government filed in the Consolidated Edison case.

Although counsel for Boston had briefly mentioned at the hearing on August 31, 2004, a matter from a D.C. Circuit case that purportedly related to the Government's position about jurisdiction regarding Nuclear Waste Fund fees, and counsel suggested that Boston might address this matter and provide the Court with a copy of a related document in its September 10, 2004 submission to the Court, we were not provided with a copy of the document to which counsel was referring prior to September 10, 2004, and, therefore, we were not in a position to respond to it in our September 10, 2004 supplemental brief. In our September 10, 2004 filing, we specifically requested that, to the extent that Boston submitted that document to the Court in its September 10, 2004 filing, the Court grant us leave to file a response to Boston's argument about that document after we had an opportunity to review it.

We have reviewed Boston's supplemental brief and the two pleadings, attached to the supplemental brief, that the Government had previously filed with the D.C. Circuit. After some time-consuming effort, we have also now been able to obtain the Government's files relating to the Consolidated Edison petition from the archives of the Environmental and Natural Resources Division within the Department of Justice, which handled the Consolidated Edison case. A simple review of the pleadings attached to Boston's supplemental brief make clear that Boston's description of the Government's arguments before the D.C. Circuit is simply wrong. In Consolidated Edison, the Government argued that the petitioners there were barred under the doctrines of claim and issue preclusion from again litigating matters about past fee adequacy determinations, given that the new arguments were based upon the same operative facts as prior

petitions to the D.C. Circuit that the same petitioners had filed. Alternatively, the Government argued that, even if the petition was not barred by claim or issue preclusion, it was barred by the 180-day statute of limitations contained in the Nuclear Waste Policy Act, 42 U.S.C. § 10139. Further, although Boston has asserted at page 2 of its September 10, 2004 supplemental brief that the D.C. Circuit in Consolidated Edison "held that such claims" relating to Nuclear Waste Fund fee collection and expenditure practices "should be pursued in" this Court, the actual court decision, which is attached to Boston's supplemental brief, says no such thing.

As part of its supplemental brief, Boston provided the Court with copies of the Government's motion to dismiss the petition for review in Consolidated Edison and the Government's reply to the petitioner's opposition to that motion. To ensure that the Court has a full understanding of the arguments in the Consolidated Edison case, we would like to submit to the Court the original petition for review and the petitioners' response to the Government's motion to dismiss the petition. In addition, we would like briefly to respond to Boston's arguments upon pages 12 and 13 of "Plaintiff Boston Edison Company's Post-Hearing Report," which purport to describe the Government's arguments in Consolidated Edison and the D.C. Circuit's decision. Although the Court most likely can identify Boston's misdescription of the Government's arguments in Consolidated Edison merely by reviewing the two pleadings attached to Boston's September 10, 2004 supplemental brief, we believe it is appropriate to provide the Court with these additional documents to ensure that no confusion exists about the Government's arguments and about the arguments to which the Government was responding.

For the foregoing reasons, we respectfully request that the Court grant us leave to file the attached response to pages 12 and 13 of Boston's September 10, 2004 pleading.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/Stefan Shaibani
STEFAN SHAIBANI
Trial Attorney
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: 202-305-7597
Fax: 202-307-2503

Attorneys for Defendant

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

October 26, 2004

CERTIFICATE OF FILING

I hereby certify that, on this 26th day of October, 2004, a copy of the foregoing "DEFENDANT'S MOTION FOR LEAVE TO RESPOND TO PAGES 12 AND 13 OF 'PLAINTIFF BOSTON EDISON COMPANY'S POST-HEARING REPORT'" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Harold D. Lester, Jr.