IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| BOSTON EDISON COMPANY | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 99-447 C<br>(Judge Lettow) |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO RESPOND TO PAGES 12 AND 13 OF "PLAINTIFF BOSTON EDISON COMPANY'S POST-HEARING REPORT"**

Plaintiff Boston Edison Company ("Boston Edison") hereby submits its Opposition to Defendant's Motion for Leave to Respond to Pages 12 and 13 of Plaintiff Boston Edison Company's Post-Hearing Report. Plaintiff submits that the proposed pleading offered by Defendant the United States is untimely, unnecessary and inappropriate.

Defendant has filed its motion as part of its unceasing attempts to prevent the conclusion of briefing on its myriad motions and allow the Court to issue rulings. On August 26, 2004, Defendant filed its Motion for Leave to Exceed the Page Limit in Defendant's Reply to Motion to Dismiss or, in the Alternative, for Summary Judgment, and Defendant's Response to Plaintiffs Cross Motion for Summary Judgment on Liability. Although argument had been scheduled on these motions for August 31, 2004 (extended at the Defendant's request), Defendant's August 26, 2004 pleading belatedly asserted a lack of jurisdiction to hear Plaintiff's claims associated with the Defendant's

Nuclear Waste Fund overcharges. The gravamen of Defendant's position was that such claims should be raised in the Courts of Appeal.

Notwithstanding the lateness of this argument, Plaintiff worked diligently to file on August 30, 2004 a sixteen page Reply to the Defendant's filing. In its Reply, Boston Edison made it clear that it would address this Court's jurisdiction to review claims associated with the Defendant's nuclear waste fund overcharges at oral argument. Boston Edison Reply, at 11.

As indicated in the Transcript of that August 31, 2004 hearing, counsel for Plaintiff advised the Court that another Spent Nuclear Fuel claimant, Consolidated Edison Company of New York, had in 1998 brought Nuclear Waste fund overcharge claims in the U.S. Court of Appeals for the D.C. Circuit, and that the D.C. Circuit had essentially advised Consolidated Edison to first pursue such claims through contract remedies in this Court. Tr. at 41-42 (copy attached). Counsel for Boston Edison offered to provide those pleadings to the Court and to Defendant at the hearing. Counsel for Boston Edison indicated at the hearing that Boston Edison had copies of these papers for the Defendant "today", and also recited the case name and docket number for the benefit of the Court and the Defendant. Tr. at 42. The Court advised Boston Edison to submit those pleadings as part of its supplemental submission on September 10. Notwithstanding counsel's proffer of copies of the referenced documents to counsel for Defendant "today", counsel for Defendant did not respond to Boston Edison's offer to supply copies of those pleadings, nor did counsel for Defendant subsequently ask for copies.

On September 10, 2004, Boston Edison filed its Post-Hearing Report, which addressed the issues raised by the Court. Its Post-Hearing Report also addressed (pages 12-13) the issue of jurisdiction consistent with Boston Edison's proffer to the Court and also the Court's advice, and identified the documents provided by Boston Edison in more detail. Copies of those documents were attached to the Reply submitted to the Court and to Defendant.

Now *some six weeks later*, and just before the Court had indicated that it was scheduled to rule on the substantive motions, (Tr. at 91) (copy attached), the Defendant now submits its request for leave to respond to this two page argument contained in Boston Edison's September 10 Reply. Simply stated, Boston Edison opposes Defendant's Motion for Leave to File this Pleading at this time because it is untimely, unnecessary and inappropriate.

The pleading is untimely because it is filed six weeks after the September 10 report was due, and now almost two months after the hearing where these issues were addressed. In fact, this pleading is nothing more than a transparent attempt by Defendant to further extend briefing on jurisdictional issues which have long been *sub judice*, and which for whatever reason it consciously elected not to address when afforded the opportunity to do so earlier. Contrary to the assertions of the Defendant (Defendant's motion at 2), that it was not provided a copy of the documents which counsel is referring prior to September 10, 2004, the transcript of the hearing indicates that counsel for Boston Edison advised that "I have copies for them today". Those copies were made available to the Defendant on August 31, but the Defendant chose not ask for them, to see them, or to review them. Boston Edison followed the Court's direction and attached copies as well to the September 10 pleading, but clearly indicated

at the hearing (Tr., page 42) that Counsel for Boston Edison had copies of these pleadings for the Defendant as of the date of the August 31, 2004 hearing.

