IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| BOSTON EDISON COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Docket No.: 99-447C |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

Courtroom 7, Room 508
National Courts Building
717 Madison Place, N. W.
Washington, D.C.

Thursday,
August 31, 2004

The parties met, pursuant to notice of the Court, at 2:00 p.m.

BEFORE: HONORABLE CHARLES F. LETTOW
Judge

APPEARANCES:

For the Plaintiff:

RICHARD J. CONWAY, Esquire
BRADLEY D. WINE, Esquire
Dickstein, Shapiro, Morin & Oshinsky
2101 L Street, N.W.
Washington, D. C. 20037-1526
(202) 828-2235 (RJC)
(202) 339-3645 (BDW)

NICHOLAS W. MATTIA, JR., Esquire
Dickstein, Shapiro, Morin & Oshinsky
598 Madison Avenue
New York, N.Y. 10022-1614
(212) 339-3645

forward with the UCS process.

THE COURT: Mr. Conway, I would ask you and Mr. Lester to confirm what actually happened because it might make a difference.

That's actually what I was anticipating you would argue, that if you didn't submit -- as a matter of prudence Boston Edison might have submitted and FDS anyway notwithstanding the 1997 advisory or whatever one wants to call it, but in any event if it didn't, why it didn't, and you know, then we -- that's really I was asking Mr. Lester all sorts of questions and he was responding to me on the anticipatory breach theories back and forth.

MR. CONWAY: I understand, Your Honor. That was our understanding at the table based upon our due diligence in the case as to what happened. We will go back and confirm that with our client, but I just wanted to make the Court aware of that.

THE COURT: Okay.

MR. CONWAY: Secondly, having to do with the issue of the one mil fee, and whether there is jurisdiction in this Court, I would like to bring to the Court's attention, since we saw this in the government's filings on Thursday, that one of my other clients, Consolidated Energy of New York, did make

these arguments in the one mil fee in the D.C. Circuit, and the D.C. Circuit essentially told my client, Consolidated Edison of New York, to bring them before this Court, and I have the papers here which I can hand up with the Court's permission if I can approach.

THE COURT: Has Mr. Lester or Mr. Shaibani seen them earlier?

MR. CONWAY: They have not, Your Honor.

THE COURT: Why don't you submit them when you make a supplemental submission.

MR. CONWAY: I shall, Your Honor. I have copies for them today. But in U.S. Court of Appeals for D.C. Circuit No. 98-1358, Consolidated Edison had made these arguments, and the Court -- as you may be aware, Your Honor, the Court in the Northern States Power case basically told the utilities at that time that it would not grant stare decisis, but come to the Court of Federal Claims and file your contract actions, which is what the clients did.

THE COURT: All right. Well, let's do it in an organized way so both of you are making the submission.

MR. CONWAY: I shall, Your Honor.

THE COURT: Thank you.

May we talk just a minute about schedule before we recess for the day? I have a few trials stacked up to try to resolve, and I've been trying to work my way through them, but one of the reasons why a 10-day schedule looked like -- for you to come up with your supplemental material to help the Court out, and the parties too, obviously, I hope, is that I would be expect to be getting to this case reasonably shortly. I would hope to get a decision out before I start a long trial on the 8th of November.

And I would hope, Mr. Conway, if you have a supplemental piece of paper, you had a document that you were preferring, or had available to proffer to the Court, if you would include that in the supplemental submission, and if it could be a joint submission, even though you might have your separate parts to it, that would help. It would just make the clerk's office even happier.

But I'll try very hard to come up with a decision on this matter before I plow into this Seneca Gardens takings case, which I consolidated this morning with Chancellor Manor, so I have my work cut out for me in November and December. You can understand why I really would try to get this done before then, and I hope that happens, but I don't want