IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| BOSTON EDISON COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 99-447C |
| | ) | (Judge Lettow) |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO STAY DISCOVERY

Pursuant to Rule 26 of the Rules of this Court ("RCFC"), defendant, the United States, respectfully requests that the Court stay discovery in this case pending resolution of defendant's motion to dismiss or, in the alternative, for summary judgment. At a minimum, the Court should suspend the Government's obligation to respond to plaintiff's recent written discovery requests, which relate to an issue over which this Court lacks jurisdiction. As the Court is aware, defendant's motion to dismiss or, in the alternative, for summary judgment has been briefed and argued and is currently pending before the Court. Because defendant's motion, if granted, will dispose of this case, and because plaintiff, Boston Edison Company ("Boston"), has already responded to the motion, suspending discovery pending resolution of defendant's dispositive is appropriate to protect both parties from the unnecessary burden and expense of needless discovery.

BACKGROUND

Boston's original complaint in this case, filed on July 12, 1999, contained no allegations pertaining to fees that contract holders have paid into the Nuclear Waste Fund ("NWF"). In its new complaint submitted to the Court on January 13, 2004, Boston alleged for the first time that the 1 mil/kwh fee collected by the United State Department of Energy ("DOE") from nuclear

utilities is excessive. On April 30, 2004, defendant filed its motion to dismiss or, in the alternative, for summary judgment upon Counts I and II and for summary judgment upon Count III of plaintiff's amended complaint. On July 9, 2004, Boston filed its opposition to defendant's motion and filed a cross-motion for summary judgment upon liability. On August 26, 2004, defendant filed its reply brief, and on August 30, 2004, Boston filed its reply brief. On August 31, 2004, the Court held oral argument upon defendant's motion to dismiss or, in the alternative, for summary judgment. On September 10, 2004, the parties filed their supplemental post-hearing briefs. At no time during briefing and oral argument did Boston claim that it had a need to conduct discovery upon issues relating to the NWF fees.

On October 7, 2004, Boston propounded 45 document production requests and interrogatories upon the Government seeking discovery of matters pertaining to the NWF fees, a copy of which is attached to this motion. Boston's document production requests broadly seek, among other things, "SNF repository budget estimates and supporting documents prepared on or before January 7, 1983;" "documents relating to why the 1 mil/kwh fee has not been adjusted since its inception;" documents relating to the amount of "fees deposited into," and "expended from," the NWF; and documents relating to "life cycle cost projections" for Yucca Mountain. Boston's interrogatories similarly seek discovery of various aspects of the Nuclear Waste Fund fees.

As demonstrated below, a stay pending resolution of defendant's motion to dismiss or, in the alternative, for summary judgment is appropriate here because defendant's motion, if granted, would result in dismissal of Boston's amended complaint and obviate the need for discovery. At the very least, resolution of only a part of the Government's motion – that is, the portion of the

motion dealing with Boston's damages claims relating to NWF fees paid in the past – would obviate the need for any of the overwhelmingly broad investigation into the NWF that Boston's pending discovery requests would require. As we established in the briefing for our pending motion, the Court lacks jurisdiction to entertain disputes concerning the NWF fees because the United States Courts of Appeal have exclusive jurisdiction to entertain such disputes. Further, Boston did not seek discovery at any time during briefing and oral argument upon defendant' motion, indicating that it is not necessary for resolution of the pending motions. Consequently, the Court should stay discovery in this case pending resolution of defendant's motion to dismiss or, in the alternative, for summary judgment.

