IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| BOSTON EDISON COMPANY<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | No. 99-447 C<br>(Judge Lettow) |

**BOSTON EDISON COMPANY'S FIRST SET OF INTERROGATORIES TO DEFENDANT UNITED STATES OF AMERICA**

Pursuant to Rules 26 and 33 of the Rules of the United States Court of Federal Claims, Plaintiff Boston Edison Company, ("Boston Edison") by its counsel, hereby propounds the following interrogatories to Defendant United States of America. The interrogatories below shall be answered in writing and under oath according to applicable court rules and the following Definitions and Instructions, and the response shall be served upon Richard J. Conway, Esquire within 30 days of this request, at the offices of Dickstein Shapiro Morin & Oshinsky LLP, 2101 L Street, NW, Washington, DC 20037-1526.

## GENERAL DEFINITIONS

1. "Communication" means:

a. Any oral statement or utterance of any kind, whether in person, by telephone, by electronic mail, or by any other means of communication, and any gesture intended to convey information, including any nonverbal expressions of assent, denial, doubt, lack of knowledge, or the like; and

COPY

b. Any writing, document, or other graphic material of any kind and description, whether inscribed by hand or by mechanical, electronic, microfilm, photographic, or other means, including electronic mail, as well as phonic (such as tape recordings) or visual reproductions of oral communications.

2. "Document" means the original (or any copy when the original is not available) and, unless otherwise stated, any non-identical copy (whether different from the original because of notes made on such copy or otherwise), all drafts, modifications, and amendments thereto, all correspondence transmitting such documents or explaining or commenting upon the contents thereof, and all working or supporting papers of every kind and description, whether inscribed by hand or by mechanical, electronic, magnetic, microfilm, photographic, or other means, as well as phonic (such as tape recordings) or visual reproductions of oral statements, conversations, or events, and including, but not limited to, correspondence, telegrams, notes, minutes, address and telephone directories, agendas, computer or electronic mail (e-mail), internal messages and memoranda, diaries or desk pads, calendars, reports, estimates, invoices, compilations, studies, tables and tabulations, tallies, diagrams, plans, maps, photographs, computer-stored or computer-readable data, bulletins, computer printouts, audited and un-audited financial statements, accounting records, journals, answers to questionnaires, applications, check registers, checks, teletype, receipts, messages, and any other memorandum, recordation, or communication of any type. The term "document" also includes each and every version of the document, including all drafts and versions, and also includes the file and folder tabs associated with each original and copy.

3. "Identify" means:

a. When used in reference to a basis for a position, contention, assertion understanding, belief, or response, to state every fact, act, omission, incident, event, condition, and circumstance pertinent to the position, contention, assertion, understanding, belief, or response, and to identify all communications, company policies, analyses, and documents relating thereto and all persons with knowledge of the position, contention, assertion, understanding, belief, or response;

b. When used in reference to a person, to state the person's full name, the person's present home and business addresses and telephone numbers, if known, or if not known, the last known home and business addresses and telephone numbers, and the person's business position and title, if any;

c. When used in reference to a corporation, partnership, or other legal entity, to state the name, address, and telephone number of such entity, and the full name, address, and title of the person(s) who acted on behalf of such entity with respect to the subject matter of the interrogatory;

d. When used in reference to a document, to state the type of document, *e.g.*, letter, memorandum, telegram, chart, etc., its general subject matter, its date, author and all recipients, and its present location and custodian;

e. When used in reference to a communication, to state the names and positions of the parties to such communication and all witnesses to it, the medium of such communication, i.e., telephonic, letter, etc., the date of such communication, and the substance of such communication;

f. When used in reference to an analysis, to state the name of each person who created, performed, drafted, or reviewed the analysis, to state the date the

analysis was performed, to describe the content and conclusions of the analysis, and to identify all documents referring or relating to the analysis; and

g. When used in reference to a fact, to state each and every act, omission, incident, event, condition, or circumstance pertinent to the matter requested and to identify each person who has personal knowledge of the fact.

4. "Information" means all data, facts, or circumstances of any nature, including documents and communications, relating to the given subject matter.

5. "Person" means any natural person, contractor, corporation, partnership, proprietorship, association, venture, Governmental or public entity, or any other form of organization or legal entity and its officers, directors, employees, consultants, representatives, and agents.

6. "Relate(s) to," "relating to," and "referring to" mean to concern, mention, reference, pertain to, reflect, comment upon, discuss, rely upon, relate to, refer to, utilize as input or source material, support, undermine, critique, or in any manner be connected with the given subject, action, communication, or matter.

7. "Describe in detail" means to state every fact, act, omission, incident, event, condition, and circumstance pertinent to the statement, position, contention, calculation, assertion, understanding, or belief, and to identify all communications, company policies, methods, analyses, and documents relating thereto.

8. "Government" means any agency or sub-agency of the Federal Government.

9. "You" and "your" means the United States of America, as well as an agency or sub-agency of the Government responsible for responding to these Interrogatories.

## SPECIFIC DEFINITIONS

1. "DOE" means to the Department of Energy, its sub-agencies, affiliates, contractors, consultants, and employees.

2. "NRC" means the Nuclear Regulatory Commission, its sub-agencies, affiliates, contractors, consultants, and employees.

3. "1 mil/kwh fee" means the fee collected by the DOE in accordance with the Nuclear Waste Policy Act of 1982.

4. "Nuclear Waste Program" means the entirety of DOE's efforts as mandated by the Nuclear Waste Policy Act of 1982, including, but not limited to activities conducted by the Office of Civilian Radioactive Waste Management.

5. "Nuclear Waste Fund" means the account established by the Nuclear Waste Policy Act of 1982, into which funds are paid by nuclear utilities to pay for the eventual disposal of spent nuclear fuel and high level waste by the DOE.

