IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| BOSTON EDISON COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 99-447C |
| | ) | (Judge Lettow) |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO RESPOND TO PAGES 12 AND 13 OF "PLAINTIFF BOSTON EDISON COMPANY'S POST-HEARING REPORT"

Defendant, the United States, respectfully submits this reply to "Plaintiff's Opposition To Defendant's Motion For Leave To Respond To Pages 12 And 13 Of 'Plaintiff Boston Edison Company's Post-Hearing Report,'" which plaintiff, Boston Edison Company ("Boston"), filed on November 3, 2004.

When Boston filed its supplement brief with the Court in this case on September 10, 2004, it attached to its brief two pleadings that the Environment and Natural Resources Division ("ENRD") of the Department of Justice had previously filed in Consolidated Edison Company of New York v. Department of Energy, No. 98-1358 (D.C. Cir.), and represented in its supplemental brief that, in those pleadings, the Department of Justice had argued that any disputes regarding the Government's assessment of Nuclear Waste Fund fees should be submitted to this Court. From a review of the Consolidated Edison pleadings attached to Boston's supplemental brief, it is clear that Boston has misstated the Government's arguments in that case and that the Department of Justice did not argue in that case that challenges to fee assessments

for the Nuclear Waste Fund should proceed before this Court.[1] Nevertheless, to ensure that we understood the arguments raised in Consolidated Edison, we requested, soon after we saw Boston's arguments in its September 10, 2004 supplemental brief, that the Department of Justice's files relating to that case be retrieved. Because that case before the United States Court of Appeals for the District of Columbia was handled by ENRD, rather than the Civil Division, our office does not have ready access to those files. We requested those records from ENRD, which had archived the files following the closure of the case, and, once ENRD received them from the facility that stores its archived records, they were provided to us. After we reviewed them and identified additional pleadings from those case files that might be useful in putting the two pleadings that Boston submitted in context, we filed our motion for leave to file those two documents with the Court, along with a brief explanation of the pleadings and response to Boston's arguments.

Boston appears to have two primary objections to the Government's motion for leave to file those documents and its explanation of the contents of the pleadings. First, it complains that it made an "offer" at the parties' oral argument on August 31, 2004, to provide the Government with copies of the Consolidated Edison pleadings that it intended to file with the Court, that the Government never accepted its "offer" by asking for copies of the documents, and, therefore, that the Government should be barred from responding to Boston's description of those pleadings

---

[1] To the contrary, as evidenced by the pleadings attached to Boston's supplemental brief, the Government argued in Consolidated Edison that the petitioners were barred by claim or issue preclusion from raising new alternative theories to those raised in a prior petition to the D.C. Circuit based upon the same operative facts to achieve the same relief and, alternatively, that the petitioners' claims were not ripe because there had been no fee assessment within 180 days of the petitioners' challenge that would allow them to invoke the judicial review provisions of the Nuclear Waste Policy Act, 42 U.S.C. § 10139(a)(1) & (c).

because it did not timely obtain copies of them from Boston before it filed its September 10, 2004 supplemental brief. Boston Opposition, at 2 & 4. We find Boston's argument rather unusual. Although it now interprets its August 31, 2004 representations to the Court as an "offer" to the Government to make available copies of those Consolidated Edison pleadings, counsel for Boston's actual statement to the Court was that "I have copies for [the Government] today." Transcript, at 42 (Aug. 31, 2004). Boston's current assertion that the Government would receive the referenced pleadings only if it contacted Boston and asked for the documents is not completely consistent with the actual representation that Boston made to the Court on August 31, 2004. In any event, we do not understand how Boston's failure, prior to September 10, 2004, to provide the Government with copies of the documents that it eventually provided to the Court somehow should bar the Government from ever responding to Boston's newly raised assertions. If it had wanted to ensure that the Government had proper notice of its intended argument and an opportunity to respond to it in the September 10, 2004 supplemental briefs, Boston could easily have provided the Government with copies of those documents at the August 31, 2004 hearing or soon thereafter. Boston chose not to do so. We cannot understand how Boston's failure to provide us with copies of these documents is somehow our fault, rather than Boston's.

Second, Boston complains that it took the Government too long to obtain the Consolidated Edison case files from ENRD's archives and, therefore, that it should be barred from supplementing the record with pleadings related to those with which Boston supplemented the record on September 10, 2004. Boston Opposition, at 4. It insinuates that every office of the Department of Justice should have "institutional recall of legal positions" taken in other cases and that "[s]urely we can expect much more from the Government." Id. Given that Boston has

seriously misread the Government's pleadings in Consolidated Edison, it should be no surprise that the Civil Division attorneys were unaware of the argument that Boston alleges was made in other proceedings. Nevertheless, we requested the pleadings files from the Consolidated Edison case soon after we received and reviewed Boston's September 10, 2004 supplemental brief, and, quickly after we received those files, we requested leave to provide the Court with two additional pleadings to place the pleadings that Boston filed into context. We cannot understand how this action is somehow shocking to the conscience, as Boston seems to suggest.

In any event, we do not wish to begin a new round of pleadings to supplement those filings that the Court already possesses. It seems clear from the face of the pleadings from Consolidated Edison that Boston submitted to the Court that they do not support the interpretation that Boston has placed upon them. We have merely sought leave to submit our response to the new argument that Boston raised in its September 10, 2004 filing, and, with it, have sought leave to file with the Court two additional pleadings from the Consolidated Edison that further explains those filings. To the extent that the Court does not believe it appropriate or necessary to file our written response to Boston's September 10, 2004 supplemental brief, we would respectfully request that, at a minimum, the Court accept for filing the two pleadings from the Consolidated Edison case that we attached to our motion for leave.

For the reasons, we respectfully request that the Court grant us leave to file the response to pages 12 and 13 of Boston's September 10, 2004 pleading that was attached to our October 26, 2004 motion.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/Stefan Shaibani by Harold D. Lester, Jr.
STEFAN SHAIBANI
Trial Attorney
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 305-7597
Fax: (202) 307-2503

Attorneys for Defendant

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

November 18, 2004

CERTIFICATE OF FILING

I hereby certify that, on this 18th day of November, 2004, a copy of the foregoing "DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO RESPOND TO PAGES 12 AND 13 OF 'PLAINTIFF BOSTON EDISON COMPANY'S POST-HEARING REPORT'" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Harold D. Lester, Jr.