**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **BOSTON EDISON COMPANY,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 99-447C (J. Lettow)** |
| **UNITED STATES OF AMERICA,** | ) | |
| **Defendant.** | ) | |

**PLAINTIFF BOSTON EDISON COMPANY'S RESPONSE**
**TO THE GOVERNMENT'S MOTION TO STAY DISCOVERY**

Boston Edison Company ("Boston Edison"), through its undersigned counsel, hereby responds to the Government's Motion to Stay Discovery ("Motion"), specifically that "the Court stay discovery in this case pending resolution of defendant's motion to dismiss, or in the alternative, for summary judgment." (Motion at p. 1.) Boston Edison does not oppose the stay requested by the Government.

However, in not opposing the Motion, Boston Edison does not mean to be understood as agreeing with any of the substantive arguments made by the Government in its motion. For instance, Boston Edison has already addressed, and maintains its opposition to, the Government's assertion that the U.S. Court of Federal Claims lacks jurisdiction to entertain disputes concerning the Nuclear Waste Fund fees. (Motion at p. 3, 8-9.) The entire chronology of Boston Edison's argument on this matter can be found in its "Opposition to Defendant's Motion for leave to respond to pages 12 and 13 of 'Plaintiff Boston Edison Company's Post Hearing Report,'" and is also stated in "Boston Edison Company's Post Hearing Report" at pages 12-13. Consistent with its position, Boston Edison's discovery requests seek information relevant and admissible

in its present case against the Government in the U.S. Court of Federal Claims, not for "matters that would only be relevant to a different proceeding." (Motion at p. 8-9.)

Boston Edison also does not agree with the Government's assertion that the discovery Boston Edison is seeking is "overly broad, burdensome, and irrelevant to the issues presented in this case." (Motion at p. 6.) The establishment of and amendments to the Nuclear Waste Fund (NWF), as well as over-collection of fees deposited into the NWF, is at the heart of Boston Edison's damages claim. Seeking discovery pertaining to these issues is consistent with the scope and limitations of discovery discussed in RCFC 26(b).

Finally, Boston Edison requests that the Government be required to provide its responses to Boston Edison's discovery requests immediately after the stay is lifted. The Government filed its Motion on November 10, 2004, one day after it was to have responded to Boston Edison's discovery requests. Therefore, Boston Edison requests, if the Court rules in favor of Boston Edison on the pending Motion to Dismiss, or in the alternative, for Summary Judgment, that at the same time it also order the Government to respond immediately to Boston Edison's pending discovery requests.

Date: November 23, 2004

Respectfully submitted,

/s/ Richard J. Conway

Richard J. Conway
DICKSTEIN SHAPIRO MORIN
& OSHINSKY LLP
2101 L Street, NW
Washington, DC 20037
(202) 785-9700

*Counsel of Record for*
*Boston Edison Company*

Of Counsel:

David M. Nadler
Nicholas W. Mattia, Jr.
Bradley D. Wine
Jeffrey P. Becherer
DICKSTEIN SHAPIRO MORIN
& OSHINSKY LLP
2101 L Street, NW
Washington, DC 20037
(202) 785-9700

Neven Rabadjija, Esq.
Associate General Counsel
NSTAR Electric & Gas Corporation
800 Boylston Street
17th Floor
Boston, MA 02199-0228

**CERTIFICATE OF ELECTRONIC FILING**

I hereby certify that on November 23, 2004 a copy of the foregoing Plaintiff Boston Edison Company's Response to the Government's Motion to Stay Discovery was filed electronically. I understand that the notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Richard J. Conway
Richard J. Conway
DICKSTEIN SHAPIRO MORIN
& OSHINSKY LLP
2101 L Street, NW
Washington, DC 20037
(202) 785-9700

*Counsel of Record for*
*Boston Edison Company*