LEXSEE

**Northern States Power Company, et al., Petitioners v. United States Department of Energy and United States of America, Respondents; IES Utilities, Inc., et al., Intervenors, Consolidated with Nos. 97-1065, 97-1370 and 97-1398; In Re: Maine Yankee Atomic Power Co., Petitioner; In Re: Southern Nuclear Operating Co., et al., Petitioners**

**No. 97-1064 Consolidated with Nos. 97-1065, 97-1370 and 97-1398, No. 98-1069, No. 98-1070**

**UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT**

***1998 U.S. App. LEXIS 12919***

**May 5, 1998, Filed**

**NOTICE:** [*1] RULES OF THE DISTRICT OF COLUMBIA CIRCUIT COURT OF APPEALS MAY LIMIT CITATION TO UNPUBLISHED OPINIONS. PLEASE REFER TO THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THIS CIRCUIT.

**DISPOSITION:** Motions to Consolidate granted. Motions from the Department of Energy to Dismiss the suits of Maine Yankee and Southern Nuclear; the Motions for Enforcement of the Mandate from the State Petitioners, the Utility Petioners, and Connecticut Yankee; and the Petitions for Rehearing from Yankee Atomic and the Department of Energy, denied.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** In a suit based on petitioner department of energy's (DOE) standard contract for disposal of spent nuclear fuel, petitioner power companies filed motions to consolidate, the DOE filed a motion to dismiss the power companies' suits, and petitioner state and utility company filed motions for enforcement of the state's mandate.

**OVERVIEW:** The court found that the power company's suits against the DOE presented issues identical to those raised by the utility company and, to make clear that they were each entitled to identical relief, granted the motion to consolidate. The court denied the DOE's motion for dismissal of the power companies' claims, and found that the power companies' were entitled to the same relief as the other utility companies. The court instead consolidated them and held that the same relief extended to them. The court expressed no opinion on the legality of the DOE's using utility or ratepayer-supplied monies to pay costs or damages, finding that the issues were not ripe for review as presented in the petitions. The court rejected a request for an order that would have required the DOE to include an unconditional obligation in the standard contract, noting that breach by the DOE did not violate a statutory duty, and the court's jurisdiction to hear allegations of failure to take action required by the Nuclear Waste Policy Act, *42 U.S.C.S. § 10139*(a)(1)(B), did not provide a basis for a move fuel order.

**OUTCOME:** The court granted the motions to consolidate and otherwise denied the other motions and petitions.

**COUNSEL:** For NORTHERN STATES POWER COMPANY (MINNESOTA), FLORIDA POWER & LIGHT COMPANY, DUKE POWER COMPANY, VERMONT YANKEE NUCLEAR POWER CORPORATION, NIAGARA MOHAWK POWER CORPORATION, GPU NUCLEAR CORPORATION, JERSEY CENTRAL POWER & LIGHT COMPANY, METROPOLITAN EDISON COMPANY, PENNSYLVANIA ELECTRIC COMPANY, WISCONSIN PUBLIC SERVICE CORPORATION,

UNION ELECTRIC COMPANY, DETROIT EDISON COMPANY, PUBLIC SERVICE ELECTRIC & GAS COMPANY, FLORIDA POWER CORPORATION, WOLF CREEK NUCLEAR OPERATING CORPORATION, KANSAS GAS AND ELECTRIC COMPANY, KANSAS CITY POWER & LIGHT COMPANY, KANSAS ELECTRIC POWER COOPERATIVE, INC., INDIANA MICHIGAN POWER COMPANY, PECO ENERGY COMPANY, VIRGINIA ELECTRIC AND POWER COMPANY, CONSUMERS POWER COMPANY, BALTIMORE GAS AND ELECTRIC COMPANY, CENTERIOR ENERGY CORPORATION, CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., DUQUESNE LIGHT COMPANY, MIDAMERICAN ENERGY COMPANY, NEW YORK POWER AUTHORITY, PENNSYLVANIA POWER & LIGHT COMPANY, ENTERGY SERVICES, INC., ROCHESTER GAS AND ELECTRIC CORPORATION, TEXAS UTILITIES ELECTRIC COMPANY, CAROLINA POWER & LIGHT COMPANY, PACIFIC GAS AND ELECTRIC COMPANY, COMMONWEALTH EDISON COMPANY, BOSTON EDISON COMPANY, Petitioners (97-1064): Mindy A. Buren, David J. Cynamon, Jay Eliot Silberg, Shaw, Pittman, Potts & Trowbridge, Washington, DC.

