**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **BOSTON EDISON COMPANY,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 99-447C (J. Lettow)** |
| **UNITED STATES OF AMERICA,** | ) | |
| **Defendant.** | ) | |

**PLAINTIFF BOSTON EDISON COMPANY'S**
**NOTICE OF ADDITIONAL AUTHORITY**

Plaintiff Boston Edison Company ("Boston Edison"), through its undersigned counsel, wishes to bring to the Court's attention Judge Braden's recent decision in *Sacramento Municipal Utility District v. United States*, 98-488C (January 19, 2005)("*SMUD*"). Judge Braden's decision is of key importance to the Court's consideration of Boston Edison's Cross-Motion for Summary Judgment on Liability currently before the Court because it conclusively holds that, as a matter of law, the Government breached the DOE Standard Contract on January 31, 1998, the date upon which the Government was obligated to begin collecting spent nuclear fuel ("SNF") from nuclear utilities. Indeed, Judge Braden provided the very relief sought by BECO in the Cross-Motion presently pending before the Court – namely, an order finding the Government liable for breach of the Standard Contract on January 31, 1998.

In *SMUD*, the Court held that the Federal Circuit conclusively settled the issue of the date of breach of the Standard Contract in *Maine Yankee Atomic Co. v. United States*, 225 F.3d 1336 (Fed. Cir. 2000) and *Northern States Power Co. v. United States*, 224

F.3d 1361 (Fed. Cir. 2000). In *Maine Yankee* and *Northern States*, the Federal Circuit held that the Government breached the Standard Contract on January 31, 1998. *SMUD* at 10. The Court's *SMUD* decision also rejected the Government's argument that the Delivery Commitment Schedules ("DCS") determined the date of the breach, holding instead that the DCSs were *for planning purposes only*. *Id*. at 13. Finally, Judge Braden soundly rejected the Government's argument that the breach should be determined by the "oldest fuel first principles." *Id*. p. 16. A copy of Judge Braden's opinion is attached hereto for the Court's convenience.

The *SMUD* ruling affirms the allegations made in Boston Edison's Complaint (pages 11-17), as well as the arguments proffered in Boston Edison's Cross-Motion for Summary Judgment (pages 46-49), regarding the Government's breach of the Standard Contract on January 31, 1998.

Date: February 10, 2005

Respectfully submitted,

/s/ Richard J. Conway

Richard J. Conway
DICKSTEIN SHAPIRO MORIN
& OSHINSKY LLP
2101 L Street, NW
Washington, DC 20037
(202) 785-9700
*Counsel of Record for*
*Boston Edison Company*

Of Counsel:
David M. Nadler
Nicholas W. Mattia, Jr.
Bradley D. Wine
Jeffrey P. Becherer
DICKSTEIN SHAPIRO MORIN
& OSHINSKY LLP
2101 L Street, NW
Washington, DC 20037
(202) 785-9700

Neven Rabadjija, Esq.
Associate General Counsel
NSTAR Electric & Gas Corporation
800 Boylston Street
17th Floor
Boston, MA 02199-0228

**CERTIFICATE OF ELECTRONIC FILING**

I hereby certify that on February 10, 2005 a copy of the foregoing Plaintiff Boston Edison Company's Notice of Additional Authority was filed electronically. I understand that the notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Richard J. Conway
Richard J. Conway
DICKSTEIN SHAPIRO MORIN
& OSHINSKY LLP
2101 L Street, NW
Washington, DC 20037
(202) 785-9700

*Counsel of Record for*
*Boston Edison Company*