IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| BOSTON EDISON COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 99–447C |
| v. | ) | (Judge Lettow) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S AMENDED COMPLAINT

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. The allegations contained in paragraph 1 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

2. Denies the allegations contained in paragraph 2 for lack of knowledge of information sufficient to form a belief as to their truth.

3. The allegations contained in paragraph 3 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

4. Denies the allegation contained in the first sentence of paragraph 4 for lack of knowledge of information sufficient to form a belief as to its truth. The remaining allegations contained in paragraph 4 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

5. Admits the allegations contained in the first sentence of paragraph 4 that the Department of Energy ("DOE") has not yet begun the disposal of spent nuclear fuel and high-

level radioactive waste (collectively, "SNF") under the standard contract published at 10 C.F.R. § 961.11; denies the remaining allegations contained in the first sentence of paragraph 5 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations contained in the second sentence of paragraph 5.

6. Denies.

7. Denies the allegations contained in the first sentence of paragraph 7 for lack of knowledge of information sufficient to for a belief as to their truth. Denies the allegations in the second sentence of paragraph 7.

8. Denies.

9. The allegations contained in paragraph 9 are plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

10. The allegations contained in paragraph 10 are conclusions of law to which no response is required.

11. Denies the allegations contained in paragraph 11 for lack of knowledge of information sufficient to form a belief as to their truth.

12. Denies the allegations contained in paragraph 12 for lack of knowledge of information sufficient to form a belief as to their truth.

13. Admits.

14. The allegations contained in paragraph 14 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

15. The allegations contained in paragraph 15 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

16. The allegations contained in paragraph 16 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

17. The allegations contained in paragraph 17 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

18. The allegations contained in paragraph 18 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

19. The allegations contained in paragraph 19 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

20. The allegations contained in paragraph 20 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

21. Admits the allegations contained in paragraph 21 to the extent supported by the documents cited which are the best evidence of their contents. To the extent the remaining allegations contained in paragraph 21 are conclusions of law, no response is required; to the extent that they may be deemed allegations of fact, they are denied.

22. The allegations contained in paragraph 22 are conclusions of law and plaintiff's characterizations of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

23. The allegations contained in paragraph 23 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

24. The allegations contained in paragraph 24 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

25. The allegations contained in paragraph 25 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

26. The allegations contained in paragraph 26 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

27. The allegations contained in paragraph 27 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

28. The allegations contained in the first sentence of paragraph 28 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second sentence of paragraph 28 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 28.

29. The allegations contained in paragraph 29 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Denies the allegation contained in the second sentence of paragraph 29; avers that parties to the "Standard Contract For Disposal Of Spent Nuclear Fuel And/Or High-Level Radioactive Waste," the terms of which are published at 10 C.F.R. § 961.11, pay fees into the Nuclear Waste Fund,

rather than "consumers of nuclear-generated power;" further avers that, although contract holders have paid more than $13 billion into the Nuclear Waste Fund, they have not paid $19 billion into that fund.

30. The allegations contained in paragraph 30 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

31. Admits the allegations contained in the first sentence of paragraph 31 that DOE and Boston Edison entered into a standard contract on June 17, 1983. The allegations contained in the remaining sentences of paragraph 31 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

32. The allegations contained in paragraph 32 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

33. The allegations contained in paragraph 33 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

34. The allegations contained in paragraph 34 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

35. Admits the allegations contained in paragraph 35 to the extent supported by the Federal Register notice cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 35.

36. Admits the allegations in paragraph 36 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 36.

37. Admits the allegations contained in the first and second sentences of paragraph 37 to the extent supported by the letters cited, which are the best evidence of their contents; otherwise denies the allegations contained in the first and second sentences of paragraph 37. The allegations contained in the third sentence of paragraph 37 are plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

38. Admits the allegations contained in paragraph 38 to the extent supported by the petition for review and court decision cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 38.

39. Admits the allegations contained in the first sentence of paragraph 39. Admits the allegations contained in the second sentence of paragraph 39 to the extent supported by the briefs that defendant filed with this Court, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 39. The allegations contained in the third sentence of paragraph 39 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

40. The allegations contained in paragraph 40 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are admitted to the extent supported by the court decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 40.

41. Admits the allegations contained in paragraph 41 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 41.

42. Admits the allegations contained in the first sentence of paragraph 42 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 42. Admits the allegations contained in the second and third sentences of paragraph 42 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second and third sentences of paragraph 42. Admits the allegations contained in the fourth sentence of paragraph 42.

43. Admits the allegations contained in the first and second sentences of paragraph 43 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first and second sentences of paragraph 43. Denies the allegations contained in the third sentence of paragraph 43.

44. Denies the allegations contained in paragraph 44 for lack of knowledge or information sufficient to form a belief as to their truth.

