IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| BOSTON EDISON COMPANY,<br><br>Plaintiff,<br><br>v.<br>UNITED STATES,<br><br>Defendant. | ) | |
| ENTERGY NUCLEAR GENERATION CO.,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | ) | No. 99-447C<br>No. 03-2626C<br>(Judge Lettow) |

JOINT STATUS REPORT

Pursuant to the Court's order dated October 7, 2005, as modified November 23, 2005, plaintiffs, Boston Edison Company and Entergy Nuclear Generation Company, and defendant, the United States, submit this joint status report "reporting a plan and schedule for the Boston Edison portion of these cases as consolidated for a limited purpose."

PLAINTIFF BOSTON EDISON COMPANY'S POSITION

Plaintiff Boston Edison Company ("Boston Edison") filed its original complaint in this matter over six years ago. Last year, after five years to consider the matter, the Government argued for the first time that the Court lacked standing to hear Boston Edison's case, and engaged in a motions practice that delayed the development of this litigation by more than one year. The Court denied the Government's motion to dismiss

and encouraged Boston Edison to develop its case and to proceed to a trial on the merits. *Boston Edison Co. v. United States*, 64 Fed. Cl. 167 (2005). While the parties have subsequently made some progress regarding the development of their respective cases through discovery, a scheduling order has not yet been entered by the Court. Given the significant amount of time that has elapsed since the inception of its case, Boston Edison wishes to move forward and respectfully requests that the Court enter a schedule for this case to proceed in a manner consistent with the Court's direction.

Boston Edison opposes any effort by the Government to stay the present litigation, and proposes herein a realistic and reasonable schedule for further proceedings in this matter. The Government's requests to stay this litigation, or in the alternative, to delay the trial until late 2007, are unreasonable, unnecessary, and contrary to the Court's interests in the efficient administration of justice. Therefore, Boston Edison proposes the following schedule:

June 1, 2006 – Boston Edison expert reports due

September 1, 2006 - Government expert reports due

September 11, 2006 - Entergy expert reports due (if any)[1]

October 1, 2006 - Rebuttal expert reports

October 1 through November 30, 2006 - expert depositions

November 30, 2006 - end of discovery

January 5, 2006 - Boston Edison's contentions of fact and law

January 19, 2007 - Meeting of counsel

January 30, 2007 - Defendants contentions of fact and law

---

[1] This schedule assumes that Entergy's role will be limited to the issues outlined below. If the Court requires Entergy to prove its damages in this case, then Entergy's expert reports should be due the same date as Boston Edison's.

February 7, 2007 - Plaintiff Entergy's contentions of fact and law (if any)

March 6, 2007 - Witness and exhibit lists exchanged

Week of March 19, 2007 - Pretrial conference

Week of April 2, 2007 - Trial commences

Boston Edison disagrees with the Government's characterization of the issues in the case and Entergy's role in this litigation, as described below. The Court's July 29, 2005 Order granting consolidation for a limited purpose defines a very narrow role for Entergy in this case, one that should be limited to very specific pre-sale legal issues (contract formation and implementation) and the Government's offset claim against Entergy. *See Boston Edison Co. v. United States*, 99-447 Order (July 29, 2005) at 7. Entergy's involvement in the Boston Edison case should be for a limited purpose, given the distinct legal issues that are inherent in Boston Edison and Entergy's respective cases. Entergy should not be required to demonstrate what a "but for" world would have looked like absent the Government's breach (as the Government suggests below), and should not be required (as advocated by the Government) to put on its full damages case as part of the Boston Edison case in chief. The unreasonably expansive role envisioned by the Government for Entergy would have the added effect of unduly confusing what are ultimately unrelated legal and factual issues, requiring Boston Edison to litigate issues that are particular to Entergy, but unrelated to Boston Edison, and vice versa. Such an approach is totally unnecessary and wholly inconsistent with the Court's order, which specifically contemplates a far more narrow view of Entergy's role. *Id.*

