# EXHIBIT C

**U.S. Department of Justice**

Civil Division

*Washington, D.C. 20530*

September 27, 2006

VIA TELECOPY AND UNITED STATES MAIL

Bradley Wine
Dickstein Shapiro LLP
1825 Eye Street, NW
Washington, D.C. 20006

Re: *Boston Edison Company v. United States*, No. 99-447C (Fed. Cl.)

Dear Mr. Wine:

This is in response to your letter dated September 18, 2006, regarding third-party subpoenas in the above-captioned case. In your letter, you request that we provide you with "the basis" for our letter dated September 18, 2006, in which we request, among other things, documents that Boston Edison Company ("BECO") received as a result of a subpoena issued to Navigant Consulting Incorporated ("Navigant").

As you know, during the Court's December 20, 2005 hearing in this matter, Mr. Conway raised the specter of a potential conflict of interest because of the relationship of Navigant as a consultant to the Government in several spent nuclear fuel matters and the relationship between Navigant and BECO as part of the sale of the Pilgrim Nuclear Power Station. In the course of investigating whether any conflict of interest existed, we were informed that BECO had served a third-party subpoena upon Navigant. As we stated in our September 18, 2006 letter, to the extent BECO received any documents as a result of such a subpoena, BECO is obligated to provide those documents to us pursuant to both Rule 45(b)(1) of the Rule of The Court of Federal Claim and the agreement of the parties in this matter. To the extent that such a subpoena was not issued we consider our request moot.[1]

Furthermore, during the Court's December 20, 2005 hearing, we raised the issue of a potential conflict of interest regarding Nicholas Mattia, who we understand worked for Reed Consulting concerning the sale of the Pilgrim plant, and who BECO identified in its March 31,

---

[1] We do, of course, expect that BECO has, or will, make available to us all communications between BECO and Navigant, over which BECO does not claim a privilege, that are responsive to our discovery requests in this matter.

2006, initial disclosure as a key fact witness, and who is also an attorney for plaintiff in this case. As part of our investigation as to whether a conflict of interest exists based upon Mr. Mattia's multiple roles in this case, and in light of your identification of Mr. Mattia as a key percipient fact witness in this matter, we plan to depose Mr. Mattia. Please let us know his availability over the next several weeks.

If you have any questions, please call.

Sincerely,

ALAN J. LO RE
Senior Trial Counsel
Commercial Litigation Branch

cc: Alex Tomaszczuk (via facsimile and U.S. mail)