# EXHIBIT D

DICKSTEINSHAPIROLLP

1825 Eye Street NW | Washington, DC 20006-5403
TEL (202) 420-2200 | FAX (202) 420-2201 | dicksteinshapiro.com

September 29, 2006

**VIA FACSIMILE AND U.S. MAIL:**

Alan J. Lo Re
Senior Trial Counsel
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street, N.W.
ATTN: Classification Unit, 8th Floor
Washington, D.C. 20530

Re: *Boston Edison Company v. United States*, No. 99-447C (Fed. Cl.)
*Atlantic City Electric Co. v. United States*, No. 04-0036C (Fed. Cl.)
*Delmarva Power & Light Co. v. United States*, No. 04-0034C (Fed. Cl.)

Dear Alan:

We are writing in response to your September 27, 2006 letter in the above-referenced matter regarding the Government's communications with Navigant Consulting Incorporated ("Navigant"). In our September 18, 2006 letter, we stated that "Boston Edison Company ("Boston Edison"), Delmarva Power & Light Company ("Delmarva"), and Atlantic City Electric Company ("Atlantic") did not serve third-party subpoenas on Navigant." While our clarification of this matter may cause the Government to consider its prior request "moot," it does not alter our request for information regarding how the Department of Justice became aware of our ongoing discussions with Navigant in its capacity as the former agent of Boston Edison, Delmarva, and Atlantic. Your September 27th letter does not provide the information requested. Rather, your letter suggests that the Government obtained erroneous information regarding our client's discovery efforts during the Government's investigation of Navigant's conflicting roles in this litigation some *nine months* after the matter was first brought to the Government's attention.

The Government's most recent explanation actually raises more questions than it answers. Accordingly, I hereby reiterate my request from last week that the Government provide detailed information, in writing, regarding all contacts your office had with Navigant on this subject including, but not limited to, the date(s) of such contacts, the individuals involved in such communication(s), and the subject matter of the contacts in question. Such information is necessary to determine whether any confidentiality obligations have been breached or if the Government obtained communications that are otherwise covered by the attorney-client, work product, or related privileges. Additionally, please provide us with a detailed description of the investigation to which you refer in your letter, including the Navigant employees contacted

and documents reviewed as a result of that investigation, the date(s) of such contacts, any preventative steps taken to preclude the improper disclosure of confidential or proprietary information previously provided to Navigant by our clients, and the conclusions the Government has drawn as a result its investigation. Boston Edison, Delmarva, and Atlantic hereby reserve all of their rights with respect to this matter, including the opportunity to seek the disqualification of Navigant as a possible consultant for the Government.

Finally, please be advised that Boston Edison will oppose any attempt by the Government to depose Nicholas Mattia as described in your letter. The Government's argument that Mr. Mattia has a conflict of interest is specious at best. Mr. Mattia's role as an attorney in this matter presents no conflict with his prior role as a transactional consultant to Boston Edison during his employment with Navigant. Mr. Mattia has never assumed conflicting roles in his representation of Boston Edison. Moreover, it is well settled that the Government must demonstrate "both the propriety and need" to depose the counsel of a litigant. *See Sparton Corporation v. United States*, 44 Fed. Cl. 557, 561 (1999). Since such deposition efforts could easily be used to annoy, embarrass, oppress, or cause undue burden and expense to a party, the examination of an attorney by deposition or otherwise is typically disfavored. In order to overcome this burden, the Government must first demonstrate that: "(1) no other means exist to obtain the information than to depose [the attorney]; (2) the information sought is relevant and non-privileged; and (3) the information is crucial to the preparation of [the requesting party's] case." *Id.* at 563 (citing *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986)). The Government has failed to make such a showing of any of these three prerequisites, and accordingly, Boston Edison will not make Mr. Mattia available to be deposed as you have requested. Should the Government choose to continue to pursue this matter further, we will have no choice but to seek a protective order from the Court preventing such improper litigation tactics.

As always, your prompt and complete attention to this matter is greatly appreciated. Should you have any questions, please do not hesitate to contact me.

Sincerely,

Richard J. Conway
(202) 420-2235
conwayr@dicksteinshapiro.com

cc: Alex D. Tomaszczuk, Esq.