# EXHIBIT E

**U.S. Department of Justice**

Civil Division

PDK:DMC:HDL:PBBryan
154-99-447

Telephone: (202) 616-8299
Fax: (202) 307-2503

*Washington, D.C. 20530*

November 17, 2006

VIA FACSIMILE AND UNITED STATES MAIL

Richard J. Conway, Esq.
Bradley D. Wine, Esq.
Dickstein Shapiro LLP
1825 Eye Street, N.W.
Washington, DC 20006

Re: *Boston Edison Company v. United States*, No. 99-447C (Fed. Cl.)

Dear Messrs. Conway and Wine:

Pursuant to your request, we write to provide additional information regarding the topics about which the Government plans to depose Mr. Nicholas Mattia as a fact witness in this case. As an initial matter, to be clear, we do not seek testimony from Mr. Mattia relating in any way to Mr. Mattia's legal practice, his services as an attorney with Dickstein Shapiro LLP, including any knowledge that Mr. Mattia may have gained solely through his representation of Boston Edison for purposes of this litigation (which we understand began when Mr. Mattia joined Dickstein Shapiro LLP in 2003), or any activities that may otherwise infringe upon areas protected by the attorney-client and work product privileges. Rather, as the parties agreed previously in connection with the deposition of fact witness John Reed, whom Boston Edison has retained as an expert in this case, we hereby agree to limit the scope of Mr. Mattia's fact deposition to topics that relate solely to his knowledge as a percipient fact witness at the time he served as the auction agent at Reed Consulting Group in connection with the Pilgrim sale during the late 1990s.

In Boston Edison's initial disclosures in this case, dated March 21, 2006, Mr. Mattia is identified as a person with potentially discoverable information regarding the Pilgrim auction process. In this regard, we understand that Mr. Mattia, along with Mr. Reed, was the "officer responsible for the management of the sales process on behalf of Boston Edison with regard to the auctioning of the Pilgrim Nuclear Power Station."[1] See January 8, 1999 Affidavit of

---

[1] During his fact deposition on October 3-4, 2006, Mr. Reed testified that Mr. Mattia did not act in his capacity as a lawyer while serving as the Reed Consulting auction manager for the Pilgrim divestiture, as Mr. Mattia's role in the auction process did not include the provision of legal services to Boston Edison or any other party. See Reed Deposition Transcript, at 133-34. This fact was corroborated by other deponents in this case with knowledge of the auction of process, including the

Nicholas W. Mattia, Jr., located at BEP038 1367 – BEP038 1371. In particular, as reflected in the organizational chart contained in Reed Consulting's Pilgrim "Divestiture Plan," dated April 1998, Mr. Mattia is identified as having primary responsibility for various phases of the Pilgrim auction, including "Purchase & Sale" matters, taxes, issues relating to wholesale contracts, "NRC" matters, and "closing" related issues. See BEP0 16 0019. Accordingly, we seek testimony from Mr. Mattia concerning his involvement in each of these areas of the sale, including any related communications with representives from Entergy Nuclear Generation Company or any other potential buyers.

Please let us know whether and when Boston Edison will agree to produce Mr. Mattia for a fact deposition subject to the limitations set forth above. Should you have any questions or concerns, please contact us.

Sincerely,

Patrick B. Bryan

PATRICK B. BRYAN
Trial Attorney
Commercial Litigation Branch

cc. Alex D. Tomaszczuk, Esq.
L. Jager Smith, Esq.

---

current and former Boston Edison employees that have been deposed to date. See, e.g., Geoffrey Lubbock Deposition Transcript, at 86; Marc Potkin Deposition Transcript, at 106-07. Therefore, our examination of Mr. Mattia regarding his personal knowledge at the time of the Pilgrim auction necessarily would not touch upon any privileged legal information.