**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **BOSTON EDISON COMPANY** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| **THE UNITED STATES,** | ) | **No. 99-447C** |
| | ) | **No. 03-2626C** |
| **Defendant.** | ) | **(Judge Charles F. Lettow)** |
| **ENTERGY NUCLEAR GENERATION CO.,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

**PLAINTIFF BOSTON EDISON COMPANY'S**
**MOTION FOR LEAVE TO TAKE A RULE 30(b)(6) DEPOSITION**

Dated: December 1, 2006

DICKSTEIN SHAPIRO LLP
Richard J. Conway
1825 Eye Street NW
Washington, D.C. 20006
(202) 420-2200

*Counsel of Record for Boston Edison Company*

Of Counsel:
Nicholas W. Mattia, Jr.
Bradley D. Wine
Bernard F. Sheehan
Lisa M. Barbas
DICKSTEIN SHAPIRO LLP
1825 Eye Street NW
Washington, D.C. 20006
(202) 420-2200

Neven Rabadjija, Esq.
Associate General Counsel
NSTAR Electric & Gas Corporation
800 Boylston Street, 17th Floor
Boston, MA 02199-0228

# TABLE OF CONTENTS

I. BACKGROUND .......... 2

II. ARGUMENT .......... 6

A. Boston Edison's Request For A Rule 30(b)(6) Deposition Should Be Granted .......... 6

B. The Amendments To Boston Edison's Complaint Warrant An Additional Rule 30(b)(6) Deposition .......... 7

C. Substitution Of Counsel Is Also A Valid Reason To Grant A Second Deposition .......... 9

D. The Benefits Of Granting Boston Edison's Request Outweigh Any Potential Burden .......... 10

III. CONCLUSION .......... 11

# TABLE OF AUTHORITIES

## Cases

*Adams v. Teck Cominco Alaska, Inc.*, No. A04-49 CV JWS, 2005 WL 846202 (D. Alaska April 7, 2005) ........ 6

*Applegate v. United States*, 35 Fed. Cl. 47 (Fed. Cl. 1996) ........ 10

*Boston Edison Co. v. United States*, 64 Fed. Cl. 167 (Fed. Cl. 2005) ........ 2, 3

*Christy v. Pennsylvania Turnpike Comm'n*, 160 F.R.D. 51 (E.D. Pa. 1995) ........ 7, 8

*Collins v. Int'l Dairy Queen*, 189 F.R.D. 496, 498 (M.D. Ga. 1999) ........ 8

*Hayden v. Acadian Gas Pipeline Sys.*, No. CIV. A. 96-3612, 1997 WL 180380 (E.D. La. April 10, 1997) ........ 8

*Hurley v. JARC Builders, Inc.*, 164 F.R.D. 39 (E.D. Pa. 1995) ........ 8

*Jade Trading, LLC v. United States*, 64 Fed. Cl. 85 (Fed. Cl. 2005) ........ 6, 7, 9, 10

*Judicial Watch, Inc. v. United States DOC*, 34 F. Supp. 2d 47 (D.D.C. 1998) ........ 6

*Keck v. Union Bank of Switzerland*, No. 94CIV.4912(AGS)(JCF), 1997 WL 411931 (S.D.N.Y. July 22, 1997) ........ 6, 8

*Perry v. Keppy-Springfield Tire Co.*, 117 F.R.D. 425 (N.D. Ind. 1987) ........ 9

*Plaisance v. Beef Connection Steakhouse*, No. CIV. A. 97-0760, 1998 WL 214740 (E.D. La. April 30, 1998) ........ 6

*Purvis v. Transamerican Refining Corp.*, No. CIV. A. 97-1381, 1997 WL 732408 (E.D. La. Nov. 19, 1997) ........ 8

*Roper v. Exxon Corp.*, No. CIV. A. 97-1971, 1998 WL 341838 (E.D. La. June 25, 1998) ........ 8

*Seth Co. v. United States*, Nos. 3:01CV1584(PCD), 3:02CV1049(PCD), 2003 WL 1874738 (D. Conn. Mar. 3, 2003) ........ 8

