# EXHIBIT D

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| BOSTON EDISON COMPANY<br>Plaintiff,<br>v.<br>THE UNITED STATES,<br>Defendant. | ) | |
| ENTERGY NUCLEAR GENERATION CO.,<br>Plaintiff,<br>v.<br>THE UNITED STATES,<br>Defendant. | ) | No. 99-447C<br>No. 03-2626C<br>(Judge Charles F. Lettow) |

**BOSTON EDISON COMPANY'S RULE 30(B)(6) DEPOSITION NOTICE OF DEFENDANT UNITED STATES**

PLEASE TAKE NOTICE that Plaintiff Boston Edison Company, ("Boston Edison"), by and through its attorneys, will take the deposition upon oral examination pursuant to Rule 30(b)(6) of the Rules of the United States Court of Federal Claims of the person(s) designated by Defendant United States ("the Government") as knowledgeable regarding the subject areas listed below. The deposition will take place at the offices of Dickstein Shapiro LLP, 1825 Eye Street NW, Washington, D.C. 20006, or at a place mutually agreed upon by the parties, commencing at 9:00 a.m. on November 22, 2006, or at a date and time mutually agreed upon by the parties, and will continue from day to day until completed.

Pursuant to Rule 30(b)(6), the Government shall designate a person or persons who are most knowledgeable about the topics set forth below. Boston Edison requests that the Government identify in writing the name, position, and employ of the individuals(s) so designated and to set forth the matters on which that person will testify no later than seven (7) days prior to the agreed upon deposition date.

The deposition may be videotaped and will be made before an officer authorized to administer an oath and will be recorded by stenographic means.

## GENERAL DEFINITIONS

1. "Communication" means:

   (a) Any oral statement or utterance of any kind, whether in person, by telephone, by electronic mail, or by any other means of communication, and any gesture intended to convey information, including any nonverbal expressions of assent, denial, doubt, lack of knowledge, or the like; and

   (b) Any writing, document, or other graphic material of any kind and description, whether inscribed by hand or by mechanical, electronic, microfilm, photographic, or other means, including electronic mail, as well as phonic (such as tape recordings) or visual reproductions of oral communications.

2. "Including" means including, but not limited to.

3. "Information" means all data, facts, or circumstances of any nature, including documents and communications, relating to the given subject matter.

4. "Person" means any natural person, contractor, corporation, partnership, proprietorship, association, venture, Governmental or public entity, or any other form of

organization or legal entity and its officers, directors, employees, consultants, representatives, and agents.

5. "Relate(s) to," "relating to," and "referring to" mean to concern, mention, reference, pertain to, reflect, comment upon, discuss, rely upon, relate to, refer to, utilize as input or source material, support, undermine, critique, or in any manner be connected with the given subject, action, communication, or matter.

## SPECIFIC DEFINITIONS

6. "Government" means any agency or sub-agency of the Federal Government, including the Department of Energy and the Nuclear Regulatory Commission.

7. "DOE" means to the Department of Energy, its sub-agencies, affiliates, contractors, consultants, and employees.

8. "NRC" means the Nuclear Regulatory Commission, its sub-agencies, affiliates, contractors, consultants, and employees.

9. "NWPA" means the Nuclear Waste Policy Act of 1982.

10. "OCRWM" means the Office of Civilian Radioactive Waste Management.

11. "Pilgrim" means the Pilgrim Nuclear Power Station in Plymouth, Massachusetts.

12. "Standard Contract" means the contract entered into between DOE, on behalf of the United States, and parties owning and/or operating commercial nuclear electric generating facilities which produce spent nuclear fuel.

13. "Temporary fuel storage" means any alternative to the removal and storage of spent nuclear fuel and high level nuclear waste by the federal government, including dry cask storage facilities.

14. "SNF" means Spent Nuclear Fuel and High-Level Nuclear Waste.

## DEPOSITION TOPICS

Pursuant to Rule 30(b)(6), the Government shall produce one or more officers, directors, managing agents, or other persons, who are most qualified, knowledgeable and competent to testify as to all matters known or reasonably available to the Government with respect to the following listed subject areas:[1]

1. The Government's understanding of the history and development of the nuclear industry and the NWPA, including:

   (a) Responsibility for the storage, removal, and disposal of spent nuclear fuel.

