**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
(Electronically Filed on December 7, 2006)

| | |
|---|---|
| **BOSTON EDISON COMPANY**, Plaintiff, v. **THE UNITED STATES**, Defendant. | |
| **ENTERGY NUCLEAR GENERATION CO.**, Plaintiff, v. **THE UNITED STATES**, Defendant. | No. 99-447C<br>No. 03-2626C<br>(Judge Lettow) |

**PLAINTIFF ENTERGY NUCLEAR GENERATION COMPANY'S RESPONSE TO BOSTON EDISON COMPANY'S MOTION FOR A PROTECTIVE ORDER**

Plaintiff Entergy Nuclear Generation Company ("ENGC") respectfully submits its response to Plaintiff Boston Edison Company's ("Boston Edison") Motion for a Protective Order.

## ARGUMENT

Boston Edison asks the Court to block the deposition of Nicolas Mattia, a person it disclosed in its Rule 26 Initial Disclosures as an individual likely to have discoverable information. Boston Edison urges that *Sparton Corp. v. United States*, 44 Fed. Cl. 557 (1999), provides authority for the Court to preclude the deposition of Mr. Mattia. ENGC respectfully

submits that *Sparton* does not go as far as Boston Edison suggests in Mr. Mattia's case. Because Defendant (the "Government") has suggested it would seek an offset against ENGC for any diminution in damages recovered by Boston Edison, ENGC has an interest in discovering the factual basis for Boston Edison's diminution in damages claim. ENGC will have questions for Mr. Mattia at his deposition.

As Boston Edison admits in its Motion, during the sale of the Pilgrim nuclear plant, Mr. Mattia "functioned as a non-lawyer and worked with numerous Navigant and Boston Edison employees, as well as numerous outside consultants and potential bidders." Motion at 2. Some of those former Boston Edison employees now serve ENGC. The Government seeks a deposition of Mr. Mattia *qua* Pilgrim plant sale consultant. In contrast, *Sparton* involved a deposition of an attorney *qua* attorney. It should be noted that the *Sparton* opinion cites and distinguishes several cases involving the request for deposition of an attorney where "the attorney had independent knowledge of the facts underlying the litigated cause of action." *Sparton*, 44 Fed. Cl. at 561-62. ENGC is interested in knowing what information Mr. Mattia has from his consultations with the various employees and the other consultants with whom he worked during the sales process, not what advice he might have provided in a legal role in the instant case.

The fact that Mr. Mattia possessed a law degree at the time of the Pilgrim sale, and that he has subsequently been retained for this case, should not insulate him from having to disclose facts that other persons would have to give up. Counsel for Boston Edison have retained a number of persons having factual information about the Pilgrim sale, including one person who formerly worked for Entergy (Jack Harrington), as shown on Boston Edison's Rule 26 Initial Disclosures. Such an approach should not be allowed to circumvent the discovery process.

As to the three-part test set up in *Sparton* to govern attorney depositions, ENGC submits that (1) no other means exists to obtain information known by Mr. Mattia about the sale process than to depose him; (2) to the extent Mr. Mattia recalls information about the sale process, it is likely to be relevant, and ENGC does not seek privileged information; and (3) the information may be critical to the deciding of one or more aspects of Boston Edison's diminution in value claim.

Boston Edison asserts that none of the witnesses who have been deposed about Mr. Mattia's work as a consultant have testified that they could not remember information that could otherwise only be obtained from Mr. Mattia. True enough. However, the witnesses were not asked any questions that would have elicited such a response. Even if the witnesses stated that Mr. Mattia was *not* in unique possession of any information, the parties should be entitled to test such responses.

Finally, since it is conceded that Mr. Mattia worked during the sale as a non-lawyer, information he learned then should not be privileged. Boston Edison urges that "Mr. Mattia cannot reasonably be expected to segregate which facts he learned as a result of his consulting relationship with Boston Edison, and which facts he has learned through his extensive discovery activities, trial preparations and attorney client communications." Motion at 8. Whether Mr. Mattia can segregate the facts remains to be seen. ENGC urges that the Court order Mr. Mattia to be made available to discuss anything he knew as a consultant.

## CONCLUSION

For the foregoing reasons, ENGC requests that the Court deny Boston Edison's Motion for a Protective Order regarding the deposition of Mr. Nicholas Mattia.

Dated: December 7, 2006

Respectfully submitted,

s/ Alex D. Tomaszczuk by s/ Jack Y. Chu
Alex D. Tomaszczuk
**PILLSBURY WINTHROP**
**SHAW PITTMAN LLP**
1650 Tysons Boulevard
McLean, VA 22102-4859
(703) 770-7940
(703) 770-7901 (fax)

Counsel of Record for Plaintiff
Entergy Nuclear Generation Company

OF COUNSEL:
Jay E. Silberg
Daniel S. Herzfeld
Jack Y. Chu
**PILLSBURY WINTHROP**
**SHAW PITTMAN LLP**
2300 N Street, N.W.
Washington, D.C. 20037
(202) 663-8000
(202) 663-8007 (fax)

L. Jager Smith, Jr.
**WISE CARTER CHILD**
**& CARAWAY, P.A.**
1340 Echelon Parkway
Jackson, MS 39213
601-368-5572
601-368-5816 (fax)