Nos. 99-447C and 03-2626C
(Judge Lettow)

---

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

---

BOSTON EDISON COMPANY,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

ENTERGY NUCLEAR GENERATING COMPANY,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

---

# DEFENDANT'S RESPONSE TO PLAINTIFF BOSTON EDISON COMPANY'S MOTION FOR LEAVE TO TAKE A RULE 30(b)(6) DEPOSITION AND CROSS-MOTION FOR A PROTECTIVE ORDER

---

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

HAROLD D. LESTER, JR.
Assistant Director

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W
Washington, D.C. 20585

PATRICK B. BRYAN
JOSHUA E. GARDNER
SCOTT R. DAMELIN
SONIA M. ORFIELD

ALAN J. LO RE
Senior Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-0226
Fax: (202) 307-2503

December 22, 2006

Attorneys for Defendant

# TABLE OF CONTENTS

**Page**

BACKGROUND ..... 2

ARGUMENT ..... 9

I. AS A GENERAL RULE, THE RE-OPENING OF DEPOSITIONS IS DISFAVORED ..... 9

II. BECAUSE THE DISCOVERY BOSTON EDISON NOW SEEKS IS UNREASONABLY BURDENSOME, DUPLICATIVE, AND OTHERWISE DOES NOT RELATE TO NEW FACTUAL INFORMATION THAT WAS UNAVAILABLE AT THE TIME OF THE GOVERNMENT'S INITIAL RULE 30(B)(6) DEPOSITION, BOSTON EDISON'S REQUEST TO CONDUCT ANOTHER RCFC 30(b)(6) DEPOSITION SHOULD BE DENIED ..... 10

A. Boston Edison's Proposed Deposition Notice Is Unduly Burdensome, Overly Broad, And Otherwise Objectionable ..... 10

B. Boston Edison Has Failed To Identify Any New Information That Was Unavailable At The Time Of The Government's Initial Rule 30(b)(6) Deposition Or Cannot Be Obtained From Existing Depositions ..... 17

CONCLUSION ..... 22

# TABLE OF AUTHORITIES

## CASES

Page(s)

Adams v. Teck Cominco Alaska, Inc.,
No. A04-49 CV, 2005 WL 846202 (D. Alaska April 7, 2005) ........................................ 21

Ameristar Jet Charter, Inc. v. Signal Composites, Inc.,
244 F.3d 189 (1st Cir. 2001) .................................................................................... 20

Banks v. Sergeant-at-Arms,
222 F.R.D. 7 (D.D.C. 2004) ..................................................................................... 19

Dixon v. CertainTeed Corp.,
164 F.R.D. 685 (D. Kan. 1996) ............................................................ 9, 10, 16, 17

Independence Park Apartments v. United States,
59 Fed. Cl. 765 (2004) .............................................................................................. 10

Indiana Michigan Power Co. v. United States,
422 F.3d 1369 (Fed. Cir. 2005) ................................................................................ 15

Innomed Labs LLC v. Alza Corp.,
211 F.R.D. 237 (S.D.N.Y. 2002) .............................................................................. 13

Jade Trading, LLC v. United States,
64 Fed. Cl. 84 (2006) ............................................................................ 9, 11, 17, 19

Keck v. Union Bank of Switzerland,
No. 94-civ-4912, 1997 WL 411931 (S.D.N.Y. July 22, 1997) ........................... 11, 17, 21

Link v. Wabash R.R. Co.,
370 U.S. 626 (1962) ................................................................................................. 19

Martin v. Valley Nat'l Bank of Arizona,
140 F.R.D. 291 (S.D.N.Y. 1991) .............................................................................. 11

Melhorn v. New Jersey Transit Rail Operations, Inc.,
203 F.R.D. 176, 180 (E.D. Pa. 2001)........................................................................10, 16

Micro Motion, Inc. v. Kane Steel Co.,
894 F.2d 1318 (Fed. Cir. 1990) .......... 12

Miller v. Federal Express Corp.,
186 F.R.D. 376 (W.D. Tenn. 1999) .......... 10, 17

Northern States Power Co. v. United States,
No. 98-484C (Fed. Cl.) .......... 4, 5

Pacific Gas & Elec. Co. v. United States,
70 Fed. Cl. 758 (2006) .......... 15

Padena Assicurazioni-Societa Aziono v. M/V Caribbean Express I, No. Civ.A. 97-3855,
1999 WL 30966 (E.D. La. Jan. 21, 1999) .......... 12

Prokosch v. Catalina Lighting, Inc.,
193 F.R.D. 633 (D. Minn. 2000) .......... 11

Reed v. Bennett,
193 F.R.D. 689 (D. Kan. 2000) .......... 11, 13

In re Sulfuric Acid Litig.,
No. 03-4576, 2005 WL 199410 (N.D. Ill. Aug. 19, 2005) .......... 21

System Fuels, Inc. v. United States,
73 Fed. Cl. 206 (2006) .......... 20

System Fuels, Inc. v. United States,
No. 03-2623C (Fed. Cl.) .......... 5

System Fuels, Inc. v. United States,
No. 03-2624C (Fed. Cl.) .......... 4, 5

Tramm v. Porter Memorial Hospital,
128 F.R.D. 666 (N.D. Ind. 1989) .......... 9

Weston v. Dep't of Housing & Urban Dev.,
724 F.2d 943 (Fed. Cir. 1983) .......... 19

Zamora v. D'Arrigo Bro. Co,
No 04-00047, 2006 WL 3227870 (N.D. Cal. Nov. 7, 2006).......... 21

