# APPENDIX

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| BOSTON EDISON COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 99-447C<br>No. 03-2626C<br>(Judge Charles F. Lettow) |
| ENTERGY NUCLEAR GENERATION CO.,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | |

**BOSTON EDISON COMPANY'S PROPOSED RULE 30(B)(6) DEPOSITION NOTICE OF DEFENDANT UNITED STATES**

PLEASE TAKE NOTICE that Plaintiff Boston Edison Company, ("Boston Edison"), by and through its attorneys, and with the permission of the Court, will take the deposition upon oral examination pursuant to Rule 30(b)(6) of the Rules of the United States Court of Federal Claims of the person(s) designated by Defendant United States ("the Government") as knowledgeable regarding the subject areas listed below. The deposition will take place at the offices of Dickstein Shapiro LLP, 1825 Eye Street NW, Washington, D.C. 20006, or at a place mutually agreed upon by the parties, commencing at 9:00 a.m. on January 15, 2007, or at a date and time mutually agreed upon by the parties, and will continue from day to day until completed.

DSMDB-2167730v02

Pursuant to Rule 30(b)(6), the Government shall designate a person or persons who are most knowledgeable about the topics set forth below. Boston Edison requests that the Government identify in writing the name, position, and employ of the individuals(s) so designated and to set forth the matters on which that person will testify no later than seven (7) days prior to the agreed upon deposition date.

The deposition may be videotaped and will be made before an officer authorized to administer an oath and will be recorded by stenographic means.

## GENERAL DEFINITIONS

1. "Communication" means:

   (a) Any oral statement or utterance of any kind, whether in person, by telephone, by electronic mail, or by any other means of communication, and any gesture intended to convey information, including any nonverbal expressions of assent, denial, doubt, lack of knowledge, or the like; and

   (b) Any writing, document, or other graphic material of any kind and description, whether inscribed by hand or by mechanical, electronic, microfilm, photographic, or other means, including electronic mail, as well as phonic (such as tape recordings) or visual reproductions of oral communications.

2. "Including" means including, but not limited to.

3. "Information" means all data, facts, or circumstances of any nature, including documents and communications, relating to the given subject matter.

4. "Person" means any natural person, contractor, corporation, partnership, proprietorship, association, venture, Governmental or public entity, or any other form of

organization or legal entity and its officers, directors, employees, consultants, representatives, and agents.

5. "Relate(s) to," "relating to," and "referring to" mean to concern, mention, reference, pertain to, reflect, comment upon, discuss, rely upon, relate to, refer to, utilize as input or source material, support, undermine, critique, or in any manner be connected with the given subject, action, communication, or matter.

**SPECIFIC DEFINITIONS**

6. "DOE" means to the Department of Energy, its sub-agencies, affiliates, contractors, consultants, and employees.

7. "NRC" means the Nuclear Regulatory Commission, its sub-agencies, affiliates, contractors, consultants, and employees.

8. "NWPA" means the Nuclear Waste Policy Act of 1982.

9. "OCRWM" means the Office of Civilian Radioactive Waste Management.

10. "Pilgrim" means the Pilgrim Nuclear Power Station in Plymouth, Massachusetts.

11. "Standard Contract" means the contract entered into between DOE, on behalf of the United States, and parties owning and/or operating commercial nuclear electric generating facilities which produce spent nuclear fuel.

12. "Temporary fuel storage" means any alternative to the removal and storage of spent nuclear fuel and high level nuclear waste by the federal government, including dry cask storage facilities.

13. "SNF" means Spent Nuclear Fuel and High-Level Nuclear Waste.

**DEPOSITION TOPICS**

Pursuant to Rule 30(b)(6), the Government shall produce one or more officers, directors, managing agents, or other persons, who are most qualified, knowledgeable and competent to testify as to all matters known or reasonably available to the Government with respect to the following listed subject areas:[1]

1. The Government's understanding of the history and development of the nuclear industry and the impact of the Nuclear Waste Policy Act of 1982 ("NWPA") on the nuclear industry, including the Government's responsibility for the storage, removal, and disposal of spent nuclear fuel prior and subsequent to the passage of the NWPA.

