**U.S. Department of Justice**

Civil Division

PDK:DMC:HDL:PBBryan
154-99-447

Telephone: (202) 307-0226
Fax: (202) 307-0972

*Washington, D.C. 20530*

September 27, 2006

VIA FACSIMILE AND UNITED STATES MAIL

Richard J. Conway, Esq.
Dickstein Shapiro LLP
1825 Eye Street, N.W.
Washington, DC 20006

Re: *Boston Edison Company v. United States*, No. 03-26266C (Fed. Cl.)

Dear Mr. Conway:

This letter responds to the request made by your colleague, Brad Wine, by telephone on September 20, 2006, to schedule continued depositions of Thomas Pollog, Lake Barrett, Beth Tomasoni, David Zabransky, Christopher Kouts, and Bernard Rusche. Because these individuals have been deposed extensively already, we cannot agree to re-open the depositions of these witnesses absent an explanation as to why the existing exhaustive record of deposition testimony is not sufficient to meet plaintiffs' trial preparation requirements. Moreover, according to the Rules of the Court of Federal Claims ("RCFC"), plaintiffs must obtain leave of the Court to re-depose these individuals. See RCFC 30(a)(2)(B).

Pursuant to RCFC 30(a)(2)(B), "[a] party must obtain leave of the Court, which shall be granted to the extent consistent with the principles stated in RCFC 26(b)(2), . . . if (B) the person to be examined already has been deposed in the case." In applying the principles of Rule 26(b)(2) of the Federal Rules of Civil Procedure, upon which the Rules of the Court of Federal Claims are based, courts will examine whether "(1) the discovery sought is cumulative or can be obtained more conveniently from some other source; (2) the party seeking the discovery has already had a full opportunity to obtain the information; and (3) the burden and expense of the proposed discovery outweigh its likely benefit." Keck v. Union Bank of Switzerland, No. 94-civ-4912, 1997 WL 411931, at *1 (S.D.N.Y. July 22, 1997)(citing RCFC 26(b)(2); Hurley v. JARC Builders, Inc., 164 F.R.D. 39, 40 (E.D. Pa. 1995)). Courts often grant leave to re-open depositions only upon a showing that there is new information that was not available at the time of the original deposition. See, e.g., Miller v. Federal Express Corp., 186 F.R.D. 376, 389 (W.D. Tenn. 1999) ("Although the re-opening of depositions is disfavored as a general rule, existing case law, as well as common sense, supports allowing redeposal where a party fails to disclose relevant

information in its Rule 26(a) disclosure which it later reveals only after an intervening deposition has occurred."). Furthermore, when supplemental depositions are allowed, the requesting party is only allowed a supplemental deposition that is very limited in scope. See, e.g., Jade Trading, LLC v. United States, 64 Fed. Cl. 85, 87 (2005); Dixon v. Certainteed Corp., 164 F.R.D. 685, 692 (D. Kan. 1996).

As you know, your client, Boston Edison Company, was a party to the coordinated discovery proceedings, and, as a consequence, was able previously to depose these individuals. You have not identified any new information that has been made available by the Government that requires the re-opening of these depositions or any area about which you could not have asked questions in previous depositions. Furthermore, the subject matter of these individuals' expected testimony at trial – the Government's understanding and implementation of its obligations regarding the rate and pace of acceptance – was clearly known at the time of the coordinated discovery depositions and subsequent depositions because the Government had filed its summary judgment motion regarding the rate of acceptance at the time of these depositions. In fact, the prior testimony of these witnesses reveals that these individuals do not testify about individual utility claims or other utility-specific topics; thus, questioning these witnesses about their general knowledge of the "specific cases" will not lead to "the discovery of admissible evidence."

Indeed, the burden to the individuals of re-opening these depositions far outweighs the likely benefit to plaintiffs. As you are aware, the Government's witnesses have been deposed repeatedly in the spent nuclear fuel cases pending before the United States Court of Federal Claims. In fact, Messrs. Pollog and Zabransky have already been deposed for 12 and 18 days, respectively. Moreover, two of the witnesses you have identified, Lake Barrett and Bernard Rusche, are retired from the Government; indeed, Mr. Rusche no longer lives in the Washington, D.C. area. The repeated depositions of Messrs. Kouts, Pollog, and Zabransky takes time away from their primary responsibility, which is to ensure that the Department of Energy ("DOE") begins performance under the Standard Contract.

