**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **BOSTON EDISON COMPANY**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**THE UNITED STATES,**<br><br>**Defendant.** | **No. 99-447C**<br>**No. 03-2626C**<br>**(Judge Charles F. Lettow)** |
| **ENTERGY NUCLEAR GENERATION CO.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**THE UNITED STATES,**<br><br>**Defendant.** | |

**PLAINTIFF BOSTON EDISON COMPANY'S REPLY IN SUPPORT**
**OF ITS MOTION FOR LEAVE TO TAKE A RULE 30(b)(6) DEPOSITION**

Dated: January 8, 2007

DICKSTEIN SHAPIRO LLP
Richard J. Conway
1825 Eye Street NW
Washington, D.C. 20006
(202) 420-2200

*Counsel of Record for Boston Edison Company*

Of Counsel:
Nicholas W. Mattia, Jr.
Bradley D. Wine
Bernard F. Sheehan
Lisa M. Barbas
DICKSTEIN SHAPIRO LLP
1825 Eye Street NW
Washington, D.C. 20006
(202) 420-2200

Neven Rabadjija, Esq.
Associate General Counsel
NSTAR Electric & Gas Corporation
800 Boylston Street, 17th Floor
Boston, MA 02199-0228

# TABLE OF CONTENTS

I. THE GOVERNMENT'S STATEMENT OF THE LEGAL STANDARD IS INCORRECT ..... 2

II. BOSTON EDISON WILL BE PREJUDICED ABSENT THE REQUESTED DEPOSITION ..... 5

III. THE GOVERNMENT RAISES NO PERSUASIVE REASON TO ISSUE A PROTECTIVE ORDER ..... 7

A. The Government Faces No Undue Burden. ..... 7

B. The Information Boston Edison Seeks Is Clearly Relevant. ..... 7

C. The Government Can Show No Privilege. ..... 8

D. Boston Edison's Proposed Notice of Deposition Is Not Vague. ..... 10

E. Boston Edison's Proposed Notice of Deposition Is Not Overbroad. ..... 10

F. Boston Edison's Proposed Notice of Deposition Excludes Topics Previously Addressed. ..... 12

G. "Delay" Is Not a Valid Reason To Resist This Discovery. ..... 13

IV. THE GOVERNMENT'S RESISTANCE TO BOSTON EDISON'S DISCOVERY EFFORTS IS UNWARRANTED ..... 14

V. CONCLUSION ..... 16

# TABLE OF AUTHORITIES

**Federal Cases**

*Ameristar Jet Charter, Inc. v. Signal Composites, Inc.*, 244 F.3d 189 (1st Cir. 2001)..............13

*Anderson v. Yungkau*, 329 U.S. 482 (1947)..................................................................3

*Bogan v. Northwestern Mutual Life Insurance Co.*, 152 F.R.D. 9 (S.D.N.Y. 1993)..................8

*Dixon v. CertainTeed Corp.*, 164 F.R.D. 685 (D. Kan. 1996)..............................................3

*Donovan v. Mehlenbacher*, 652 F.2d 228 (2d Cir. 1981)...................................................11

*Independence Park Apartments v. United States*, 59 Fed. Cl. 765 (2004) ..............................3

*Jade Trading, LLC v. United States*, 64 Fed. Cl. 85 (2005) ..........................................3, 4

*Melhorn v. New Jersey Transit Rail Operations, Inc.*, 206 F.R.D. 176 (E.D. Pa. 2001).............3

*Miller v. Federal Express Corp.*, 186 F.R.D. 376 (W.D. Tenn. 1999)....................................3

*Northwestern Mut. Life Ins. Co. v. Wender*, No. 95 CIV 10222(DAB)(DFE), 1997 WL 251542 (S.D.N.Y. May 13, 1997) ....................................................................11

*Quality Aero Technology, Inc. v. Telemetrie Elektronik, GmbH*, 212 F.R.D. 313 (E.D.N.C. 2002)............................................................................................12, 13

*Tramm v. Porter Memorial Hospital*, 128 F.R.D. 666 (N.D. Ind. 1989)..................................4

*United States v. Procter & Gamble Co.*, 356 U.S. 677 (1958)...............................................6

**Docketed Cases**

*Dairyland Power Cooperative v. United States*, No. 04-106C (Fed Cl.) ................................14

*Southern Nuclear Operating Co. v. United States*, No. 98-614C (Fed. Cl.)..............................14

