# EXHIBIT A

# In the United States Court of Federal Claims

(Filed February 1, 2002)

| | | |
|---|---|---|
| *************************************** | * | |
| **YANKEE ATOMIC ELECTRIC COMPANY** | * | |
| **CONNECTICUT YANKEE ATOMIC POWER COMPANY** | * | |
| **MAINE YANKEE ATOMIC POWER COMPANY** | * | **Case Nos.** |
| **FLORIDA POWER & LIGHT COMPANY** | * | **98-126C, 98-154C,** |
| **NORTHERN STATES POWER COMPANY** | * | **98-474C, 98-483C,** |
| **DUKE POWER, A Division of DUKE ENERGY CORP.** | * | **98-484C, 98-485C,** |
| **INDIANA MICHIGAN POWER COMPANY** | * | **98-486C, 98-488C,** |
| **SACRAMENTO MUNICIPAL UTILITY DISTRICT** | * | **98-614C, 98-621C,** |
| **SOUTHERN NUCLEAR OPERATING COMPANY, <u>et al</u>.** | * | **99-447C, 00-440C,** |
| **COMMONWEALTH EDISON COMPANY** | * | **00-697C, 00-703C,** |
| **BOSTON EDISON COMPANY** | * | **01-115C, 01-116C,** |
| **GPU NUCLEAR, INCORPORATED** | * | **01-249C** |
| **WISCONSIN ELECTRIC POWER COMPANY** | * | |
| **POWER AUTHORITY OF THE STATE OF NEW YORK** | * | **UNCONSOLIDATED** |
| **OMAHA PUBLIC POWER DISTRICT** | * | |
| **NEBRASKA PUBLIC POWER DISTRICT** | * | **Judge Diane Gilbert Sypolt** |
| **TENNESSEE VALLEY AUTHORITY** | * | |
| | * | **Discovery Judge** |
| **Plaintiffs,** | * | |
| | * | |
| **v.** | * | |
| | * | |
| **THE UNITED STATES,** | * | |
| | * | |
| **Defendant.** | * | |
| *************************************** | | |

RECORDS COPY
Pleadings
CLIENT / MATTER # 419.001

## <u>Order</u>

On January 22, 2002, defendant filed a motion to reconsider the court's January 3, 2002 order lifting the suspension on coordinated discovery.

Defendant argues that plaintiffs have failed to demonstrate, pursuant to Rule 56(g) of the Rules of the Court of Federal Claims (RCFC), the need for discovery to respond to the pending motions for summary judgment and to dismiss. Notwithstanding the strength of defendant's arguments, in the interest of fully developing the record, the lifting of the stay of discovery procedures shall remain in effect and defendant's motion to reconsider the January 3, 2002 order is denied.

However, the scope of discovery shall be limited by RCFC 56(g) factors, i.e. to discovering facts essential to justify plaintiff's opposition to the dispositive motions. See **Simmons Oil Corp. v. Tesoro Petroleum Corp.**, 86 F.3d 1138, 1144 (Fed. Cir. 1996) ("A trial court's denial of a motion for further discovery under Rule 56[g] will not be deemed an abuse of discretion if 'there is no reason to believe that it will lead to the denial of a pending motion for summary judgment.'") (citation omitted); **Opryland USA Inc. v. Great American Music Show, Inc.**, 970 F.2d 847, 852 (Fed. Cir. 1992) (discovery under Rule 56[g] must be permitted if it is reasonably directed to "facts essential to justify the party's opposition..."); **Keebler Co. v. Murray Bakery Prods.**, 866 F.2d 1386, 1389-90 (Fed. Cir. 1989) (no abuse of discretion to deny vague, unfocused request for discovery under Rule 56[g]). See generally **Am. Sav. Bank v. United States**, 50 Fed. Cl. 586 (Smith, Senior J., 2001) (denying Rule 56(g) discovery where it would, at most, produce evidence irrelevant to the issue being decided on summary judgement); **First Heights Bank, F.S.B. v. United States**, 2001 U.S. Claims LEXIS 160, at * 24 (Bruggink, J., Aug. 16, 2001) (denying Rule 56(g) discovery "[b]ecause the discovery defendant seeks is not reasonably calculated to lead to the discovery of admissible evidence").

On January 24, 2002, plaintiffs filed a motion to revise the dates in the September 26, 2001 order governing the conduct of coordinated discovery, necessitated by the suspension of discovery between November 16, 2001, and January 3, 2002. Defendant's January 29, 2002 response generally recognizes the need for revising the schedule, but reiterates its argument that additional discovery should not be granted unless plaintiffs justify it under RCFC 56(g).

Upon consideration of the parties' arguments, the following schedule shall apply: 1) the parties shall exchange privilege logs on or before February 10, 2002; 2) depositions of document custodians shall be conducted on or before February 21, 2002 (if plaintiffs do not agree to a reasonable number of such depositions, the court will); 3) supplemental interrogatories and requests for admission shall be served on or before March 1, 2002; and 4) depositions shall be completed on or before April 30, 2002.

Defendant's request to postpone its depositions until after plaintiffs file their responses to the dispositive motions is allowed. Plaintiffs may conduct up to 10 depositions; additional depositions must be shown not to be cumulative and to be relevant and necessary to support plaintiff's case.

DIANE GILBERT SYPOLT*
Judge, U.S. Court of Federal Claims

---

* Appointed as Diane Gilbert Weinstein.