IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| BOSTON EDISON COMPANY<br><br>Plaintiff,<br><br>v.<br>UNITED STATES,<br><br>Defendant. | ) | |
| | ) | No. 99-447C<br>No. 03-2626C<br>(Judge Lettow) |
| ENTERGY NUCLEAR GENERATION CO.,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | ) | |

DEFENDANT'S RESPONSE TO PLAINTIFF ENTERGY NUCLEAR GENERATION COMPANY'S MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL ELECTRONICALLY

Defendant, the United States, respectfully responds to the motion for leave to file documents under seal electronically filed by plaintiff, Entergy Nuclear Generation Company ("ENGC"). In its motion, ENGC seeks leave to file documents under seal related to its motion for partial summary judgment related to Boston Edison Company's diminution in value claim, because ENGC intends to rely upon documents designated as "Confidential Materials" pursuant to the protective orders entered in this partially consolidated proceeding. The Government does not oppose ENGC's motion to file documents under seal.

In its April 9, 2007, response to ENGC's motion, Boston Edison Company ("BECO"), contends that ENGC's motion for partial summary judgment is inconsistent with the amended

scheduling order entered by the Court on February 26, 2007. However, as BECO indicates in its response, the Court did not address any schedule for filing dispositive motions. Under these circumstances, ENGC's motion for partial summary judgment is in accord with the Rules of the Court of Federal Claims, which allows for the filing of summary judgment "at any time." RCFC 56(b).[1]

Further, although the Government did previously move for summary judgment, ENGC has not. Indeed, at the time the Government moved for summary judgment, ENGC was not a party to this litigation.[2] Now that discovery has been completed, it is appropriate to provide ENGC the opportunity to streamline these partially consolidated cases by resolving, where possible, any outstanding legal or undisputed factual issues. Rather that promote wastefulness, as BECO contends, consideration and resolution of legally dispositive issues prior to trial will result in a narrowing of issues and a conservation of judicial resources.

For the foregoing reasons, the Government does not oppose ENGC's motion to file documents under seal in support of its motion for partial summary judgment. Further, the Government does not oppose ENGC's right to file its motion for partial summary judgment.

---

1/ Although ENGC is a plaintiff in the above-captioned case, to the extent that it is seeking the dismissal of a portion of BECO's claim, it appears that ENGC's motion for partial summary judgment would fall under RCFC 56(b), governing motions for defending parties. In any event, even if ENGC's motion were analyzed under RCFC 56(a), which governs motions for summary judgment filed by a claimant, the only time limitation relates to a preclusion from filing until 60 days after the commencement of the litigation. Obviously, that limitation does not apply in this case.

2/ The Court did not partially consolidate the ENGC and BECO cases until July 29, 2005. See Boston Edison Company v. United States, 67 Fed. Cl. 63 (2005).

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/ Alan J. Lo Re
ALAN J. LO RE
Senior Trial Counsel
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street, N.W.
Classification Unit, 8th Floor
Washington, D.C. 20530
Tel: 202-307-0226
Fax: 202-307-2503

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

PATRICK B. BRYAN
SCOTT R. DAMELIN
STEPHEN FINN
JOSHUA E. GARDNER
SONIA ORFIELD
Trial Attorneys
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street, N.W.
Washington, D.C. 20530

April 9, 2007

Attorneys for Defendant

CERTIFICATE OF FILING, AND CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of April, 2007, a copy of foregoing "DEFENDANT'S RESPONSE TO PLAINTIFF ENTERGY NUCLEAR GENERATION COMPANY'S MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL ELECTRONICALLY" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Joshua E. Gardner