**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
(Electronically Filed on April 11, 2007)

| | |
|---|---|
| **BOSTON EDISON COMPANY**, Plaintiff, v. **THE UNITED STATES**, Defendant. | No. 99-447C |
| **ENTERGY NUCLEAR GENERATION CO.**, Plaintiff, v. **THE UNITED STATES**, Defendant. | No. 03-2626C (Judge Lettow) |

**PLAINTIFF ENTERGY NUCLEAR GENERATION COMPANY'S RESPONSE TO PLAINTIFF BOSTON EDISON COMPANY'S MOTION TO STRIKE**

Plaintiff Entergy Nuclear Generation Company ("ENGC"), by and through the undersigned counsel, respectfully files this response to Plaintiff Boston Edison Company's ("BECO") April 9, 2007 motion to strike ENGC's April 6, 2007 motion for leave to file documents under seal and ENGC's anticipated motion for partial summary judgment on BECO's diminution in value claim. BECO's motion alleges that the Court's February 26, 2007 Order "prohibits the filing of pre-trial dispositive motions." However, because that order contains no such prohibition, and because ENGC's anticipated summary judgment motion may well simplify and narrow the issues for the Court to adjudicate at the June 2007 trial in the above-captioned cases, BECO's motion to strike should be denied.

The Court's February 26, 2007 Order specifies a schedule for the following pre-trial matters: (1) close of discovery; (2) submission of contentions of fact and law; (3) submission of draft and final exhibit and witness lists; (4) meeting of counsel; (5) filing of pre-trial motions; and (6) filing of opposition briefs to pre-trial motions. Based on this straightforward listing of pre-trial due dates, the February 26 Order cannot be reasonably construed as affirmatively prohibiting any filings, much less the submission of summary judgment motions. Indeed, while BECO sought a "deadline for the filing of dispositive motions" and ENGC opposed such a deadline, February 22, 2007 Joint Motion to Amend Scheduling Order at 3 n.1, the Court's February 26 Order set no such deadline for dispositive motions but simply a May 4 deadline for "pre-trial motions."

Just as importantly, ENGC's anticipated summary judgment motion could serve to simplify the issues for trial. The purpose of summary judgment – at any point prior to trial – is to avoid an unnecessary trial for which there can only be one outcome. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). ENGC respectfully submits that there are discrete aspects of BECO's damages claim that may be resolved as a matter of law or which lack any dispute over material facts (i.e., trial is unnecessary on such matters). Moreover, BECO's reliance on the fact that other portions of its claim will go to trial regardless of any ruling on ENGC's summary judgment motion is irrelevant. On the contrary, the resolution of ENGC's summary judgment motion – especially if such motion is granted in any part – can only advance the just, speedy, and inexpensive determination of BECO's diminution in value claim by narrowing the issues to be litigated at trial. See RCFC 1.

## CONCLUSION

Thus, for the foregoing reasons, ENGC respectfully submits that its submission of a motion for partial summary judgment is appropriate and does not contravene the Court's February 26, 2007 Order. BECO's motion to strike should be denied and ENGC's motion for leave to file documents under seal should be granted.

Dated: April 11, 2007

Respectfully submitted,

s/ Alex D. Tomaszczuk by s/ Jack Y. Chu

Alex D. Tomaszczuk
**PILLSBURY WINTHROP SHAW PITTMAN LLP**
1650 Tysons Boulevard
McLean, Virginia 22102-4859
(703) 770-7940
(703) 770-7901 (fax)

Counsel of Record for Plaintiff
Entergy Nuclear Generation Co.

Of Counsel:
Jay E. Silberg
Daniel S. Herzfeld
Jack Y. Chu
**PILLSBURY WINTHROP SHAW PITTMAN LLP**
2300 N Street, N.W.
Washington, D.C. 20037-1128
(202) 663-8000
(202) 663-8007 (fax)

L. Jager Smith, Jr.
**WISE CARTER CHILD & CARAWAY, P.A.**
1340 Echelon Parkway
Jackson, MS 39213
(601) 368-5572
(601) 368-5816 (fax)