# EXHIBIT B

**DICKSTEIN**SHAPIRO LLP

1825 Eye Street NW | Washington, DC 20006-5403
TEL (202) 420-2200 | FAX (202) 420-2201 | dicksteinshapiro.com

April 5, 2007

**VIA E-MAIL AND U.S. MAIL:**

Alan J. LoRe
Senior Trial Counsel
Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street, N.W.
ATTN: Classification Unit, 8th Floor
Washington, D.C. 20530

Re: *Boston Edison Company v. United States*, No. 99-447C (Fed. Cl.)

Dear Mr. LoRe:

I write regarding the recent Rule 30(b)(6) depositions of Mr. Ronald Uleck and Mr. David Zabransky in the above-captioned case, which took place on March 28, 2007 and April 5, 2007 respectively. I wish to address several matters that arose at those depositions and note that, overall, neither witness was fully prepared to testify on the Government's behalf regarding the topics granted to Boston Edison Company ("Boston Edison") by Judge Lettow's February 26, 2007 decision and order.

During his deposition, Mr. Uleck referred, in response to nearly every area of questioning, that his basis for testimony on behalf of the Government was not his own knowledge or the result of study of available and verifiable sources, but primarily the knowledge of Mr. Michael Dusaniwskyj, another individual who works at the Nuclear Regulatory Commission ("NRC"). Mr. Uleck admitted that he had no involvement in the transfer of the Standard Contract and applicable NRC licensing for the Pilgrim plant from Boston to Entergy, but that Mr. Dusaniwskyj did have such involvement. Mr. Uleck also testified that he had no experience with the Standard Contract and had never read any version of it. Boston Edison is entitled to explore Mr. Dusaniwskyj's knowledge and recollections regarding the assignment provision of the Standard Contract. Please explain why the Government failed to produce Mr. Dusaniwskyj for deposition. If Boston Edison is not permitted the opportunity to depose Mr. Dusaniwskyj before trial, Boston Edison will oppose any trial testimony by Mr. Dusaniwskyj as prejudicial and highly improper and will take such other steps as may be necessary to protect Boston Edison's interests in this matter, including, but not limited to moving to limit the use of Mr. Uleck's testimony by the Government.

In addition, Mr. Uleck was completely unprepared to give any testimony whatsoever regarding whether utilities must pay required fees to the Government in order to keep a nuclear plant eligible for a license life extension. He had nearly no information about the relationship of the Standard Contract to renewal of operating licenses for nuclear plants. He did not have any information regarding Boston Edison's Standard Contract, and indeed, stated that he had never read the Standard Contract. Mr. Uleck's testimony on behalf of the NRC is problematic given the areas for which he was designated to testify.

Boston Edison considers the Government's obligation to provide a knowledgeable witness to be unfulfilled with respect to the issues for which Mr. Uleck was produced. Please notify me as to the identity and available times for a replacement witness or witnesses to provide the Government's position on those topics.

Mr. Zabransky was similarly unprepared for his deposition. For example, he stated that he had spoken with only four people and reviewed a handful of documents before his deposition, all selected by counsel.[1] Specifically, Mr. Zabransky stated that he had no familiarity with Boston Edison's Standard Contract or cost incurred specifically by Boston Edison, subject matter that was clearly called for by Boston Edison's Rule 30(b)(6) deposition notice. Mr. Zabransky refused to take a position on behalf of the Government regarding the Government's contemplation of the sale of plants, asserting that such information was the domain of the NRC. Although Mr. Zabransky made it quite clear that he restricted his review of information in preparation for his deposition to Department of Energy ("DOE") sources, Boston Edison's deposition notice was not limited by agency. Indeed, Judge Lettow's February 27, 2007 opinion specifically states that Boston Edison is entitled to discovery of "the Government", not simply DOE, on these topics. Mr. Zabransky admitted that he did not ask for documents, nor does he know whether any exist regarding topic 2(f) of Boston Edison's deposition notice. He could not testify regarding whether the DOE and NRC communicated regarding the contemplated use of the assignment provision of the Standard Contract in 1983, or about the ability of utilities, such as Boston Edison, to sell their nuclear facilities in general. Mr. Zabransky did not review the administrative record related to the promulgation of the Standard Contract, relying instead on counsel to review the record for him. Moreover, although Mr. Zabransky admitted that the genesis of the assignment provision was the from the NWPA, he admitted that he did not review the legislative history of the NWPA, nor did he attempt to obtain any information from sources outside of DOE regarding why and how that provision was mandated by Congress.

[1] At Mr. Zabransky's deposition, Mr. Gardner inquired about the March 4, 1983 letter from The Cincinnati Gas & Electric Company to Mr. Morgan. That document was, we understand, produced by the Government and carries the Bates labels HQR052-0175 to HQR052-0186.

For topic 2(h), Mr. Zabransky had absolutely no information regarding Boston Edison's future needs for on-site storage of spent nuclear fuel, despite the specific reference to the Pilgrim plant in the deposition notice. Boston Edison therefore considers the Government's obligation to produce a knowledgeable representative witness to be unfulfilled with respect to the issues for which Mr. Zabransky was designated.

Throughout his deposition, Mr. Zabransky referred repeatedly to Mr. Robert Morgan, stating that Mr. Morgan had primary authority for and familiarity with the promulgation of the terms of the Standard Contract, particularly the assignment provision. As his answer to many questions, Mr. Zabransky referred to conversations he had with Mr. Morgan. Mr. Zabransky, as the Government representative, often based the Government's position on little more than those recollections, repeatedly admitting that Mr. Morgan was a superior source of information on numerous topics and ultimately admitting that he lacked personal information to answer such basic questions as the meaning of essential terms in the assignment provision of the Standard Contract. For several topics, Mr. Zabransky also identified Mr. Morgan as the *most* knowledgeable individual regarding the Government's knowledge and intent at the time of entering into the Standard Contract. Boston Edison is entitled to explore Mr. Morgan's knowledge and recollections regarding the assignment provision of the Standard Contract. Please explain why the Government failed to produce Mr. Morgan for deposition. If Boston Edison is not permitted the opportunity to depose Mr. Morgan before trial, Boston Edison will oppose any trial testimony by Mr. Morgan as prejudicial and highly improper, and will take such other steps as may be necessary to protect Boston Edison's interests in this matter, including, but not limited to moving to limit the use of Mr. Zabransky's testimony by the Government.

Finally, during both Mr. Uleck's and Mr. Zabransky's depositions, the Government asserted a piecemeal approach to Boston Edison's notice of deposition, contending that DOE and NRC have different knowledge bases, can somehow take different factual and legal positions, and indeed, at Mr. Zabransky's deposition, the Government implied that DOE and NRC have *no* interaction with respect to the Standard Contract. It is Boston Edison's position that such an approach is inappropriate. Please explain the basis for the Government's position and why the Government failed to produce a witness or witnesses capable of testifying as to the full extent of the Government's knowledge on these topics.

Should you have any further questions, please do not hesitate to contact me.

Sincerely,

Richard J. Conway
(202) 420-2235
(202) 420-2201 (Fax)
conwayr@dicksteinshapiro.com

cc: Jager Smith, Esq. (via email)