# EXHIBIT D

**DICKSTEIN**SHAPIRO LLP

1825 Eye Street NW | Washington, DC 20006-5403
TEL (202) 420-2200 | FAX (202) 420-2201 | dicksteinshapiro.com

April 17, 2007

**VIA E-MAIL AND U.S. MAIL:**

Alan J. LoRe
Senior Trial Counsel
Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street, N.W.
ATTN: Classification Unit, 8th Floor
Washington, D.C. 20530

Re: *Boston Edison Company v. United States*, No. 99-447C (Fed. Cl.)

Dear Mr. LoRe:

I write in response to your April 11, 2007 letter, regarding the recent Rule 30(b)(6) depositions of Mr. Ronald Uleck and Mr. David Zabransky in the above-captioned case. Messrs. Uleck and Zabransky testified on behalf of the United States on March 28, 2007 and April 5, 2007 respectively. In short, Boston Edison finds these witnesses' failure to respond to several topical areas of deposition to be a direct violation of Judge Lettow's February 26, 2007 order.

Because the issues that concern Boston Edison Company ("Boston Edison") are factual ones, we did not cite cases where other parties similarly failed to produce knowledgeable witnesses in our April 5, 2007 letter to you. We also assumed that you were familiar with the extensive case law holding that a party is required to adequately educate the witnesses it designates as its Rule 30(b)(6) representative at deposition. *See, e.g., System Fuels, Inc. v. United States*, 73 Fed. Cl. 206, 217 (2006). Based on the numerous instances where the Government's witnesses were unable to provide complete answers to questions clearly within the scope of their designations, there can be little doubt that the Government has failed to meet its obligations pursuant to the Court's February 26, 2007 order. *See Boston Edison Co. v. United States*, 75 Fed. Cl. 557, 563-70 (2007) ("*Boston Edison*").

Contrary to established law and Judge Lettow's order, Messrs. Uleck and Zabransky simply failed to provide any substantive answers whatsoever for many of the topical areas on which Boston Edison questioned them. Irrespective of the preparation each witness undertook, as described at length in your letter, it appears that additional witnesses should have been offered. The Government's responsibility, per Judge Lettow's order, was to provide a knowledgeable witness on each topic specified. The Government did not fulfill this responsibility.

We understand from your letter that the Government disagrees; however, a brief look at the transcripts from each deposition reveals many areas for which the witnesses simply could not provide any information at all. If it is the Government's position that, for those questions, there is simply no information to be had, then we do not expect that the Government will take a contrary position at trial and attempt to supply information on those topics. Should the Government attempt to do so, Boston Edison will take all available steps to prevent such testimony.

We referred to Messrs. Dusaniwskyj and Morgan[1] only because the Government's witnesses repeatedly did so. Both Government witnesses identified these gentlemen as possessing superior knowledge on their given topics, including those areas where the witnesses were incapable of offering any testimony at all. We simply suggested that those individuals, in contrast to the witnesses the Government provided, might be able to answer the questions presented in a more complete and accurate fashion. The failure of the Government to produce the most qualified witnesses to provide testimony, coupled with the failure of the proferred witnesses to provide complete responses to the questions posed to them, undermines the Government's assertion that it has satisfied its obligations to the Court and to Boston Edison. We also would consider it to be prejudicially unfair if the Government provided Boston Edison with an unprepared witness for deposition, and then chose a different, knowledgeable, prepared witness to present the Government's positions on those topics at trial.

In addition, your implication that we did not "designate, with painstaking specificity" the topics for deposition also ignores Judge Lettow's order and simply rehashes an argument that was previously rejected by the Court. For example, Judge Lettow permitted specific examination of the assignment provision of the Standard Contract, and yet, Mr. Zabransky was unable to testify regarding the most basic of subjects, such as the meaning of the terms contained in that provision, the origin of those terms, and how the clause operates. Ultimately, Mr. Zabransky testified that the Department of Energy was taking "no position" regarding the very clause for which he was designated to provide testimony. *See, e.g.,* Zabransky Tr. at. 185:15-186:16.

---

[1] Your statement that Boston Edison has "already deposed" Mr. Morgan ignores both the substance of these depositions and Judge Lettow's ruling. The Court specifically found that issues surrounding the assignment provision of the Standard Contract had *not* been addressed during coordinated discovery. When we questioned Mr. Zabransky regarding precisely those issues, we received only a recounting of his conversations with Mr. Morgan, which was far from detailed, extensive, or complete. Mr. Zabransky himself testified that Mr. Morgan was the "best party to know what DOE's expectations were at the time of the [drafting of the Standard] contract," (Zabransky Tr. at 94:4-94:7), and that he had failed to ask Mr. Morgan specific questions of unquestionable import to the topics for which Mr. Zabransky had been designated. *See, e.g.*, Zabransky Tr. at 15-16.

Such a position is clearly improper, given the Court's Order. The Government has the responsibility to abide by the Court's ruling which was straightforward and did not require the "painstaking specificity" you now request. Were that the case, we would have expected the Government to seek additional clarification from the Court prior to the depositions. Your failure to do so speaks volumes as to the clarity of our requests.

Finally, your reference to the timing of our letter is disingenuous at best, particularly given that the Government scheduled both depositions at its convenience and had requested repeated continuances for its own convenience. Our letter came to you hours after Mr. Zabransky's deposition was taken. Had we known ahead of time that Mr. Zabransky was going to be as ill-prepared to testify as he was, we would have raised our concerns sooner.

In light of the foregoing, as well as the Government's stated position that it will not take the requisite steps to cure the deficiencies in the record resulting from Messrs. Uleck's and Zabransky's incomplete testimony, Boston Edison reserves its rights to seek all appropriate remedies that are available, including, but not limited to, Court intervention. Should you have any further questions, please do not hesitate to contact me.

Sincerely,

Richard J. Conway
(202) 420-2235
(202) 420-2201 (Fax)
conwayr@dicksteinshapiro.com

cc: Jager Smith, Esq. (via email)