**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **BOSTON EDISON COMPANY,**<br>**Plaintiff,**<br><br>**v.**<br><br>**THE UNITED STATES,**<br>**Defendant.** | ) | |
| **ENTERGY NUCLEAR GENERATION CO.,**<br>**Plaintiff,**<br><br>**v.**<br><br>**THE UNITED STATES,**<br>**Defendant.** | ) | **No. 03-2626C**<br>**(Judge Charles F. Lettow)** |

**PLAINTIFF BOSTON EDISON COMPANY'S MOTION IN LIMINE TO EXCLUDE CERTAIN TESTIMONY OF ENTERGY'S WITNESS, DONALD R. DENTON**

**Richard J. Conway**
**DICKSTEIN SHAPIRO LLP**
**1825 Eye Street, NW**
**Washington, DC 20006-5403**
**Tel: (202) 420-2200**
**Fax: (202) 420-2201**

**Counsel of Record for Boston Edison Company**

**Of Counsel:**
**Bradley D. Wine**
**Nicholas W. Mattia, Jr.**
**Bernard F. Sheehan**
**DICKSTEIN SHAPIRO LLP**
**1825 Eye Street, NW**
**Washington, DC 20006-5403**

**Neven Rabadjija, Esq.**
**Associate General Counsel**
**NSTAR Electric & Gas Corporation**
**800 Boylston Street, 17th Floor**
**Boston, MA 02199-0228**

**May 4, 2007**

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **BOSTON EDISON COMPANY,**<br>**Plaintiff,**<br><br>**v.**<br><br>**THE UNITED STATES,**<br>**Defendant.** | ) | |
| **ENTERGY NUCLEAR GENERATION CO.,**<br>**Plaintiff,**<br><br>**v.**<br><br>**THE UNITED STATES,**<br>**Defendant.** | ) | **No. 99-447C**<br>**No. 03-2626C**<br>**(Judge Charles F. Lettow)** |

**PLAINTIFF BOSTON EDISON COMPANY'S**
**MOTION IN LIMINE TO EXCLUDE CERTAIN TESTIMONY**
**OF ENTERGY'S WITNESS, DONALD R. DENTON**

Pursuant to Rule 16 of the Rules of the Court of Federal Claims ("RCFC") and Rules 602, 701, and 801 of the Federal Rules of Evidence ("FRE"), Plaintiff Boston Edison Company ("Boston Edison") hereby moves this Court to preclude Mr. Donald R. Denton, a witness for Entergy Nuclear Generation Co. ("Entergy"), from testifying at trial regarding the nature of the funds contained within the decommissioning trust fund transferred at the time of the Pilgrim Nuclear Power Station ("Pilgrim") acquisition. Mr. Denton should not be permitted to testify at trial on this specific topic because he lacks the requisite personal knowledge required under both FRE 602 and 701 to testify or offer opinions on this issue. Plaintiff Entergy intends to call Mr. Donald R. Denton as witness to testify "regarding the nature of the funds contained within the Decommissioning Trust Fund transferred *at the time of* the Pilgrim Nuclear Power Station ("Pilgrim") acquisition and associated filings with the Nuclear Regulatory Commission

("NRC"), and other related matters." *See* Entergy's Final Witness List, dated April 30, 2007, at 2 (emphasis added). As discussed in greater detail below, during his March 23, 2007 deposition (*hereinafter* referred to as "Denton Dep."), Mr. Denton repeatedly stated he was not involved in the Pilgrim Nuclear Power Station transaction nor did he have knowledge sufficient to discuss the transaction. Thus, Mr. Denton lacks any personal knowledge to testify regarding the nature of the funds transferred at the time of the Pilgrim sale as required by FRE 602 and therefore is not a competent witness under FRE 601. Mr. Denton's opinions offered on the topic also do not satisfy the requisite personal knowledge required under FRE 701(a) and therefore Entergy should be precluded from calling him as a witness based on FRE 701 as well.[1]

## ARGUMENT

### I. MR. DENTON SHOULD BE PRECLUDED FROM TESTIFYING REGARDING THE NATURE OF THE DECOMMISSIONING TRUST FUND AT THE TIME OF THE PILGRIM ACQUISITION BECAUSE HE DOES NOT HAVE THE REQUISITE PERSONAL KNOWLEDGE REQUIRED UNDER THE FEDERAL RULES OF EVIDENCE

#### A. Mr. Denton Does Not Qualify as Competent Witness Under FRE 601 and 602 Due to His Lack of Personal Knowledge Regarding the Decommissioning Trust Fund.

