**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
(Electronically Filed on May 15, 2007)

| | |
|---|---|
| **BOSTON EDISON COMPANY,**<br>Plaintiff,<br>v.<br>**THE UNITED STATES,**<br>Defendant. | |
| **ENTERGY NUCLEAR GENERATION CO.,**<br>Plaintiff,<br>v.<br>**THE UNITED STATES,**<br>Defendant. | No. 99-447C<br>No. 03-2626C<br>(Judge Lettow) |

**PLAINTIFF ENTERGY NUCLEAR GENERATION COMPANY'S SUPPLEMENTAL BRIEF IN RESPONSE TO THE GOVERNMENT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

Pursuant to this Court's Order dated May 9, 2007, Plaintiff Entergy Nuclear Generation Company ("ENGC") respectfully submits its supplemental brief in response to three discrete issues raised in Government's pre-trial Memorandum of Contentions of Fact and Law ("Govt. Mem.") filed on April 30, 2007.

I. "Substantial Causal Factor" is the Appropriate Standard for Determining Causation

The Government asserts that, in order to prove causation, ENGC must establish a "but for" world against which to measure whether the Government's breach caused ENGC's damages. Govt. Mem. at 31-32. This is the incorrect standard of causation to be applied in this case. Furthermore, none of ENGC's claimed damages are at issue here. Accordingly, ENGC

carries no present burden to prove that the Government's action caused ENGC to incur mitigation damages.

In this Court, damages for partial breach of contract are recoverable where: (1) the damages were reasonably foreseeable by the breaching party at the time of contracting; (2) the breach is a substantial causal factor in the damages; and (3) the damages are shown with reasonable certainty. *Indiana Michigan Power Co. v. United States*, 422 F.3d 1369, 1373 (Fed. Cir. 2005) ("*Indiana Michigan*") (citing *Energy Capital Corp. v. United States*, 302 F.3d 1314, 1320 (Fed. Cir. 2002)). *Indiana Michigan* established "substantial casual factor" as the appropriate test for determining causation in cases based on the Government's partial breach of the Standard Contract. *See also Citizens Fed. Bank v. United States*, 474 F.3d 1314, 1319-20 (Fed. Cir. 2007) (concluding that the "substantial causal factor" test as enunciated in *Indiana Michigan* remains an appropriate standard to judge causation).[1]

II. ENGC Need Not Prove Causation of Any of Boston Edison's Claims for Damages

The Government asserts that ENGC shares the same burden of proving causation as Boston Edison in this case. Govt. Mem. at 32. Specifically, the Government contends that "because Entergy's claim against the Government is consolidated with Boston Edison's claim for purposes of issues relating to contract formation, Entergy shares the same burden as Boston Edison" to demonstrate the elements of causation. *Id.* Included, in the Government's view, is

---

[1] The Government also relies on concepts from tort law to impose on ENGC a "but for" world (Govt. Mem. at 33, n. 14); however, this reliance is misplaced. Even if tort law were the appropriate model (which it is not), the Government's arguments are rebutted by the recent RESTATEMENT (THIRD) OF TORTS § 26 cmt. c (Proposed Final Draft No. 1) (emphasis in original):

> An actor's tortious conduct need only be *a* factual cause of the other's harm. The existence of other causes of the harm does not affect whether specified tortious conduct was a necessary condition for the harm to occur. Those other causes may be innocent or tortious, known or unknown, influenced by tortious conduct or independent of it, but so long as the harm would not have occurred absent the tortious conduct, the tortious conduct is a factual cause. Recognition of multiple causes does not require modifying or abandoning the but-for standard in this Section. Tortious conduct by an actor need be only one of the causes of another's harm.

the showing that "but for" the breach, the asserted harm would not have been suffered. *Id.* at 31. In asserting that ENGC "shares the same burden as Boston Edison" to demonstrate causation, the Government fails to recognize the limited nature of the consolidation here. ENGC is not required to prove or demonstrate causation for any element of Boston Edison's claims.

