**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
(Electronically Filed on May 23, 2007)

| | |
|---|---|
| **BOSTON EDISON COMPANY**, Plaintiff, v. **THE UNITED STATES**, Defendant. | |
| **ENTERGY NUCLEAR GENERATION CO.**, Plaintiff, v. **THE UNITED STATES**, Defendant. | No. 99-447C<br>No. 03-2626C<br>(Judge Lettow) |

**ENTERGY NUCLEAR GENERATION CO.'S RESPONSE IN OPPOSITION TO BOSTON EDISON COMPANY'S MOTION IN LIMINE TO EXCLUDE CERTAIN TESTIMONY OF ENTERGY'S WITNESS, DONALD R. DENTON, AT TRIAL**

Defendant, Entergy Nuclear Generation Co. ("Entergy"), by and through counsel of record, respectfully submits this response in opposition to Boston Edison Company's ("BECO") motion in limine to exclude certain testimony of Entergy's witness, Donald R. Denton, at trial.

In order to exclude a witness from testifying at trial on the basis that the witness lacks personal knowledge, the moving party must demonstrate that "no reasonable juror or court 'could believe that the witness had the ability and opportunity to perceive the event [about which] he testifies.'" Boston Edison Company v. United States, 64 Fed. Cl. 167, 181 (2005). Absent such a showing, a witness is deemed qualified to testify. Relying largely upon a few selected excerpts from Mr. Denton's deposition transcript, BECO contends that Mr. Denton,

formerly Entergy's Director of Business Services, should be excluded from testifying at trial on the sole basis that he was not personally involved in the acquisition of the Pilgrim nuclear facility. Entergy will stipulate that Mr. Denton was not involved in the Pilgrim acquisition, and further stipulate that Entergy will not call Mr. Denton at trial to testify relating to any negotiations associated with the Pilgrim acquisition. However, Mr. Denton's lack of direct involvement in the Pilgrim acquisition does not equate to a lack of personal knowledge relating to the subjects on which Mr. Denton is designated to testify. Entergy intends to call Mr. Denton to testify as to the nature of funds within the decommissioning trust and associated NRC filings. As to these subjects, Mr. Denton has direct, first-hand knowledge. Accordingly, BECO's motion in limine should be denied.

## I. AS THE FORMER DIRECTOR OF BUSINESS SERVICES AT ENTERGY, MR. DENTON HAS PERSONAL KNOWLEDGE RELATING TO THE CLASSIFICATION OF FUNDS IN THE DECOMMISSIONING TRUST AS 10 C.F.R. 50.75 FUNDS

Entergy's witness list indicates that Mr. Denton is expected to testify as to "the nature of the funds contained within the Decommissioning Trust Fund transferred at the time of the Pilgrim acquisition." BECO's motion to exclude Mr. Denton's testimony focuses on the descriptive phrase that the funds were "transferred at the time of the Pilgrim acquisition." As stated above, Entergy stipulates that Mr. Denton is not being offered to testify as to matters that took place during the Pilgrim acquisition process. However, Mr. Denton's lack of participation or personal knowledge relating to the *acquisition process* does not equate to a lack of personal knowledge relating to the *nature of the funds* within the decommissioning trust fund.

During the relevant time period of his employment with Entergy, Mr. Denton was the Director of Business Services. (See D. Denton deposition transcript, attached as Exhibit A to BECO's motion in limine, at 12) (hereafter cited as "Denton Tr. at ____"). In his capacity as

Director of Business Services, Mr. Denton was responsible for reviewing the accuracy of information utilized in various NRC filings, including those related to Pilgrim's decommissioning trust fund. (Denton Tr. at 70). As established at his deposition, Mr. Denton also provided information associated with the annual evaluations of whether the decommissioning fund was sufficient to meet the NRC minimum. (Denton Tr. at 64-65, 70). Specifically relating to the classification of the decommissioning trust funds as 10 C.F.R. 50.75 funds, Mr. Denton was personally involved in assessing whether the monies in the decommissioning trust could be segregated into separate classifications rather than classifying all the funds under 10 C.F.R. 50.75. (Denton Tr. at 87-88, 114, 125, 134 and 152-153). At his deposition, Mr. Denton testified that all the monies Entergy received from BECO for Pilgrim decommissioning that were placed in the decommissioning trust were for radiological decommissioning of the plant only, and "[n]ot one penny" in the trust was for spent fuel storage. (Denton Tr. at 125, 153-154).

