OCT 1 0 2001

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| YANKEE ATOMIC ELECTRIC COMPANY | ) |
| CONNECTICUT YANKEE ATOMIC POWER COMPANY | ) |
| MAINE YANKEE ATOMIC POWER COMPANY | ) |
| FLORIDA POWER & LIGHT COMPANY | ) |
| NORTHERN STATES POWER COMPANY | ) Case Nos. 98-126C, |
| DUKE POWER, A Division of DUKE ENERGY CORP. | ) 98-154C, 98-474C, |
| INDIANA MICHIGAN POWER COMPANY | ) 98-483C, 98-484C, |
| SACRAMENTO MUNICIPAL UTILITY DISTRICT | ) 98-485C, 98-486C, |
| SOUTHERN NUCLEAR OPERATING COMPANY, et al. | ) 98-488C, 98-614C, |
| COMMONWEALTH EDISON COMPANY | ) 98-621C, 99-447C, |
| BOSTON EDISON COMPANY | ) 00-440C, 00-697C, |
| GPU NUCLEAR, INCORPORATED | ) 00-703C, 01-115C, |
| WISCONSIN ELECTRIC POWER COMPANY | ) 01-116C, 01-249C |
| POWER AUTHORITY OF THE STATE OF NEW YORK | ) |
| OMAHA PUBLIC POWER DISTRICT | ) Judge Weinstein |
| NEBRASKA PUBLIC POWER DISTRICT | ) (Discovery Judge) |
| TENNESSEE VALLEY AUTHORITY, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S RESPONSES TO UTILITY PLAINTIFFS' JOINT FIRST SET OF INTERROGATORIES**

Pursuant to Rule 33 of the Rules of the United States Court of Federal Claims ("RCFC"), and the Court's order for coordinated discovery, filed on September 26, 2001, defendant, the United States, provides the following responses to the plaintiffs' joint first set of interrogatories.

GENERAL OBJECTIONS

1. Defendant objects to each and every interrogatory to the extent that it calls for the disclosure of material or information that is subject to any claim of privilege or protection, including without limitation, the attorney-client privilege, the work-product doctrine, or any Government privilege. Defendant will not produce privileged or protected documents, materials or information in response to the document requests. The inadvertent production by defendant

**INTERROGATORY NO. 7:**

Describe the basis for the Acceptance Rate referenced in the Mission Plan for the Civilian Radioactive Waste Management Program dated June 1985, including identifying:

a. The author or authors of the 1985 Mission Plan.

b. The sources and documents used in developing the Acceptance Rate set forth in the 1985 Mission Plan.

c. All the factors considered by DOE in developing the Acceptance Rate used in the 1985 Mission Plan.

d. All individuals to whom the 1985 Mission Plan was submitted for review and their role(s) in reviewing the document.

e. Any correspondence or comments received by DOE regarding the Acceptance Rate used in the 1985 Mission Plan and DOE's responses thereto.

f. Any earlier drafts of the 1985 Mission Plan, the dates thereof and the Acceptance Rate set forth therein.

g. The reasons for any changes in the Acceptance Rate used in the 1985 Mission Plan from that used in earlier drafts thereof.

h. The reasons for any changes in the Acceptance Rate used in the 1985 Mission Plan and that referenced in any other documents previously issued by DOE.

**RESPONSE:**

Defendant objects to this interrogatory as overly broad and burdensome. We are unable to identify all the individuals who ever worked upon or contributed to the creation of this document, and defendant objects to plaintiffs' request for the "author" of the cited document for the reasons set forth in our General Objections. Additionally, defendant object to the extent the

plaintiffs are seeking information provided by the referenced document itself. Consequently, the request is repetitive and unduly burdensome. Finally, defendant objects to plaintiffs' request that defendant identify any documents already identified in response to Interrogatory No. 1. Pursuant to Rule 33(c), RCFC, the answer(s) to this interrogatory may be obtained from the database of documents previously made available, or to be made available, to plaintiffs, and that the burden of ascertaining the answer(s) is substantially the same for the plaintiffs as it is for defendant. Therefore, defendant will make the database of documents available to plaintiffs at mutually acceptable times to allow plaintiffs to inspect such records and make such copies as plaintiffs deem appropriate.

Without waiving these objections, defendant responds:

a. The person who was primarily responsible for creation of the 1985 Mission Plan was Vic Trebules.

b. The 1985 Mission Plan contains a list of references that begins on page 335.

c. The numerous factors that were considered are discussed in the document itself.

d. Although we are unable to identify all the individuals who ever worked upon or contributed to the creation of this document, generally, the responsible DOE official would meet with one of DOE's contractors to provide overall policy direction in the creation of the initial draft. After the initial draft was reviewed by that DOE official and the immediate staff, the document would be circulated among the senior officials within the Department of Energy. We have provided an organizational chart which helps to illustrate this process.

e. As previously mentioned, the answer(s) to this interrogatory may be obtained from the database of documents previously made available, or to be made available, to plaintiffs, and that the burden of ascertaining the answer(s) is substantially the same for the plaintiffs as it is for

defendant. Therefore, defendant will make the database of documents available to plaintiffs at mutually acceptable times to allow plaintiffs to inspect such records and make such copies as plaintiffs deem appropriate.

f. As previously mentioned, the answer(s) to this interrogatory may be obtained from the database of documents previously made available, or to be made available, to plaintiffs, and that the burden of ascertaining the answer(s) is substantially the same for the plaintiffs as it is for defendant. Therefore, defendant will make the database of documents available to plaintiffs at mutually acceptable times to allow plaintiffs to inspect such records and make such copies as plaintiffs deem appropriate.

g. Any change to the assumptions and variables upon which those schedules are based are discussed in the document itself.

h. See responses to b and g.