**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **BOSTON EDISON COMPANY,**<br>**Plaintiff,**<br><br>**v.**<br><br>**THE UNITED STATES,**<br>**Defendant.** | |
| **ENTERGY NUCLEAR GENERATION CO.,**<br>**Plaintiff,**<br><br>**v.**<br><br>**THE UNITED STATES,**<br>**Defendant.** | **No. 99-447C**<br>**No. 03-2626C**<br>**(Judge Charles F. Lettow)** |

**MEMORANDUM IN SUPPORT OF PLAINTIFF**
**BOSTON EDISON COMPANY'S BILL OF COSTS**

Boston Edison Company ("Boston Edison") respectfully submits this memorandum in support of its Bill of Costs, pursuant to Rule 54(d)(1)(A) of the Rules of the Court of Federal Claims ("RCFC"), 28 U.S.C. § 2412(a), 28 U.S.C. § 1920, and this Court's February 15, 2008 Order ("Final Order"). As the prevailing party, Boston Edison is entitled to costs. *See* 28 U.S.C. § 2412(a)(1); RCFC 54(d)(1)(A); Final Order at 39. Proof of Boston Edison's payment of these costs is attached hereto as Appendix A. Specifically, Boston Edison requests that it be granted an award of costs for: (1) fees for hearing and trial transcripts; (2) fees for deposition transcripts; and (3) costs for duplication of trial exhibits. As stated more fully below, each of these items was "necessarily obtained for use in the case." 28 U.S.C. § 1920.

## I. INTRODUCTION

Boston Edison is granted the right to recover costs against the United States via statute. The Equal Access to Justice Act provides that:

> a judgment for costs, as enumerated in section 1920 of this title, but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action.

28 U.S.C. § 2412(a)(1). Section 1920 of title 28, in turn, lists several categories of costs that may be awarded.

> A judge or clerk of any court of the United States may tax as costs the following:
>
> . . .
>
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
>
> . . . .

28 U.S.C. § 1920. All of Boston Edison's requested costs fall within these three categories. Pursuant to Judge Lettow's February 15, 2008 ruling that Boston Edison should recover "costs of suit," Boston Edison respectfully requests that it be awarded the costs described below. *See* Final Order at 39.

## II. BOSTON EDISON SHOULD BE AWARDED ITS COURT REPORTER FEES FOR HEARING AND TRIAL TRANSCRIPTS

Boston Edison respectfully requests that the Court award costs in the amount of $58,107.64 for the court reporter fees incurred by Boston Edison for transcripts of the Court's hearings and for the trial transcripts. *See* 28 U.S.C. § 1920(2) ("A judge or clerk . . . may tax as

costs . . . [f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case . . . ."); 28 U.S.C. § 2412(a)(1); Appendix A at Schedule 1.

Each transcript for which Boston Edison has requested costs was "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Specifically, the August 31, 2004 and June 14, 2005 hearings dealt with summary judgment motions and motions to consolidate. The hearings which took place on December 20, 2005 and February 8, 2006 were status conferences involving all parties. The January 11, 2007 hearing concerned argument regarding whether an attorney with the firm representing Boston Edison could be deposed as a fact witness, as well as Boston Edison's ability to depose witnesses from the Government. The May 29, 2007 hearing was the pretrial conference of all parties in preparation for trial. Courts have repeatedly awarded costs for pretrial and motion hearings, particularly in complex cases like this one. *See, e.g.*, *Sperry Rand Corp. v. A-T-O, Inc.*, 58 F.R.D. 132, 138 (E.D. Va. 1973); *Electronic Specialty Co. v. International Controls Corp.*, 47 F.R.D. 158, 160-61 (S.D.N.Y. 1969). The trial in this matter commenced on June 4, 2007 and concluded on June 20, 2007. Finally, at the November 8, 2007 hearing, the Court heard the parties' closing arguments in this case.

## III. BOSTON EDISON SHOULD BE AWARDED ITS COURT REPORTER FEES FOR DEPOSITION TRANSCRIPTS

Boston Edison respectfully requests that the Court award costs in the amount of $90,301.99 for the court reporter fees incurred by Boston Edison for deposition transcripts. *See* 28 U.S.C. § 1920(2); 28 U.S.C. § 2412(a)(1); *James v. Wash Depot Holdings, Inc.*, 242 F.R.D. 645, 650-51 (S.D. Fla. 2007) (holding that 28 U.S.C. § 1920(2) permits recovery for costs of depositions); *Esler v. Safeway Stores, Inc.*, 77 F.R.D. 479, 482 (W.D. Mo. 1978) (same); Appendix A at Schedule 2.

