IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| BOSTON EDISON COMPANY, Plaintiff, v. UNITED STATES, Defendant. | ) | |
| ENTERGY NUCLEAR GENERATION CO., Plaintiff, v. UNITED STATES, Defendant. | ) | No. 99-447C<br>No. 03-2626C<br>(Judge Lettow) |

DEFENDANT'S UNOPPOSED MOTION FOR CLARIFICATION
OF THE COURT'S APRIL 4, 2008 ORDER GRANTING AN
ENLARGEMENT OF TIME FOR DEFENDANT TO RESPOND
TO PLAINTIFF BOSTON EDISON COMPANY'S BILL OF COSTS

Defendant, the United States, respectfully requests that the Court clarify the Court's April 4, 2008 order granting defendant an enlargement of time to respond to the bill of costs that plaintiff, Boston Edison Company ("Boston Edison"), filed on March 17, 2008. Counsel for Boston Edison, Bradley D. Wine, and counsel for plaintiff Entergy Nuclear Generation Company, L. Jager Smith, Jr., have indicated that Boston Edison and Entergy, respectively, do not oppose this request.

In the parties' April 3, 2008 joint motion, the Government and Boston Edison jointly requested that the Court extend the date by which the United States must respond to Boston Edison's March 17, 2008 bill of costs until "28 days after the date on which final judgment in this case becomes no longer appealable or susceptible of review," pursuant to RCFC 54(d). Joint Motion, dated April 3, 2008, at 3. Because there is uncertainty at this time as to when the Court's February 15, 2008 judgment in this case will become final and no longer susceptible to review given the possibility of appeal, the parties did not specify a particular date in their joint motion for the enlargement, as the appeals period in this case has not yet run. Nevertheless, in its April 4, 2008 order, the Court, while purporting to grant the parties' joint motion, specified a date certain on which the United States must respond to Boston Edison's bill of costs, i.e., May 13, 2008.

As discussed in the parties' April 3, 2008 joint motion, pursuant to RCFC 54(d), a prevailing party may request the clerk to tax allowable costs by filing a bill of costs "within 30 days after the date of final judgment, as defined in 28 U.S.C. § 2412(d)(2)(G)." RCFC 54(d)(1)(A). "Final judgment" is defined as a "judgment that is final and not appealable." 28 U.S.C. § 2412(d)(2)(G). Following the date that the judgment becomes no longer appealable, and upon the prevailing party's filing of the bill of costs thereafter, an adverse party has 28 days within which to object the bill of costs in its entirety or to any item claimed therein by filing objections. See RCFC 54(d)(1)(B). As the Court is aware, judgment was entered in this action on February 15, 2008, and the judgment remains appealable until April 15, 2008. See Rule 58.1 of the Rules of the United States Court of Federal Claims; Rules 3(a)(1), 4(a)(1)(B) of the

Federal Rules of Appellate Procedure. Before the judgment became final and no longer appealable, Boston Edison filed its bill of costs with this Court on March 17, 2008.

In the parties' April 3, 2008 joint motion, Boston Edison and the United States requested an enlargement of time of 28 days after the date on which judgment in this action becomes final and no longer appealable or susceptible of review for defendant to respond to Boston Edison's bill of costs. The parties filed the joint motion for enlargement of time because there is, as yet, no final judgment in this action, and the parties are uncertain at this time as to when the judgment in this action will become final and no longer appealable, as one or more of the parties may seek an appeal of the Court's February 15, 2008 judgment on or before April 15, 2008. Further, the parties filed the joint motion to obviate any need for the parties to litigate whether Boston Edison prematurely filed its bill of costs. Therefore, the enlargement of time until May 13, 2008, set forth in this Court's April 4 order, does not afford the parties the specific relief requested in the joint motion.

For the foregoing reasons, defendant respectfully requests that this Court clarify its April 4, 2008 order to the extent necessary to grant an enlargement of time of 28 days after the date on which judgment in this case becomes final and no longer appealable or susceptible of review for defendant to respond to Boston Edison's bill of costs.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/Alan J. Lo Re by Patrick B. Bryan
ALAN J. LO RE
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-0226
Fax: (202) 307-2503

Attorneys for Defendant

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

April 8, 2008

CERTIFICATE OF FILING

I hereby certify that on this 8th day of April 2008, a copy of the foregoing "DEFENDANT'S UNOPPOSED MOTION FOR CLARIFICATION OF THE COURT'S APRIL 4, 2008 ORDER GRANTING AN ENLARGEMENT OF TIME FOR DEFENDANT TO RESPOND TO PLAINTIFF BOSTON EDISON COMPANY'S BILL OF COSTS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Patrick B. Bryan