**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **BOSTON EDISON COMPANY** <br> **Plaintiff,** <br> **v.** <br> **UNITED STATES OF AMERICA,** <br> **Defendants.** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | **No. 99-447C** |

**MOTION FOR ENTRY OF FINAL JUDGMENT PURSUANT TO RULE 54(b) OF THE RULES OF THE COURT OF FEDERAL CLAIMS**

Boston Edison Company ("Boston Edison"), respectfully moves the Court to enter an Order, pursuant to Rule 54(b) of the Rules of the Court of Federal Claims, and in the form attached hereto as Exhibit A, certifying that that there is no just reason for delaying the entry of the Court's February 15, 2008 judgment in favor of Boston Edison and against the United States as a final judgment.[1]

The Government's position in the Court of Appeals for the Federal Circuit in connection with its appeal from that judgment left Boston Edison no choice but to file this motion. The Government filed its Notice of Appeal on April 15, 2008, yet waited nearly four months after this Court's February 15, 2008 judgment before arguing to the Court of Appeals that the judgment is not final unless and until this Court certifies it as a Rule 54(b) final judgment. See Defendant-Appellant's Motion (1) To Consolidate Appeals and (2) To Suspend Briefing Or, In the Alternative, For an Extension Of Time, attached hereto as Exhibit B.[2]

Rule 54(b) provides in relevant part:

---

[1] Boston Edison sought, but could not obtain, the consent of the United States to this Motion.

[2] Boston Edison opposes this motion to consolidate Boston Edison Company v. United States, Federal Circuit Docket No. 2008-5066 with Entergy Nuclear Generation Co. v. United States, Federal Circuit Docket No. 2008-5070. Entergy lacks standing to appeal this Court's judgment against the United States. Moreover, Entergy's claims against the United States are not final. Indeed, Entergy has not yet even tried them in this Court

> When more than one claim for relief is presented in an action . . . the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

RCFC 54(b).

Allowing the Government to proceed with its appeal at this time will serve the interests of sound judicial administration, efficiency, and fairness. No issues remain to be litigated in Boston Edison's case. Those fully litigated issues are completely separate from those remaining to be tried in Entergy's case. It would be unfair and unnecessary to force Boston Edison to wait any longer than absolutely necessary to receive the compensation to which this Court has determined Boston Edison is entitled. The Court accordingly should enter a Rule 54(b) judgment nunc pro tunc, effective as of February 15, 2008.[3]

---

[3] See, e.g., SafeTCare Mfg. Inc. v. Tele-made, Inc., 497 F.3d 1262, 1266-67 (Fed. Cir. 2007) (district court granted summary judgment only as to some of the defendants and claims; appellate jurisdiction attached before oral argument on the appeal, when the district court "entered a final judgment nunc pro tunc, effective as of June 15, 2006, pursuant to Fed. R. Civ. P. 54(b)").

## **CONCLUSION**

For the foregoing reasons, the motion should be granted and an Order in the form of Exhibit A hereto should be entered at the Court's earliest convenience.

Dated: June 27, 2008

Respectfully submitted,

By: /s/ Richard J. Conway

Richard J. Conway
DICKSTEIN SHAPIRO LLP
1825 Eye Street, NW
Washington, DC 20006-5403
Tel: (202) 420-2200
Fax: (202) 420-2201

Counsel of Record for Boston Edison Company

**CERTIFICATE OF ELECTRONIC FILING**

I hereby certify that on June 27, 2008, a copy of the foregoing "Consent Motion for Order Directing Final Judgment Pursuant To Rule 54(b) Of the Court Of Federal Claims" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Bradley D. Wine