IN THE UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

| | | |
|---|---|---|
| BOSTON EDISON COMPANY,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant-Appellant. | ) | No. 2008-5066 |

ORDER

Upon consideration of defendant-appellant's motion to consolidate this appeal with Entergy Nuclear Generation Co. v. United States, No. 2008-5070 (Fed. Cir.), and for a stay of briefing in this appeal or, in the alternative, for an enlargement of time, as well as all other relevant papers, it is

ORDERED that this case is consolidated with the Entergy Nuclear appeal, and

FURTHER ORDERED that briefing in this case is stayed pending the Court's decisions in Yankee Atomic Electric Co. v. United States, Nos. 2007-5025, -5026, -5027, -5031, -5032, -5033 (Fed. Cir.); Pacific Gas & Electric Co. v. United States, No. 2007-5046 (Fed. Cir.); and Sacramento Municipal Utility District, Nos. 2007-5052, -5097 (Fed. Cir.). Within 21 days of a decision in any of those appeals, the parties shall provide the Court with suggestions as to how to proceed in this matter.

FOR THE COURT

____________________________

Dated: __________________

cc: Richard J. Conway
Alan J. Lo Re

IN THE UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

| | | |
|---|---|---|
| BOSTON EDISON COMPANY, Plaintiff-Appellee, v. UNITED STATES, Defendant-Appellant. | ) | No. 2008-5066 |

DEFENDANT-APPELLANT'S MOTION (1) TO CONSOLIDATE APPEALS AND (2) TO SUSPEND BRIEFING OR, IN THE ALTERNATIVE, FOR AN ENLARGEMENT OF TIME

Defendant-appellant, the United States, respectfully requests that the Court consolidate this appeal with the related appeal, Entergy Nuclear Generation Co. v. United States, No. 2008-5070 (Fed. Cir. docketed April 28, 2008), as both cases were consolidated before the trial court and arise out of the same trial court decision and judgment. In addition, pursuant to Rule 27(a) of the Rules of the Court, the United States respectfully requests that briefing in this matter be stayed pending the trial court's issuance of a final appealable judgment in this case and pending this Court's disposition of three appeals in which oral argument was presented before the same panel of this Court on February 4, 2008: (1) Yankee Atomic Electric Co. v. United States, Nos. 2007-5025, -5026, -5027, -5031, -5032, -5033 (Fed. Cir.); (2) Pacific Gas & Electric Co. v. United States, No. 2007-5046 (Fed. Cir.); and (3) Sacramento Municipal Utility District, Nos. 2007-5052, -5097 (Fed. Cir.).[1] To the extent that the Court denies our request to stay briefing in

[1] This Court recently granted motions to suspend briefing in three other spent nuclear fuel contract appeals pending the above-cited decisions: Northern States Power Co. v. United States, No. 2008-5041 (Fed. Cir. docketed Feb. 19, 2008); System Fuels Inc. v. United States, No. 2008-5025 (Fed. Cir. docketed Jan. 9, 2008); and Southern Nuclear Operating Co. v. United States, Nos. 2008-5020, 5028 (Fed. Cir. docketed Jan. 3, 2008).

this appeal pending the Yankee Atomic, Pacific Gas, and SMUD decisions, we respectfully request that the Court grant us an enlargement of time of 30 days from the date that the Court denies our motion to stay to file our initial brief in this appeal. Counsel for the plaintiff-appellee has indicated that the plaintiff-appellee, Boston Edison Company ("BECO"), opposes our motions to consolidate, to stay proceedings, and to enlarge the due date for our appellate brief. Counsel for the defendant-appellant in Entergy Nuclear, Entergy Nuclear Generation Company ("Entergy"), does not oppose our motions to consolidate or for an enlargement of time, but takes no position upon our motion to stay briefing.