The subliminal premise of Defendant's latest gambit is that it should not be expected to have institutional recall of legal positions it has itself taken in other Spent Nuclear Fuel cases. Surely we can all expect much more from the Government. While the Defendant seems to suggest that it was unable to respond to these assertions about the Consolidated Edison case in the D.C. Circuit prior to September 10 because it did not have copies, this is clearly inaccurate. First, copies were offered to the Defendant on August 31 and the Defendant chose not to take advantage of this offer. Second, the transcript recites the case name and docket number of the case in the D.C. Circuit, and a simple review of that docket would have produced copies of these pleadings as well. Third, the Court's order in the Consolidated Edison case was already in the possession of the Defendant as a party, and Defendant should accordingly be held to a standard of awareness of legal positions it has taken in closely related litigation involving identical subject matter.

For the same reasons, Defendant's motion is unnecessary. Defendant was offered access to these document in question as of August 31, and for its own reasons the Defendant chose not to accept the offer. Leaving aside the threshold question of whether Defendant should be held to a standard of awareness and consistency of legal positions taken in related litigation, the fact remains that had the Defendant accepted Plaintiff's offer of copies, the Defendant could (and should) have covered these items in its September 10 post-hearing Report, as directed by the Court. There is simply no justifiable basis for a delay of almost two months in submitting this Memorandum regarding the Court's jurisdiction over Nuclear Waste Fund and one mil fee issues.

The Defendant had every opportunity to review these documents, either from Boston Edison or from its own or Court records, and then make whatever argument it wished in the September 10 submission. In fact, in directing Boston Edison to raise these issues in its September 10 pleading, the Court indicated that it was doing so in order to have both parties address the same issue. Tr. at 42. Almost two months later, there is no current reason to allow Defendant to do so, and such a course would only reward delinquency and studious neglect.

Third, the Defendant's pleading is inappropriate. As we indicated in our post-hearing brief, it is clear that the attempts by Consolidated Edison to raise similar issues with the D.C. Circuit were found to be precluded by the Court's holding in *Northern States Power Company v. Department of Energy*, as indicated in the Court's Order of April 16, 1999. That ruling unmistakably indicated that arguments regarding DOE's Nuclear Waste Fund fee assessment practices should be litigated in the U.S. Court of Federal Claims. This ruling is as binding on Defendant as it is on the utility claimant, and Defendant is now plainly estopped from contending otherwise here.

For the reasons stated above, Plaintiff Boston Edison respectfully submits that Defendant's Motion For Leave to Respond to Pages 12 and 13 of Plaintiff Boston Edison Company's Post-Hearing Report should be denied. However, notwithstanding this case history, should the Court determine to reopen the briefing and further entertain questions of jurisdiction, then Boston Edison requests leave (and would be prepared) to file a further memorandum of law addressing the Court's jurisdiction in light of prior controlling precedent.

Date: November 3, 2004

Respectfully submitted,

By: s/Richard J. Conway

Richard J. Conway
Dickstein Shapiro Morin & Oshinsky LLP
2101 L Street, NW
Washington, DC 20037-1526
(202) 785-9700

*Counsel of Record for*
*Boston Edison Company of New York, Inc.*

Of Counsel:

David M. Nadler
Nicholas W. Mattia, Jr.
Bradley D. Wine
Jeffery P. Becherer
Dickstein Shapiro Morin & Oshinsky LLP
2101 L Street, NW
Washington, DC 20037
(202) 785-9700

Neven Rabadjija, Esq.
Associate General Counsel
NSTAR Electric & Gas Corporation
800 Boylston Street
17th Floor
Boston, MA 02199-0228

CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2004, a copy of the foregoing Plaintiff's Opposition To Defendant's Motion For Leave To Respond To Pages 12 And 13 Of "Plaintiff Boston Edison Company's Post-Hearing Report," was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Bradley Wine