## ARGUMENT

RCFC 26(c) provides that the Court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Courts have consistently and routinely suspended discovery pending the resolution of threshold dispositive motions. See, e.g., Harlow v. Fitzgerald, 457 U.S. 800, 817-18 (1982); Vivid Technologies, Inc. v. American Science & Engineering, Inc., 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); Florsheim Shoe Co., Div. of Interco, Inc. v. United States, 744 F.2d 787, 797 (Fed. Cir. 1984); see also Reliance Ins. Co. v. United States, 18 Cl. Ct. 359, 360-61 (1989); International Graphics v. United States, 3 Cl. Ct. 715, 718 (1983); accord Barrett v. Social Security Administration, 309 F.3d 781, 786-87 (Fed. Cir. 2002). As the court stated in Coastal Gas Corp. v. Department of Energy, 84 F.R.D. 278, 282 (D. Del. 1979), postponing discovery until the resolution of potentially dispositive motions is an "eminently

logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources."[1]

The Court of Claims explained the appropriateness of this approach in the summary judgment context: "Since most of the expense and delay of modern litigation are incurred and suffered in the discovery phase, it is evident that summary judgment must fail for its intended purpose if full discovery must always precede summary judgment." Soper v. United States, 227 Ct. Cl. 589, 590 (1981). Allowing discovery that may ultimately prove to be unnecessary would eviscerate the purpose of summary judgment procedures, Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986), and would be contrary to the policy of "just, speedy and inexpensive determination of every action." RCFC 1; see New American Shipbuilders, Inc. v. United States, 871 F.2d 1077, 1081 (Fed. Cir. 1989) ("One important advantage sought by the rules from the summary judgment procedure is to save the parties and the court the time and cost that may be wasted in pursuit of irrelevant facts by discovery.")

As this Court has observed, while discovery is subject to "a liberal rule," it is equally clear that, "'when considering a motion to . . . suspend discovery, Rule 1 . . . is relevant.'" Black v. United States, 24 Cl. Ct. 465, 468 (1991) (quoting Reliance Ins., 18 Cl. Ct. at 360). Rule 1 provides that the Court's Rules are to be construed "to secure the just, speedy, and inexpensive

---

[1] Staying discovery until after a decision has been rendered upon a potentially dispositive motion is a common and approved practice in other federal courts. See, e.g., Panola Land Buyers Association v. Shuman, 762 F.2d 1550, 1560 (11th Cir. 1985); United Presbyterian Church v. Reagan, 738 F.2d 1375, 1383 (D.C. Cir. 1984); Ingraham Corporation v. J. Ray McDermott & Company, Inc., 698 F.2d 1295, 1304 n.13 (5th Cir. 1983); Scroggins v. Air Cargo, Inc., 534 F.2d 1124, 1133 (5th Cir. 1976); Rosin v. New York Stock Exchange, 484 F.2d 179, 185 (7th Cir.), cert. denied 415 U.S. 977 (1974); Brennan v. Local Union No. 639, International Brotherhood of Teamsters, 494 F.2d 1092 (D.C. Cir. 1972).

determination of every action." RCFC 1; see International Graphics, 3 Cl. Ct. at 718 (invoking Rule 1 as well as Rule 77.1 of the Rules of the Claims Court, which "imposes an obligation on this court to 'manage assigned cases so as to provide for the prompt dispatch of business'"). As the Supreme Court instructed with respect to the analogous Federal Rules of Civil Procedure:

> The Court has more than once declared that the deposition-discovery rules are to be accorded a broad and liberal treatment to effect their purpose of adequately informing the litigants in civil trials. But the discovery provisions, like all of the Federal Rules of Civil Procedure, are subject to the injunction of Rule 1 that they "be construed to secure the just, speedy, and inexpensive determination of every action." To this end, the requirement of Rule 26(b)(1) that the material sought in discovery be "relevant" should be firmly applied, and the district courts should not neglect their power to restrict discovery where "justice requires [protection for] a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Rule 26(c). With this authority at hand, judges should not hesitate to exercise appropriate control over the discovery process.

Herbert v. Lando, 441 U.S. 153, 177 (1979) (citations omitted).