6. "NWPA" means the Nuclear Waste Policy Act of 1982.

7. "Standard Contract" means the contract entered into between DOE, on behalf of the United States, and parties owning and/or operating commercial nuclear electric generating facilities which produce spent nuclear fuel.

8. "Fee Adequacy Report" means the annual report submitted by the Secretary of the DOE to Congress, evaluating and addressing the adequacy of the fees collected and to be collected from the electric generating facility owners and/or operators for the Nuclear Waste Program.

9. "Yucca Mountain Project" means any and all of the federal government's efforts to locate a build a repository for spent nuclear fuel and high level nuclear waste inside Yucca Mountain, Nevada.

10. "Temporary fuel storage" means any alternative to the removal and storage of spent nuclear fuel and high level nuclear waste by the federal government, including, but not limited to, dry cask storage facilities.

11. "SNF" means Spent Nuclear Fuel and High-Level Nuclear Waste.

## INSTRUCTIONS

1. In responding to these interrogatories, you must provide all information within your possession, custody, or control, whether in your actual possession or that of another, including your attorney.

2. Whenever reference is made to a person, such reference includes any and all of that person's employees, agents, partners, attorneys, accountants, consultants, contractors, and other representatives. Whenever reference is made to an entity, such reference includes any and all of that entity's parents, affiliates, subsidiaries, partners, principals, associates, directors, officers, employees, agents, attorneys (including inside or house counsel and outside or retained counsel), accountants, consultants, and other representatives.

3. Any sentence or phrase formed in the disjunctive shall also be taken in the conjunctive and vice-versa. Any noun formed in the singular shall also be taken in the plural and vice-versa. Any verb formed in the present tense shall also be taken in the past, future, and imperfect tenses and vice-versa.

4. All information with respect to documents shall be given in sufficient detail to enable a party or person to whom a subpoena is directed to identify fully the document to be produced.

5. The time period for these interrogatories, unless otherwise stated, is January 1, 1980 through the present.

6. These interrogatories are continuing in nature through and including trial in this lawsuit. You are required immediately to supplement your answers and correct previous answers as further information, documents or things responsive to these interrogatories becomes available. Include in the supplemental response the date on and manner in which the additional or differing response became available to you.

7. If you are unable to respond fully to any interrogatory, you must answer it to the extent you are able, explain in detail why it cannot be answered fully, and provide all information or knowledge you have concerning the unanswered portion.

8. If any response is withheld under a claim of privilege or other exemption from discovery, you are to furnish a list, signed by your attorney of record, giving the following information with respect to each claim of privilege:

a. A statement of the specific privilege or exemption claimed;

b. The basis on which the privilege or exemption is claimed;

c. All unprivileged information that is related to or refers to the information over which the privilege or exemption is asserted;

d. The identity and position of each person or persons supplying the attorney signing the list with the information requested in subparagraphs above;

e. The date of the action that forms the basis of privilege or exemption asserted; and

f. The identity of each person or entity to which the information has been provided or disclosed.

## INTERROGATORIES

1. Identify all persons currently employed within DOE with knowledge relating to the establishment and collection of the 1 mil/kwh fee pursuant to the NWPA.

2. Identify all persons with knowledge of or involvement in the preparation of the Fee Adequacy Reports published pursuant to the NWPA.

3. Identify all persons with knowledge of the annual budget for the Nuclear Waste Program and the Yucca Mountain Project.

4. Describe in detail the total amount of money that has been collected from Standard Contract holders and deposited into the Nuclear Waste Fund as well as the total amount of money by annual period that has been expended from the Nuclear Waste Fund for each annual period since 1983.

5. Describe in detail the current non-appropriated balance in the Nuclear Waste Fund, separately identifying the portion that is collected funds and the portion that represents interest on collected funds. For the interest, set forth in detail how the interest was calculated and the time period(s) to which particular interest components relate.

6. Identify all persons with knowledge regarding the preparation of the May 18, 1998 letter sent from then Secretary of Energy Frederico Pena to Boston Edison.

7. Identify all persons with knowledge relating to the establishment of the projected first operational date for an SNF repository, as well as any and all subsequent changes.

8. Identify all persons with knowledge regarding the status of the "all full dates" for the nuclear plants as discussed in the Standard Contract.

9. Identify all persons with knowledge of how funds are withdrawn from the NWF.

10. Identify all persons with knowledge of why and how the NWF balance became characterized/"scored" for deficit reduction.

Date: October 7, 2004

Respectfully submitted,

By: ______________________________

Richard J. Conway
Dickstein Shapiro Morin & Oshinsky LLP
2101 L Street, NW
Washington, DC 20037-1526
(202) 785-9700

*Counsel of Record for*
*Consolidated Edison Company of New York, Inc.*

Of Counsel:

David M. Nadler
Nicholas W. Mattia, Jr.
Bradley D. Wine
Jeffery P. Becherer
Dickstein Shapiro Morin &
Oshinsky LLP
2101 L Street, NW
Washington, DC 20037
(202) 785-9700

Neven Rabadjija, Esq.
Associate General Counsel
NSTAR Electric & Gas
Corporation
800 Boylston Street
17th Floor
Boston, MA 02199-0228

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Boston Edison Company's First Set of Interrogatories to Defendant United States of America has been served by first class mail, postage prepaid, this 7th day of October, 2004, upon:

Stefan Shaibani, Esquire
Commercial Litigation Branch
Civil Division
Department of Justice
Classification Unit – 8th Floor
1100 L Street, NW
Washington, DC 20530

Jane K. Taylor, Esquire
Office of the General Counsel
U.S. Department of Energy
1000 Independence Avenue, SW
Washington, DC 20585

Jeffery P. Becherer