For DEPARTMENT OF ENERGY, Respondent (97-1064): Marc Johnston, U.S. Department of Energy (DOE), Washington, DC.

For DEPARTMENT OF ENERGY, UNITED STATES OF AMERICA, Respondents (97-1064): Martin William Matzen, Attorney, John Alan Bryson, Attorney, Lois Jane Schiffer, Assistant Attorney General, U.S. Department of Justice, (DOJ) Environment & Natural Resource Div, Washington, DC.

For IES UTILITIES, INC., CENTRAL IOWA POWER COOPERATIVE, CORN BELT POWER COOPERATIVE, NORTHEAST UTILITIES SERVICE COMPANY, CONNECTICUT YANKEE ATOMIC POWER COMPANY, NORTH ATLANTIC ENERGY SERVICE CORPORATION, Intervenors for Petitioners (97-1064): Michael Alan Bauser, Morgan, Lewis & Bockius, Washington, DC.

For AMERICAN PUBLIC POWER ASSOCIATION, PIEDMONT MUNICIPAL POWER AGENCY, CONNECTICUT MUNICIPAL ELECTRIC ENERGY COOPERATIVE, MASSACHUSETTS MUNICIPAL WHOLESALE ELECTRIC COMPANY, FLORIDA MUNICIPAL POWER AGENCY, THE NEW HAMPSHIRE ELECTRIC COOPERATIVE, INC., THE ELECTRIC DEPARTMENT, of the City of Burlington, Vermont, THE ELECTRIC DEPARTMENT, of Braintree, Massachusetts, CITY OF ANAHEIM, CALIFORNIA, CITY OF RIVERSIDE, CALIFORNIA, CITY OF BANNING, CALIFORNIA, CITY OF AZUSA, CALIFORNIA, Intervenors (97-1064): Frances Enseki Francis, Gary James Newell, Spiegel & McDiarmid, Washington, DC.

For ARIZONA CORPORATION COMMISSION, Intervenor for Petitioner (97-1064): Eric A. Eisen, Law Office of Eric A. Eisen, Bethesda, MD.

For NATIONAL ASSOCIATION OF REGULATORY UTILITY COMMISSIONERS, Intervenor for Petitioner (97-1064): James Bradford Ramsay, Charles Douglas Gray, National Association of Regulatory Utility Commissioners, Washington, DC.

For VIRGINIA STATE CORPORATION COMMISSION, Intervenor for Petitioner (97-1064): Joel H. Peck, Virginia State Corporation Commission, Richmond, Va.

For VIRGINIA STATE CORPORATION COMMISSION, Intervenor for Petitioner (97-1064): Charles Meade Browder, Jr., William H. Chambliss, Virginia State Corporation Commission, Richmond, VA.

For LOUISIANA PUBLIC SERVICE COMMISSION, Intervenor (97-1064): Michael R. Fontham, Noel Joseph Darce, Stone, Pigman, Walther, Wittmann & Hutchinson, New Orleans, LA.

For LOUISIANA PUBLIC SERVICE COMMISSION, Intervenor (97-1064): Brian Andrew Eddington, Law Offices of Brian A. Eddington, Baton Rouge, LA.

For MICHIGAN PUBLIC SERVICE COMMISSION, Petitioner (97-1065): Thomas L. Casey, Sol Gen, Don L. Keskey, UU, Attorney General's Office of State of Michigan, (AGO) Michigan Public Service, Lansing, MI.

For STATE OF MINNESOTA, MINNESOTA DEPARTMENT OF PUBLIC SERVICE, MINNESOTA PUBLIC UTILITIES COMMISSION, Petitioners (97-1065): Gregory P. Huwe, Attorney General's Office of State of Minnesota, St. Paul, MN.