45. Admits the allegations contained in the first sentence of paragraph 45 to the extent supported by the complaints cited, which are the best evidence of their contents; otherwise denies the allegations contained in the first sentence of paragraph 45. Admits the allegations in the second sentence of paragraph 45 to the extent that Boston Edison was a party to a standard contract with DOE; otherwise denies the allegations in the second sentence of paragraph 45. The allegations contained in the third, and fourth sentences of paragraph 45 are conclusions of law

and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

46. Admits the allegations contained in first sentence of paragraph 46 to the extent supported by the operating license cited, which is the best evidence of its contents; denies the allegations contained in the second sentence of paragraph 46 for lack of knowledge of information sufficient to form a basis as to their truth.

47. Denies the allegations contained in paragraph 47 for lack of knowledge of information sufficient to form a basis as to their truth.

48. Admits the allegations contained in the first, second, and third sentences of paragraph 48 to the extent supported by the Federal Energy Regulatory Commission ("FERC") orders cited, which are the best evidence of their contents; otherwise denies the allegations contained in the first, second and third of paragraph 48. The fourth sentence of paragraph 48 are contentions of law to which no response is required; to the extent they are deemed to be allegations of fact, they are denied.

49. Admits the allegations contained in the first and second sentences of paragraph 49 to the extent supported by the Order and Settlement Agreement cited, which are the best evidence of their contents; otherwise denies the allegations contained in the first and second sentences of paragraph 49.

50. Denies the allegations contained in paragraph 50 for lack of knowledge or information sufficient to form a belief as to their truth.

51. Denies the allegations contained in paragraph 51 for lack of knowledge or information sufficient to form a belief as to their truth.

52. Denies the allegations contained in paragraph 52 for lack of knowledge or information sufficient to form a belief as to their truth.

53. Denies the allegations contained in paragraph 53 for lack of knowledge or information sufficient to form a belief as to their truth.

54. Admits the allegations contained in paragraph 54 to the extent supported by the petition and approval cited, which are the best evidence of their contents; otherwise denies the allegations contained in the first, second and third sentences of paragraph 54.

55. The allegations contained in paragraph 55 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

56. The allegations contained in paragraph 56 are plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

57. Admits the allegations contained in paragraph 57 to the extent supported by the complaint and amended complaint cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 57.

58. The allegations contained in paragraph 58 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

59. The allegations contained in paragraph 59 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

60. The allegations contained in paragraph 60 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

61. The allegations contained in paragraph 61 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

62. The allegations contained in paragraph 61 are plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

63. Denies the allegations contained in paragraph 63 for lack of knowledge or information sufficient to form a belief as to their truth.

64. Denies the allegations contained in paragraph 64 for lack of knowledge or information sufficient to form a belief as to their truth.

65. Admits the allegations in the first sentence of paragraph 65 to the extent supported by the license cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 65. The allegations contained in the second sentence of paragraph 65 are plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

66. The allegations contained in paragraph 66 are plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

67. The allegations contained in paragraph 67 are plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

68. Admits the allegations contained in the first sentence of paragraph 68 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 68. Denies the allegations contained in the second and third sentences of paragraph 68. The allegations contained in the fourth sentence of paragraph 68 are plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are admitted to the extent supported by the contract cited, which is the best evidence of its contents; defendant otherwise denies the allegations contained in the fourth sentence of paragraph 68. Denies the allegations contained in the fifth sentence of paragraph 68.

69. The allegations contained in paragraph 69 are plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied for lack of knowledge or information sufficient to form a belief as to their truth.

70. The allegations contained in paragraph 70 are plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

71. The allegations contained in paragraph 71 are plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

72. Defendant's response to paragraphs 1 through 71 of the amended complaint are incorporated by reference.

73. Admits the allegations contained in the first sentence of paragraph 73 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 73. Denies the allegations contained in the second sentence of paragraph 73.

74. The allegations contained in paragraph 74 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, defendant admits the allegation contained in paragraph 74 that DOE has not yet begun the disposal of spent nuclear fuel and high-level radioactive waste (collectively, "SNF") under the standard contract published at 10 C.F.R. § 961.11; otherwise denies the allegations contained in paragraph 74.

75. The allegations contained in paragraph 75 are plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

76. Defendant's response to paragraphs 1 through 75 of the amended complaint are incorporated by reference.

77. The allegations contained in paragraph 77 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

78. The allegations contained in paragraph 78 are plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

79. Denies.

80. Defendant's response to paragraphs 1 through 79 of the amended complaint are incorporated by reference.

81. The allegations contained in paragraph 81 are plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

82. The allegations contained in paragraph 82 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

83. The allegations contained in paragraph 83 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

84. Denies.

85. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 84, or to any relief whatsoever.

86. Denies each and every allegation not previously admitted or otherwise qualified.

## AFFIRMATIVE DEFENSES

87. Plaintiff has failed to state a claim upon which relief can be granted.

88. Plaintiff's claims are barred by the doctrine of assignment.

89. Plaintiff's claims are barred by the doctrine of estoppel.

90. Plaintiff's claims are barred by the statute of limitations.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/ Alan J. Lo Re
ALAN J. LO RE
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7583
Fax: (202) 307-2503

Attorneys for Defendant

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

April 11, 2005

CERTIFICATE OF FILING

I hereby certify that on this 11th day of April, 2005, a copy of foregoing "DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Harold D. Lester, Jr.