PLAINTIFF ENTERGY NUCLEAR GENERATION COMPANY'S POSITION

First, Plaintiff Entergy Nuclear Generation Company ("ENGC") opposes the scheduling of the trial of the unconsolidated portion of its case to take place immediately after Boston Edison's ("BECO") trial, as Defendant (the "Government") has proposed below. As counsel for ENGC explained earlier this year, most of ENGC's costs resulting from the Government's breach of contract will not be incurred until 2007 or thereafter. Transcript of Oral Argument at 46-51 (Jun. 14, 2005). Due to the Federal Circuit's recent ruling that plaintiffs may not recover future damages in a pending partial breach case (but may seek such costs in later actions as they are incurred), Indiana Michigan Power Co. v. United States, 422 F.3d 1369, 1376-78 (Fed. Cir. 2005), an ENGC trial that takes place immediately after BECO's trial would likely be a waste of this Court's (and the parties') resources.

Second, regarding the pre-trial schedule in BECO's case, ENGC's role has yet to be precisely determined, and may not be known until BECO's theory of its case is more concretely formed. Thus, ENGC takes no position at this time on the Government's or BECO's proposed schedule, except that ENGC seeks the right (1) to submit an expert report after BECO and the Government have submitted their expert reports in BECO's case, and (2) to submit contentions of fact and law after BECO and the Government have submitted their contentions. While such submissions may ultimately not be required, ENGC cannot determine that now and needs to reserve the right to oppose, for example, any expert report proffered by the Government which contends that the Government is entitled to a sum certain offset against ENGC.

Third, plaintiff ENGC disagrees with the Government's view that the Court's limited consolidation of the instant actions to address contract formation and implementation issues, by its terms, requires adjudication of the acceptance rate in BECO's trial. As the Court stated, consolidation is appropriate for the particular issues that might affect *both* ENGC and BECO. Boston Edison Co. v. United States, 67 Fed. Cl. 63, 67 (2005). It is difficult (if not impossible) to determine at this time what issues, if any, are common to both plaintiffs' cases. Such a determination may not be possible until BECO and the Government have submitted their expert reports.

Finally, to the extent the Court determines a status conference is necessary to resolve these issues, ENGC welcomes the opportunity to participate.

DEFENDANT'S POSITION

Defendant continues to believe that this case, and other spent nuclear fuel ("SNF") cases pending before this Court, should be stayed until the "lead" SNF cases as designated by Chief Judge Damich, as well as the other cases that have already proceeded to trial, have reached the point that substantive and definitive guidance regarding the appropriate resolution of a variety of legal issues in the cases have been obtained. It is anticipated that such a stay would greatly streamline both discovery and trial time in this case and the other remaining SNF cases.

If the Court declines to stay this case, however, we would propose that certain of plaintiff's proposed dates be moved back approximately three months to accommodate the five spent nuclear fuel trials scheduled between June 2006 and February 2007. Many of the dates that Boston Edison has identified conflict with the dates for other spent nuclear fuel cases currently scheduled for trial. Those cases include: Pacific Gas &

Electric Co. v. United States, No. 04-0074C (Hewitt) (June 5-16, 2006); Systems Fuels, Inc. v. United States, No. 03-2624 (September 11-September 22, 2006) (Braden) Northern States Power Co. v. United States, 98-484 (Weise) (October 23–November 19, 2006); and Systems Fuels, Inc. and Entergy Arkansas, Inc. v. United States, No. 03-2623C (Lettow) (February 12-23, 2007). In addition, although Wisconsin Electric Company v. United States, No. 00-697C (Merow), is currently scheduled for a two-week trial beginning July 14, 2006, counsel for plaintiff has indicated a desire to move the trial date to February 27, 2007. Further, the plaintiff in Entergy Nuclear Indian Point 2 v. United States, No. 03-2622C (Lettow), has requested a two-week trial beginning April 16, 2007. Because Boston Edison's proposed trial date comes just two months after the close of the trial in Systems Fuels, Inc., and potentially Wisconsin Electric, as well as potentially overlaps with the trial in Entergy Nuclear Indian Point 2, the Government would propose scheduling the trial in this case beginning the week of June 11, 2007, rather than beginning the week of April 2, 2007, as Boston Edison proposes. Therefore, the Government proposes the following schedule in this case:

August 15, 2006 – Boston Edison expert reports due

January 12, 2007 - Government expert reports due

March 2, 2007 - End of fact and expert discovery

March 2, 2007 – Parties will exchange information required by paragraph 13 of RCFC Appendix A

April 6, 2007 – Boston Edison contentions of fact and law, witness lists, and exhibit lists, as required by paragraphs 14, 15 and 16 of RCFC Appendix A, will be filed

May 4, 2007 – Defendant's contentions of fact and law, witness list, and exhibit list, as required by paragraphs 14, 15 and 16 of RCFC Appendix A, will be filed

Week of June 4, 2007 - Pretrial conference

Week of June 11, 2007 - Trial commences

Further, the parties do not agree regarding the dates for the filing of plaintiff Entergy Nuclear's expert reports and pre-trial briefing. Plaintiffs have proposed that Entergy Nuclear submit these documents after the due date for the Government's expert reports and pre-trial briefing. Specifically, plaintiffs request that the dates for Entergy Nuclear's expert reports and pre-trial briefing be September 11, 2006, and February 7, 2007, respectively. Based upon conversations with counsel for Entergy Nuclear and Boston Edison, it has become apparent that the basis for this disagreement stems from a difference of opinion regarding the role of Entergy Nuclear in the Boston Edison litigation.

This Court consolidated the Boston Edison and Entergy cases "for the limited purpose of addressing issues concerning (1) contract formation, (2) contract implementation through the date of sale of the Pilgrim Nuclear Power Station, and (3) Boston Edison Company's diminution-in-value claim and the government's attendant offset claim against Entergy." Boston Edison Co. v. United States, 67 Fed. Cl. 63, 67 (2005). The Government believes that based upon the Court's ruling, to the extent Entergy makes any argument concerning the Government's contractual obligations, including the rate and schedule upon which the Government was obligated to accept Entergy's SNF, it necessarily implicates issues concerning contract formation and contract implementation. Further, because damages are necessarily the difference between the "but-for" and breach worlds, both Boston Edison and Entergy must demonstrate what the "but-for" world would have looked like. To make this showing, the

Government believes that both Boston Edison and Entergy must demonstrate what the Government's contractual obligations were and what the Government's performance would have looked like in the "but for" world. However, based upon conversations with counsel for Entergy, it appears that Entergy does not view its role in this case similarly. Therefore, the parties seek clarification from the Court concerning Entergy Nuclear's role in these consolidated proceedings, including any obligations Entergy Nuclear has to present an affirmative damages case in these consolidated proceedings.

Additionally, the Government respectfully requests that the unconsolidated portion of the Entergy Nuclear case be scheduled so that it commences immediately after the conclusion of the Boston Edison case. Because it is anticipated that many of the witnesses for both the plaintiffs' and the Government will substantially overlap, it would be inefficient to schedule the unconsolidated portion of the Entergy Nuclear trial at a time separate and apart from the conclusion of the Boston Edison trial. Finally, the Government respectfully requests a hearing upon these matters.

Respectfully submitted,

s/ Richard J. Conway
RICHARD J. CONWAY
Dickstein Shapiro Morin & Orshinsky LLP
2101 L Street, N.W.
Washington, D.C. 20037
Tel: 202-828-2235
Fax: 202-887-0689

Counsel for Plaintiff Boston Edison Company

s/ Alex D. Tomaszczuk
ALEX D. TOMASZCZUK
Pillsbury Winthrop Shaw Pittman LLP
1650 Tysons Blvd
McLean, VA 22102

Counsel for Plaintiff Entergy Nuclear Generation Company

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/ Alan J. Lo Re
ALAN J. LO RE
Senior Trial Counsel
Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street, N.W.
ATTN: Classification Unit, 8th Floor
Washington, D.C. 20530
Tel: 202-307-0226
Fax: 202-307-2503

OF COUNSEL:
JOSHUA E. GARDNER
Trial Attorney
Civil Division
Department of Justice
1100 L Street, NW
Washington, D.C. 20530

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

Counsel for Defendant

December 2, 2005

CERTIFICATE OF FILING

I hereby certify that on this 2nd day of December, 2005, a copy of foregoing "JOINT STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Alan J. Lo Re