*Tramm v. Porter Memorial Hosp.*, 128 F.R.D. 666 (N.D. Ind. 1989) ........ 7, 9

*Vincent v. Mortman*, No. 3:04 CV 491(JBA), 2006 WL 726680 (D. Conn. Mar. 17, 2006) ........ 8

*Zamora v. D'Arrigo Bro. Co. of Cal.*, No. C04-00047 JW, 2006 WL 3227870 (N.D. Cal. Nov. 7, 2006) ........ 6, 8

## Other Authorities

Federal Practice and Procedure, Section 2037 pp. 272-73) ........ 7

Nuclear Waste Policy Act of 1982, Pub. L. No. 97-425, 96 Stat. 2202 (Jan. 7, 1983) ........ 2, 3

**Rules**

RCFC 26(b)(2) .......... 7
RCFC 26(c) .......... 1
RCFC 30(a)(2) .......... 3, 6
Rule 26(b)(2) .......... 6, 7, 11
Rule 30(a)(2)(B) .......... 1, 8

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **BOSTON EDISON COMPANY**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**THE UNITED STATES,**<br><br>**Defendant.** | ) | **No. 99-447C**<br>**No. 03-2626C**<br>**(Judge Charles F. Lettow)** |
| **ENTERGY NUCLEAR GENERATION CO.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**THE UNITED STATES,**<br><br>**Defendant.** | ) | |

**PLAINTIFF BOSTON EDISON COMPANY'S**
**MOTION FOR LEAVE TO TAKE A RULE 30(b)(6) DEPOSITION**

Pursuant to Rule 30(a)(2)(B) of the Rules of the United States Court of Federal Claims ("RCFC"), Plaintiff Boston Edison Company ("Boston Edison") hereby moves this Court for leave to conduct a Rule 30(b)(6) deposition of the Defendant, the United States.[1] As described below, Boston Edison has both amended its complaint and substituted its counsel since the Government gave its last Rule 30(b)(6) depositions. Both are valid reasons to allow an additional deposition, particularly given the significant substantive changes in the case. The benefits to an additional Rule 30(b)(6) deposition, which will prevent Boston Edison from being

[1] Pursuant to RCFC 26(c), counsel for Boston Edison hereby certifies that counsel has conferred on multiple occasions with counsel for the Government in an effort to resolve the dispute without court action. Despite these efforts, the parties were unable to resolve their dispute regarding this deposition.

prejudiced at trial, outweigh any burden involved in producing the requested witness. Accordingly, Boston Edison respectfully requests the Court grant its Motion and permit Boston Edison leave to take a Rule 30(b)(6) deposition regarding the topics identified herein.

## I. BACKGROUND

This case involves the Government's breach of the Standard Contract under the Nuclear Waste Policy Act of 1982, Pub. L. No. 97-425, 96 Stat. 2202 (Jan. 7, 1983) and the impact of that breach on Boston Edison's sale of Pilgrim in 1998.[2] On July 12, 1999, Boston Edison filed its initial complaint against the Government. Along with several other plaintiffs in related actions, Boston Edison agreed to pursue coordinated discovery. As part of that coordinated discovery, the plaintiffs, including Boston Edison, served Rule 30(b)(6) deposition notices on the Government dated February 8, 2002, April 3, 2002, and April 18, 2002.[3] The Government designated and produced three representative witnesses in response to the notices. Thomas Pollog testified on February 9, April 11-12, and May 14, 2002; Susan Klein testified on April 24 and 25, 2002; and David Zabransky testified on April 26, 2002.

During coordinated discovery, the Government made representatives available for Rule 30(b)(6) depositions regarding several areas of testimony, including: document custodial matter;[4] issues pertaining to rate of acceptance, Delivery Commitment Schedule ("DCS"), Annual Capacity Reports, and Acceptance Priority Rankings,[5] the Government's termination of the DCS process, Greater-Than-Class-C waste issues, projections regarding the date of the Government's compliance with the Standard Contract, and the provision in the Standard

---

[2] The Court provided an in-depth summary of the facts of this case in its February 15, 2005 decision denying the Government's motion for summary judgment. *Boston Edison Company v. United States*, 64 Fed.Cl. 167 (Fed. Cl. 2005).