   (b) The purpose of the NWPA.

   (c) The history of the NWPA.

   (d) The requirements of the NWPA.

2. The Standard Contract, including:

   (a) The purpose of the Standard Contract.

   (b) Formulation of the terms of the Standard Contract.

   (c) Comments received during the "notice and comment" period for the Standard Contract.

   (d) The terms and requirements of the Standard Contract.

   (e) The expectations of the parties at the time of contracting.

   (f) The relationship of the Standard Contract to the renewal of the operating licenses of nuclear plant operators and utilities.

---

[1] Each listed subject area shall be construed independently and no listed subject area shall limit the scope of any other listed subject area.

(g) The intent of the parties at the time of contracting regarding future on-site storage of SNF.

3. The process by which the Government determined a schedule of accepting SNF, including:

(a) The Acceptance Priority Rankings.

(b) The Annual Capacity Reports.

(c) The Delivery Commitment Schedule process.

(d) The rate of acceptance of SNF by the Government.

4. Boston Edison's performance under the Standard Contract.

5. The Government's performance under the Standard Contract, including:

(a) The projected or estimated first operational date for an SNF repository.

(b) Any changes to the projected first operational date for an SNF repository.

(c) Options for interim storage including a monitored retrievable storage facility ("MRS") or a private fuel storage facility.

6. The Government's understanding of the costs or potential costs to the nuclear power industry, and to Pilgrim in particular, of alternative means of temporary fuel storage associated with the DOE's failure to begin accepting SNF as of January 31, 1998.

7. The Government's estimated potential liability related to the delayed acceptance of SNF under the Standard Contract, including the Government's potential liability to Boston Edison.

8. The Government's knowledge, oversight, and approval of the sale of Pilgrim from Boston Edison to Entergy and any related regulatory activities, including:

(a) The Government's understanding of the provisions of the Pilgrim Purchase and Sale Agreement, including the provisions that provided for retention by Boston Edison of claims related to the Standard Contract.

(b) The transfer from Boston Edison to Entergy of the Standard Contract.

(c) The transfer from Boston Edison to Entergy of decommissioning funds related to Pilgrim.

(d) The Requests for Additional Information ("RAIs") made by the NRC in connection with the December 21, 1998, application for transfer of the Pilgrim operating license.

(e) The Safety Evaluation by the Office of Nuclear Reactor Regulation – Proposed Transfer of Operating License and Materials License for Pilgrim Nuclear Power Station to Entergy Nuclear Generation Company, dated April 29, 1999, Bates Nos. ENGC/BECO DOE 1st RFP-21-19047 – 19065, including the comments and conclusions therein relating to decommissioning.

Date: November 7, 2006

Respectfully submitted,

Richard J. Conway
DICKSTEIN SHAPIRO LLP
1825 Eye Street NW
Washington, D.C. 20006
(202) 420-2200

**Counsel of Record for Boston Edison Company**

Of Counsel:

Nicholas W. Mattia, Jr.
Bradley D. Wine
Bernard F. Sheehan
Lisa M. Barbas
DICKSTEIN SHAPIRO LLP
1825 Eye Street NW
Washington, D.C. 20006
(202) 420-2200

Neven Rabadjija, Esq.
Associate General Counsel
NSTAR Electric & Gas Corporation
800 Boylston Street
17th Floor
Boston, MA 02199-0228

**CERTIFICATE OF SERVICE**

I hereby certify that on November 7, 2006, I caused to be served by hand messenger and overnight delivery "Boston Edison Company's Rule 30(b)(6) Deposition Notice of Defendant United States," addressed as follows:

Alan J. Lo Re
Senior Trial Counsel
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street, N.W.
Washington, D.C. 20530
Attn: Classification Unit, 8th Floor

Alex D. Tomaszczuk
Pillsbury Winthrop Shaw Pittman LLP
725 South Figueroa Street
Suite 2800
Los Angeles, CA 90017

L. Jager Smith, Jr.
Wise Carter Child & Caraway, P.A.
Suite 600
Heritage Building
401 East Capitol Street
Jackson, MS 39201

Richard J. Conway



DSMDB-2167730v01