## RULES

Rule 30(a)(2)(B) .......... passim

Rule 30(b)(6) .......... passim

Rule 30(c) .......... 1

Rule 30(d) .......... 9

# INDEX TO APPENDIX

Plaintiff's Proposed Rule 30(b)(6) Deposition Notice Of Defendant United States....................1-6

Plaintiff's February 8, 2002 Rule 30(b)(6) Deposition Notice Of Defendant United States.....7-12

Plaintiff's March 2002 Rule 30(b)(6) Deposition Notice of Defendant United States................13

Plaintiff's April3, 2002 Rule 30(b)(6) Deposition Notice of Defendant United States...........14-15

Plaintiff's April 18, 2002 Rule 30(b)(6) Deposition Notice of Defendant United States........16-21

Letter From Patrick B. Bryan To Richard J. Conway, Dated September 27, 2006.................22-24

Letter From Richard J. Conway To Patrick B. Bryan, Dated September 29, 2006.................25-26

Letter From Marian E. Sullivan To Richard J. Conway, Dated October 5, 2006....................27-34

Plaintiff's November 7, 2006 Rule 30(b)(6) Deposition Notice
Of Defendant United States.........................................................................................35-42

Letter From Patrick B. Bryan To Richard J. Conway, Dated November 17, 2006..................43-47

Letter From Patrick B. Bryan To Richard J. Conway, Dated November 30, 2006..................47-48

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| BOSTON EDISON COMPANY,<br><br>Plaintiff,<br><br>v.<br>UNITED STATES,<br><br>Defendant. | |
| ENTERGY NUCLEAR GENERATION CO.,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | No. 99-447C<br>No. 03-2626C<br>(Judge Lettow) |

DEFENDANT'S RESPONSE TO PLAINTIFF BOSTON EDISON COMPANY'S MOTION FOR LEAVE TO TAKE A RULE 30(b)(6) DEPOSITION AND CROSS-MOTION FOR A PROTECTIVE ORDER

Defendant, the United States, respectfully responds to "Plaintiff Boston Edison Company's Motion For Leave To Take A Rule 30(b)(6) Deposition," filed on December 1, 2006, and requests that the Court issue a protective order pursuant to Rule 30(c) of the Rules of the United States Court of Federal Claims ("RCFC") to preclude Boston Edison Company ("Boston Edison") from taking new Rule 30(b)(6) deposition testimony from the Government concerning the topics listed in "Boston Edison Company's Proposed Rule 30(b)(6) Deposition Notice of

Defendant United States" (the "Proposed Notice"), attached as Exhibit E to Boston Edison's motion.[1] A1-6.[2]

BACKGROUND

Boston Edison, along with other nuclear utility plaintiffs seeking damages against the Government for delayed acceptance by the Department of Energy's ("DOE") of spent nuclear fuel and high-level radioactive waste (collectively, "SNF") pursuant to the Standard Contract, was a party to the coordinated discovery phase of this litigation conducted in 2001 and 2002. During the coordinated discovery proceedings, Boston Edison, through its counsel at the time, Shaw Pittman LLP (now Pillsbury Winthrop Shaw Pittman LLP), joined in a consolidated effort with the other nuclear utility plaintiffs to obtain document and deposition discovery from the Government relating to the plaintiffs' claims. In response to requests from Boston Edison and the other plaintiffs, the Government produced approximately 800,000 pages of documents pertaining to issues relevant to this litigation, and, further, made available to Boston Edison a substantial database of documents that houses the bulk of the relevant DOE office's files, called the Record Information System ("RIS-Web"). In addition, during that period, Boston Edison, through its counsel, actively participated in the depositions of 13 Government witnesses (which were conducted over the course of 34 days in 2002) concerning matters relevant to its claims.

---

[1/] Although Boston Edison styles its December 1, 2006 motion as a "Motion For Leave To Take A Rule 30(b)(6) Deposition," such a description is misleading to the extent that it implies that Boston Edison has not had the opportunity to conduct prior Rule 30(b)(6) depositions. To the contrary, as plaintiff concedes in its motion, and as set forth in greater detail below, Boston Edison already has deposed three separate Government Rule 30(b)(6) designees in this case regarding several areas of testimony over the course of seven days. See Plaintiff's Motion, at 2.

[2/] "A___" refers to the appendix to this response and cross-motion.

Among the Government witnesses deposed by Boston Edison were three designees, Thomas Pollog, Susan Klein, and David Zabransky, whom the Government produced pursuant to four Rule 30(b)(6) deposition notices that Boston Edison and the nuclear utility plaintiffs served upon the Government in February, March, and April 2002. (These Rule 30(b)(6) notices are attached at A7-21.) The topics in the four notices related to, among other areas, the purpose, intent, and application of various provisions in the Standard Contract and related documents; the process by which the Government determined a schedule of SNF acceptance; projections regarding the date of the Government's full compliance with the Standard Contract; issues relating to Greater-Than-Class-C radioactive waste; and the development and formation of the Delivery Commitment Schedule process, Annual Capacity Reports, and Acceptance Priority Rankings. See id. Over the course of seven days, the Government's three designees testified concerning the separate topics contained in the plaintiffs' Rule 30(b)(6) notices.[3] Specifically, Mr. Pollog testified on February 19, 2002, April 11-12, 2002, and May 14, 2002; Ms. Klein testified on April 24-25, 2002; and David Zabransky testified on April 26, 2002. Boston Edison's counsel actively participated in questioning the Government's three designees and was, in fact, the lead examiner for several of these depositions.