2. The Standard Contract entered into between the Department of Energy ("DOE"), on behalf of the United States, and Boston Edison Company dated June 17, 1983, including:

a. the purpose of the Standard Contract;

b. the formulation of the terms of the Standard Contract;

c. comments received during the "notice and comment" period for the Standard Contract;

d. the terms and requirements of the Standard Contract (except for the provision on priority for shutdown reactors, which was part of the April 18, 2002 notice served on the Government as part of coordinated discovery);

e. the provision of the Standard Contract which permitted Boston Edison to assign its rights and duties pursuant to the Standard Contract;

f. the expectations of the parties at the time of contracting;

---

1 Each listed subject area shall be construed independently and no listed subject area shall limit the scope of any other listed subject area.

g. the relationship of the Standard Contract to the renewal of the operating licenses of nuclear plant operators and utilities; and

h. the intent of the parties at the time of contracting regarding future on-site storage of SNF.

3. Boston Edison's performance under the Standard Contract.

4. The Government's performance under the Standard Contract, including the projected or estimated first operational date for an SNF repository, to the extent the Government's estimates have changed since 2002.

5. The Government's understanding of the costs or potential costs to the nuclear power industry, and to Pilgrim in particular, of alternative means of temporary fuel storage associated with the DOE's failure to begin accepting SNF as of January 31, 1998.

6. The Government's estimated potential liability related to the delayed acceptance of SNF under the Standard Contract, including the Government's potential liability to Boston Edison.

7. The Government's knowledge, oversight, and approval of the sale of Pilgrim from Boston Edison to Entergy and any related regulatory activities, including:

a. the Government's understanding of the provisions of the Pilgrim Purchase and Sale Agreement, including the provisions that provided for retention by Boston Edison of claims related to the Standard Contract;

b. the transfer from Boston Edison to Entergy of the Standard Contract;

c. the transfer from Boston Edison to Entergy of decommissioning funds related to Pilgrim;

d. the Requests for Additional Information ("RAIs") made by the NRC in connection with the December 21, 1998, application for transfer of the Pilgrim operating license;

e. the Safety Evaluation by the Office of Nuclear Reactor Regulation – Proposed Transfer of Operating License and Materials License for Pilgrim Nuclear Power Station to Entergy Nuclear Generation Company, dated April 29, 1999, Bates Nos. ENGC/BECO DOE 1st RFP-21-19047 – 19065, including the comments and conclusions therein relating to decommissioning.

Date: December 1, 2006

Respectfully submitted,

s/ Richard J. Conway
Richard J. Conway
DICKSTEIN SHAPIRO LLP
1825 Eye Street NW
Washington, D.C. 20006
(202) 420-2200

**Counsel of Record for Boston Edison Company**

Of Counsel:

Nicholas W. Mattia, Jr.
Bradley D. Wine
Bernard F. Sheehan
Lisa M. Barbas
DICKSTEIN SHAPIRO LLP
1825 Eye Street NW
Washington, D.C. 20006
(202) 420-2200

Neven Rabadjija, Esq.
Associate General Counsel
NSTAR Electric & Gas Corporation
800 Boylston Street
17th Floor
Boston, MA 02199-0228

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

YANKEE ATOMIC ELECTRIC COMPANY
(98-126C) (Merow, S.J.)
CONNECTICUT YANKEE ATOMIC POWER COMPANY
(98-154C) (Merow, S.J.)
MAINE YANKEE ATOMIC POWER COMPANY
(98-474C) (Merow, S.J.)
FLORIDA POWER & LIGHT COMPANY
(98-483C) (Wilson, J.)
NORTHERN STATES POWER COMPANY
(98-484C) (Wiese, J.)
DUKE POWER, A Division of DUKE ENERGY CORP.
(98-485C) (Tidwell, S.J.)
INDIANA MICHIGAN POWER COMPANY
(98-486C) (Hodges, J.)
SACRAMENTO MUNICIPAL UTILITY DISTRICT
(98-488C) (Yock, S.J.)
SOUTHERN NUCLEAR OPERATING COMPANY, et al.
(98-614C) (Merow, S.J.)
COMMONWEALTH EDISON COMPANY
(98-621C) (Hewitt, J.)
BOSTON EDISON COMPANY
(99-447C) (Allegra, J.)
GPU NUCLEAR, INCORPORATED
(00-440C) (Bush, J.)
WISCONSIN ELECTRIC POWER COMPANY
(00-697C) (Merow, S.J.)
POWER AUTHORITY OF THE STATE OF NEW YORK
(00-703C) (Damich, J.)
OMAHA PUBLIC POWER DISTRICT
(01-115C) (Bush, J.)
NEBRASKA PUBLIC POWER DISTRICT
(01-116C) (Weinstein, J.)
TENNESSEE VALLEY AUTHORITY
(01-249C) (Bruggink, J.)