In short, absent an explanation by plaintiffs regarding the new information that can only be obtained from these witnesses, the Government will oppose any motion made by plaintiffs to re-open their depositions, pursuant to RCFC 30(a)(2)(B). Alternatively, we may ask the Court to require that any further depositions of these individuals be coordinated with all of the cases that were not part of the coordinated discovery and preclude the use of any coordinated discovery depositions in those cases.

As you may be aware, however, the Government has agreed to allow the plaintiffs in Northern States Power Co. v. United States, No. 98-484C (Fed. Cl.), System Fuels, Inc. v. United States, No. 03-2624C (Fed. Cl.) and System Fuels, Inc. v. United States, No. 03-2624C (Fed. Cl.), to take limited depositions of DOE witnesses, pursuant to certain terms discussed with the Court in Systems Fuels. See Transcript of Pre-Trial Conference, Sept. 12, 2006, 27:21-25. Specifically, the Government has agreed to make Messrs. Kouts, Pollog, and Zabransky each available to the plaintiffs in the aforementioned cases for a two-hour-long deposition concerning

topics that have not been covered in previous depositions. These depositions are tentatively scheduled to occur on either October 11 or 12, 2006, in Washington, D.C.

As an accommodation to your client, to the extent Boston Edison can demonstrate to the Government a compelling need to re-depose Messrs. Kouts, Pollog, and Zabransky, we would allow Boston Edison to attend the continued depositions of these individuals, pursuant to the parameters discussed with the Court in System Fuels. Notwithstanding this invitation, for the reasons stated earlier in this letter, the Government will not agree to re-produce Ms. Tomasini as well as Messrs. Barrett and Rusche for additional depositions.

Please advise as soon as possible as to whether you are interested in participating in the limited depositions of Messrs. Kouts, Pollog, and Zabransky. If you have any questions or concerns with respect to the foregoing, please contact me.

Sincerely,

Patrick B. Bryan

PATRICK B. BRYAN
Trial Attorney
Commercial Litigation Branch

cc: Alex D. Tomaszczuk

**DICKSTEIN**SHAPIRO LLP

1825 Eye Street NW | Washington, DC 20006-5403
TEL (202) 420-2200 | FAX (202) 420-2201 | dicksteinshapiro.com

September 29, 2006

VIA FACSIMILE AND U.S. MAIL:

Patrick B. Bryan
Trial Attorney
Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street, N.W.
ATTN: Classification Unit, 8th Floor
Washington, D.C. 20530

Re: *Boston Edison Company v. United States*, No. 99-447C (Fed. Cl.)

Dear Patrick:

I am responding to your letter dated September 27, 2006 in the above-captioned matter regarding Boston Edison Company's ("Boston Edison") request to depose Thomas Pollog, Lake Barret, Beth Tomasoni, David Zabransky, Christopher Kouts, and Bernard Rusche. Our effort to contact the Government informally and negotiate mutually agreeable terms for the depositions of these individuals was an attempt to avoid having to seek the involvement and/or leave of the Court. Unfortunately, the Government's response is inconsistent with the spirit in which our request was intended. Accordingly, Boston Edison hereby requests that the Government reconsider its position and allow the limited deposition of these individuals.

Boston Edison remains willing to schedule the requested depositions at a time and in a place that is convenient for the witnesses. In the case of Mr. Rusche, we are willing to travel outside of the Washington, D.C. area to conduct his deposition in a manner that suits his schedule. With respect to the subject matter of these depositions, Boston Edison has no interest in deposing these individuals regarding subject matter that has already been covered in the prior coordinated discovery, although we note that several of these witnesses have recently attempted to alter their prior testimony, thereby opening the door to additional discovery. To the contrary, Boston Edison will depose these witnesses on areas unique to Boston Edison's causes of action, including its diminished value theories. In order to more accurately tailor Boston Edison's examination of these witnesses, we hereby request that the Government make available *all* prior deposition transcripts of these individuals, rather than the "selected transcripts" available on the Government's discovery database.