**Rules**

Rule 26 ..........................................................................................................2

Rule 26(a)(2) ..................................................................................................3

Rule 26(b)(2) ..................................................................................................3

Rule 30(a)(2) ....................................................................................................................2, 3

Rule 30(b)(6) ................................................................................................................ passim

Rule 103(a)(1) ........................................................................................................................8

**Other Sources**

2 Paul R. Rice, Attorney-Client Privilege in the United States § 11:5 (2006) ..............................8

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **BOSTON EDISON COMPANY** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| **THE UNITED STATES,** | ) | **No. 99-447C** |
| | ) | **No. 03-2626C** |
| **Defendant.** | ) | **(Judge Charles F. Lettow)** |
| **ENTERGY NUCLEAR GENERATION CO.,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

**PLAINTIFF BOSTON EDISON COMPANY'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO TAKE A RULE 30(b)(6) DEPOSITION**

Plaintiff Boston Edison Company ("Boston Edison") respectfully submits this reply in support of its motion for leave to conduct a Rule 30(b)(6) deposition of the Defendant, the United States.[1] The Government has failed to raise a single persuasive reason why it should be permitted to withhold the requested deposition. As described below, Boston Edison has made every effort to narrow the topics for which it seeks new testimony from the Government. Boston Edison is faced with the risk of not knowing the Government's positions regarding key issues until the day of trial. Faced with this serious risk of prejudice to Boston Edison, and the inefficient use of the Court's time at trial, the Government offers only generic allegations of

[1] Though the Government's response brief was titled both an "Opposition" and "Cross-Motion," Boston Edison submits that such dual briefing is unnecessary, and respectfully requests that this Reply also be considered an Opposition to the Government's cross-motion, if necessary.

burden, and unsupported, conclusory statements that Boston Edison's notice of deposition is vague, overbroad, duplicative, or requests privileged information.

As explained below, the Government cannot support any of these claims. The Government offers that its testimony in other cases – which has nothing to do with Boston Edison or the Pilgrim sale – should be sufficient for Boston Edison to try its case. The Government's position is untenable, and it should not be permitted to completely shield its position until trial on central issues in this case which, given the significant substantive changes in the past four years, have *never been examined*. The benefits of an additional Rule 30(b)(6) deposition, which will prevent Boston Edison from being prejudiced at trial and will assist all parties as well as the Court in fully fleshing out the issues, outweigh any purported burden involved in preparing the requested witness or making him or her available to be deposed. Accordingly, Boston Edison respectfully requests the Court grant its Motion and permit Boston Edison leave to take a Rule 30(b)(6) deposition[2] regarding the topics identified in its proposed notice of deposition. (Plaintiff Boston Edison Company's Motion For Leave To Take a Rule 30(b)(6) Deposition, filed December 1, 2006 ("Pl's Br."), at 3-5 & Exhibit E.)

## I. THE GOVERNMENT'S STATEMENT OF THE LEGAL STANDARD IS INCORRECT

Rule 30(a)(2)(B) specifically states that leave to reopen a deposition "shall be granted" if the requirements of Rule 26 are met. Despite this clear language, the Government inappropriately seeks to shift the burden to Boston Edison on this motion based on scant phrases

[2] Boston Edison requests leave to take a deposition. The Government's assertion that that characterization is some attempt by Boston Edison to mislead (Defendant's Response to Plaintiff Boston Edison Company's Motion For Leave To Take a Rule 30(b)(6) Deposition and Cross-Motion For a Protective Order ("Deft's Br.") at 2 n.1) is directly contradicted by Boston Edison's frank, straightforward recitation of the depositions that have already been taken in this case. (Pl's Br. at 2.)

gathered from a handful of cases. None of the Government's arguments correctly state the legal standard.

As Boston Edison has already pointed out, in deciding whether to grant leave to reopen a deposition, courts look to the standard stated in Rule 26(b)(2), and "[s]ome courts have opined that leave to conduct a second deposition should ordinarily be granted, and that the party opposing the second deposition must demonstrate good cause why the second deposition should not be taken." *Jade Trading, LLC v. United States*, 64 Fed. Cl. 85, 86-87 (2005); *see also* Pl's Br. at 6-7. In addition, Rule 30(a)(2)(B) states that "a party must obtain leave of court, *which shall be granted* to the extent consistent with the principles stated in RCFC 26(b)(2) . . . if, without the written stipulation of the parties . . . the person to be examined already has been deposed in the case." RCFC 30(a)(2)(B) (emphasis added).