Mr. Denton does not have the requisite personal knowledge about the nature of the decommissioning trust fund required under FRE 602 to testify on the topic at trial and therefore is not competent to be a witness under the requirements of FRE 601. *See* Fed. R. Evid. 601 ("Every person is competent to be a witness except as otherwise provided in these rules"). FRE 602 states that a witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. *See also Alaska American Lumber Co. v. United States*, 25 Cl. Ct. 518, 518 (1992) (granting defendant's summary judgment motion in part based on the fact that declarant's affidavit was not based on

[1] Mr. Denton is not being offered as an expert witness pursuant to FRE 702, and therefore, any testimony he intends to offer must be based on his personal knowledge.

personal knowledge and therefore the plaintiff could not provide sufficient evidence to support a finding that the potential witness had personal knowledge to testify under FRE 602); *C.f. Boston Edison Co. v. United States,* 64 Fed. Cl. 167, 181 (Fed. Cl. 2005).[2] "A witness who testifies to a fact which can be perceived by the senses must have had an opportunity to observe, and must have actually observed the fact." FRE 602 Advisory Comm.'s Note. "Rule 602 clearly places on the proponent of the testimony the initial burden of showing that it represents the witness' personal knowledge." *United States v. Davis*, 792 F.2d 1299, 1304 (5th Cir. 1986). The test to determine whether a witness can testify under FRE 602 is whether a reasonable trier of fact could believe the witness had personal knowledge. *U.S. v. Tocco,* 135 F.3d 116, 128 (2d Cir. 1998). Traditionally, the required foundation demonstrating personal knowledge can be satisfied by testimony of the witness himself. *United States v Davis*, 792 F2d 1299, 1304-05 (5th Cir. 1986).

Thus, in order for Entergy to demonstrate that Mr. Denton should be considered a competent witness on the topic of the nature of the funds at the time of the Pilgrim acquisition, he must have had personal knowledge regarding the acquisition. As the following passages from his deposition indicate,[3] Mr. Denton does not possess personal knowledge of the nature of the funds transferred during the Pilgrim acquisition. As Mr. Denton repeatedly stated, he had nothing to with the Pilgrim transaction or an assessment of the funds *at the time of the transaction*:

---

[2] The facts related to Boston Edison's Motion are clearly distinguishable from the Court's previous ruling on the Government's motion to strike the affidavit of Geoffrey Lubbock because Mr. Lubbock, unlike Mr. Denton, was contemporaneously involved in the topic at issue in the challenged affidavit. The Court found that Mr. Lubbock had personal knowledge because of his position and involvement in frequent meetings related to the topic at issue. *Boston Edison Co. v. United States,* 64 Fed. Cl. at 181. In contrast, Mr. Denton testified that he did not have any involvement in the Pilgrim acquisition.

[3] A true and accurate copy of Mr. Denton's deposition transcript is attached hereto as Exhibit A.

Q. Okay. Is it fair to say you had nothing to do with examining or financing or purchase options for the Pilgrim on behalf of Entergy?

A. I had nothing to do with that.

Q. ….–fair to say that you were not involved in the negotiation of the terms of the purchase and sale agreement between Entergy and Boston Edison Company?

A. Was not involved.

…

Q. Okay. Were you aware of any characterization of the amounts transferred in the decommissioning trust at the time of the sale that represented any kind of breakout or split…?

A. No. I was not privy to any of that.

Denton Dep., pg 39:19 - 20:4; *See also* Denton Dep., pg 162:21 - 163:1. Later in his deposition, Mr. Denton again reiterated his lack of personal knowledge in response to a question posed by counsel for Boston Edison, about whether the Decommissioning Fund contained funding for post shutdown spent fuel storage and what Entergy's perspective was as to what the funding contained at the time of the closing of the sale:

Q. …The current decommissioning trust fund does not specially contain funding for post shutdown spent fuel storage. Is that consistent with your understanding?

….