On July 29, 2005, the Court ordered the consolidation of Boston Edison's and ENGC's claims against the Government for the limited purpose of addressing issues concerning (1) contract formation, (2) contract implementation through the date of sale of the Pilgrim Nuclear Power Station ("Pilgrim"), and (3) Boston Edison Company's diminution-in-value claim and the government's attendant offset claim against ENGC. *Boston Edison Co. v. United States*, 67 Fed. Cl. 63, 67 (2005). As to all other aspects of each case, consolidation was denied. *Id.* With the exception of the acceptance rate issue there appear to be relatively few, if any, factual issues in dispute concerning either contract formation or contract implementation through the July 1999 date of the sale of the Pilgrim plant.

The damages to be sought by ENGC from the Government in a future damages trial are distinct from those now being sought by Boston Edison. Boston Edison seeks damages based on the allegedly diminished sales price for Pilgrim, while ENGC seeks to recover the mitigation costs it incurred as a direct result of the Government's failure to perform under the Standard Contract. None of ENGC's post-sale mitigation claims will be presented during the upcoming trial. Therefore it is inaccurate for the Government to contend that ENGC "shares the same burden" as Boston Edison when ENGC is under no obligation in this case to establish causation of any of Boston Edison's claims against the Government.



400571425v3

III. <u>The Government is not Entitled to an Offset for Any Costs or Damages Incurred by ENGC</u>

Fundamental concepts of contract law require that the injured party receive damages "sufficient to place the injured party in as good a position as it would have been had the breaching party fully performed." *Indiana Michigan*, 422 F. 3d at 1373 (citing *San Carlos Irrigation & Drainage Dist. v. United States*, 111 F.3d 1557, 1562 (Fed. Cir. 1997)). "The general principle is that all losses, however described, are recoverable." *Id.* (quoting Restatement (Second) of Contracts § 347 cmt. c (1981)). The Government seeks to undercut this basic principle of contract law by reserving the option to decrease its liability to ENGC based on a speculative, undeveloped theory of offset.

In a footnote, the Government asserts that "[t]o the extent that the Court awards damages to Boston Edison in this case, the Government will assert a corresponding offset against Entergy with respect to the damages that Entergy seeks in its separate claim against the United States for damages arising from the Government's partial breach of the Standard Contract." Govt. Mem. at 29, n. 12. Essentially the Government's statement that it will seek an offset against ENGC is no more than the Government's creation of a "back-up plan" to decrease its overall liability to ENGC in the event it is held liable to Boston Edison at this trial.

The Government cites no legal authority or precedent for the bold assertion that it is entitled to an offset if Boston Edison is awarded damages based on its diminution in value theory. Nor does the Government state the factual grounds on which it bases its claimed entitlement to a subsequent offset against ENGC. The Government simply seeks to reserve its entitlement to a benefit or credit for its breach of the Standard Contract without creating a foundation on which to base this claim.

Even if Boston Edison's diminution in value claim succeeds, the Government is not mechanistically entitled to decrease its liability to ENGC. ENGC's damages are not caused, or in any way diminished, by the total purchase price paid by ENGC for the Pilgrim facility. The costs incurred by ENGC are the same costs that would have been incurred had ENGC paid more or less for Pilgrim. In effect, the Government seeks to benefit from its breach of the Standard Contract by asserting that ENGC's decision to purchase the Pilgrim facility somehow decreases the Government's liability for failure of performance.

To the extent that the Government seeks to offset future damages claims by ENGC, these claims may also not correlate with any damages awarded to Boston Edison. If, for instance, the Court awards damages to Boston Edison based on ENGC's choice of an all-equity financing method, ENGC should not suffer an offset in the future against its mitigation costs since ENGC is not seeking damages related to its financing method.

ENGC asserts and preserves for the record its broad objection to any attempt by the Government to seek a credit or to decrease its liability to ENGC based on a theory of offset.

Dated: May 15, 2007

Respectfully submitted,

s/ L. Jager Smith Jr. by s/ Jack Y. Chu
L. Jager Smith, Jr.
**WISE CARTER CHILD**
**& CARAWAY, P.A.**
1340 Echelon Parkway
Jackson, MS 39213
(601) 368-5572
(601) 368-5816 (fax)

Counsel of Record for Plaintiff
Entergy Nuclear Generation Company

OF COUNSEL:
Jay E. Silberg
Alex D. Tomaszczuk
Daniel S. Herzfeld
Jack Y. Chu
**PILLSBURY WINTHROP**
**SHAW PITTMAN LLP**
2300 N Street, N.W.
Washington, D.C. 20037
(202) 663-8000
(202) 663-8007 (fax)