The deposition testimony summarized above establishes the parameters for Mr. Denton's expected trial testimony regarding the decommissioning trust fund. At best, BECO's arguments amount to nothing more than an attack on the quality of Mr. Denton's perceptions and the weight this Court should give his testimony. The fact Mr. Denton did not become involved in issues relating to the decommissioning trust until after its creation does not form a basis to exclude Mr. Denton from testifying on this matter altogether. Boston Edison Company v. United States, 64 Fed. Cl. 167, 181 (2005) (citing Adkins v. Dirickson, 523 F. Supp. 1281, 1284-85 (E.D. Pa. 1981) (holding the quality of a witness' observations is a matter for impeachment and a witness is deemed qualified to testify unless it is nearly impossible that he had first-hand observations). Based upon his involvement in matters directly related to the classification of funds in the

decommissioning trust, Mr. Denton is qualified to testify as to the nature and treatment of those funds.

## II. CONTRARY TO BECO'S MOTION, MR. DENTON IS ALSO COMPETENT TO TESTIFY ABOUT NRC FILINGS ASSOCIATED WITH THE DECOMMISSIONING TRUST FUND, SUBJECTS ON WHICH HE HAS FIRST HAND KNOWLEDGE

In seeking to exclude Mr. Denton's testimony in its entirety based upon its contention that Mr. Denton lacks personal knowledge relating to the Pilgrim acquisition, BECO completely ignores the fact that Mr. Denton was designated by both Entergy and the Government to testify about various NRC filings related to the decommissioning trust fund. As noted above, and as established by his deposition testimony (Denton Tr. at 70), Mr. Denton personally participated in reviewing information provided to the NRC relating to the decommissioning trust fund. Mr. Denton was also responsible for verifying the accuracy of the information provided. Id. BECO has provided no basis for excluding Mr. Denton from testifying at trial relating to NRC filings associated with Pilgrim's decommissioning trust. These are subjects upon which Mr. Denton has first-hand knowledge and is a fully competent witness. See FED. R. EVID. 602 ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.") (emphasis supplied). See also FED. R. EVID. 601 ("Every person is competent to be a witness except as otherwise provided in these rules.").

## III. CONCLUSION

Mr. Denton has first-hand knowledge of and is qualified to testify as to the nature of the funds contained in Pilgrim's decommissioning trust fund. Mr. Denton was also personally involved in reviewing, gathering and submitting information to the NRC relating to Pilgrim's decommissioning trust fund. BECO's motion in limine to exclude Mr. Denton's testimony on

these matters should be denied as BECO has failed to demonstrate that Mr. Denton is not qualified to testify as to the matters on which he has been designated for trial.

Dated: May 23, 2007

Respectfully submitted,

s/ L. Jager Smith, Jr. by s/ Jack Y. Chu
L. Jager Smith, Jr.
**WISE CARTER CHILD**
**& CARAWAY, P.A.**
1340 Echelon Parkway
Jackson, MS 39213
(601) 368-5572
(601) 368-5816 (fax)
jsmit83@entergy.com

Counsel of Record for Plaintiff
Entergy Nuclear Generation Company

OF COUNSEL:
Jay E. Silberg
Alex. D. Tomaszczuk
Daniel S. Herzfeld
Jack Y. Chu
**PILLSBURY WINTHROP**
**SHAW PITTMAN LLP**
2300 N Street, N.W.
Washington, D.C. 20037
(202) 663-8000
(202) 663-8007 (fax)