**A. Depositions of Record**

Boston Edison respectfully requests that it be awarded costs for the court reporter fees it incurred for deposition transcripts that became part of the trial record. The following deposition transcripts, listed in order of the witness's appearance at trial, were used during the trial of this matter and were "necessarily obtained for use in the case":

- John J. Reed
- Jay Edward Howard
- Henry Oheim
- Geoffrey Lubbock
- Thomas LaGuardia
- Patrick Lewis
- Dan Keuter
- William J. Manion
- Donald Hintz
- Robert Morgan
- Warren Brewer

*See, e.g.*, *Templeman v. Chris Craft Corp.*, 770 F.2d 245, 248-49 (1st Cir. 1985) (holding that trial court should have awarded costs for deposition transcripts read into record).

**B. Depositions of Trial Witnesses**

Boston Edison respectfully requests that it be awarded costs for the court reporter fees it incurred for deposition transcripts of witnesses who appeared at trial. The following depositions, listed in order of the witness's appearance at trial, were not actually used at trial, but the witnesses deposed all appeared and testified at trial:

- Timothy Newhard
- Robert Wood

- Robert Denton
- Jack Harrington
- Carolyn Shanks
- Drew Fetters
- Donald Denton
- Eileen Supko[1]
- David Harlan
- Charles Minott
- David Zabransky
- Jonathan Neuberger

*See, e.g.*, *Kehm v. Procter & Gamble Co.*, 580 F. Supp. 890, 906 (N.D. Iowa 1982) (holding that 28 U.S.C. § 1920(2) allows for costs of depositions of persons called as witnesses during trial), *aff'd*, 724 F.2d 613 (8th Cir. 1983).

**C. Depositions of Other Witnesses**

Boston Edison respectfully requests that it be awarded costs relating to the depositions of witnesses who did not eventually appear at trial. As described specifically below, each witness's deposition was "necessarily obtained for use in the case." The test is whether the deposition appeared to be reasonably necessary to the parties at the time it was taken. *George R. Hall, Inc. v. Superior Trucking Co.*, 532 F. Supp. 985, 993 (N.D. Ga. 1982). Even if a deposition is not used at trial, it can still be found to be "reasonably necessary" pursuant to § 1920. *Illinois v. Sangamo Constr. Co.*, 657 F.2d 855, 867 (7th Cir. 1981).

In many of the depositions of non-trial witnesses for which Boston Edison requests costs, the witness was an opposing party's corporate designee with respect to Boston Edison's

[1] Ms. Supko did not actually appear at trial, but her prior testimony was read into the record at trial.

RCFC 30(b)(6) deposition notice. Boston Edison's non-trial witnesses are addressed first, then Entergy Nuclear Generation Company's ("Entergy") non-trial witnesses, and then the United States's non-trial witnesses.

### 1. Boston Edison's Non-Trial Witnesses

**Robert B. Hevert:** Mr. Hevert was one of Boston Edison's expert witnesses and submitted an expert report in the case. Mr. Hevert offered an alternate theory of calculating Boston Edison's damages that reinforced the calculations of Mr. Reed, Boston Edison's primary damages expert. Therefore, though Mr. Hevert was not a trial witness, his testimony was central to the issues presented in the case. Mr. Hevert appeared on Boston Edison's trial witness list.

**Nicholas Mattia:** Entergy and the Government noticed Mr. Mattia's deposition as a fact witness directly involved in the transaction central to the case. Mr. Mattia appeared on the trial witness lists of both Entergy and the Government.

### 2. Entergy's Non-Trial Witnesses

**Charles B. Franklin:** Entergy designated Mr. Franklin as its corporate designee regarding Entergy's analysis of alternative storage options for SNF at Pilgrim, pursuant to RCFC 30(b)(6). Because Mr. Franklin spoke for Entergy on this relevant issue, his deposition was "necessarily obtained for use in the case," despite Entergy's choice not to present him as a trial witness. Mr. Franklin appeared on the trial witness lists of both Entergy and the Government.

**Marc Potkin:** The Government requested that Mr. Potkin be produced for deposition. Because Mr. Potkin was a former Boston Edison employee, Boston Edison and Entergy jointly represented Mr. Potkin at his deposition, and Mr. Potkin was deposed regarding the Pilgrim auction process and Pilgrim's nuclear operations and finance, issues that were central to the case. Mr. Potkin appeared on Entergy's trial witness list.

**Frank Rives:** Mr. Rives was designated by Entergy as its corporate designee regarding Entergy's understanding of the Department of Energy's responsibilities with regard to SNF, and Entergy's understanding of Boston Edison's ability to assign the Standard Contract, pursuant to RCFC 30(b)(6). Because Mr. Rives spoke for Entergy on this relevant issue, his deposition was "necessarily obtained for use in the case," despite Entergy's choice not to present him as a trial witness. Mr. Rives appeared on the trial witness lists of both Entergy and the Government.