BACKGROUND

Both the Boston Edison case and the Entergy Nuclear case involve claims for a partial breach by the United States Department of Energy ("DOE") of the "Standard Contract For Disposal Of Spent Nuclear Fuel And/Or High-Level Radioactive Waste," the terms of which are published at 10 C.F.R. § 961.11. Seventy-one cases alleging breaches of the Standard Contract have been filed with the Court of Federal Claims, 48 of those cases remain pending before the trial court and 12 of which are now pending before this Court. In each of the cases, plaintiffs, the majority of which are current or former owners of nuclear reactors that entered into the Standard Contract with DOE, are seeking damages for breach of contract (or, in some cases, for a taking under the Fifth Amendment of the United States Constitution) based upon DOE's delay in beginning acceptance of spent nuclear fuel ("SNF") from the contract holders by January 31, 1998, the date identified in the Standard Contract for commencing SNF acceptance.

In 1999, BECO filed its lawsuit against the United States, alleging that it had incurred damages because of DOE's failure timely to begin SNF acceptance under the Standard Contract

at the Pilgrim Nuclear Power Station ("Pilgrim"), which BECO owned. The day after it filed suit, BECO sold its interests in Pilgrim to Entergy Nuclear Generation Company, and, in 2003, Entergy filed its own lawsuit against the United States for damages arising out of DOE's delay in accepting SNF from Pilgrim. In its lawsuit, BECO claimed that it was entitled to recover damages for the diminished value that it obtained upon the sale of the Pilgrim reactor to Entergy, asserting that, through the sale, Entergy had compensated itself for the additional on-site costs that it believed would be necessary because of DOE's delay by reducing the amount of money that it had paid to BECO. In its own complaint, Entergy did not identify any reduction in the amount of damages to which it claimed entitlement resulting from some reduction that it had made to compensate itself for such costs in the purchase price for the Pilgrim reactor. The United States subsequently filed a motion to consolidate the Boston Edison and Entergy Nuclear cases, arguing that, if the United States was obligated to pay damages to BECO to cover the diminished value that BECO recognized on the sale of its nuclear reactor, the trial court should, at the very least, provide a corresponding reduction in any damages awarded to Entergy, given that BECO's claims were dependent upon Entergy having already compensated itself for DOE's anticipated breaches.

On July 29, 2005, the trial court declined to consolidate the Boston Edison and Entergy Nuclear cases for all purposes, but it ordered the consolidation of the two cases for the purpose of resolving particular issues that are relevant in both of them: "The cases are consolidated for the limited purpose of addressing issues concerning (1) contract formation, (2) contract implementation through the date of sale of the Pilgrim Nuclear Power Station [from BECO to Entergy], and (3) Boston Edison Company's diminution-in-value claim and the government's

attendant offset claim against Entergy." Boston Edison Co. v. United States, 67 Fed. Cl. 63, 67 (2005). In its order consolidating the Boston Edison and Entergy cases for these limited purposes, the trial court indicated that, at the appropriate time, "judgments will be issued under Rule 54(b) in each case, to insure that judgment in one case is not unduly delayed by the progression of the other." Id.

Subsequently, following discovery, the trial court proceeded to conduct a single trial involving both BECO and Entergy upon the issues that it had previously identified. The trial court ultimately issued a single decision, dated February 15, 2008, that identified both BECO and Entergy in the case caption, as "partially consolidated" cases. See Attachment A. In that February 15, 2008, the trial court directed the court's clerk to "enter final judgment in favor of Boston Edison" in the amount of $40.030 million. Boston Edison Co. v. United States, 80 Fed. Cl. 468, 496 (2008). In ordering the entry of judgment, the trial court did not make any express determination, as identified in RCFC 54(b), that "there is no just cause for delay." The trial court's clerk entered judgment on February 15, 2008, pursuant to RCFC 58.

The United States timely filed a notice of appeal of the trial court's judgment on April 15, 2008, which was 60 days after the judgment's issuance. Entergy did not file its own notice of appeal until April 24, 2008, which was 69 days after the trial court's February 15, 2008 entry of judgment. The trial court docketed Entergy's notice as a notice of cross-appeal, filed in the Boston Edison case. Nevertheless, this Court did not docket the Entergy Nuclear appeal as a cross-appeal in the Boston Edison case, but, instead, docketed it as a separate and new appeal unrelated to the Government's appeal of the final judgment in Boston Edison.