This Court has provided the following analysis to determine whether discovery should be suspended:

> "When a dispositive motion is pending, the question of whether to suspend discovery depends upon the relevancy of the purported discovery requests, whether the facts have been stipulated to, and whether further discovery would uncover facts which would aid the party seeking discovery in its opposition to the dispositive motion." . . . Under this analysis, it is therefore critical to ascertain just how plaintiff will oppose defendant's motion . . . in order "to determine whether its discovery requests are relevant to its opposition to the . . . motion."

Black, 24 Cl. Ct. at 469 (quoting Reliance Ins., 18 Cl. Ct. at 360-61). It is well settled that "the judge has broad discretion to limit and restrict discovery when justice so requires." Black, 24 Cl.

Ct. at 468.

Here, Boston has already filed its opposition to defendant's motion to dismiss or, in the alternative, for summary judgment. Boston did not allege that it needed to conduct discovery prior to responding to defendant's motion. Had Boston sought such request, it would have had to rely upon RCFC 56(f) at the time that it filed its opposition, and it would have had to seek an extension or stay pending completion of discovery. However, Boston did not do so. Instead, Boston filed a detailed brief in opposition to defendant's motion and filed a cross-motion for summary judgment upon liability, as well as a supplemental brief containing additional argument. The parties argued these motions on August 31, 2004, and the motions are currently pending before the Court.

Under these circumstances, where the parties have briefed and argued defendant's dispositive motion, allowing discovery to proceed, pending resolution of defendant's dispositive motion, would place an undue burden and expense upon the parties and the Court. Should discovery not be stayed, the parties may incur substantial, yet wholly unnecessary, burden and expense related to discovery pursuits. Further, if discovery disputes arise, the Court may also suffer the burden and expense of resolving those disputes. Such needless expenditure of the scarce resources of the parties and the Court is unwarranted, particularly when this matter may be resolved, as a matter of law, without the need for any discovery.

Further, the discovery sought by Boston is overly broad, burdensome, and irrelevant to the issues presented in this case. Boston's amended complaint seeks recovery of damages allegedly arising from the devaluation of its Pilgrim plant as a result of DOE's failure to timely accept Boston's spent nuclear fuel. Although Boston has made a vague reference in paragraphs

24 and 41 to 44 of its amended complaint to NWF fees, it is extremely unclear from Boston's complaint how these allegations relate to its requested damages claims. Boston cannot create a discoverable issue by including allegations in its amended complaint that do not appear dispositive of any of the actual issues presented in the counts alleged in that complaint. As the Federal Circuit held in Micro Motion:

> Discovery may not be had regarding a matter which is not "relevant to the subject matter involved in the pending action. . . ." Micro Motion's assertion of a claim for damages or even lost profit damages in itself does not provide a mantle of relevancy with respect to all of the information it sought from K-Flow, and the district court erred in essentially adopting that view. The court required no more of Micro Motion than a theoretical argument that the requested information "somehow relates to its pending California action." We cannot agree that the district court's test was appropriate here or that, on this record, relevancy of the discovery within the meaning of Rule 26(b) has been otherwise established. The doors of the discovery process may not be so easily opened. . . . [R]equested information is not relevant to the "subject matter involved" in the pending action if the inquiry is based on the party's mere suspicion or speculation.

Micro Motion, Inc. v. Kane Steel Co., Inc., 894 F.2d at 1323-26 (Fed. Cir. 1990) (citations omitted); Katz v. Batavia Marine & Sporting Supplies, Inc., 984 F.2d at 424 (Fed. Cir. 1993) ("the potential for discovery abuse is ever-present, and courts are authorized to limit discovery to that which is proper and warranted in the circumstances of the case"). To the extent that Boston is using these written discovery requests as a means to attempt to develop a theory of liability, such a "fishing expedition" is not appropriate. Leonardo v. United States, 55 Fed. Cl. 344, 353 n. 17 (2003). A stay pending resolution of defendant's motion to dismiss or, in the alternative, for summary judgment is thus warranted because the discovery sought by Boston is extremely burdensome and seemingly irrelevant to counts alleged in Boston's amended complaint. See In

re Convergent Technologies Security Litigation, 108 F.R.D. 328, 331 (N.D. Cal. 1985).