For STATE OF CONNECTICUT, CONNECTICUT DEPARTMENT OF PUBLIC UTILITY CONTROL, Petitioners (97-1065): Robert S. Golden, Jr., Attorney General's Office of State of Connecticut, Department of Public Utility Control, New Britain, CT.

For STATE OF FLORIDA, Petitioner (97-1065): Michael Allen Gross, Office of the Attorney General for State of Florida, Tallahassee, FL.

For FLORIDA PUBLIC SERVICE COMMISSION, Petitioner (97-1065): Robert D. Vandiver, Richard C. Bellak, Public Service Commission of Florida, Tallahassee, FL.

For ARKANSAS PUBLIC SERVICE COMMISSION, Petitioner (97-1065): Mary Woodford Cochran, Arkansas Public Service Commission, Little Rock, AR.

For COMMONWEALTH OF MASSACHUSETTS, Petitioner (97-1065): Judith S. Yogman, Leslie B. Greer, Attorney General's Office of State of Massachusetts, Boston, MA.

For MARYLAND PUBLIC SERVICE COMMISSION, Petitioner (97-1065): Bryan G. Moorhouse, Susan Stevens Miller, Public Service Commission of Maryland, Baltimore, MD.

For SOUTH DAKOTA PUBLIC UTILITIES COMMISSION, Petitioner (97-1065): Rolayne Ailts Wiest, Public Utilities Commission of South Dakota, Pierre, SD.

For MISSOURI PUBLIC SERVICE COMMISSION, Petitioner (97-1065): Roger W. Steiner, Missouri Public Service Commission, Jefferson City, MO.

For STATE OF DELAWARE, Petitioner (97-1065): Charles F. Walker, Kevin P. Maloney, Attorney General's Office of State of Delaware, Wilmington, DE.

For WISCONSIN PUBLIC SERVICE COMMISSION, Petitioner (97-1065): Steven M. Schur, Barbara E. James, David Albert Ludwig, Electric Division, Public Service Commission of Wisconsin, Madison, WI.

For STATE OF KANSAS, Petitioner (97-1065): John W. Campbell, Carla J. Stovall, Attorney General's Office of State of Kansas, Topeka, KS.

For KANSAS CORPORATION COMMISSION, Petitioner (97-1065): Dan Riley, Kansas Corporation Commission, Topeka, KS.

For IOWA UTILITIES BOARD, Petitioner (97-1065): Diane Munns, Iowa Utilities Board, Des Moines, IA.

For CALIFORNIA PUBLIC UTILITIES COMMISSION, Petitioner (97-1065): Harvey Y. Morris, Edward W. O'Neill, Public Utilities Commission of the State of California, San Francisco, CA.

For STATE OF VERMONT, VERMONT PUBLIC SERVICE BOARD, Petitioners (97-1065): J. Wallace Malley, Jr., Attorney General, Conrad P. Smith, Attorney General's Office of State of Vermont, Montpelier, VT.

For NEW YORK STATE PUBLIC SERVICE COMMISSION, Petitioner (97-1065): Lawrence G. Malone, Public Service Commission of New York, Albany, NY.

For PENNSYLVANIA PUBLIC UTILITY COMMISSION, Petitioner (97-1065): Lawrence F. Barth, John F. Povilaitis, Veronica A. Smith, Pennsylvania Public Utility Commission, Harrisburg, PA.

For ALABAMA PUBLIC SERVICE COMMISSION, Petitioner (97-1065): Lester M. Bridgeman, Miller, Hamilton, Snider & Odom, Mobile, AL.

For COMMONWEALTH OF KENTUCKY, Petitioner (97-1065): James J. Grawe, Office of the Attorney General of State of Kentucky, Frankfort, KY.

For STATE OF RHODE ISLAND & PROVIDENCE PLANTATIONS, Petitioner (97-1065): Paul J. Roberti, Alan M. Shoer, Attorney General's Office of State of Rhode Island, Providence, RI.

For STATE OF ARKANSAS, Petitioner (97-1065): Shirley E. Guntharp, Charles L. Moulton, Attorney General's Office of State of Arkansas, Little Rock, AR.