[3] True and correct copies of those notices are attached hereto as Exhibits A, B, and C.

[4] *See* Exhibit A.

[5] *See* Exhibit B.

Contract giving priority to shutdown reactors.[6] During these depositions, Boston Edison was represented by its former counsel, Shaw Pittman (now Pillsbury Winthrop Shaw Pittman LLP), which also represented eight other SNF plaintiffs at that time. The undersigned counsel did not participate in the coordinated discovery process.

Shortly after changing its counsel of record in this matter, Boston Edison amended its complaint on January 13, 2004. In so doing, Boston Edison made significant changes to its theory of the case by opting to pursue a "diminished value" approach to the Government's breach of the Standard Contract, an approach recognized by the Court in its February 15, 2005 decision denying the Government's motion for summary judgment. *Boston Edison Co. v. United States*, 64 Fed. Cl. 167, 182-84 (Fed. Cl. 2005). By amending its complaint, and as a result of further developments in the litigation that ensued thereafter (including the consolidation of the Boston Edison and Entergy matters), numerous factual issues have arisen that were not contemplated during the parties' prior coordinated discovery efforts. These new issues are the subject of this Motion and represent the areas of testimony Boston Edison wishes to obtain from Government witnesses.[7] In particular, Boston Edison wishes to re-open the prior Rule 30(b)(6) deposition and examine Government witnesses regarding the following subject matters:

1. The Government's understanding of the history and development of the nuclear industry and the impact of the Nuclear Waste Policy Act of 1982 ("NWPA") on the nuclear

---

[6] *See* Exhibit C.

[7] In an effort to avoid unnecessary motions practice, Boston Edison initially attempted to secure additional Rule 30(b)(6) testimony through cooperative efforts with the Government. In its effort to do so, Boston Edison served a Rule 30(b)(6) notice on the Government on November 7, 2006 without seeking leave of the Court first, expecting that the Government would stipulate that this formality would be unnecessary. RCFC 30(a)(2). Unfortunately, such cooperation was not forthcoming, and Boston Edison was required to abandon such efforts and file the present Motion. Therefore, Boston Edison respectfully requests that the Court consider its November 7, 2006 Rule 30(b)(6) deposition notice withdrawn. A true and correct copy of that November 7, 2006 Rule 30(b)(6) deposition notice is attached hereto as Exhibit D.

industry, including the Government's responsibility for the storage, removal, and disposal of spent nuclear fuel prior and subsequent to the passage of the NWPA.

2. The Standard Contract entered into between the Department of Energy ("DOE"), on behalf of the United States, and Boston Edison Company dated June 17, 1983, including:

a. the purpose of the Standard Contract;

b. the formulation of the terms of the Standard Contract;

c. comments received during the "notice and comment" period for the Standard Contract;

d. the terms and requirements of the Standard Contract (except for the provision on priority for shutdown reactors, which was part of the April 18, 2002 notice served on the Government as part of coordinated discovery);

e. the provision of the Standard Contract which permitted Boston Edison to assign its rights and duties pursuant to the Standard Contract;

f. the expectations of the parties at the time of contracting;

g. the relationship of the Standard Contract to the renewal of the operating licenses of nuclear plant operators and utilities; and

h. the intent of the parties at the time of contracting regarding future on-site storage of SNF.

3. Boston Edison's performance under the Standard Contract.

4. The Government's performance under the Standard Contract, including the projected or estimated first operational date for an SNF repository, to the extent the Government's estimates have changed since 2002.

5. The Government's understanding of the costs or potential costs to the nuclear power industry, and to Pilgrim in particular, of alternative means of temporary fuel storage associated with the DOE's failure to begin accepting SNF as of January 31, 1998.

6. The Government's estimated potential liability related to the delayed acceptance of SNF under the Standard Contract, including the Government's potential liability to Boston Edison.