In fact, including the 34 days of Government fact and Rule 30(b)(6) depositions that Boston Edison itself took during earlier phases of this case, Boston Edison has access to the

---

[3/] Specifically, Mr. Pollog was designated to testify concerning all seven topics contained in plaintiffs' February 19, 2002 deposition notice, Topic Nos. 1, 2, 4, and 6 in plaintiffs' April 3, 2002 deposition notice, and Topic No. 3 in plaintiffs' April 18, 2006 notice. Ms. Klein was designated to testify concerning Topic Nos. 3, 5, 7, and 9 in the April 18, 2006 notice. Mr. Zabransky was designated to testify concerning Topic No. 8 and 10 in plaintiffs' March 2002 notice.

depositions of 58 individual fact witnesses conducted over 145 days from 2002 through 2006 as part of other SNF cases pending before this Court. Although Boston Edison may not have taken these depositions as part of the instant litigation, the testimony from these depositions is available to Boston Edison and all the utility company plaintiffs for review. Many of these 58 individual Government fact witnesses have appeared multiple times for depositions in the SNF proceedings. For example, Mr. Zabransky, one of the Government's Rule 30(b)(6) designees, has testified at 19 separate depositions, most recently on October 11, 2006. Mr. Polloq, another Government Rule 30(b)(6) designee, has testified at 13 separate depositions, most recently on October 12, 2002.

Despite the extensive amount of prior Government deposition testimony that is available to Boston Edison, on September 20, 2006, Boston Edison's present counsel, Dickstein Shapiro LLP, requested new depositions of six Government witnesses who were already deposed during the course of the SNF litigation, including Messrs. Zabransky and Polloq. In response to Boston Edison's request, counsel for the Government indicated to Boston Edison that, pursuant to RCFC 30(a)(2)(B), Boston Edison was required to seek leave of the Court to re-open any Government depositions that already transpired "absent an explanation as to why the existing exhaustive record of deposition testimony is not sufficient to meet plaintiffs' trial preparation requirements." A22-24. Nevertheless, because the Government was ordered to allow the plaintiff in System Fuels, Inc. v. United States, No. 03-2624C (Fed. Cl.) (Braden, J.), to take limited depositions of three of the six witnesses that Boston Edison sought to depose (Thomas Pollog, Christopher Kouts, and David Zabransky) on October 11 and 12, 2006, we invited Boston Edison as well as the plaintiffs in Northern States Power Co. v. United States, No. 98-

484C (Fed. Cl.) (Wiese, J.), and System Fuels, Inc. v. United States, No. 03-2623C (Fed. Cl.) (Lettow, J.), to participate in these continued depositions as an accommodation. See id. Although the Northern States and System Fuels (03-2623C) plaintiffs joined in the System Fuels (03-2624C) depositions, Boston Edison's counsel, by letter dated September 29, 2006, rejected the Government's offer and reiterated Boston Edison's demand to be allowed to take the depositions, but failed to identify any new information that the Government had made available since the depositions or any subject area about which Boston Edison could not have asked questions previously. A25-26. Nevertheless, in a renewed effort to cooperate with Boston Edison, the Government again invited Boston Edison to attend the continued depositions that took place on October 11 and 12, 2006. A32-39. Boston Edison did not accept the Government's invitation to attend the depositions, and we have not heard from Boston Edison since that time regarding its request to depose those individuals.

Rather than pursue the depositions of the six individuals who previously had been deposed, Boston Edison chose to serve upon the Government a new Rule 30(b)(6) deposition notice on November 7, 2006. A35-42. By letter dated November 17, 2006, we notified Boston Edison's counsel of our numerous objections to the overly broad and duplicative RCFC 30(b)(6) notice.[4] A43-47. As an initial matter, because the Government previously produced three separate witnesses in response to the Rule 30(b)(6) deposition notices that Boston Edison served

---

[4/] During a conference call on November 15, 2006, Boston Edison's counsel claimed unawareness of the fact that Boston Edison had taken prior Rule 30(b)(6) deposition testimony from the Government in this litigation during coordinated discovery. This fact belies Boston Edison's assertion in its motion that it served its November 7, 2006 notice upon the Government "expecting that [the] formality" of seeking leave of the Court to conduct a new Rule 30(b)(6) Government deposition pursuant to RCFC 30(a)(2)(b) would be "unnecessary." Plaintiff's Motion, at 3 n.7.

upon the Government in 2002 during the coordinated discovery proceedings, we informed Boston Edison that we viewed its November 7, 2006 notice as invalid pursuant to Rule 30(a)(2)(B), as Boston Edison failed to obtain the Court's leave prior to service.[5] See id.

Further, several topics in Boston Edison's November 7, 2006 notice were duplicative of topics that Boston Edison and the other utility company plaintiffs included in the prior Rule 30(b)(6) notices that were served upon the Government in 2002. For example, Boston Edison's November 7, 2006 notice sought Government testimony regarding the "purpose of the Standard Contract," "[t]he rates of acceptance of SNF by the Government," the "projected or estimated first operational date for an SNF repository," the "Acceptance Priority Rankings," the "Annual Capacity Reports," and the "Delivery Commitment Schedule process." A38-40. The Government previously designated and produced witnesses in 2002 to testify concerning the same topics that were contained in Boston Edison's November 7, 2006 notice. For example, the prior Rule 30(b)(6) deposition notices from 2002 that Boston Edison and the other utility plaintiffs served upon the Government contained topics relating to the "role and purpose of the exchange provision in the performance of the Standard Contract," the "role and purpose of the Delivery Commitment Schedules," the "purpose of Annual Capacity Reports and Acceptance Priority Rankings," and the "date that DOE currently believes that it will begin accepting fuel

---

[5/] It is undisputed that Boston Edison's November 7, 2006 notice violated Rule 30(a)(2)(B). As Boston Edison states in its motion, because it did not seek the Court's leave prior to service of the November 7, 2006 deposition notice pursuant to Rule 30(a)(2)(B), "Boston Edison respectfully requests that the Court consider its November 7, 2006 Rule 30(b)(6) deposition notice withdrawn." Plaintiff's Motion, at 3 n.7.

under the Standard Contract and the acceptance rate that DOE is planning to use once acceptance begins."[6] A13-14, 20.