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

Discovery Judge:
(Judge Sypolt)

EXHIBIT 1
POLLOG
Feb 19, 2002

# NOTICE OF DEPOSITION

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Rules of the Court of Federal Claims and the Order of the Discovery Judge dated February 1, 2002, counsel for the above-referenced Utility Plaintiffs will take the deposition of Defendant's records custodian at 9:30 a.m. on February 19, 2002, at the law offices of Shaw Pittman LLP, 2300 N Street, NW, Washington, DC 20037. The deposition will be recorded by stenographic means and will continue day to day until completed.

Defendant's designated records custodian will be examined with respect to the following matters concerning (a) the production of documents responsive to the Utility Plaintiffs' document requests dated September 4, 2001, and (b) the Government's voluntary production of approximately 700,000 electronic images:

1. Identification of the specific locations, offices, and files that were searched for responsive documents.

2. Identification of the particular individuals who conducted the search for responsive documents.

3. Details pertaining to how the searches for responsive documents were conducted, including a description of all procedures, methods, and routines employed in the search.

4. The names, titles, and seniority levels of all individuals whose files were searched for responsive documents and the hierarchical relationships among such individuals, if any exist.

5. Identification of all specific locations at which responsive documents were found.

6. Details concerning how responsive documents were labeled and maintained, and the various media in which responsive documents existed – including, but not limited to, the following: paper, microfilm, electronic mail, computer discs.

7. Details pertaining to the structure, design, retention policy, and contents of the Department of Energy's Office of Civilian Radioactive Waste Management's electronic records management system and any other record collections that were searched for responsive documents.

Dated: February 8, 2002

Respectfully submitted,

Alex D. Tomaszczuk
SHAW PITTMAN LLP
1650 Tysons Boulevard
McLean, VA 22102-4859
Telephone: 703.770.7940
Fax: 703.770.7901

Counsel of Record for Plaintiffs
Florida Power & Light Company, Northern States Power Company, Duke Power, Indiana Michigan Power Company, Boston Edison Company, GPU Nuclear, Inc., Power Authority of the State of New York, Omaha Public Power District, and Nebraska Public Power District

**OF COUNSEL:**

Jay E. Silberg
Devon E. Hewitt
Daniel S. Herzfeld
Jack Y. Chu
SHAW PITTMAN LLP
2300 N Street, N.W.
Washington, DC 20037-1128

M. Stanford Blanton (by Alex D. Tomaszczuk)
M. Stanford Blanton
Balch & Bingham, LLP
1710 Sixth Avenue North
Birmingham, AL 35203
Tel: (205) 251-8100
Counsel of Record for Plaintiff:
Southern Nuclear Operating Company, et al.

Richard C. Johnson (by Alex D. Tomaszczuk)
Richard C. Johnson
Jenner & Block
601 13th Street, N.W.
Suite 1200 South
Washington, D.C. 20005
Tel: (202) 639-6075
Counsel of Record for Plaintiff:
Commonwealth Edison Company

Jerry Stouck (by Alex D. Tomaszczuk)
Jerry Stouck
Spriggs & Hollingsworth
1350 I Street, N.W., 9th Floor
Washington, D.C. 20005-3305
Tel: (202) 898-5839
Counsel of Record for Plaintiffs:
Yankee Atomic Electric Power Company
Connecticut Yankee Atomic Power Company
Maine Yankee Atomic Power Company

Richard W. Oehler (by Alex D. Tomaszczuk)
Richard W. Oehler
Perkins Coie LLP
1201 Third Avenue, 40th Floor
Seattle, WA 98101-3099
Tel: (206) 583-8419
Counsel of Record for Plaintiff:
Wisconsin Electric Power Company

Melvin C. Garbow (by Alex D. Tomaszczuk)

Melvin C. Garbow
Arnold & Porter
555 12th Street, N.W.
Washington, D.C. 20004-1206
Tel: (202) 942-5666
Counsel of Record for Plaintiff:
Sacramento Municipal Utility District

Peter K. Shea (by Alex D. Tomaszczuk)

Peter K. Shea
Office of General Counsel
Tennessee Valley Authority
400 West Summit Hill Drive
Knoxville, TN 37902-1401
Tel: (865) 632-7319
Counsel of Record for Plaintiff:
Tennessee Valley Authority

CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of February 2002, I caused a copy of the foregoing NOTICE OF DEPOSITION to be served by facsimile and by U.S. mail, postage prepaid, on:

Harold D. Lester, Jr.
Assistant Director
Commercial Litigation Branch
Civil Division
United States Department of Justice
Washington, D.C. 20530

Attention: Classification Unit
8th Floor, 1100 L Street, N.W.