DICKSTEINSHAPIROLLP

Patrick B. Bryan
September 29, 2006
Page 2

Finally, the Government's invitation to participate in the depositions of Messrs. Kouts, Pollog, and Zabransky in the *Northern States* and *System Fuels* matters is not a meaningful or adequate alternative. As you are well aware, the Government has scheduled the depositions of John Reed and Geoffrey Lubbock for next week, and is attempting to schedule the deposition of Marc Potkin for October 12 (one of the dates offered for the depositions of the aforementioned Government witnesses). Boston Edison simply does not have adequate time to prepare for the additional depositions of Messrs. Kouts, Pollog, and Zabransky within the timeframe identified in your letter. Moreover, it is not appropriate to "shoe horn" Boston Edison's request to depose these individuals into a previously scheduled two-hour session involving three plaintiffs with claims and issues unrelated to Boston Edison's. Accordingly, we hereby request that the Government reconsider our request to depose these individuals, along with Ms. Tomasoni and Messrs. Barret and Rusche. To the extent that Government refuses to make these witnesses available, Boston Edison reserves its rights to seek appropriate intervention with the Court.

As always, please do not hesitate to contact me should you have any questions.

Sincerely,

Richard J. Conway
(202) 420-2235 (direct)
(202) 420-2201 (fax)
conwayr@dicksteinshapiro.com

cc: Alex D. Tomaszczuk, Esq.



2151417.01

**U.S. Department of Justice**

Civil Division

PDK:DMC:HDL:MESullivan
154-99-447

Tele: (202) 307-0365
Fax: (202) 307-2503

*Washington, D.C. 20530*

October 5, 2006

VIA FACSIMILE AND UNITED STATES MAIL

Richard J. Conway, Esq.
Dickstein Shapiro LLP
1825 Eye Street, N.W.
Washington, DC 20006

Re: *Boston Edison Company v. United States*, No. 99-447C (Fed. Cl.)

Dear Mr. Conway:

I write in response to your letter to Mr. Patrick Bryan, of my office, dated September 29, 2006, regarding re-opening the depositions of six current and former Federal employees. Although you ask that the Government "reconsider its position and allow the limited deposition of these individuals," you have not identified the information that has become available since those depositions were taken that necessitates the re-opening of these depositions. As Mr. Bryan has already noted, each of these witnesses has been deposed already, with the depositions continuing over several days. For example, Mr. Lake Barrett has already been deposed for a total of seven days, and he retired from the Federal Government on May 31, 2002, shortly after the conclusion of his deposition. Accordingly, we do not know what further information Mr. Barrett could have that is relevant to these cases about which he has not already been questioned. Similarly, Messrs. Pollog and Zabransky have already been deposed for 12 and 18 days, respectively. The repeated depositions of Messrs. Pollog and Zabransky takes time away from their primary responsibility, which is to ensure that the Department of Energy ("DOE") begins performance under the Standard Contract. Absent such an explanation of what further information you believe is new, we cannot agree to re-open the depositions of these witnesses.

Nevertheless, the Government is making Messrs. Kouts, Pollog and Zabransky available next week, October 11 and 12, 2006, for depositions at the offices of Pillsbury Winthrop Shaw Pittman LLP, pursuant to a discussion with the Court in System Fuels, Inc. v. United States, No. 03-2624C (Fed. Cl.). Although you indicated in your letter that these dates are not convenient for you, we urge you to reconsider your availability. We will not object to Boston Edison's attendance at the continued depositions of these individuals, pursuant to the parameters discussed with the Court in System Fuels. See Transcript of Pre-Trial Conference, Sept. 12, 2006, 27:21-

25. Given the necessarily limited nature of the questions that are available to ask these gentlemen regarding "areas unique to Boston Edison's causes of action," we believe that this timing is more than sufficient to accomplish these depositions. Absent your willingness to attend these depositions and ask the questions you believe necessary, we ask you to follow the requirements of the Court's rules and seek leave of the Court to re-open these depositions.