The statement in Rule 30(a)(2)(B) that leave of court "shall be granted" makes clear that the presumption is in favor of granting such requests. In fact, the court *must* grant such a request if it is consistent with the principles stated in RCFC 26(b)(2). "The word 'shall' is ordinarily [t]he language of command." *Anderson v. Yungkau*, 329 U.S. 482, 485 (1947) (interpreting Federal Rules of Civil Procedure) (citation and internal quotation marks omitted). Yet the Government selectively quotes Rule 30(a)(2)(B), stating that "a party 'must obtain leave of court' to depose a person or entity that already has been deposed during the litigation." (Defendant's Response to Plaintiff Boston Edison Company's Motion For Leave To Take a Rule 30(b)(6) Deposition and Cross-Motion For a Protective Order ("Deft's Br.") at 10.) The Government's attempt to avoid its burden is inconsistent with the plain language of the Rule and with this Court's precedent.

Not a single case cited by the Government states that the burden rests upon the party wishing to reopen the deposition. The fact that some courts have "disfavored" reopening Rule

30(b)(6) depositions or that "leave of court" must be obtained in order to do so in no way changes the Government's burden. (Deft's Br. at 9-10.) None of the cases upon which the Government relies are persuasive in this regard. (*Id.*)[3]

The Government does not persuasively counter the substantive case law Boston Edison has cited in support of the requested deposition. Instead, the Government tries unsuccessfully to distinguish the cases. For example, the Government argues that *Jade Trading* is "inapplicable" because in that case, prior counsel had been unable to take an effective deposition, asserting that "[h]ere, such extenuating circumstances do not exist." (Deft's Br. at 19 n.12.) Yet Boston Edison has pointed to the developments over the last four years, as well as the numerous new issues raised by the amended complaint, as just such extenuating circumstances.[4]

The Government also tries to make the point that a change of counsel alone is not enough to warrant reopening a deposition (Deft's Br. at 18-19), despite the considerable case law holding otherwise. (Pl's Br. at 9-10.) Boston Edison makes no argument that a party should not be deemed "bound by the acts of his lawyer-agent," and thus, the Government's extensive

[3] *Independence Park Apartments v. United States*, 59 Fed. Cl. 765, 769 (2004) (Deft's Br. at 10) dealt with a party's request to depose an expert for more than seven hours on two non-consecutive days. The court noted that there were "significant barriers" to that "proposed scheme," but did not address burden or suggest which party should carry it. *Id. Melhorn v. New Jersey Transit Rail Operations, Inc.*, 206 F.R.D 176, 180 (E.D. Pa. 2001) (Deft's Br. at 10) found that "[p]reserving the impeachment value of surveillance" did not justify re-opening a deposition. The court relied on the standards articulated in Rule 30(a)(2)(B) and Rule 26(b)(2). *Id.* In *Miller v. Federal Express Corp.*, 186 F.R.D. 376, 389 (W.D. Tenn. 1999) (Deft's Br. at 10), the court held that a fact deposition could be re-opened based on documents produced after the deposition. In *Dixon v. CertainTeed Corp.*, 164 F.R.D. 685, 692 (D. Kan. 1996), the court allowed several witnesses to be deposed again, based on the reasoning that Rule 26(a)(2) would not be violated.

[4] The Government's attempt to distinguish *Tramm v. Porter Memorial Hospital*, 128 F.R.D. 666 (N.D. Ind. 1989), is similarly ineffective. The Government argues that *Tramm* does not apply because the court denied leave to re-open a fact deposition as opposed to a Rule 30(b)(6) deposition of a party. (Deft's Br. at 9 n.8.) To the contrary, there is certainly a more urgent need for a party's deposition, particularly to establish that party's positions on key issues, than for a fact witness' deposition. If anything, Boston Edison is in a more compelling position than the requesting party in *Tramm*.

citations to this effect are irrelevant. (Deft's Br. at 19.) The Government completely fails to counter the substantive point that Boston Edison's change of counsel was part of a larger shift in case strategy and legal theory that has changed considerably the issues that are currently being litigated. Contrary to the Government's contentions, there is no requirement that, to warrant a re-opened deposition, the new issues or newly relevant evidence must have been "made available" by the Government itself. (Deft's Br. at 20.) Accordingly, Boston Edison respectfully requests that the Court grant leave for Boston Edison to take a Rule 30(b)(6) deposition of the Government, as outlined in Boston Edison's proposed notice of deposition.