A. I can't say. But I was aware that the current decommissioning fund did not have enough money.

…

Q. Do you know whether the fund specifically contained funding for post shutdown spent fuel storage?

A. In my opinion, no.

> Q. Okay. And what's the basis for your opinion? ... Where did you learn that? How did you come to that understanding?
>
> A. Just my general knowledge.
>
> Q. Okay. Were you – do you know if that was the case from Entergy's perspective ***at the time of closing*** on the sale of the Pilgrim plant from Boston Edison to Entergy?
>
> …
>
> A. I don't know what their assumptions were.

Denton Dep., pg 107:11 – 108:16 (emphasis added). In fact, even counsel for the Government stated during Mr. Denton's deposition that Mr. Denton was not involved with the sale of the Pilgrim Nuclear Power Station:

> MR. WINE: So what is your objection?
>
> MR. BRYAN: Objection, lack of foundation. He was not the author of this document, he was not involved in the sale.

Denton Dep., pg 171:4 – 171:9.

Perhaps most importantly, by his own admission, Mr. Denton believed that another witness was a better source of information about the Pilgrim transaction than him was since he was not involved in the transaction:

> Q. Mr. Denton, before I continue showing you an additional document… we talked about Dan Keuter earlier….And is it fair to say if I wanted to know details about the specifics of the Pilgrim plant transaction, what was assumed by Entergy, what happened during the transaction, things like that, that he is a good source of information and a superior source of information as compared to you for that kind of knowledge?
>
> A. It is my understanding he was the team leader.

Denton Dep., pg 141:9 – 141:20. Previous cases have found that when a potential witness's affidavit and deposition testimony indicate the he lacks personal knowledge, such a finding was sufficient to determined that the individual would not have personal knowledge sufficient to testify at trial. *See Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1028 (9th Cir.

2001) (awarding summary judgment for defendant where plaintiff's only evidence supporting her discrimination claim was her own deposition statement that "failed to show personal knowledge" and therefore did not satisfy FRE 602); *Unterreiner v. Volkswagen of America, Inc.*, 8 F.3d 1206, 1211-12 (7th Cir. 1993) (in discrimination suit, awarding summary judgment for defendant based on lack of genuine issue of material fact because affidavit of plaintiff indicates that factfinder might not be allowed to hear him testify since he discounted his personal knowledge in both his affidavit and his deposition, essentially claiming he had no "sense data" on the contents of the board). Similarly, Mr. Denton's numerous admissions during the deposition as described above establish that he did not have any direct knowledge about the Pilgrim transaction. No reasonable trier of fact can conclude, based on Mr. Denton's own admissions, that he is qualified to testify regarding the "nature of the funds contained in the Decommissioning Trust Fund transferred at the time of the Pilgrim Nuclear Power Station [] acquisition."[4]

It is clear that Entergy cannot provide the required foundation to establish Mr. Denton's personal knowledge on the topic by Mr. Denton's deposition testimony. Based on the available evidence, Entergy cannot meet its burden of showing that Mr. Denton has personal knowledge as required by FRE 601, nor can Entergy rely on Mr. Denton's preliminary testimony to establish a proper foundation. Therefore, Mr. Denton should not be permitted to testify at trial regarding the nature of the decommissioning trust fund at the time of the Pilgrim acquisition.

[4] Even if Mr. Denton now claims he can offer testimony on the nature of the funds at trial, such testimony would not qualify as personal knowledge since it would have been gained after the fact of the Pilgrim transaction and from other individuals. Such knowledge does not qualify as personal knowledge under FRE 602. *See Kaczmarek v Allied Chemical Corp.*, 836 F.2d 1055, 1060 (7th Cir. 1987) (error under FRE 602 to admit testimony of trucking company safety director about rules in effect at time of accident, when witness did not become safety director until after date of accident and therefore did not have personal knowledge and was instead relying on statements of other employees rather than personal knowledge).