**Constance Wells:** Ms. Wells was designated by Entergy as its corporate designee regarding the regulatory approval of the sale of Pilgrim from Boston Edison to Entergy, pursuant to RCFC 30(b)(6). Because Ms. Wells spoke for Entergy on this relevant issue, her deposition was "necessarily obtained for use in the case," despite Entergy's choice not to present her as a trial witness. Ms. Wells appeared on the trial witness lists of Boston Edison, Entergy, and the Government.

**Frank Williford:** Mr. Williford was designated by Entergy as its corporate designee regarding Entergy's analysis of arrangements for financing the acquisition of Pilgrim, pursuant to RCFC 30(b)(6). Because Mr. Williford spoke for Entergy on this relevant issue, his deposition was "necessarily obtained for use in the case," despite Entergy's choice not to present him as a trial witness. Mr. Williford appeared on the trial witness lists of both Entergy and the Government.

### 3. The United States' Non-Trial Witnesses

**David Schlissel:** Mr. Schlissel was offered by the Government as its expert witness regarding the view of the nuclear industry as to the risks inherent in owning a nuclear power plant in the late 1990s. Mr. Schlissel submitted an expert report in the case. The Government

later chose not to call Mr. Schlissel at trial. Mr. Schlissel appeared on the trial witness lists of both Entergy and the Government.

**Ronald B. Uleck:** Mr. Uleck was designated by the Government as its 30(b)(6) witness with respect to the Government's knowledge, oversight, and approval of the sale of Pilgrim from Boston Edison to Entergy. Because Mr. Uleck spoke for the United States on this relevant issue, his deposition was "necessarily obtained for use in the case," despite the Government's choice not to present him as a trial witness.

## IV. BOSTON EDISON SHOULD BE AWARDED ITS DUPLICATION COSTS

Boston Edison respectfully requests that the Court award costs in the amount of $8,737.71 for the costs incurred by Boston Edison for copies of the exhibits used at trial, as well as the costs incurred by Boston Edison for access to PACER, the electronic system for viewing documents on the docket in this case. *See* 28 U.S.C. § 1920(4), (3) ("A judge or clerk . . . may tax as costs . . . [f]ees for exemplification and copies of papers necessarily obtained for use in the case . . . and [f]ees and disbursements for printing . . ."); 28 U.S.C. § 2412(a)(1); Appendix A at Schedule 3. Courts have routinely held that duplication of trial exhibits is recoverable under § 1920. *Olga's Kitchen of Hayward, Inc. v. Papo*, 108 F.R.D. 695, 712 (E.D. Mich. 1985), *aff'd in part, rev'd in part*, 815 F.2d 79 (6th Cir. 1987); *Roche v. City of Normandy*, 566 F. Supp. 37, 42 (E.D. Mo. 1983); *Scaramucci v. Universal Mfg. Co.*, 234 F. Supp. 290, 292 (W.D. La. 1964). Further, printing expenses for papers "necessarily obtained for use in the case" are properly recoverable under § 1920. *Movitz v. First Nat'l Bank of Chi.*, 982 F. Supp. 571, 577 (N.D. Ill. 1997); *Kenny v. United States*, 118 F. Supp. 907, 909 (D.N.J. 1954). All of the copying expenses listed in Appendix A are "only for those photocopies that were necessary for

the case." *Movitz*, 982 F. Supp at 577 (citation omitted). Thus, Boston Edison respectfully submits that it should be awarded costs for these items.

## CONCLUSION

For the foregoing reasons, Boston Edison respectfully requests that it be awarded costs in the total amount of $157,147.34, and such other and further relief as the Court deems just and proper.

Dated: March 17, 2008

Respectfully submitted,

By: s/ Richard J. Conway

Richard J. Conway
DICKSTEIN SHAPIRO LLP
1825 Eye Street, NW
Washington, DC 20006-5403
Tel: (202) 420-2200
Fax: (202) 420-2201

Counsel of Record for Boston Edison Company

Of Counsel:
Bradley D. Wine
Nicholas W. Mattia, Jr.
Bernard F. Sheehan
Dickstein Shapiro LLP
1825 Eye Street, NW
Washington, DC 20006-5403

**CERTIFICATE OF ELECTRONIC FILING**

I hereby certify that on March 17, 2008, a copy of Boston Edison's Bill of Costs, the foregoing "Memorandum in Support of Plaintiff Boston Edison Company's Bill of Costs," and the accompanying Appendix A were filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Bradley Wine