During the pendency of the Boston Edison and Entergy Nuclear cases before the trial court, the Court of Federal Claims issued final judgments in several other SNF cases, including Yankee Atomic, Pacific Gas, and SMUD. Each of those cases is currently on appeal to this Court, and the Court heard oral argument in each of those appeals on February 4, 2008. As we will discuss below, issues that are central to the Court's judgments in those cases are also central issues in the Boston Edison case. This Court has suspended briefing in three other SNF appeals – the Northern States, System Fuels, and Southern Nuclear appeals identified in footnote 1 of this motion – pending resolution of the Yankee Atomic appeals.

## DISCUSSION

## I. THE COURT SHOULD CONSOLIDATE THE *BOSTON* AND *ENTERGY* APPEALS

Both the United States' appeal in Boston Edison and Entergy's cross-appeal, currently docketed separately as the Entergy Nuclear appeal, arise out of the same February 15, 2008 judgment in Boston Edison. The Practice Notes to Federal Circuit Rule 12 indicate that, "[w]hen more than one party appeals from the same trial court case, the appeals or cross-appeals will be consolidated by the clerk." Further, the Practice Notes to Rule 12 provide that "[a]ny appeal in a case that was consolidated in the trial court will be docketed under the title used for the consolidated case." Here, the Boston Edison and Entergy Nuclear cases were partially consolidated by the trial court, and both the United States and Entergy have filed appeals arising out of the same February 15, 2008 trial court judgment. In these circumstances, the appeals should have been consolidated.

If any question existed as to Entergy's intent to file a cross-appeal (to be joined with the United States' appeal) rather than its own independent appeal, the timing of the filing of

Entergy's appeal notice would eliminate that question. Assuming that the February 15, 2008 judgment were final for purposes of appellate review, Entergy's notice would have been untimely as an independent notice of appeal. Pursuant to 28 U.S.C. § 2822, any notice of appeal from a final judgment of the Court of Federal Claims must be filed within 60 days of the judgment. Although the United States filed a notice of appeal within 60 days of the February 15, 2008 judgment, Entergy did not file its notice until 69 days after that February 15, 2008 judgment. Nevertheless, the trial court properly docketed Entergy's notice as a "Notice of Cross-Appeal" in the Boston/Entergy case. Pursuant to Fed. R. App. P. 4(a)(3), assuming the finality of the trial court's February 15, 2008 judgment, Entergy's notice of cross-appeal is timely because it was filed "within 14 days after the date when the first notice was filed."

In any event, the appellate issues that both the United States and Entergy will raise in these appeals will arise out of and depend upon the very same factual findings and legal holdings that the trial court made in a single consolidated decision, which was issued after a single consolidated trial that involved both BECO and Entergy. So that both the appeal by the United States and the cross-appeal by Entergy proceed in a coordinated fashion, we respectfully request that the Court consolidate them into one proceeding.

## II. A STAY OF BRIEFING IN THIS APPEAL IS WARRANTED

### A. A Stay Is Warranted Because, As We Recently Discovered, The Trial Court's Judgment In This Case Is Not Final

We have recently identified a problem in the trial court's judgment in this case that needs to be rectified before this Court can exercise jurisdiction here. We intend to work with BECO

and Entergy to address this matter with the trial court, but we need time to resolve this problem before this appeal proceeds.

As previously discussed, the trial court partially consolidated the Boston Edison and Entergy Nuclear cases to resolve particular issues in a single proceeding. In its order consolidating the cases, the trial court indicated that, at appropriate times, it would issue RCFC 54(b) judgments in the two cases. Boston Edison, 67 Fed. Cl. at 67. Under RCFC 54(b), a trial court may issue a final judgment in a consolidated case, even though not all issues in the consolidated case have been resolved, "only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." As RCFC 54(b) expressly indicates, "[i]n the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

On February 15, 2008, following a consolidated trial in the Boston Edison and Entergy Nuclear cases, the trial court directed the clerk of that court to enter judgment in BECO's favor. Yet, the trial court did not make the express determination required by RCFC 54(b), and it did not direct the clerk to enter judgment pursuant to RCFC 54(b). Instead, the judgment that the clerk entered in this case relies solely upon RCFC 58.