Further, as demonstrated in our reply brief submitted in support of our motion to dismiss or, in the alternative, for summary judgment, this Court lacks jurisdiction to entertain disputes concerning the Nuclear Waste Fund fees. Instead, the various United States Courts of Appeal have exclusive jurisdiction to entertain disputes concerning the Nuclear Waste Fund fees. See Natural Resources Defense Council v. Abraham, 244 F.3d 742, 743 (9th Cir. 2001) (acknowledging the original and exclusive jurisdiction of the United States Courts of Appeal to entertain challenges relating to the Nuclear Waste Fund); National Ass'n of Regulatory Utility Commissioners v. United States Dep't of Energy, 851 F.2d 1424, 1429-30 (D.C. Cir. 1988) (suggesting that petitioners could challenge fee assessment methodology in the United States Courts of Appeal following DOE's issuance of Fee Adequacy Report); General Electric Uranium Mgmt Corp. v. United States Dep't of Energy, 764 F.2d 896, 902, 904, 907 (D.C. Cir. 1985) (finding exclusive jurisdiction of the United States Courts of Appeal over "fee questions"). Consequently, Boston cannot conduct discovery concerning the Nuclear Waste Fund fees because this Court lacks jurisdiction to entertain disputes arising from the Nuclear Waste Fund fees, and Boston's discovery could not lead to the discovery of admissible evidence in this case.[2]

Boston cannot use this proceeding to conduct discovery regarding matters that would only be relevant to a different proceeding. See Oppenheimer Fund v. Sanders, 437 U.S. 340, 352 n.17 (1978) ("In deciding whether a request comes within the discovery rules, a court is not required to blind itself to the purpose for which a party seeks discovery. Thus, when the purpose of a

[2] Further, it appears that Boston's challenges to the NWF fee assessments are untimely. See 42 U.S.C. § 10139(c).

discovery request is to gather information for use in proceedings other than the pending suit, discovery properly is denied"). Courts consistently have applied the Supreme Court's fundamental discovery principle to bar parties from abusing the discovery rules by seeking information for use in a potential proceeding or claim. See Sommer v. Aronow, No. 95-CIV-9230, 1996 WL 399820, at * 4-5 (S.D.N.Y. July 16, 1996) (court must "weigh" party's actual need for particular discovery in the proceeding before it against party's actual motivation to obtain information for use in a separate proceeding); Liz Claiborne, Inc. v. Mademoiselle Knitwear, Inc., No. 96.CIV-2064, 1997 WL 53184, at * 5 (S.D.N.Y. Feb. 10, 1997) (potential claim); Blount International LTD. v. Schuykill Energy Resources Inc., 124 F.R.D. 523, 527 (D. Mass. 1989) (potential claim); In re Melenyzer, 142 B.R. 154, 156-57 (Bankr. W.D. Tex. 1991) (ultimate issue is whether the party seeking discovery truly seeks it "for the development of evidence for the purposes of the judicial proceeding" in which it is sought). This Court is bound by the Supreme Court's decision in Oppenheimer, and it should thus bar Boston from attempting to conduct discovery in this case for use in a potential future proceeding.

## CONCLUSION

For the above reasons, defendant respectfully requests that the Court stay discovery pending resolution of defendant's dispositive motion.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s/ Harold D. Lester, JR.
HAROLD D. LESTER, JR.
Assistant Director

/s/ Stefan Shaibani
STEFAN SHAIBANI
Trial Attorney
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street, N.W.
ATTN: Classification Unit, 8th Floor
Washington, D.C. 20530
Tel: 202-305-7597
Fax: 202-307-2503

OF COUNSEL:
JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

November 10, 2004

CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2004, a copy of the foregoing "DEFENDANT'S MOTION TO STAY DISCOVERY" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Stefan Shaibani