For STATE OF MARYLAND, Petitioner (97-1065): Michael Brent Hare, Maryland Energy Adminstristration, Office of the Attorney General, Annapolis, MD.

For NEW HAMPSHIRE OFFICE OF THE CONSUMER ADVOCATE, Petitioner (97-1065): James Roger Anderson, Office of Consumer Advocate of State of New Hampshire, Concord, NH.

For STATE OF NEW HAMPSHIRE, Petitioner (97-1065): Wynn Edmund Arnold, Attorney General's Office of State of New Hampshire, Concord, NH.

For STATE OF NEBRASKA, Petitioner (97-1065): L. Steven Grasz, Attorney General's Office of State of Nebraska, Lincoln, NE.

For STATE OF IOWA, Petitioner (97-1065): Ben Stead, Office of Consumer Advocate for the State of Iowa, Des Moines, IA.

For STATE OF NEW JERSEY BOARD OF PUBLIC UTILITIES, Petitioner (97-1065): Helene Schorr Wallenstein, Caroline Vachier, Attorney General's Office of State of New Jersey, Newark, NJ.

For STATE OF ILLINOIS, Petitioner (97-1065): James E. Ryan, Jr., Attorney General's Office of State of Illinois, Chicago, IL.

For ILLINOIS COMMERCE COMMISSION, Petitioner (97-1065): James Edwin Weging, Illinois Commerce Commission, Chicago, IL.

For STATE OF MISSISSIPPI, Petitioner (97-1065): Robert Franklin Spencer, Attorney General's Office of State of Mississippi, Jackson, MS.

For MISSISSIPPI PUBLIC SERVICE COMMISSION, Petitioner (97-1065): George M. Fleming, Mississippi Public Service Commission, Jackson, MS.

For NORTH DAKOTA PUBLIC SERVICE COMMISSION, Petitioner (97-1065): Charles E. Johnson, Public Service Commission of North Dakota, Bismarck, ND.

For COMMONWEALTH OF VIRGINIA, Petitioner (97-1065): Roger L. Chaffe, Sr Asst Atty Gen, John Paul Woodley, Jr., Dep Atty Gen, Carl Josephson, Assistant Attorney General, Attorney General's Office of State of Virginia, Richmond, VA.

For STATE OF INDIANA, Petitioner (97-1065): Daniel B. Dovenbarger, Attorney General's Office of State of Indiana, Indianapolis, IN.

For PUBLIC SERVICE COMMISSION OF SOUTH CAROLINA, Petitioner (97-1065): Fred David Butler, Public Service Commission of South Carolina, Columbia, SC.

For NORTH CAROLINA UTILITIES COMMISSION, Petitioner (97-1065): Sammy R. Kirby, North Carolina Utilities Commission, Raleigh, NC.

For STATE OF MAINE, Petitioner (97-1065): Thomas D. Warren, Attorney General's Office of State of Maine, Augusta, ME.

For PUBLIC UTILITIES COMMISSION OF OHIO, Petitioner (97-1065): Duane William Luckey, Steven T. Nourse, Assistant Attorney General, Attorney General's Office of State of Ohio, Columbus, OH.

For STATE OF MICHIGAN, Petitioner (97-1065): Henry James Boynton, Thomas L. Casey, Sol Gen, Don L. Keskey, UU, Larry G. Watterworth, Attorney General's Office of State of Michigan, (AGO) Michigan Public Service, Lansing, MI.

For DEPARTMENT OF ENERGY, Respondent (97-1065): Marc Johnston, U.S. Department of Energy (DOE), Washington, DC.

For DEPARTMENT OF ENERGY, Respondent (97-1065): Martin William Matzen, Attorney, John Alan Bryson, Attorney, Lois Jane Schiffer, Assistant Attorney General, U.S. Department of Justice, (DOJ) Environment & Natural Resource Div, Washington, DC.

For UNITED STATES OF AMERICA, Respondent (97-1065): John Alan Bryson, Attorney, Lois Jane Schiffer, Assistant Attorney General, U.S. Department of Justice, (DOJ) Environment & Natural Resource Div, Washington, DC.