7. The Government's knowledge, oversight, and approval of the sale of Pilgrim from Boston Edison to Entergy and any related regulatory activities, including:

a. the Government's understanding of the provisions of the Pilgrim Purchase and Sale Agreement, including the provisions that provided for retention by Boston Edison of claims related to the Standard Contract;

b. the transfer from Boston Edison to Entergy of the Standard Contract;

c. the transfer from Boston Edison to Entergy of decommissioning funds related to Pilgrim;

d. the Requests for Additional Information ("RAIs") made by the NRC in connection with the December 21, 1998, application for transfer of the Pilgrim operating license;

e. the Safety Evaluation by the Office of Nuclear Reactor Regulation – Proposed Transfer of Operating License and Materials License for Pilgrim Nuclear Power Station to Entergy Nuclear Generation Company, dated April 29, 1999, Bates Nos. ENGC/BECO DOE 1st RFP-21-19047 – 19065, including the comments and conclusions therein relating to decommissioning.[8]

[8] A proposed deposition notice is attached hereto as Exhibit E.

As explained below, additional Rule 30(b)(6) depositions are properly granted upon either amendments to the complaint or substitution of counsel, and both events have occurred here. In addition, the change in the pertinent issues makes additional Rule 30(b)(6) testimony from the Government necessary to avoid prejudicial surprise at trial. Accordingly, Boston Edison respectfully requests that the Court grant it leave to conduct an additional Rule 30(b)(6) deposition of the Government in this matter.

## II. ARGUMENT

### A. Boston Edison's Request For A Rule 30(b)(6) Deposition Should Be Granted

This Court has discretion to allow an additional deposition under RCFC 30(a)(2). *Jade Trading, LLC v. United States*, 64 Fed. Cl. 85, 86 (Fed. Cl. 2005). "Some courts have opined that leave to conduct a second deposition should ordinarily be granted, and that the party opposing the second deposition must demonstrate good cause why the second deposition should not be taken." *Id.* (citing *Judicial Watch, Inc. v. United States DOC,* 34 F. Supp. 2d 47, 54-55 (D.D.C. 1998); *Plaisance v. Beef Connection Steakhouse*, No. CIV. A. 97-0760, 1998 WL 214740, at *2 (E.D. La. April 30, 1998)). As discussed in greater detail below, no good cause exists to justify denying Boston Edison access to Government witnesses regarding essential elements of its case.

"In deciding whether to grant leave, a court must look to the standards set forth in Rule 26(b)(2)." *Keck v. Union Bank of Switzerland*, No. 94CIV.4912(AGS)(JCF), 1997 WL 411931, at *1 (S.D.N.Y. July 22, 1997); *see also Zamora v. D'Arrigo Bro. Co. of Cal.*, No. C04-00047 JW, 2006 WL 3227870, at *2 (N.D. Cal. Nov. 7, 2006); *Adams v. Teck Cominco Alaska, Inc.*, No. A04-49 CV JWS, 2005 WL 846202 (D. Alaska April 7, 2005); *Jade Trading*, 64 Fed. Cl. at 86-87. According to that rule, the court can limit discovery where it is (1) "unreasonably cumulative" or more easily obtained elsewhere, (2) the party requesting the deposition has

already had "ample opportunity" to obtain the requested information; or (3) "the burden or expense of the proposed discovery outweighs its likely benefit." *Jade Trading*, 64 Fed. Cl. at 86-87, quoting RCFC 26(b)(2). When considering the third factor, the court should take into account "the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." *Id.* at 87.

In sum, to avoid the reopening of a deposition under RCFC 30(a)(2), the opposing party has the same burden it would carry on a motion for protective order. *See, e.g., Christy v. Pennsylvania Turnpike Comm'n*, 160 F.R.D. 51, 52-53 (E.D. Pa. 1995). The bar is particularly high when a party seeks to preclude a deposition. "'It is even more difficult to show grounds for ordering that discovery not be had when it is a deposition that is sought, and most requests of this kind are denied.'" *Tramm v. Porter Memorial Hosp.*, 128 F.R.D. 666, 668 (N.D. Ind. 1989) (quoting 8 Wright and Miller *Federal Practice and Procedure,* Section 2037 pp. 272-73). No such showing can be made in the present case.