In addition, the Government objected upon numerous legal grounds to the substantive topics included in Boston Edison's November 7, 2006 notice. Of particular concern, the topics contained in Boston Edison's November 7, 2006 notice were so incredibly broad and unduly burdensome that it would be virtually impossible for the Government to prepare one witness, or even multiple witnesses, to respond to every conceivable question that Boston Edison might ask. For example, Boston Edison's notice sought testimony concerning "[t]he Government's understanding of the history and development of the nuclear industry and the [Nuclear Waste Policy Act]," "the Standard Contract," and "[t]he Government's performance under the Standard Contract." A38-40. As we noted in our November 17, 2006 letter to Boston Edison's counsel, the inclusion of these broad topics did not meet the "reasonable particularity" requirement for RCFC 30(b)(6) notices. A43-47.

Further, many of the topics contained in Boston Edison's November 7, 2006 notice sought legal, rather than factual, information. For example, Boston Edison's notice sought testimony relating to the Government's interpretation of the purchase and sale agreement into which Boston Edison and Entergy Nuclear Generation Company ("Entergy") entered in 1998, including "the provisions that provided for retention by Boston Edison of claims related to the Standard Contract." A38-40. Such areas of legal inquiry are not the appropriate subject of a Rule 30(b)(6) deposition, particularly since it appears that DOE was never provided a copy of

[6/] These topics relate to the same information sought in Topics Nos. 3 and 5 of the Proposed Notice that Boston Edison attached to its motion.

that document in the normal course of business and that we obtained a copy only as a part of this litigation. Similarly, Boston Edison's topics relating to the "Government's estimated potential liability" to Boston Edison and the nuclear industry generally arising from the Department of Energy's delay in performance under the Standard Contract are improper, as they pertain to information that is legal, rather than factual, in nature, and otherwise seek information that is protected from disclosure by the attorney-client privilege and/or the work product doctrine. A39.

Nevertheless, notwithstanding the Government's objections to the November 7, 2006 deposition notice, the Government offered to work with Boston Edison to resolve amicably the disputes concerning Boston Edison's request to take additional Rule 30(b)(6) testimony from the Government. In particular, in an effort to limit the breadth of the topics contained in Boston Edison's notice, we invited Boston Edison, by letter dated November 30, 2006, "to identify those portions of the Government's prior Rule 30(b)(6) depositions from this case that Boston Edison deems responsive to the November 7, 2006 deposition notice" and, upon receipt of such information, we offered to "designate any prior responsive testimony that Boston Edison identifies."[7] A47-48.

Boston Edison declined to accept the Government's good faith offer and, instead, filed the instant motion with the Court. In its motion, Boston Edison effectively seeks to compel the

---

[7/] In a footnote, Boston Edison asserts that it was "required to abandon" any efforts to work cooperatively with the Government concerning its request to obtain additional Rule 30(b)(6) testimony because the Government's cooperation in this regard allegedly was "not forthcoming." Plaintiff's Motion, at 3 n.7. Such a statement is belied by the record, however, as evidenced by the Government's letter dated November 30, 2006, in which the Government specifically indicated its "willingness to work cooperatively" with Boston Edison to "resolve amicably the disputes concerning the subject deposition notice." A47-48. Boston Edison did not respond to this letter prior to filing its motion with the Court.

Government to attend another deposition in this matter that may involve a multitude of witnesses. The Proposed Notice that Boston Edison includes in its motion is virtually identical to the November 7, 2006 deposition notice. Boston Edison has failed to address the Government's legitimate objections regarding the overbreadth of the Boston Edison's topics and the duplicative nature of the Proposed Notice. Because of these unaddressed deficiencies, the Government moves to preclude Boston Edison from taking new Rule 30(b)(6) deposition testimony from the Government concerning the topics listed in the Proposed Notice.

## ARGUMENT

### I. AS A GENERAL RULE, THE RE-OPENING OF DEPOSITIONS IS DISFAVORED

The issue of whether to re-open a deposition is committed to the sound discretion of the Court. Jade Trading, LLC v. United States, 64 Fed. Cl. 84, 86 (2006) (citing Dixon v. CertainTeed Corp., 164 F.R.D. 685, 690 (D. Kan. 1996)). In its motion, Boston Edison erroneously maintains that the burden rests upon the Government to demonstrate why Boston Edison's request to re-open the Government's Rule 30(b)(6) deposition in this case should not be granted.[8] Boston's position is misplaced as a matter of law. To the contrary, in Federal courts,