Alex D. Tomaszczuk

Document #: 1171354 v.1

Rule 30(b)(6)

1. The rate of acceptance in estimates made by DOE from 1982 to 1987 in the areas of program cost, waste acceptance, transportation planning, and receiving capacity of the program and the basis for those estimates, as set forth in the following documents: (list to be provided).

2. The role and purpose of the Delivery Commitment Schedules ("DCS") and Final Delivery Schedules in the performance of the Standard Contract.

3. DOE's responses to DCS forms submitted by the utility plaintiffs, including DOE's decision to stop approving such DCS forms.

4. The purpose of Annual Capacity Reports and Acceptance Priority Rankings developed pursuant to the Standard Contracts and the basis for the acceptance rates contained therein.

5. DOE's consideration of its obligation to accept Greater-Than-Class-C waste.

6. The rate(s) of acceptance that DOE planned to use under the Standard Contract before DOE determined that it would not begin accepting SNF in a permanent repository in 1998.

7. The date that DOE currently believes that it will begin accepting fuel under the Standard Contract and the acceptance rate that DOE is planning to use once acceptance begins.

8. The role and purpose of the exchange provision in the performance of the Standard Contract.

9. The role and purpose of the provision on priority for shutdown reactors in the performance of the Standard Contract.

10. DOE's criteria for approving, and any use of, the exchange provision in the performance of the Standard Contract.



EXHIBIT
Zabransky 72
4/26/02 JVC

**EXHIBIT**

1. The rate of acceptance in estimates made by DOE from 1982 to 1987 in the areas of program cost, waste acceptance, transportation planning, and receiving capacity of the program and the basis for those estimates, as set forth in the following documents:

   A. 1985 Mission Plan (and all published drafts) including:

      i. December 1983 Draft
      ii. January 1984 Draft
      iii. April 1984 Draft

   B. Report on Financing the Disposal of Commercial Spent Nuclear Fuel and Processed High-Level Radioactive Waste (June 1983)

   C. Proceedings of the 1983 Civilian Radioactive Waste Management Information Meeting (February 1984)

   D. Fee Adequacy Assessment Report (March 1986)

   E. 1987 Annual Capacity Report

   F. Monitored Retrievable Storage; Submission to Congress (March 1987):

      i. The MRS Proposal
      ii. The Environmental Assessment
      iii. The Program Plan

2. The role and purpose of the Delivery Commitment Schedules ("DCS") and Final Delivery Schedules in the performance of the Standard Contract.

4. The purpose of Annual Capacity Reports and Acceptance Priority Rankings developed pursuant to the Standard Contracts and the basis for the acceptance rates contained therein.

6. The rate(s) of acceptance that DOE planned to use under the Standard Contract before DOE determined that it would not begin accepting SNF in a permanent repository in 1998.

Case 1:99-cv-00447-CFL Document 253 Filed 12/04/2006

CERTIFICATE OF SERVICE

I hereby certify that on this 3d day of April 2002, I caused a copy of the foregoing NOTICE OF DEPOSITION to be served by facsimile and by U.S. mail, postage prepaid, on:

Harold D. Lester, Jr.
Assistant Director
Commercial Litigation Branch
Civil Division
United States Department of Justice
Washington, D.C. 20530

Attention: Classification Unit
8th Floor, 1100 L Street, N.W.