In your letter, you also request that we produce copies of all of the deposition transcripts that we have purchased in this litigation of other utilities' depositions of potential Government witnesses. The Government is unable to accommodate this request. As you certainly can understand, we have paid significant sums of money to purchase copies of these transcripts. Further, the issues surrounding the court reporters' rights to control the sale and distribution of the transcripts that they generated appear complicated. Nevertheless, pursuant to the Court's rules, one party in a case is not entitled to require another party to produce, at no cost, copies of deposition transcripts that the first party would otherwise need to purchase from the court reporter who transcribed the depositions. In Kinan v. City of Brockton, Massachusetts, 112 F.R.D. 206 (D. Mass. 1986), the district court considered a plaintiff's motion to compel the defendant to produce copies of deposition transcripts taken in the litigation. Although the plaintiff had purchased a copy of the transcript of the first day of his own deposition, he did not order copies of the second day or of any of three other depositions taken in the case. The district court denied the plaintiff's request, finding that Rule 30(f)(2) of the Federal Rules of Civil Procedure, which has been adopted by the Court of Federal Claims, contains "an explicit provision governing the obtaining of copies of depositions." Id. at 207. That rule provides that, "[u]pon payment of reasonable charges therefor, the officer shall furnish a copy of the deposition to any party or to the deponent." The district court opined that "this provision precludes a party from employing the procedures of Rules 34 and 37, F. R. Civ. P., to obtain copies of depositions in the case from another party who has ordered transcripts and received them upon payment of the applicable fee." Id.; see Seaview Terrace v. Diaz, Nos. CIV. 92-00003, CV944-90, 1992 WL 365805, at *4 (D. Guam Apr. 16, 1992) ("[i]n view of the provision in Rule 30(f)(2) mandating payment, . . . [t]he court was correct in ensuring that Seaview did not attempt to obtain a free copy of the transcript").

We cannot agree to produce to Boston Edison all of the deposition transcripts of Government employees that have been taken as part of the SNF litigation. Nevertheless, although we are not required to do so pursuant to RCFC 30 or 34, we previously made copies of the electronic versions of some deposition transcripts, in ASCII format, available to the plaintiff in Consumers Energy Corp. v. United States, No. 02-1894C (Fed. Cl.). Before we made those ASCII disks available to the plaintiff in Consumers, we contacted each of the court reporting companies involved to obtain their non-opposition to that production. Based upon the representations made at that time, we made these transcripts of all of the depositions of Government employees taken up to the time of the production available to counsel for the spent nuclear fuel plaintiffs on the Government's document production website. I presume that these are the transcripts that you reference in your letter. For deposition transcripts of current and former Government employees taken since that date, I have attached, as Attachment A, a list of those depositions and the names, addresses, and phone numbers of the court reporting companies

involved in transcribing them. With that list, Boston Edison should be able to purchase any of those transcripts that it wishes.

If you have any questions about this matter, you may contact me at (202) 307-0365.

Sincerely,

MARIAN E. SULLIVAN
Trial Attorney
Commercial Litigation Branch

cc: Alex D. Tomaszczuk

# ATTACHMENT A

**Government Witness Depositions Since the Production to Consumers Energy**

Table1

| LAST NAME | FIRST NAME | DEPOSITION DATE | PLAINTIFF | COURT REPORTER |
|---|---|---|---|---|
| Arthur, III | W. John | 9/22/2005 | PG&E | CAPITAL COURT REPORTING |
| Bajwa | Christopher | 2/18/2004 | ComEd | ESQUIRE DEPOSITION SERVICES |
| Benz | Edward | 12/15/2003 | IM | CAPITAL COURT REPORTING |
| Blair | Kenneth | 5/3/2004 | Yankee | OVERNITE COURT REPORTERS |
| Bubar | Patrice | 5/20/2004 | Yankee | OVERNITE COURT REPORTERS |
| Burgoyne | Robert | 7/8/2004 | SMUD | L.A.D. REPORTING COMPANY |
| Campbell | Robert | 5/6/2004 | Yankee | OVERNITE COURT REPORTERS |
| Carlson | James | 2/12/2004 | ComEd | ESQUIRE DEPOSITION SERVICES |
| Carlson | James | 4/23/2004 | Yankee | ALDERSON REPORTING COMPANY, INC. |
| Garrish | Theodore | 9/23/2005 | PG&E | CAPITAL COURT REPORTING |
| Hoffman | Stephen | 2/23/2004 | IM | JABS REPORTING, INC. |
| Huizenga | David | 4/30/2004 | Yankee | ALDERSON REPORTING COMPANY, INC. |
| Kennedy | James | 5/11/2004 | Yankee | OVERNITE COURT REPORTERS |