## II. BOSTON EDISON WILL BE PREJUDICED ABSENT THE REQUESTED DEPOSITION

The Government does not dispute that Boston Edison will be prejudiced if it cannot take the Rule 30(b)(6) deposition it has requested. The Government's only answer to this serious risk of prejudice is that it is somehow "negated" because of the Government's contention that Boston Edison's notice is purportedly "belated, duplicative, and overly burdensome." (Deft's Br. at 20.) The Government should not be permitted to ignore such serious risks of prejudice in such a conclusory manner. Nor should the Government be permitted to block Boston Edison from discovering the Government's positions on key issues before trial.

Boston Edison has added entirely new theories to this litigation by amending its complaint. (Pl's Br. at 7-9.) It has also been four years since the Government provided Rule 30(b)(6) testimony in this case. (Deft's Br. at 3.) It is therefore wholly incorrect for the Government to assert that no new factual issues have arisen since the last Rule 30(b)(6) deposition.[5] (Deft's Br. at 17-22.)

---

[5] The Rule 30(b)(6) deposition taken during the coordinated discovery process in 2002, which the Government insists it is all it is required to provide, was *significantly* limited by the presiding Discovery Judge, Judge Sypolt. Specifically, Judge Sypolt limited discovery to developing facts necessary to respond to the Government's then-pending summary judgment motions. *See* Order dated February 1, 2002, a true and correct copy of which is attached hereto as Exhibit A, at 2.

The Government's suggestion that Boston Edison should use testimony from other cases does nothing to meet Boston Edison's current need for discovery or reduce the risk of prejudice if discovery is not granted. None of the witnesses in the other cases that the Government points to were asked questions that are specific to Boston Edison's claims. The claims in each of the spent nuclear fuel cases vary greatly, as do the relevant facts – for example, here, the sale of the Pilgrim facility is unique and central to the case. In addition, the Government itself has had specific, different interactions with each of the plaintiffs in these cases.

Moreover, the Government does not and cannot offer a guarantee that its Rule 30(b)(6) testimony in other cases will serve to establish its positions in this litigation. Thus, while testimony from other cases may be peripherally helpful or useful to Boston Edison, it will not serve to establish the Government's positions on key issues in this case. Boston Edison is not only entitled to know those positions before trial, but it is also entitled to establish the Government's position for the purpose of *this* case. Boston Edison should be able to proceed knowing the basis of the Government's positions on its claims. The purpose of the discovery rules is to make trial "less a game of blindman's b[l]uff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958).

---

"[T]he scope of discovery shall be limited by RCFC 56(g) factors, *i.e.* to discovering facts essential to justify plaintiff's opposition to the dispositive motions." *Id.* The Government should not be permitted to hide behind Judge Sypolt's order by suggesting that Boston Edison already has had a full opportunity to depose the Government. Indeed, as described in greater detail herein, the topics for which Boston Edison is now seeking Rule 30(b)(6) testimony are different from those pursued in earlier depositions. The Government's insistence that there are topics that Boston Edison should already have addressed (Deft's Br. at 18) fails in light of the limitations that were placed on the Rule 30(b)(6) deposition taken during the coordinated discovery process in 2002.

Contrary to the Government's assertion, Boston Edison has described exactly what "new information" it expects to obtain. (Pl's Br. at 9.) Boston Edison cannot be expected to provide significantly more detailed information with respect to a deposition that has not yet taken place. Thus far, only the Government knows what its precise positions are on the relevant topics. Accordingly, Boston Edison respectfully requests that the Government be required to provide those positions at deposition.

## III. THE GOVERNMENT RAISES NO PERSUASIVE REASON TO ISSUE A PROTECTIVE ORDER

### A. The Government Faces No Undue Burden.

The Government asserts that it will be subjected to undue "burden and expense" in preparing a Rule 30(b)(6) witness or witnesses for deposition. (*E.g.*, Deft's Br. at 11, 13.) Yet the Government fails to articulate any extraordinary or unusual burden that is not normally associated with Rule 30(b)(6) depositions, and it most certainly cannot show that any such burden would outweigh the significant need and risk of prejudice Boston Edison has shown. Indeed, the Government has already received the considerable benefit of the coordinated discovery process that has already taken place. Boston Edison has made clear that it seeks to revisit no ground covered by that previous Rule 30(b)(6) deposition, as is apparent from the face of Boston Edison's proposed Rule 30(b)(6) deposition notice.