### B. Mr. Denton's Opinions Regarding the Nature of the Decommissioning Trust Fund at the Time of the Pilgrim Acquisition are Inadmissible Under FRE 701 Due to His Lack of Personal Knowledge

Rule 701 of the Federal Rules of Evidence, similar to FRE 602, also requires that a lay witness have personal knowledge upon which to base his opinions in order for them to be admissible as evidence. *See U.S. v. Garcia*, 413 F.3d 201, 211 (2d Cir. 2005) ("Rule 701 represents no departure from Fed.R.Evid. 602 …Rather, Rule 701 simply recognizes lay opinion as an acceptable "shorthand" for the "rendition of facts that the witness personally perceived."). Under FRE 701, a lay witness's opinion must be:

> (a) rationally based on the perception of the witness, and (b) helpful to a clear understanding of the witness' testimony or the determination of the fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Courts have found that when a witness's observations are not based on first-hand knowledge they are inadmissible under FRE 701. For example, in *Cuyahoga Metropolitan Housing Authority v. United States*, the Court of Federal Claims determined that the Defendant's witness declaration was not admissible because he relied on other members of his staff to formulate his opinion and therefore did not have the requisite, first-hand personal knowledge required by Rule 701. 60 Fed. Cl. 481, 482 (Fed. Cl. 2004); *see also DIJO, Inc. v. Hilton Hotels Corp.*, 351 F.3d 679, 686 (5th Cir. 2003) (excluding witness's testimony pursuant to FRE 701 when the witness admitted that he did not have first-hand personal knowledge). Similarly, any opinion that Mr. Denton would offer on the nature of the decommissioning trust fund must be based on others' knowledge because, as he stated under oath in March 2007, he did not have any knowledge about the nature of the fund at the time of the acquisition. Since the event Mr. Denton has been called to testify about (*i.e.*, the Pilgrim acquisition) occurred prior to his deposition, any new knowledge he would offer at trial must have been gained from others' account or perceptions, and therefore, is clearly not based on his own perception. *Id.*

Accordingly, Boston Edison respectfully requests that Mr. Denton be precluded from testifying regarding the nature of the decommissioning trust fund at the time of the Pilgrim acquisition.

## II. MR. DENTON SHOULD BE PRECLUDED FROM TESTIFYING REGARDING THE NATURE OF THE DECOMMISSIONING TRUST FUND AT THE TIME OF THE PILIGRIM ACQUISTION BECAUSE ANY PROFFERED TESTIMONY WOULD BE INADMISSIBLE HEARSAY

Mr. Denton's s testimony should also be excluded under FRE 801 and 802 because any statement Mr. Denton would make at trial on the topic of the nature of the Decommissioning Trust Fund will necessarily be based on out-of-court statements from other individuals. FRE 801(c) defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Under the Federal Rules of Evidence, hearsay is not admissible at trial. Fed. R. Evid. 802. The only information that Mr. Denton would offer at trial would be hearsay since it would necessarily be based on his presumed conversations that occurred with others after the deposition to ascertain the nature of the funds. Thus, any statements or opinions he would offer at trial would be based on the out-of-court statements of others which would be asserted for the truth of the matter asserted. *See, e.g., Protection Strategies, Inc. v. United States*, No. 07-125 C, 2007 WL 1031710, at *7 (Fed. Cl. April 2, 2007) (striking a declaration and testimony because both relied on a conversation with another person that clearly qualified as hearsay). Thus, Mr. Denton's unreliable testimony is precluded by the Federal Rules of Evidence because the knowledge and statements of the original declarant, cannot be cross-examined.

## **CONCLUSION**

For the reasons identified above, Boston Edison respectfully moves this Court to preclude Mr. Donald R. Denton from testifying at trial on Entergy's behalf regarding the nature of the Decommissioning Trust Fund transferred at the time of the Pilgrim Nuclear Power Station acquisition.

Dated: May 4, 2007

Respectfully submitted,

By: s/ Richard J. Conway
Richard J. Conway
DICKSTEIN SHAPIRO LLP
1825 Eye Street, NW
Washington, DC 20006-5403
Tel: (202) 420-2200
Fax: (202) 420-2201

Counsel of Record for Boston Edison Company

Of Counsel:
Bradley D. Wine
Nicholas W. Mattia, Jr.
Bernard F. Sheehan
DICKSTEIN SHAPIRO LLP
1825 Eye Street, NW
Washington, DC 20006-5403

**CERTIFICATE OF ELECTRONIC FILING**

I hereby certify that on May 4, 2007, a copy of the foregoing "Plaintiff Boston Edison Company's Motion In Limine To Exclude the Testimony of Entergy's Witness, Donald R. Denton" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Bradley Wine