In Spraytex, Inc. v. DJS&T, 96 F.3d 1377 (Fed. Cir. 1996), this Court undertook a thorough review of the precedent of different United States courts of appeals in evaluating whether a judgment from a lower court in consolidated cases should be considered "final" for

purposes of appellate review in the absence of a Rule 54(b) certification. It recognized that some circuits allow appeal of the resolution of a single claim from a consolidated action without a Rule 54(b) certification, while other circuits approach the question of finality on a case-by-case basis that requires certification when cases have been fully consolidated but may not require it when they have been consolidated only for limited purposes. This Court, however, elected to adopt as its own precedent the views of the United States Courts of Appeals for the Ninth and Tenth Circuits, in which a clear-cut requirement exists: in any consolidated cases, whether consolidated completely or only for a limited purpose, any judgment prior to the complete resolution of all matters in all cases that are part of the consolidation must be issued pursuant to Rule 54(b) to constitute a final appealable judgment. Id. at 1382 ("We now extend this approach to join the Ninth and Tenth Circuits in adopting the rule that, absent Rule 54(b) certification, there may be no appeal of a judgment disposing of fewer than all aspects of a consolidated case"). This "bright line rule" eliminates the need for splitting hairs about the "type or extent" of consolidation. Id.

Here, the trial court did not issue a Rule 54(b) judgment. Accordingly, it does not appear that the trial court's judgment here is final. Notwithstanding this defect, this Court has held, following the majority of other circuits, "that a premature notice of appeal ripens upon entry of a proper Rule 54(b) certification." State Contracting & Eng'g Corp. v. State of Fla., 258 F.3d 1329, 1335 (Fed. Cir. 2001); see SafeTCare Mfg., Inc. v. Tele-Made, Inc., 497 F.3d 1262, 1267 (Fed. Cir. 2007). Accordingly, the trial court can remedy the existing deficiency during the pendency of this appeal. See, e.g., Tilder v. Eli Lilly & Co., 824 F.2d 84, 86 (D.C. Cir. 1987). Nevertheless, at the present time, the defect in the trial court's judgment remains. To permit the

parties to address this defect with the trial court, the Court should suspend briefing here pending proper resolution of that defect.

B. Regardless Of The Finality Of The Trial Court's Judgment, A Stay Is Warranted To Await Decisions In Related Appeals That Were Argued On February 4, 2008

This appeal involves issues that are squarely before this Court in the Yankee Atomic, Pacific Gas, and SMUD appeals: specifically, the appropriate manner in which the trial court must evaluate causation issues in the spent nuclear fuel ("SNF") cases pending before that Court.

This case, like Yankee Atomic, Pacific Gas, and SMUD, involves claims for damages arising from an alleged partial breach by the United States Department of Energy ("DOE") of the "Standard Contract for Disposal of Spent Nuclear Fuel and/or High-Level Radioactive Waste" ("Standard Contract"), the terms of which are published at 10 C.F.R. § 961.11. In 1983, in accordance with its obligations under the Nuclear Waste Policy Act ("NWPA"), 42 U.S.C. § 10222(a), DOE entered into a standardized contract with the individual owners and generators of SNF that was created as a result of domestic commercial nuclear power generation, including the plaintiffs in all of these appeals. Pursuant to that standardized contract, DOE was to begin SNF acceptance from the nuclear industry by January 31, 1998. Because it lacks a facility in which to store the SNF, DOE has not yet been able to begin that acceptance.

Since 1998, numerous contract holders have filed lawsuits in the United States Court of Federal Claims seeking damages as a result of DOE's delay in beginning SNF acceptance. At the present time, 60 cases alleging a partial breach of the Standard Contract are pending in either this Court or the Court of Federal Claims, through which, according to industry reports, the nuclear utilities are collectively seeking approximately $50 billion in damages.