For AMERICAN PUBLIC POWER ASSOCIATION, PIEDMONT MUNICIPAL POWER AGENCY, CONNECTICUT MUNICIPAL ELECTRIC ENERGY COOPERATIVE, FLORIDA MUNICIPAL POWER AGENCY, THE NEW HAMPSHIRE ELECTRIC COOPERATIVE, INC., THE ELECTRIC DEPARTMENT, CITY OF ANAHEIM, CALIFORNIA, CITY OF RIVERSIDE, CALIFORNIA, CITY OF BANNING, CALIFORNIA, CITY OF AZUSA, CALIFORNIA, MASSACHUSETTS MUNICIPAL WHOLESALE ELECTRIC COMPANY, Intervenors (97-1065): Frances Enseki Francis, Gary James Newell, Spiegel & McDiarmid, Washington, DC.

For ARIZONA CORPORATION COMMISSION, Intervenor (97-1065): Eric R. Eisen, Law Office of Eric A. Eisen, Bethesda, MD.

For NATIONAL ASSOCIATION OF REGULATORY UTILITY COMMISSIONERS, Intervenor (97-1065): James Bradford Ramsay, Charles Douglas Gray, National Association of Regulatory Utility Commissioners, Washington, DC.

For VIRGINIA STATE CORPORATION COMMISSION, Intervenor (97-1065): Joel H. Peck, Virginia State Corporation Commission, Richmond, Va.

For VIRGINIA STATE CORPORATION COMMISSION, Intervenor (97-1065): Charles Meade

Browder, Jr., Virginia State Corporation Commission, Office of General Counsel, Richmond, VA.

For ILLINOIS POWER COMPANY, Petitioner (97-1370): Mindy A. Buren, David J. Cynamon, Jay Eliot Silberg, Shaw, Pittman, Potts & Trowbridge, Washington, DC.

For DEPARTMENT OF ENERGY, Respondent (97-1370): Marc Johnston, U.S. Department of Energy (DOE), Washington, DC.

For DEPARTMENT OF ENERGY, UNITED STATES OF AMERICA, Respondents (97-1370): Lois Jane Schiffer, Assistant Attorney General, U.S. Department of Justice, (DOJ) Environment & Natural Resource Div, Washington, DC.

For In re: YANKEE ATOMIC ELECTRIC COMPANY, Petitioner (97-1398): Robert Lawrence Shapiro, Jerry Stouck, Spriggs & Hollingsworth, Washington, DC.

For In re: MAINE YANKEE ATOMIC POWER COMPANY, Petitioner (98-1069): David J. Cynamon, Jay Eliot Silberg, Shaw, Pittman, Potts & Trowbridge, Washington, DC.

For In re: SOUTHERN NUCLEAR OPERATING COMPANY, In re: WISCONSIN ELECTRIC POWER COMPANY, In re: OMAHA PUBLIC POWER DISTRICT, In re: NEBRASKA PUBLIC POWER DISTRICT, Petitioners (98-1070): David J. Cynamon, Jay Eliot Silberg, Shaw, Pittman, Potts & Trowbridge, Washington, DC.

**JUDGES:** Before: WILLIAMS, GINSBURG and SENTELLE, Circuit Judges.

**OPINION:**

**ORDER**

Upon consideration of the Motions to Consolidate from Maine Yankee and Southern Nuclear; the Motions from the Department of Energy to Dismiss the suits of Maine Yankee and Southern Nuclear; the Motions for Enforcement of the Mandate from the State Petitioners, the Utility Petioners, and Connecticut Yankee; and the Petitions for Rehearing from Yankee Atomic and the Department of Energy, and the responses thereto and the replies, it is hereby

ORDERED that the Motions to Consolidate are granted. The Petitions and Motions are otherwise denied.