Here, all of the Rule 26(b)(2) factors weigh in favor of the requested deposition. Boston Edison has carefully tailored its request to avoid any duplication. Boston Edison cannot be expected to have taken the opportunity to depose the Government regarding these topics before they were even added to the complaint. And, as discussed below, any burden involved with preparing and producing another Government witness is far outweighed by the risk of serious prejudice to Boston Edison at trial.

### B. The Amendments To Boston Edison's Complaint Warrant An Additional Rule 30(b)(6) Deposition

Boston Edison's new "diminished value" approach and the consolidation of the Boston Edison and Entergy cases, among other things, have made significant substantive changes to this litigation since the previous Rule 30(b)(6) depositions of the Government.

Courts frequently permit the reopening of depositions after a complaint is amended. *See, e.g., Collins v. Int'l Dairy Queen*, 189 F.R.D. 496, 498 (M.D. Ga. 1999) (allowing defendants to depose plaintiff a second time after complaint amended); *Roper v. Exxon Corp.*, No. CIV. A. 97-1971, 1998 WL 341838, at *1 (E.D. La. June 25, 1998) (permitting amendment of complaint, and at the same time granting leave for defendant to depose "plaintiff or any other witness again, limited to the precise subject matter of the amendment," pursuant to Rule 30(a)(2)(B)); *Purvis v. Transamerican Refining Corp.*, No. CIV. A. 97-1381, 1997 WL 732408, at *1 (E.D. La. Nov. 19, 1997) (same); *Hayden v. Acadian Gas Pipeline Sys.*, No. CIV. A. 96-3612, 1997 WL 180380, at *6 (E.D. La. April 10, 1997) (same); *Christy v. Pennsylvania Turnpike Comm'n*, 160 F.R.D. 51, 53 (E.D. Pa. 1995) (allowing defendants to depose plaintiff a second time following plaintiff's amending of complaint, noting that "[s]everal courts faced with similar situations have granted a party the right to take a second deposition, but have limited that deposition to matters not addressed in the first deposition.") (citation omitted).

Such permission is also granted where new factual issues arise. *See, e.g.*, *Zamora*, 2006 WL 3227870, at *2 (allowing second deposition "because the 2004 witness could not have answered questions about data produced in 2006); *Vincent v. Mortman*, No. 3:04 CV 491(JBA), 2006 WL 726680, at *1 (D. Conn. Mar. 17, 2006) ("Under Rule 30(a)(2)(B), courts 'frequently permit a deposition to be reopened where . . . new information comes to light triggering questions that the discovering party would not have thought to ask at the first deposition'") (quoting *Keck*, 1997 WL 411931, at *1); *Seth Co. v. United States*, Nos. 3:01CV1584(PCD), 3:02CV1049(PCD), 2003 WL 1874738, at *2-3 (D. Conn. Mar. 3, 2003) (allowing second deposition of corporate plaintiff's associates where defense counsel "identified specific areas of inquiry [defendant] did not cover or . . . did not cover in sufficient depth" based on newly developed facts); *Hurley v. JARC Builders, Inc.*, 164 F.R.D. 39, 40 (E.D. Pa. 1995) (allowing

second deposition prompted, in part, by new facts learned at individual's first deposition). In the present case, Boston Edison amended its complaint to include a "diminished value" theory of the case, and the Court consolidated Boston Edison and Entergy's cases for limited purposes. These developments in the litigation implicate facts that were not previously relevant to Boston Edison's claims, such as the Government's role in approving the sale of Pilgrim from Boston Edison to Entergy, Article XIV of the Standard Contract which permitted the transfer of the Standard Contract from one party to another, and the Government's knowledge of the impact of its breach on the nuclear industry in general, and on the Pilgrim plant in particular. Those topics were not the subject of the prior Rule 30(b)(6) deposition testimony. Boston Edison should be permitted to secure testimony from the Government regarding these subjects.