[8] Boston Edison relies principally upon Tramm v. Porter Memorial Hospital, 128 F.R.D. 666 (N.D. Ind. 1989), for the proposition that the "bar is particularly high" when a party seeks to preclude a successive deposition pursuant to Rule 30(a)(2)(B). Plaintiff's Mot., at 7. Boston Edison's reliance on Tramm is misplaced. In Tramm, the court found that a party was entitled to re-depose a fact witness a second time based in part upon the fact that the deposition at issue was a fact deposition and that the subject deposition notice thus did not specify the subject matter of the examination, as a result of which, the court could not determine whether the second deposition would explore topics that were duplicate or otherwise objectionable. Tramm, 128 F.R.D. at 668. Therefore, the court reasoned that the opposing party could be adequately protected against any duplicative or objectionable questions "by making a motion under Rule 30(d) if any need for protection appears during the course of the deposition." Id. (citing Federal Practice and Procedure, § 2037, at 272-73). Here, however, unlike Tramm, the subject deposition is a Rule 30(b)(6) deposition. Because Boston Edison's proposed topics seek

"[t]he re-opening of depositions is disfavored as a general rule." Miller v. Federal Express Corp., 186 F.R.D. 376, 389 (W.D. Tenn. 1999). Therefore, a party "must obtain leave of court" to depose a person or entity that already has been deposed during the litigation. RCFC 30(a)(2)(B); see Independence Park Apartments v. United States, 59 Fed. Cl. 765, 769 (2004) ("RCFC 30(a)(2)(B) expressly requires that a party seeking to depose an individual more than once must obtain leave from the Court to do so."). Accordingly, in light of the presumption against re-opening depositions, "[a]bsent some showing of a need or good reason for doing so, the court will generally not require a deponent to appear for a second deposition.'" Dixon, 164 F.R.D. at 690 (D. Kan. 1996) (citation omitted); see Melhorn v. New Jersey Transit Rail Operations, Inc., 203 F.R.D. 176, 180 (E.D. Pa. 2001) ("Absent some showing of need or good reason for doing so, a deponent should not be required to appear for a second deposition.").

## II. BECAUSE THE DISCOVERY BOSTON EDISON NOW SEEKS IS UNREASONABLY BURDENSOME, DUPLICATIVE, AND OTHERWISE DOES NOT RELATE TO NEW FACTUAL INFORMATION THAT WAS UNAVAILABLE AT THE TIME OF THE GOVERNMENT'S INITIAL RULE 30(B)(6) DEPOSITION, BOSTON EDISON'S REQUEST TO CONDUCT ANOTHER RCFC 30(b)(6) DEPOSITION SHOULD BE DENIED

### A. Boston Edison's Proposed Deposition Notice Is Unduly Burdensome, Overly Broad, And Otherwise Objectionable

In determining whether to grant Boston Edison's request to reopen the Government's Rule 30(b)(6) deposition pursuant to RCFC 30(a)(2)(B), courts examine whether: (1) the burden and expense of the proposed discovery outweigh its likely benefit; (2) the discovery sought is cumulative or can be obtained more conveniently from some other source; and (3) the party

---

discovery that is duplicative of areas concerning which Boston Edison already has deposed the Government and are otherwise objectionable, Boston Edison cannot overcome the presumption against re-opening the Government's deposition.

seeking the discovery already has had a full opportunity to obtain the information. See Jade Trading, 64 Fed. Cl at 86-87 (citing RCFC 26(b)(2)); Keck v. Union Bank of Switzerland, No. 94-civ-4912, 1997 WL 411931, at *1 (S.D.N.Y. July 22, 1997) (same). Here, Boston Edison cannot satisfy any of these three factors and, therefore, it cannot demonstrate the need to re-open the Government's Rule 30(b)(6) deposition.

The first criteria that the Court should evaluate – whether the burden and expense of the proposed discovery outweigh its likely benefit – strongly weighs in favor of denying Boston Edison's request to re-open the Government's Rule 30(b)(6) deposition. Pursuant to Rule 30(b)(6), a party may in his notice of deposition name as the deponent a Government agency, but "must describe with reasonable particularity the matters on which examination is requested." RCFC 30(b)(6) (emphasis added). The responding party "must make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by [the interrogator] and to prepare those persons in order that they can answer fully, completely, unevasively, the question posed by [the interrogator] as to the relevant subject matters." Prokosch v. Catalina Lighting, Inc., 193 F.R.D. 633, 638 (D. Minn. 2000). For the rule to function effectively, however, the requesting party "must take care to designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute." Id. (emphasis added). "An overbroad Rule 30(b)(6) notice subjects the noticed party to an impossible task." Reed v. Bennett, 193 F.R.D. 689, 692 (D. Kan. 2000).

Accordingly, courts have not hesitated to quash Rule 30(b)(6) notices that fail to meet the requirement of "reasonable particularity." See, e.g., Martin v. Valley Nat'l Bank of Arizona, 140 F.R.D. 291, 315 (S.D.N.Y. 1991) (inquiry into "the Department's review of all other ESOP-

financed buyouts through the present" termed "plainly overbroad or otherwise beyond the scope of discovery"); Padena Assicurazioni-Societa Aziono v. M/V Caribbean Express I, No. Civ.A. 97-3855, 1999 WL 30966, at *2 (E.D. La. Jan. 21, 1999) ("[t]he subject notices refer only to the 'causes of the loss or damage to the cargo as described in the Complaint,' a description that is insufficiently particularized"). Indeed, as the United States Court of Appeals for the Federal Circuit has held, "[e]ven if relevant, discovery is not permitted where no need is shown, or compliance would be unduly burdensome, or where the harm to the person from whom discovery is sought outweighs the need of the person seeking discovery of the information." Micro Motion, Inc. v. Kane Steel Co., 894 F.2d 1318, 1323 (Fed. Cir. 1990) (emphasis in original).