Alex D. Tomaszczuk

Document #: 1180086 v.1

EXHIBIT
KLEIN #1
DV 4-24-02

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| YANKEE ATOMIC ELECTRIC COMPANY<br>(98-126C) (Merow, S.J.)<br>CONNECTICUT YANKEE ATOMIC POWER COMPANY<br>(98-154C) (Merow, S.J.)<br>MAINE YANKEE ATOMIC POWER COMPANY<br>(98-474C) (Merow, S.J.)<br>FLORIDA POWER & LIGHT COMPANY<br>(98-483C) (Wilson, J.)<br>NORTHERN STATES POWER COMPANY<br>(98-484C) (Wiese, J.)<br>DUKE POWER, A Division of DUKE ENERGY CORP.<br>(98-485C) (Sypolt, J.)<br>INDIANA MICHIGAN POWER COMPANY<br>(98-486C) (Hodges, J.)<br>SACRAMENTO MUNICIPAL UTILITY DISTRICT<br>(98-488C) (Yock, S.J.)<br>SOUTHERN NUCLEAR OPERATING COMPANY, <u>et al</u>.<br>(98-614C) (Merow, S.J.)<br>COMMONWEALTH EDISON COMPANY<br>(98-621C) (Hewitt, J.)<br>BOSTON EDISON COMPANY<br>(99-447C) (Allegra, J.)<br>GPU NUCLEAR, INCORPORATED<br>(00-440C) (Bush, J.)<br>WISCONSIN ELECTRIC POWER COMPANY<br>(00-697C) (Merow, S.J.)<br>POWER AUTHORITY OF THE STATE OF NEW YORK<br>(00-703C) (Damich, J.)<br>OMAHA PUBLIC POWER DISTRICT<br>(01-115C) (Bush, J.)<br>NEBRASKA PUBLIC POWER DISTRICT<br>(01-116C) (Sypolt, J.)<br>TENNESSEE VALLEY AUTHORITY<br>(01-249C) (Bruggink, J.)<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | )<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>) Discovery Judge:<br>) (Judge Sypolt) |

**NOTICE OF DEPOSITION**

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Rules of the Court of Federal Claims and the Order of the Discovery Judge dated March 25, 2002, counsel for the above-referenced Utility Plaintiffs will take the deposition of Defendant's designated representative at 9:30 a.m. on Wednesday, April 24, 2002, at the law offices of Jenner & Block, 601 Thirteenth St., NW, Suite 1200 South, Washington, DC 20005. The deposition will be recorded by stenographic means and will continue day to day until completed.

Defendant's designated representative will be examined with respect to the matters set forth in the attached exhibit.

Dated: April 18, 2002

Respectfully submitted,

Alex D. Tomaszczuk by Daniel Herzfeld

Alex D. Tomaszczuk
SHAW PITTMAN LLP
1650 Tysons Boulevard
McLean, VA 22102-4859
Telephone: 703.770.7940
Fax: 703.770.7901

Counsel of Record for Plaintiffs Florida Power & Light Company, Northern States Power Company, Duke Power, Indiana Michigan Power Company, Boston Edison Company, GPU Nuclear, Inc., Power Authority of the State of New York, Omaha Public Power District, and Nebraska Public Power District

**OF COUNSEL:**

Jay E. Silberg
Devon E. Hewitt
Daniel S. Herzfeld
Jack Y. Chu
SHAW PITTMAN LLP
2300 N Street, N.W.
Washington, DC 20037-1128

M. Stanford Blanton
Balch & Bingham, LLP
1710 Sixth Avenue North
Birmingham, AL 35203
Tel: (205) 251-8100
Counsel of Record for Plaintiff:
Southern Nuclear Operating Company, et al.

Richard C. Johnson
Jenner & Block
601 13th Street, N.W.
Suite 1200 South
Washington, D.C. 20005
Tel: (202) 639-6075
Counsel of Record for Plaintiff:
Commonwealth Edison Company

Richard W. Oehler
Perkins Coie LLP
1201 Third Avenue, 40th Floor
Seattle, WA 98101-3099
Tel: (206) 583-8419
Counsel of Record for Plaintiff:
Wisconsin Electric Power Company

Melvin C. Garbow
Arnold & Porter
555 12th Street, N.W.
Washington, D.C. 20004-1206
Tel: (202) 942-5666
Counsel of Record for Plaintiff:
Sacramento Municipal Utility District

Peter K. Shea
Office of General Counsel
Tennessee Valley Authority
400 West Summit Hill Drive
Knoxville, TN 37902-1401
Tel: (865) 632-7319
Counsel of Record for Plaintiff:
Tennessee Valley Authority

**EXHIBIT**

3. DOE's responses to DCS forms submitted by the utility plaintiffs, including DOE's decision to stop approving such DCS forms.

5. DOE's consideration of its obligation to accept Greater-Than-Class-C waste.

7. The date that DOE currently believes that it will begin accepting fuel under the Standard Contract and the acceptance rate that DOE is planning to use once acceptance begins.

9. The role and purpose of the provision on priority for shutdown reactors in the performance of the Standard Contract.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of April 2002, I caused a copy of the foregoing NOTICE OF DEPOSITION to be served by facsimile and by U.S. mail, postage prepaid, on:

Harold D. Lester, Jr.
Assistant Director
Commercial Litigation Branch
Civil Division
United States Department of Justice
Washington, D.C. 20530

Attention: Classification Unit
8th Floor, 1100 L Street, N.W.

Document #: 1180086 v.2