| LAST NAME | FIRST NAME | DEPOSITION DATE | PLAINTIFF | COURT REPORTER |
|---|---|---|---|---|
| Knoll | William | 1/4/2005 | SMUD | L.A.D. REPORTING COMPANY |
| Kouts | Christopher | 4/11/2005 | SoNuc & SCE&G | L.A.D. REPORTING COMPANY |
| Kouts | Christopher | 3/12/2004 | ComEd | ESQUIRE DEPOSITION SERVICES |
| Kouts | Christopher | 1/30/2004 | IM & ComEd | CAPITAL COURT REPORTING |
| Kouts | Christopher | 2/19/2004 | IM & ComEd | CAPITAL COURT REPORTING |
| Langstaff | David | 11/4/2004 | SMUD | L.A.D REPORTING COMPANY |
| O'Connor | Steve | 2/18/2004 | ComEd | ESQUIRE DEPOSITION SERVICES |
| Picha, Jr. | Kenneth | 7/7/2004 | SMUD | L.A.D REPORTING COMPANY |
| Pollog | Thomas | 11/1/2005 | PG&E | CAPITAL COURT REPORTING |
| Pollog | Thomas | 2/24/2004 | ComEd | ESQUIRE DEPOSITION SERVICES |
| Pollog | Thomas | 2/25/2004 | ComEd | ESQUIRE DEPOSITION SERVICES |
| Pollog | Thomas | 2/25/2004 | ComEd | ESQUIRE DEPOSITION SERVICES |
| Pollog | Thomas | 12/17/2003 | IM | CAPITAL COURT REPORTING |
| Stewart | Leroy | 7/1/2004 | SMUD | L.A.D REPORTING COMPANY |
| Williams | Jeffrey | 12/12/2003 | IM | CAPITAL COURT REPORTING |

| LAST NAME | FIRST NAME | DEPOSITION DATE | PLAINTIFF | COURT REPORTER |
|---|---|---|---|---|
| Williams | Jeffrey | 1/22/2004 | ComEd | ESQUIRE DEPOSITION SERVICES |
| Williams | Jeffrey | 11/18/2004 | SMUD | L.A.D REPORTING COMPANY |
| Young | Francis | 5/14/2004 | Yankee | OVERNITE COURT REPORTERS |
| Zabransky | David | 11/1/2005 | PG&E | CAPITAL COURT REPORTING |
| Zabransky | David | 10/20/2005 | WEPCO | MILLER REPORTING |
| Zabransky | David | 1/29/2004 | IM & ComEd | CAPITAL COURT REPORTING |
| Zabransky | David | 5/4/2004 | Yankee | OVERNITE COURT REPORTERS |
| Zabransky | David | 2/27/2004 | IM & ComEd | CAPITAL COURT REPORTING |
| Zabransky | David | 2/26/2004 | IM & ComEd | CAPITAL COURT REPORTING |
| Zabransky | David | 4/12/2005 | SoNuc | L.A.D REPORTING COMPANY |
| Zabransky (Subject to Protective Order) | David | 2/26/2004 | IM & ComEd | CAPITAL COURT REPORTING |
| Zabransky | David | 1/28/2004 | IM & ComEd | CAPITAL COURT REPORTING |
| Zabransky | David | 10/21/2005 | WEPCO | MILLER REPORTING |

## Court Reporters

ALDERSON REPORTING COMPANY, INC.
1111 14TH STREET, NW
SUITE 400
WASHINGTON DC 20005
1.800.367.3376

CAPITAL REPORTING COMPANY
1000 CONNECTICUT AVENUE
NW SUITE 505
WASHINGTON, DC 20006
202.857.3376

ESQUIRE DEPOSITION SERVICES
1020 19TH STREET, NW
WASHINGTON, DC 20036
1.800.441.3776

JABS REPORTING, INC.
1825 I STREET, NW
WASHINGTON, DC 20006
202.296.6102

L.A.D. REPORTING COMPANY
1100 CONNECTICUT AVENUE, NW
SUITE 1150
WASHINGTON, DC 20036
202.861.3410

MILLER REPORTING COMPANY
735 8TH STREET, SE
WASHINGTON, DC 20003
202.546.6666

OVERNITE COURT REPORTING SERVICE
P.O. BOX 2808
SILVER SPRING, MD 20915-2800
301.593.0671