### B. The Information Boston Edison Seeks Is Clearly Relevant.

The Government makes relevance objections only to topics 4 and 7 of Boston Edison's proposed notice of deposition, neither of which are persuasive. Despite the Government's contentions, both topics request information directly relevant to the issues in this case. For topic 7, the Government's interpretation and knowledge of the Pilgrim sales contract is particularly relevant to the scope of Boston Edison's retained claims and the transfer of the Standard Contract to Entergy. Indeed, contrary to the Government's assertion that it only

became privy to the terms of the Pilgrim sale during the course of this litigation, Boston Edison provided notice of the sale to the Government, including the transfer of the Standard Contract and Boston Edison's retention of claims against the Government, contemporaneously with the closing of the Pilgrim transaction. *See* July 13, 1999 letter from J. Judge to U.S. Dep't of Energy, a true and correct copy of which is attached hereto as Exhibit B.

The Government's relevance objection to Topic 4 is puzzling. Topic 4 requests testimony regarding the Government's "performance under the Standard Contract, including the projected or estimated first operational date for an SNF repository . . . ." (Pl's Br. at 4 & Ex. E.) The Government's acceptance, or lack thereof, of spent nuclear fuel, is key to this litigation. Further, the Government's admission that it has already testified on this issue contradicts its assertion of irrelevance. (Deft's Br. at 15.)

The Government implicitly admits that the rest of the topics in Boston Edison's proposed notice of deposition are directly relevant to this litigation. Since the Government can raise no credible assertion of privilege or protection, or any concrete way in which it will be somehow unduly burdened, there is absolutely no bar to the requested discovery.

### C. The Government Can Show No Privilege.

Privilege issues cannot be used to shield entire areas of inquiry or an entire deposition.[6] Yet the Government attempts to avoid topics 5[7] and 6[8] of Boston Edison's proposed

---

[6] A treatise summarizes this general rule:

> It is generally inappropriate to object to an entire deposition on the ground that the subjects to be explored will involve communications that the attorney-client privilege protects. . . . Such an objection is untimely and would violate Rule 103(a)(1) of the Federal Rules of Evidence. The attorney-client privilege claim must be asserted in response to each question that elicits confidential attorney-client communications. . . . The few exceptions to this prohibition against general refusals to submit to deposition involve depositions of attorneys.

2 Paul R. Rice, Attorney-Client Privilege in the United States § 11:5 (2006).

notice of deposition in their entirety for that very reason. (Deft's Br. at 15-16.) The Government's position regarding what damages Boston Edison is entitled to as a result of the Government's failure to perform is central to this case and is not protected by any privilege. No privilege issues could possibly arise that cannot be remedied by appropriate objections by counsel. The area of damages is not off-limits simply because an attorney may have, at some point, considered it. It is the Government, not its counsel, that is being asked for its position.

Similarly, the Government tries to fully block any inquiry on topic 7[9] based on privilege, and because the Government's counsel saw the Pilgrim sale contract for the first time during this litigation. *But see* Exhibit B hereto (indicating the Government was notified of the sale on July 13, 1999). Boston Edison seeks the *Government's* position on the relevant issues, not its counsel's work product or any attorney-client communications. Using the Government's logic, *any* area of inquiry relating to documents that its counsel saw for the first time in the context of this litigation would be undiscoverable from any witness. Such a position is illogical

---

The Government itself has recently argued to this Court that the proper way to address privilege is through objections at deposition, not by precluding the deposition entirely. Defendant's Response to Boston Edison Company's Motion For a Protective Order and Cross-Motion To Compel, filed December 7, 2006, at 16, 20 (quoting *Bogan v. Northwestern Mut. Life Ins. Co.*, 152 F.R.D. 9, 14 (S.D.N.Y. 1993) ("If questions put at the deposition relate to privileged matters, a proper objection may be interposed at that time.")). Boston Edison stated in those motion papers that it is willing to provide testimony to the Government on the topics the Government has requested, so long as the Government seeks that testimony from a witness who is not Boston Edison's counsel. The Government, on the other hand, seeks to preclude entire topics from Boston Edison's discovery.

[7] Topic 5 requests testimony regarding the Government's "understanding of the costs or potential costs to the nuclear power industry, and to Pilgrim in particular, of alternative means of temporary fuel storage associated with the DOE's failure to begin accepting SNF as of January 31, 1998." (Pl's Br. at 5 & Ex. E.)