One of the central issues in the Yankee Atomic, Pacific Gas, and SMUD appeals, as well as in other SNF cases that have been tried before the Court of Federal Claims but that are not yet before this Court, relates to the scope of DOE's contractual obligations with regard to SNF acceptance after 1998. Specifically, although the Standard Contract provides that DOE will begin SNF acceptance from the nuclear industry by January 31, 1998, it does not specify a specific speed or rate at which DOE must continue that acceptance after January 31, 1998.

This issue is crucial to any causation and damages analysis: under this Court's precedent, "[t]o derive the proper amount for the damages award, the costs resulting from the breach must be reduced by the costs, if any, that the plaintiffs would have experienced absent a breach." Bluebonnet Sav. Bank, F.S.B. v. United States, 339 F.3d 1341, 1345 (Fed. Cir. 2003). This rule "sets the ceiling for damages . . ., because the non-breaching party is 'not entitled to be put in a better position by the record than if the [breaching party] had fully performed the contract.'" Rumsfeld v. Applied Cos., 325 F.3d 1328, 1336 (Fed. Cir. 2003) (quoting Miller v. Robertson, 266 U.S. 243, 260 (1924)) (emphasis added).

Before the trial court in all of these cases, we argued that, for a plaintiff to establish that DOE "caused" its damages under the standardized contract at issue, the plaintiff must establish that, had DOE timely performed its contract obligations, the plaintiff would not have incurred the same costs that it was seeking to recover as damages.[2] Contrary to the requirements for

---

[2] In addition to a claim by Entergy that DOE's breach caused it to incur increased SNF storage, this case includes a so-called diminution-in-value component where the seller of a nuclear reactor subject to the Standard Contract, BECO, alleges that the breach reduced the amount that the buyer of the plant, Entergy, paid for the plant and required BECO to transfer to Entergy funds to cover future costs associated with on-site storage. Boston Edison, 80 Fed. Cl. at 485. This additional fact does not alter the requirement that a party seeking damages for DOE's (continued...)

evaluating expectation damages claims, the trial court in this case did not require the plaintiffs to establish DOE's obligations regarding the rate at which DOE had to accept SNF or, importantly, those costs that they necessarily would have incurred had DOE timely accepted SNF at that rate. Boston Edison, 80 Fed. Cl. at 488. Instead, the trial court merely held that "DOE's breach is a direct cause of Boston Edison's diminished value . . . [t]he impact of DOE's breach of the Standard Contract was reflected in the purchase price of Pilgrim and the increased amount of funding transferred to compensate for storage-related expenses." Id. The trial court made this ruling without determining whether, had DOE performed its actual contract obligations, BECO (or Entergy) would still necessarily have needed to construct the same storage facilities for which BECO transferred funds to Entergy. Had construction of the same storage facilities been necessary even had DOE timely performed its contract obligations, it would be impossible to say that DOE's delay "caused" BECO to transfer money to Entergy to fund that otherwise necessary construction. Yet, here, the trial court made no definitive determination as to what DOE's contract obligations to accept SNF after January 31, 1998 were. As we argued in Yankee Atomic and SMUD, and as the trial court correctly found in Pacific Gas, absent such an analysis, the trial court could not logically determine whether DOE's breach had, in fact, caused the plaintiff to incur the alleged damages that it seeks.

The appeals in Yankee Atomic, Pacific Gas, and SMUD directly address the errors in the same type of faulty causation analysis that the trial court applied in this case. Given that these other appeals have already been argued and are now awaiting decisions that will directly affect

---

[2](...continued)
breach compare costs incurred in the actual world against those that the party would have incurred had DOE met its contractual obligations.

this case, we respectfully suggest that the resources of this Court, as well as the parties, will be conserved if briefing in this matter is stayed pending disposition of those appeals, so that the parties' briefs can address the extent to which the trial court's analysis in this case properly fits within the type of analysis that, in its decisions in these other recently-argued appeals, this Court holds is necessary to evaluate and establish causation. Absent such a stay of briefing, this Court simply will rehear the same arguments that have already been presented in these other pending appeals and will be asked to render the same decision that this Court is being asked to render in the Yankee Atomic, Pacific Gas, and SMUD appeals.