I. Maine Yankee and Southern Nuclear Operating [*2] Company are parties to the Department of Energy's ("DOE") Standard Contract for Disposal of Spent Nuclear Fuel ("SNF"). Their suits against the DOE present issues identical to those raised by the Utility Petitioners in *Northern States Power Co. v. DOE, 327 U.S. App. D.C. 20, 128 F.3d 754 (D.C. Cir. 1997).* To make clear that they are entitled to identical relief, we grant the motion to consolidate. Our disposition of the motions for enforcement and petitions for rehearing, discussed below, applies in full measure to Maine Yankee and Southern Nuclear.

II. The DOE moves for dismissal of the actions of Maine Yankee and Southern Nuclear. Those utilities are entitled to the same relief as the other Utility Petitioners; consequently, we do not dismiss their suits but instead consolidate them with Northern States. The relief awarded in that decision extends to them. To the extent that they join in the Utility Petitioners' motions, the following dispositions also apply to them. The DOE's motion is denied.

III. The State Petitioners request an order that (1) bars the DOE from using utility and ratepayer-supplied monies from the Nuclear Waste Fund ("NWF") or fee collections to pay any [*3] costs or damages awarded to utilities under the Standard Contract; (2) authorizes the payment of NWF fees into an interest-bearing escrow account; and (3) requires the DOE to file a plan for disposing of SNF before receiving any more shipments of foreign or domestic SNF at its existing facilities.

We express no opinion on the legality of the DOE's using utility or ratepayer-supplied monies to pay costs or damages, nor on the adequacy of any particular type of equitable adjustment of fees that might be awarded to utilities under the Delays Clause of the Standard Contract. Our decision in Northern States barred the DOE from interpreting the Contract as imposing only a contingent disposal obligation; such an interpretation, we ruled, would place the DOE in violation of its statutory duties under the Nuclear Waste Policy Act ("NWPA"), which required it to undertake an unconditional obligation. Beyond that clarification of the statute's requirements, we remitted the utilities to their remedies under the Standard Contract. Suits based on the Contract may present issues of the permissible forms of equitable adjustment, and possibly the award of some forms of equitable adjustment would [*4] place the DOE in violation of the NWPA and again properly trigger our jurisdiction (as opposed to that of the Court of Federal Claims) under either the NWPA or the APA. But as the DOE has not yet taken any of these actions, the issues are not ripe for review as presented to us in these petitions.

The second and third elements of the State Petitioners' requested order constitute equitable contract

remedies against the DOE and fall outside the scope of the Northern States mandate. Northern States describes the nature of the DOE's obligation, which was created by the NWPA and undertaken by the DOE under the Standard Contract. It does not place the question of contract remedies in this court, nor set up this court as a source of remedies outside the Standard Contract.

IV. The Utility Petitioners request essentially the same relief as the State Petitioners. For the same reasons, their request is denied.

V. Yankee Atomic requests an order requiring the DOE to begin to dispose of its SNF, asserting that monetary damages are inadequate. We do not address the question of the adequacy of damages or of any contract remedy. The order cannot issue because enforcement of our mandate does [*5] not extend to requiring the DOE to perform under the Standard Contract. While the statute requires the DOE to include an unconditional obligation in the Standard Contract, it does not itself require performance. Breach by the DOE does not violate a statutory duty; thus, our jurisdiction to hear allegations of failure to take an action required under the NWPA, see *42 U.S.C. § 10139*(a)(1)(B), does not provide a basis for a move-fuel order.

VI. Connecticut Yankee requests an order prohibiting the DOE from using NWF monies to compensate utilities for delay, and requiring the DOE to move Connecticut Yankee's spent fuel. This request is covered by the discussion above: the issue of recycling NWF monies is not ripe, and the move-fuel order is beyond our mandate.

VII. The DOE petitions for rehearing, suggesting that this Court has erroneously designated itself as the proper forum for adjudication of disputes arising under the Standard Contract. As the above should make clear, we did not; we merely prohibited the DOE from implementing an interpretation that would place it in violation of its duty under the NWPA to assume an unconditional obligation to begin disposal by January 31, 1998. [*6] The statutory duty to include an unconditional obligation in the contract is independent of any rights under the contract. The Tucker Act does not prevent us from exercising jurisdiction over an action to enforce compliance with the NWPA. The DOE's petition is denied.