### C. Substitution Of Counsel Is Also A Valid Reason To Grant A Second Deposition

Boston Edison's present request for additional Rule 30(b)(6) testimony is limited to those matters not already covered in previous depositions. "In cases where there is substitution of counsel, courts have allowed second depositions limited in scope to matters not previously covered." *Jade Trading*, 64 Fed. Cl. at 87 (citing *Tramm*, 128 F.R.D. 666). In *Tramm*, the court permitted a second deposition where a different attorney at the same law firm had assumed responsibility for the case. 128 F.R.D. at 668; *see also Perry v. Keppy-Springfield Tire Co.*, 117 F.R.D. 425, 426 (N.D. Ind. 1987) (permitting newly added defendant to take additional deposition of plaintiff limited to new topics of questioning). Under *Tramm* and *Jade Trading*, Boston Edison's substitution of counsel alone is sufficient to warrant an additional Rule 30(b)(6) deposition of the Government. Indeed, Boston Edison's decision to replace its counsel was part of a larger effort to modify its approach to this litigation. Boston Edison should therefore be given an opportunity to fully develop the factual record in this manner in such a way that reflects

its revised litigation approach. This alone should justify reopening the Government's Rule 30(b)(6) testimony.

### D. The Benefits Of Granting Boston Edison's Request Outweigh Any Potential Burden

Boston Edison seeks no duplicative information, and needs to develop its case for trial. As noted above, courts often grant amendments and additional depositions, recognizing that these two go substantively hand-in-hand. Should Boston Edison be denied this opportunity to depose the Government on entirely new material, Boston Edison will be forced to address these issues for the very first time at trial. The Government cannot refuse to disclose its positions on Boston Edison's new theories until trial. Such a result would be contrary to the purpose of the Rules of this Court. "The purpose of the discovery process is to secure the 'just, speedy, and inexpensive determination of every action' by narrowing and defining the issues to be litigated and providing adequate information to prosecute or defend." *Applegate v. United States*, 35 Fed. Cl. 47, 57 (Fed. Cl. 1996) (citing RCFC 1). As the court found in *Jade Trading*, "it is critical to have a full and meaningful development of the record prior to trial." 64 Fed. Cl. at 87. The court noted that "not permitting an adequate discovery deposition will adversely affect the examination of [the witness] at trial, at perhaps even greater expense to the parties, other witnesses, and this Court." *Id.* (footnote omitted).

It is essential to note that the Government has had the opportunity to take no less than seven depositions in this matter, all of which have occurred in the last two months, with over a dozen more depositions scheduled to take place before the close of discovery in January. Absent leave of the Court to reopen the Government's Rule 30(b)(6) deposition, Boston Edison will be in the untenable position of making its witnesses available to the Government, but not being able to depose a single Government witness regarding its amended complaint. The Government's

burden – to prepare a witness for a Rule 30(b)(6) deposition – cannot outweigh Boston Edison's significant risk of prejudice at trial if it is barred from taking the requested deposition. The Government cannot establish that Boston Edison's request falls within any of the categories in Rule 26(b)(2). Accordingly, Boston Edison should be permitted to take a Rule 30(b)(6) deposition of the Government.

## III. CONCLUSION

For the reasons stated above, Boston Edison respectfully requests that the Court grant it leave to conduct a Rule 30(b)(6) deposition of the Government, and for such other and further relief as the Court deems proper.

Date: December 1, 2006

Respectfully submitted,

s/ Richard J. Conway________
Richard J. Conway
DICKSTEIN SHAPIRO LLP
1825 Eye Street NW
Washington, D.C. 20006
(202) 420-2200

*Counsel of Record for Boston Edison Company*

Of Counsel:

Nicholas W. Mattia, Jr.
Bradley D. Wine
Bernard F. Sheehan
Lisa M. Barbas
DICKSTEIN SHAPIRO LLP
1825 Eye Street NW
Washington, D.C. 20006
(202) 420-2200

Neven Rabadjija, Esq.
Associate General Counsel
NSTAR Electric & Gas Corporation
800 Boylston Street
17th Floor
Boston, MA 02199-0228

**NOTICE OF ELECTRONIC FILING**

I hereby certify that on December 1, 2006, a copy of the foregoing "Plaintiff Boston Edison Company's Motion for Leave to Take a Rule 30(b)(6) Deposition" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Richard J. Conway
Richard J. Conway