The topics contained in Boston Edison's proposed deposition notice fails to meet the standard of "reasonable particularity." Boston Edison's proposed topics are so overly broad and unduly burdensome that it would be virtually impossible for the Government to satisfy its obligations to prepare one witness, or even multiple witnesses, to respond to every conceivable question that Boston Edison might ask. For example, among other broad areas of inquiry, Boston Edison's notice seeks testimony concerning "[t]he Government's understanding of the history and development of the nuclear industry and the [Nuclear Waste Policy Act]" (Topic No. 1), "the Standard Contract" (Topic No. 2), "[t]he Government's performance under the Standard Contract " (Topic No. 4), and the Government's "knowledge, oversight and approval" of the sale of Pilgrim Nuclear Plant from Boston Edison to Entergy (Topic No. 7). A4-6. Questions about the "Government's performance" could span information and activities over more than 20 years. Moreover, the "Government's performance" involves multiple activities in widely different

areas, such as, for example, repository development, Monitored Retrievable Storage, transportation, and waste acceptance. Boston Edison already has available to it the depositions of 58 individuals conducted over 145 days that contain testimony about many of these activities over this 20-year time period. In essence, Boston Edison seeks an open-ended and apparently limitless deposition touching upon any aspect of this case and the Government's SNF program generally without having determined what testimony already has been obtained on these topics. Such a deposition would be overbroad, incredibly burdensome to the Government, and violative of the purposes of Rule 30(b)(6).

Further, Topics Nos. 1, 2, 4, 6, and 7 in Boston Edison's Proposed Notice request a Government designee to testify concerning matters "including but not limited to" the areas specified.[9] A4-6. Such language alone renders a Rule 30(b)(6) deposition notice invalid on the basis of overbreadth. See, e.g., Innomed Labs LLC v. Alza Corp., 211 F.R.D. 237, 240 (S.D.N.Y. 2002) (finding that "including but not limited to" language in Rule 30(b)(6) deposition subpoena turns the notice into an overly broad notice); Reed, 193 F.R.D. at 692 (quashing overly broad Rule 30(b)(6) notice seeking information "including but not limited to" each of the enumerated topics).

In addition to the above overbreadth objections, each of the seven topics included in Boston Edison's Proposed Notice are objectionable for the below reasons, among others:

- Topic No. 1, which relates to the "Government's understanding of the history and development of the nuclear industry and the impact of the Nuclear Waste

[9] In the Definitions section of Boston Edison's proposed deposition notice, the term "including" is defined as meaning "including but not limited to." A2.

Policy Act on the nuclear industry," in addition to being overly broad, seeks information that is duplicative and cumulative of areas of testimony about which Boston Edison and the other utility plaintiffs have already deposed the Government's Rule 30(b)(6) designees and other witnesses.

- Topic No. 2, which relates to "[t]he Standard Contract" (including "the purposes of the Standard Contract," "the formulation of the terms of the Standard Contract," "comments received during the 'notice and comment' period for the Standard Contract," and "the provision of the Standard Contract which permitted Boston Edison to assign its rights and duties pursuant to the Standard Contract"), is overly broad, duplicative, and cumulative of discovery that Boston Edison already has obtained from the Government's witnesses in this matter. For example, the Government produced the administrative record for the Standard Contract to Boston Edison during the coordinated discovery proceedings, which is comprised of two binders worth of materials. Boston Edison has the ability to review this information and narrow the scope of this topic accordingly.
- Topic No. 3, which relates to "Boston Edison's performance under the Standard Contract," is overly broad and vague because there are many aspects of Boston Edison's "performance" under the Standard Contract that are not in dispute (such as, for example, the submission of RW-859 data reports and the submission of fees). Boston Edison should be required to identify those

aspects of its own performance about which it seeks testimony before the Government should be required to put forth educated designee(s) to testify.

- Topic No. 4, which relates to the "Government's performance under the Standard Contract" (including "[t]he projected or estimated first operational date for an SNF repository"), is improper. Such issues, to the extent that they relate to the future performance of the Government, are simply not relevant to Boston Edison's damages claim against the Government. See Indiana Michigan Power Co. v. United States, 422 F.3d 1369, 1376 (Fed. Cir. 2005) (plaintiff may not recover damages for anticipated future nonperformance in a claim for damages arising from the partial breach of a contract); Pacific Gas & Elec. Co. v. United States, 70 Fed. Cl. 758, 761 (2006) (same). In addition, the Government's "performance" was the subject of extensive prior testimony in the Government's prior depositions during the course of the Government's Rule 30(b)(6) depositions and during the many other Government depositions that already have occurred during SNF proceedings. In particular, the Government's prior Rule 30(b)(6) designees testified previously concerning the "projected or estimated first operational date for an SNF repository," rendering this topic cumulative and duplicative. Boston Edison has not identified precisely what additional testimony it needs from the Government that has not already been provided during these proceedings.
- Topic Nos. 5 and 6, which relate to the "Government's understanding of the costs or potential costs to the nuclear industry" with respect to the Department

of Energy's delay in performance under the Standard Contract, and the "Government's estimated potential liability related to the delayed acceptance of SNF," are improper because they pertain to information that is legal, rather than factual, in nature, and otherwise seek information that is protected from disclosure by the attorney-client and/or the work-product doctrine.