[8] Topic 6 requests testimony regarding "estimated potential liability related to the delayed acceptance of SNF under the Standard Contract, including the Government's potential liability to Boston Edison." (Pl's Br. at 5 & Ex. E.)

[9] Topic 7 requests testimony regarding "the Government's knowledge, oversight, and approval of the sale of Pilgrim from Boston Edison to Entergy and any related regulatory activities." (Pl's Br. at 5 & Ex. E.) Boston Edison also specified several subtopics. *Id.*

and untenable. This attempt to block Boston Edison's legitimate discovery requests should not be countenanced.

### D. Boston Edison's Proposed Notice of Deposition Is Not Vague.

Topic 3 is the only topic in Boston Edison's proposed notice of deposition that the Government objects to as "vague." (Deft's Br. at 14-15.) Topic 3 requests testimony from the Government regarding "Boston Edison's performance under the Standard Contract." (Pl's Br. at 4 & Ex. E.) Yet the Government's basis for this objection is unsupportable. Boston Edison should not "be required to identify those aspects of its own performance about which it seeks testimony," (*id.*), because it is the Government's position, not Boston Edison's, that Boston Edison seeks. Indeed, the Government's position regarding which issues are and are not "in dispute" are part of the Government's overall position in this case, which Boston Edison should not be surprised with at trial. Should the Government be willing to stipulate that Boston Edison has fully performed under the Standard Contract, and that the Government will raise no objection or issue related to Boston Edison's performance, Boston Edison would certainly accept such a stipulation in lieu of testimony on Topic 3.

### E. Boston Edison's Proposed Notice of Deposition Is Not Overbroad.

The Government's allegations of overbreadth are similarly unpersuasive. The three Rule 30(b)(6) notices that the Government has already answered (Pl's Br. at Exs. A-C) are not significantly more specific or narrower than the new topics enumerated in Boston Edison's proposed notice of depositon. The Government refers generally to black letter law specifying the requirement of "reasonable particularity," but fails to show in any convincing way how Boston Edison has not met this requirement. (Deft's Br. at 12-13.) Topic 1 of Boston Edison's proposed notice of deposition is tailored to address specifically the Government's "understanding" of the history and development of the statute that forms the basis of this

litigation. (Pl's Br. at 3-4 & Ex. E.) The Government does not explain why Boston Edison's request for the Government's specific understanding of a specific statute is overbroad.[10] (Deft's Br. at 13-14.)

The Government then makes the inconsistent assertion that Topic 2 is both overly broad but also cumulative of other discovery. (*Id.* at 14.) Again, the Government seeks to avoid discovery that is equally as precise, definite, and specific as the prior discovery notices that the Government has previously found to be unobjectionable. Topic 2 enumerates eight fully described subtopics with respect to the Standard Contract about which Boston Edison seeks to know the Government's position. (Pl's Br. at 4 & Ex. E.) For this topic, too, the Government provides absolutely no explanation for its assertion of overbreadth.

For Topic 3, as stated above, contrary to the Government's argument, Boston Edison cannot be expected to "identify those aspects of its own performance" under the Standard Contract that the Government deems to be "in dispute." (Deft's Br. at 14-15.) The Government is well aware which issues it deems to be "in dispute," and can prepare its witnesses accordingly. As previously stated, Boston Edison is entitled to know the Government's views regarding which issues it deems pertinent to this dispute. None of these topics are overbroad, and the Government has no good reason to avoid a deposition on any of them.

[10] To the extent that this Court finds the language "including but not limited to" to be inappropriate, Boston Edison will strike that language from its proposed notice of deposition. (Deft's Br. at 13); *but see Donovan v. Mehlenbacher*, 652 F.2d 228, 230-31 (2d Cir. 1981) (finding that subpoena stated requests with reasonable particularity despite inclusion of "including but not limited to" language, because subpoena was otherwise limited in scope); *Northwestern Mut. Life Ins. Co. v. Wender*, No. 95 CIV 10222(DAB)(DFE), 1997 WL 251542, at *3 (S.D.N.Y. May 13, 1997) (noting that language rendered subpoena overbroad but that that defect "could have been handled by good-faith negotiation between the attorneys").