III. DEFENDANT'S ALTERNATIVE MOTION FOR AN ENLARGEMENT

To the extent that the Court declines to stay briefing in this appeal pending the Court's decisions in Yankee Atomic, Pacific Gas, and SMUD, we respectfully request that the Court grant us an enlargement of time of 30 days from the date of any order that the Court issues denying our request for a stay within which to file our initial brief in this appeal. Our initial brief is currently due on June 16, 2008. We have not previously sought an enlargement of time for this purpose.

Because the main issues in this appeal are substantially similar to those in the Yankee Atomic, Pacific Gas, and SMUD appeals, it would be a waste of the Government's resources to develop, and the Court's resources to consider, another brief that essentially duplicates the briefing in those other appeals, but with references to the specific factual evidence supportive of our causation analysis arguments in this case, when it appears likely that decisions in those other appeals will be rendered before this case will be considered. Nevertheless, to the extent that we need to identify all of the appropriate evidence to support our arguments regarding the errors in

the trial court's causation analysis here, we will need time to identify and streamline that evidence from the significant trial court record, which was generated through a two-week trial involving multiple parties and through other trial court proceedings.

In addition, the attorneys who will be responsible for preparation of the briefing in this appeal are currently actively engaged in discovery and other matters in other SNF cases that are currently pending before this Court and the Court of Federal Claims. Specifically, we are currently engaged in preparing for oral argument in Delmarva Power & Light Co. v. United States, No. 2008-5010 (Fed. Cir.), which is scheduled for July 9, 2008; preparing for extensive depositions and discovery in Consolidated Edison Co. of New York v. United States, No. 04-33C (Fed. Cl.), Vermont Yankee Nuclear Power Corp. v. United States, No. 02-898C (Fed. Cl.), Entergy Nuclear Vermont Yankee v. United States, No. 03-2663C (Fed. Cl.), and Arizona Public Service Co. v. United States, No. 03-2832C (Fed. Cl.); preparing extensive post-trial briefing in Dominion Resources, Inc. v. United States, No. 04-83C (Fed. Cl.), and Dominion Resources, Inc. v. United States, No. 04-84C (Fed. Cl.), which is due by July 10, 2008, with a closing argument in those cases scheduled for July 30, 2008; preparing for closing arguments in Wisconsin Electric Power Co. v. United States, 00-697C (Fed. Cl.); and preparing for a two-and-one-half week trial in Dairyland Power Cooperative v. United States, No. 04-106C (Fed. Cl.), which is scheduled to begin on July 7, 2008. Accordingly, to the extent that the Court denies our motion to stay, we respectfully request that the Court grant us an enlargement of 30 days from the date of any order denying our motion within which to file our initial brief in this case.

CONCLUSION

For the foregoing reasons, we respectfully request that this Court consolidate the Boston Edison and Entergy Nuclear appeals. Further, we respectfully request that the Court stay briefing in this matter pending resolution of the existing jurisdictional defect underlying the appeal and cross-appeal at issue here and, further, pending this Court's disposition of the Yankee Atomic, Pacific Gas, and SMUD appeals. We further request that, to the extent that the Court denies our request for a stay of briefing, the Court grant us an enlargement of time for the submission of our initial brief until 30 days after the issuance of any order denying our stay request.