- Topic No. 7, which relates to the Government's "knowledge" of the sale of Pilgrim Nuclear Plant by Boston Edison to Entergy in 1998 (including the Government's "understanding of the provisions of the Purchase and Sale Agreement" between Entergy and Boston Edison), seeks information that is not relevant to this litigation; the Government's interpretation of a sales contract between two private parties simply has no bearing to the resolution of the claims at issue in this case, particularly where, as here, the Government's only receipt of that agreement was as a part of this litigation and was obtained by counsel. Additionally, the topic is improper because it seeks information that is legal, rather than factual, in nature.

Although we previously brought these and other objections to Boston Edison's attention, Boston Edison's Proposed Notice does not address or otherwise remedy these issues. The Proposed Notice contains the same overly broad and objectionable topics. Hence, Boston Edison cannot overcome the presumption against requiring the Government to designate and produce Rule 30(b)(6) witnesses yet again in this case. Melhorn, 203 F.R.D. at 180; Dixon, 164 F.R.D. at 690. Accordingly, the Government is entitled to a protective order to prevent Boston

Edison from taking additional Rule 30(b)(6) testimony pursuant to the Proposed Notice.[10]

### B. Boston Edison Has Failed To Identify Any New Information That Was Unavailable At The Time Of The Government's Initial Rule 30(b)(6) Deposition Or Cannot Be Obtained From Existing Depositions

Further, the second and third criteria that the Court should evaluate – whether the discovery now sought is cumulative and duplicative, and whether the party seeking the discovery already has had a full opportunity to obtain the information – also weigh against the re-opening of the Government's Rule 30(b)(6) deposition. In determining whether to grant leave to re-open a deposition pursuant to Rule 30(a)(2)(B), courts often re-open depositions only upon a showing that there is new information that was not available at the time of the original depositions. See, e.g., Miller, 186 F.R.D. at 389 ("Although the re-opening of depositions is disfavored as a general rule, existing case law, as well as common sense, supports allowing redeposal where a party fails to disclose relevant information in its Rule 26(a) disclosure which it later reveals only after an intervening deposition has occurred."); Keck, 1997 WL 411931, at *3 (denying request to re-open deposition to the extent there were no "new matters beyond those that could have been explored earlier had [the requesting party] sought a more wide-ranging deposition"). In addition, when supplemental depositions are allowed, the requesting party is only allowed a supplemental deposition that is very limited in scope. See Jade Trading, 64 Fed. Cl. at 87; Dixon, 164 F.R.D. at 692.

---

[10] In addition, Boston Edison's discovery into "schedule issues," as that term was defined in the coordinated discovery proceedings, is complete, as recognized by the orders issued during those proceedings. Several of Boston Edison's proposed topics fall within those "schedule issues." Boston Edison has identified no reason to reopen Boston Edison's discovery into those issues.

The discovery sought here by Boston Edison is cumulative and duplicative of the topics concerning which Boston Edison initially deposed the Government in 2002 or have been the subject of previous deposition during the course of the SNF litigation proceedings. In the Government's prior Rule 30(b)(6) depositions in this matter, the Government already provided testimony relating to many of the topics in Boston Edison's Proposed Notice, including, among others, Topics Nos. 2 and 5.[11] Further, Boston Edison makes no showing that it could not have examined the Government's witnesses during prior depositions regarding the other topics contained in the Proposed Notice, or that there are any other factual issues that occurred subsequent to the prior Government depositions about which Boston Edison could not have asked questions previously.

Notwithstanding the duplicative and overly broad nature of Boston Edison's proposed Rule 30(b)(6) notice, Boston Edison nevertheless asserts that it would be "prejudiced" if the Court were to deny its request to re-open the Government's deposition in light of the fact that Boston Edison's current counsel, who began his representation of Boston Edison in this case in 2004, did not represent Boston Edison during the first deposition of the Government and, thus, did not have the opportunity to ask the Government's designees certain questions that it now deems relevant. Plaintiff's Motion, at 9-11. As Boston Edison would have it, the mere fact that it hired new counsel since the time of the Government's Rule 30(b)(6) depositions in this matter

---

[11/] Topic No. 2 of the Proposed Notice seeks information relating to the purpose and intent of the "Standard Contract." Topic No. 5 seeks information regarding the Government's performance under the Standard Contract, including "the projected or estimated first operational date for an SNF repository." Both of these areas were explored during the Government's initial Rule 30(b)(6) depositions. See supra, at pp. 2-7.

"should justify reopening the Government's Rule 30(b)(6) testimony."[12] Plaintiff's Motion, at 9-10. This assertion is incorrect as a matter of law. Boston Edison's choice to replace counsel after the Government's first deposition does not entitle it to re-open the Government's Rule 30(b)(6) deposition. See, e.g., Banks v. Sergeant-at-Arms, 222 F.R.D. 7, 21-22 (D.D.C. 2004) (denying request by new counsel to re-open prior deposition for additional day). Indeed, to allow Boston Edison to re-open discovery simply because it decided to hire new counsel after the Government's prior Rule 30(b)(6) depositions would be "wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts." Link v. Wabash R.R. Co., 370 U.S. 626, 634 (1962) (citation omitted). Here, through its prior counsel, Boston Edison examined the Government's Rule 30(b)(6) designees on numerous topics for seven days. Because Boston Edison's prior counsel extensively examined the Government's Rule 30(b)(6) designees, Boston Edison "must be held accountable for conclusions of [its] designated attorney" and, thus, cannot circumvent the limitations imposed by RCFC 30(a)(2)(B) simply by virtue of its voluntary decision to hire new counsel in this matter. Weston v. Dep't of Housing & Urban Dev., 724 F.2d 943, 951 (Fed. Cir. 1983).