### F. Boston Edison's Proposed Notice of Deposition Excludes Topics Previously Addressed.

Contrary to the Government's arguments, Boston Edison has tailored its proposed notice of deposition so as not to duplicate any testimony previously taken in this case. The Government's assertions that the requested information is cumulative or duplicative are unfounded, and some of those assertions receive no explanation at all. Importantly, the Government has not cited a single deposition transcript showing that its witnesses have previously testified to the topics for which Boston Edison now seeks discovery.

For example, in its complaints about Topics 1 and 2, the Government states that the topics are duplicative, but does not even point to the witness or witnesses who purportedly have already testified regarding those topics. (Deft's Br. at 13-14.) There is not a single reference to any substance of any deposition, and no citations to any transcript. The same lack of proof was relied on in *Quality Aero Technology, Inc. v. Telemetrie Elektronik, GmbH*, 212 F.R.D. 313, 319 (E.D.N.C. 2002), to support the court's ruling granting leave for an additional Rule 30(b)(6) deposition over a party's complaints that it was duplicative. In *Quality Aero*, the court noted that the opposing party had submitted "no prior deposition testimony which would support an argument that the information sought is in any way duplicative of the subject matter of the prior deposition." *Id.* The same is true here, and the same result is warranted.

Also for Topic 2, the Government argues that the information Boston Edison seeks can be found in the documents the Government produced (Deft's Br. at 14), but this argument, too, is misplaced. Those documents do not speak for the Government as a party. Boston Edison is entitled to depose the Government regarding the contents of those documents and its positions regarding the import of the information therein. Again, the Government should not be permitted to withhold its positions until trial.

Topic 4 is not duplicative, because it has been four years since the Government last produced a Rule 30(b)(6) deposition (Deft's Br. at 3), and the United States' projected date for acceptance of spent nuclear fuel has changed.[11] Boston Edison does not seek to rehash the Government's previous estimates, but only to obtain the Government's currently projected date for acceptance.

Boston Edison carefully reviewed the topics that were the subject of previous depositions to eliminate any duplication, contrary to the Government's characterizations. (Deft's Br. at 6-7, 9.) Indeed, a review of Boston Edison's proposed notice of deposition and the original, withdrawn notice of deposition originally sent to the Government shows that significant changes were made in response to the Government's protestations. (Compare Pl's Br., Ex. D to Pl's Br., Ex. E.) The notices are hardly "virtually identical," as the Government claims. (Deft's Br. at 9.) "Comparing the discovery topics listed in the notices, it is evident that they seek information relating to different subject areas." *Quality Aero*, 212 F.R.D. at 319. Since Boston Edison tailored its request to ask only for unique information, it is not necessary to identify or designate prior Rule 30(b)(6) testimony from this case. (Deft's Br. at 8.)

### G. "Delay" Is Not a Valid Reason To Resist This Discovery

The Government's complaint that Boston Edison waited "more than two years" after changing its counsel to seek this deposition (Deft's Br. at 19-20) is incorrect and inaccurate. The Government's "delay" argument is particularly disingenuous in light of the fact that Boston Edison's current counsel spent its first thirteen months on this case defending against the Government's attempts to dismiss this case on the basis of standing. The Government can point

[11] As of September 2006, the Department of Energy was reported to have predicted "having the first . . . reprocessing and recycling plant operational by 2020." Mary O'Driscoll, *Appropriations: Hobson demands new GNEP budget numbers before conference*, Env't & Energy Daily, September 14, 2006, http://www.eenews.net/EEDaily/print/2006/09/14/6, a true and correct copy of which is attached hereto as Exhibit C.

to no requirement that a request for additional Rule 30(b)(6) testimony must take place during any specific time period following a party's appointment of new counsel.[12] *See, e.g.*, *Quality Aero*, 212 F.R.D. at 319 ("by sending its second notice of deposition within the discovery time period, [the requesting party] rendered [the opposing party's] arguments that it could have served an earlier notice of deposition inapposite.")

Discovery was ongoing when Boston Edison served its notice, and when it filed the current motion and proposed notice. For efficiency's sake, given that the passage of time changes many of the facts and leads to the development of new facts, this deposition appropriately should take place toward the end of discovery. The Government itself served a notice on Boston Edison for a Rule 30(b)(6) deposition on December 12, 2006, well after Boston Edison had served its own notice and nearly eight years after the Government first became involved in this matter. Using the Government's flawed logic, its own notice should be considered invalid as well.