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

HAROLD D. LESTER, JR.
Assistant Director

ALAN J. LO RE
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-0226
Fax: (202) 307-2503

June 9, 2008

Attorneys for Defendant-Appellant

IN THE UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

| | | |
|---|---|---|
| BOSTON EDISON COMPANY,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant-Appellant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2008-5066 |

DECLARATION

I, Alan J. Lo Re, swear and declare under penalty of perjury as follows:

1. I am the attorney within the Department of Justice having primary responsibility for representing the Government in this case. Pursuant to Federal Circuit Rule 26(b), I offer this declaration in support of the accompanying motion to suspend briefing in this appeal pending this Court's resolution of three appeals in which oral argument was presented before the same panel of this Court on February 4, 2008: (1) Yankee Atomic Electric Co. v. United States, Nos. 2007-5025, -5026, -5027, -5031, -5032, -5033 (Fed. Cir.); (2) Pacific Gas & Electric Co. v. United States, No. 2007-5046 (Fed. Cir.); and (3) Sacramento Municipal Utility District, Nos. 2007-5052, -5097 (Fed. Cir.). Our motion also requests that, to the extent that the Court denies our request to suspend briefing, the Court grant us an enlargement of time of 30 days from the date that the Court denies our motion to suspend to file our initial brief in this appeal. Our initial brief is currently due on June 16, 2008, and we have not previously sought any enlargements of that date.

2. This appeal involves an alleged breach of the "Standard Contract For Disposal Of Spent Nuclear Fuel And/Or High-Level Radioactive Waste," 10 C.F.R. § 961.11 (1984), with the

Department of Energy ("DOE"), which was executed pursuant to the Nuclear Waste Policy Act of 1982 ("NWPA"), 42 U.S.C. §§ 10101-10270 (1994). Seventy-one cases alleging breaches of the Standard Contract have been filed with the Court of Federal Claims, and 60 of those cases remain pending either before the trial court or on appeal before this Court.

3. Four sets of appeals arising from the Standard Contract are currently pending before this Court that have been completely briefed and in which oral argument has already been conducted: (1) three consolidated appeals titled Yankee Atomic Electric Co. v. United States, Nos. 2007-5025, -5026, -5027, -5031, -5032, -5033 (Fed. Cir.), argued on February 4, 2008; (2) the appeal in Pacific Gas & Electric Co. v. United States, No. 2007-5046 (Fed. Cir.), argued on February 4, 2008; (3) the appeal in Sacramento Municipal Utility District v. United States, Nos. 2007-5052, -5096 (Fed. Cir.), argued on February 4, 2008; and (4) an interlocutory appeal in Nebraska Public Power District v. United States, No. 2007-5083 (Fed. Cir.), argued on December 3, 2008.

5. The attorneys who will be responsible for preparation of the briefing in this appeal are currently actively engaged in discovery and other matters in other SNF cases that are currently pending before this Court and the Court of Federal Claims. Specifically, we are currently engaged in preparing for oral argument in Delmarva Power & Light Co. v. United States, No. 2008-5010 (Fed. Cir.), which is scheduled for July 9, 2008; preparing for extensive depositions and discovery in Consolidated Edison Co. of New York v. United States, No. 04-33C (Fed. Cl.), Vermont Yankee Nuclear Power Corp. v. United States, No. 02-898C (Fed. Cl.), Entergy Nuclear Vermont Yankee v. United States, No. 03-2663C (Fed. Cl.), and Arizona Public Service Co. v. United States, No. 03-2832C (Fed. Cl.); preparing extensive post-trial briefing in

Dominion Resources, Inc. v. United States, No. 04-83C (Fed. Cl.), and Dominion Resources, Inc. v. United States, No. 04-84C (Fed. Cl.), which is due by July 10, 2008, with a closing argument in those cases scheduled for July 30, 2008; preparing for closing arguments in Wisconsin Electric Power Co. v. United States, 00-697C (Fed. Cl.); and preparing for a two-and-one-half week trial in Dairyland Power Cooperative v. United States, No. 04-106C (Fed. Cl.), which is scheduled to begin on July 7, 2008. Accordingly, to the extent that the Court denies our motion to stay, we respectfully request that the Court grant us an enlargement of 30 days from the date of any order denying our motion within which to file our initial brief in this case.

DECLARATION

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and accurate. Executed on June 9, 2008.