Boston Edison's claim of prejudice is further belied by the fact that Boston Edison sought to issue its most recent Rule 30(b)(6) notice more than two years after its current counsel entered

---

[12]/ Boston Edison principally relies upon Jade Trading, LLC v. United States, 64 Fed. Cl. 84, 86 (2006), for this proposition. Jade Trading, however, is inapplicable here. In that case,"due to a serious family medical problem" that required the Government's former counsel to conduct the initial deposition telephonically, rather than in person, and without the ability to inquire into "significant documents," the Court permitted the Government's newly assigned counsel to conduct a "narrowly circumscribed second deposition." Jade Trading, 64 Fed. Cl. at 86-87. Here, such extenuating circumstances do not exist.

an appearance in this matter. Boston Edison's belated, duplicative, and overly burdensome request to re-open the Government's earlier testimony in these proceedings negates any claim of "prejudice" that it might suffer in the event the Court denies its motion. See, e.g., Ameristar Jet Charter, Inc. v. Signal Composites, Inc., 244 F.3d 189, 193 (1st Cir. 2001) (denying motion to re-open a Rule 30(b)(6) deposition pursuant to Rule 30(a)(2)(B) where, among other reasons, requesting party did not seek the additional testimony until one year after the alleged need to re-depose arose).

As a party to the coordinated discovery proceedings, Boston Edison previously was able to depose Government witnesses pursuant to Rule 30(b)(6), as well as 10 additional fact witnesses, on multiple occasions throughout 2002. Further, Boston Edison has access to the transcripts of all prior fact depositions taken by the plaintiffs during the course of the SNF proceedings, a total of 58. Nevertheless, Boston Edison has not identified any new information that the Government recently made available that requires the re-opening of the Rule 30(b)(6) deposition or any relevant area about which questions have not been asked in previous depositions. Absent an explanation by Boston Edison regarding the new information that can only be obtained now from the Government and how such information may be relevant to this litigation, the Court should refuse Boston Edison's attempts to obtain a new Rule 30(b)(6) deposition. See, e.g., In re Blackstone Partners, LLP, No. 04-civ-7757, 2005 WL 1560505, at *3 (S.D.N.Y. July 1, 2005) (denying request to re-open deposition where requesting party gave no precise "explanation of what additional information it hoped to obtain"); see also System Fuels, Inc. v. United States, 73 Fed. Cl. 206, 218 (2006) (party seeking leave of court to take additional

depositions beyond the number prescribed by RCFC 30(a)(2) must "specify what information it seeks").

As Boston Edison would have it, however, the mere fact that it amended the complaint in 2004 (after the completion of the Government's Rule 30(b)(6) deposition in this matter) warrants re-opening of the Government's deposition. Motion at 7-9. However, Boston Edison's amended complaint did not modify the substance of the factual allegations underlying its damages claims. Contrary to Boston Edison's assertions, the fact that Boston Edison amended its complaint does not alone justify the re-opening of discovery here. See, e.g., In re Sulfuric Acid Litig., No. 03-4576, 2005 WL 199410, at *2 (N.D. Ill. Aug. 19, 2005) (in denying motion to compel a successive Rule 30(b)(6) deposition, finding that it is "no answer to say that where there has been an amendment to a complaint, discovery is often allowed"). Nevertheless, Boston Edison cites certain cases in which courts re-opened depositions where new factual issues arise after the date of the initial deposition. Plaintiff's Motion at 6, 8. However, in these cases, while successive depositions were permitted, the scope of the depositions were limited to factual matters arising occurring either during or subsequent to the time of the initial deposition. See, e.g., Zamora v. D'Arrigo Bro. Co, No 04-00047, 2006 WL 3227870 (N.D. Cal. Nov. 7, 2006), 2006 WL 3227870, at *1-2 (permitting re-opening of deposition of corporate representative concerning certain computer data that was not produced until two years later); Adams v. Teck Cominco Alaska, Inc., No. A04-49 CV JWS, 2005 WL 846202, at *3 (D. Alaska April 7, 2005) (granting leave to re-open depositions but limited to "facts that may have arisen and circumstances observed subsequent to each witness's initial deposition"); Keck, 1997 WL 411931, at *4 (depositions re-opened but limited to new factual issues that surfaced during initial

depositions). Here, none of the topics contained in Boston Edison's Proposed Notice relate to facts that have newly arisen since the conclusion of the Government's first deposition in 2002. In light of Boston Edison's failure to specify the relevant factual issues that have arisen since 2002, and upon which Boston Edison was unable to depose the Government previously, Boston Edison's request to conduct another RCFC 30(b)(6) deposition should be denied. Therefore, Boston Edison is unable to demonstrate that it is entitled to an additional Government Rule 30(b)(6) deposition.

## CONCLUSION

For the foregoing reasons, defendant respectfully requests that the Court deny Boston Edison's motion to conduct another Rule 30(b)(6) deposition and grant the Government's cross-motion for a protective order.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/ Alan J. Lo Re by Patrick B. Bryan
ALAN J. LO RE
Senior Trial Attorney
Commercial Litigation Branch

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

PATRICK. BRYAN
SCOTT R. DAMELIN
JOSHUA E. GARDNER
SONIA M. ORFIELD
Trial Attorneys
U.S. Department of Justice
Civil Division
U.S. Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-0226
Fax: (202) 307-2503

December 22, 2006

Attorneys for Defendant