## IV. THE GOVERNMENT'S RESISTANCE TO BOSTON EDISON'S DISCOVERY EFFORTS IS UNWARRANTED

Before this motion was filed, counsel for the Government relayed to counsel for Boston Edison, in no uncertain terms, that the only way Boston Edison would get any additional witnesses in this case was by a court order. The Government has simply decided it is done producing witnesses in this case, regardless of the needs of the parties or the information that has or has not been disclosed. The Government's statements to Boston Edison's counsel, as well as

---

[12] The Government's citation to *Ameristar Jet Charter, Inc. v. Signal Composites, Inc.*, 244 F.3d 189 (1st Cir. 2001) (Deft's Br. at 20), is not persuasive. Nowhere does that opinion state that delay was a basis for denying the requested re-opening of a Rule 30(b)(6) deposition. *Ameristar* does state that partial summary judgment had already been rendered when the re-opened deposition was requested, a significant difference from the instant case. 244 F.3d at 192. The court notes only in passing that "[o]ne year later and after Magistrate Judge Boyle's recommendation for partial summary judgment against it, Signal issued a Rule 30(b)(6) subpoena to GEAE." *Id.*

its behavior in other cases,[13] belie its assertion that it was willing to "work cooperatively" with Boston Edison to resolve this dispute. (Deft's Br. at 8 n.7.)

The Government also attempts to cast aspersions on Boston Edison's cooperative spirit by stating that Boston Edison "did not accept the Government's invitation to attend" the depositions – held only after motion practice and court order in a different spent nuclear fuel case – of Thomas Pollog, Christopher Kouts, and David Zabransky. (*Id.* at 4.) Mr. Pollog and Mr. Zabransky have previously provided Rule 30(b)(6) testimony during coordinated discovery in this case.

The Government fails to mention that Messrs. Pollog, Kouts, and Zabransky were deposed as fact witnesses, not Rule 30(b)(6) representatives of the Government. It does not disclose that the depositions were for only two hours each and that at least two other parties were already scheduled to question the deponents during the limited time period. The Government also glosses over the fact that it gave Boston Edison only a week's notice to attend these minimally useful depositions. *See* Deft's Br. at A26 (September 29, 2006 letter from R. Conway to P. Bryan, stating, among other things, that "Boston Edison simply does not have adequate time to prepare for the additional depositions of Messrs. Kouts, Pollog, and Zabransky within the timeframe identified" by the Government.) Boston Edison's choice to instead pursue the testimony to which it is entitled from the Government in this case was eminently reasonable

---

[13] The Government has similarly refused to produce any further witnesses in other related spent nuclear fuel cases. *See, e.g.*, Plaintiff Dairyland's Motion to Compel Depositions, filed December 18, 2006, in *Dairyland Power Cooperative v. United States*, No. 04-106C (Fed Cl.), a true and correct copy of which is attached hereto, without its exhibits, as Exhibit D, and Defendant's Motion For a Protective Order To Preclude RCFC 30(b)(6) Deposition and Motion for Expedited Consideration, filed December 3, 2004 in *Southern Nuclear Operating Co. v. United States*, No. 98-614C (Fed. Cl.), a true and correct copy of which is attached hereto, without its exhibits, as Exhibit E.

under the circumstances. Even if Boston Edison had attended those depositions, it would still need to request the current Rule 30(b)(6) testimony from the Government.

## V. CONCLUSION

For the reasons stated above, Boston Edison respectfully requests that the Court grant it leave to conduct a Rule 30(b)(6) deposition of the Government, and for such other and further relief as the Court deems proper.

Date: January 8, 2007

Respectfully submitted,

s/ Richard J. Conway
Richard J. Conway
DICKSTEIN SHAPIRO LLP
1825 Eye Street NW
Washington, D.C. 20006
(202) 420-2200

*Counsel of Record for Boston Edison Company*

Of Counsel:

Nicholas W. Mattia, Jr.
Bradley D. Wine
Bernard F. Sheehan
Lisa M. Barbas
DICKSTEIN SHAPIRO LLP
1825 Eye Street NW
Washington, D.C. 20006
(202) 420-2200

Neven Rabadjija, Esq.
Associate General Counsel
NSTAR Electric & Gas Corporation
800 Boylston Street
17th Floor
Boston, MA 02199-0228

**NOTICE OF ELECTRONIC FILING**

I hereby certify that on January 8, 2007, a copy of the foregoing "Plaintiff Boston Edison Company's Reply in Support of its Motion for Leave to Take a Rule 30(b)(6) Deposition" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Bradley D. Wine
Bradley D. Wine