ALAN J. LO/RE
Senior Trial Counsel
Civil Division
U.S. Department of Justice

# ATTACHMENT A

# In the United States Court of Federal Claims

No. 99-447C
No. 03-2626C
(partially consolidated)

(Filed Under Seal: February 15, 2008)
(Reissued: February 20, 2008)

| | |
|---|---|
| BOSTON EDISON CO.,<br><br>Plaintiff,<br><br>UNITED STATES,<br><br>Defendant. | Post-trial decision in suit for damages for partial breach of Standard Contract for disposal of spent nuclear fuel; sale of nuclear power plant; assignment of Standard Contract in connection with sale; seller's retention of pre-sale damage claims; causation; foreseeability; damages measured by diminution in value of nuclear power plant |
| ENTERGY NUCLEAR GENERATION CO.,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | |

Richard J. Conway, Dickstein Shapiro LLP, Washington, D.C., for plaintiff Boston Edison Co. With him at trial and on the briefs were Bradley D. Wine and Bernard F. Sheehan, Dickstein Shapiro LLP, and with him on the briefs was Nicholas W. Mattia, Jr., Dickstein Shapiro LLP, Washington, D.C. Of counsel was Neven Rabadjija, Associate General Counsel, NSTAR Electric & Gas Corp., Boston, MA.

Alex D. Tomaszczuk, Pillsbury, Winthrop, Shaw, Pittman, LLP, McLean, VA, for plaintiff Entergy Nuclear Generation Co. With him at trial and on the briefs were Jay E. Silberg, Daniel S. Herzfeld, and Jack Y. Chu, Pillsbury, Winthrop, Shaw, Pittman, LLP, Washington, D.C., and L. Jager Smith, Jr., Wise, Carter, Child, & Caraway, PA., Jackson, MS.

## CONCLUSION

For the reasons stated, the court concludes that Boston Edison is entitled to recover $40,030,000 in damages from and against the government. The Clerk shall enter final judgment in favor of Boston Edison for that amount.

Boston Edison is also awarded costs of suit.

The government's claim for offset from Entergy Nuclear cannot be resolved in the action brought by Boston Edison, No. 99-447C. Instead, it must be pursued in the action brought by Entergy Nuclear, No. 03-2626C, and, in addition, any subsequent case or cases that may be filed by Entergy Nuclear for breach of the Standard Contract assigned by Boston Edison to Entergy Nuclear attendant to the sale of Pilgrim.

On or before February 20, 2008, the parties are requested to submit proposed redactions of any confidential or proprietary information that may be set out in this decision rendered under seal.

It is so ORDERED.

s/ Charles F. Lettow
Judge

# In the United States Court of Federal Claims

**No. 99-447 C**

**BOSTON EDISON CO.,**

**v.**

**THE UNITED STATES**

**JUDGMENT**

Pursuant to the Opinion and Order, filed February 15, 2008

IT IS ORDERED AND ADJUDGED this date, pursuant to Rule 58, that plaintiff, Boston Edison, recover of and from the United States damages in the sum of $40,030,000.00. Boston Edison is awarded costs of suit.

John S. Buckley
Acting Clerk of Court

**February 15, 2008** By: s/Lisa L. Reyes

Deputy Clerk

NOTE: As to appeal, 60 days from this date, see RCFC 58.1, re number of copies and listing of all plaintiffs. Filing fee is $455.00.

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 9th day of June, 2008, I caused to be placed in the United States mail (first-class mail, postage prepaid) copies of the foregoing "DEFENDANT-APPELLANT'S MOTION (1) TO CONSOLIDATE APPEALS AND (2) TO SUSPEND BRIEFING OR, IN THE ALTERNATIVE, FOR AN ENLARGEMENT OF TIME," addressed as follows:

RICHARD J. CONWAY
Dickstein Shapiro Morin & Oshinsky
1825 Eye Street, N.W.
Washington, D.C. 20006-5403

MICHAEL B. WALLACE
Wise Carter Child & Caraway
P.O. Box 651
Jackson, Mississippi 39205

Andrea D. Morgan
______________________________