IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| BOSTON EDISON COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | ) | No. 99–447C<br>(Judge Lettow) |
| ENTERGY NUCLEAR GENERATION COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | No. 03-2626C<br>(Judge Lettow) |

DEFENDANT'S MOTION FOR ENTRY OF JUDGMENT PURSUANT TO RCFC 54(b)

Defendant, the United States, respectfully requests that the Court enter judgment in these partially consolidated cases pursuant to Rule 54(b) of the Rules of this Court ("RCFC"). Entry of judgment pursuant to RCFC 54(b) will correct a technical deficiency in the prior judgment that the Clerk of the Court entered on February 15, 2008, and will allow the appeals that are currently pending before the United States Court of Appeals for the Federal Circuit to continue.[1]

[1] As evidenced by our motion to consolidate the Boston Edison and Entergy cases in their entirety, we have consistently taken the position that this Court should have entered a single judgment addressing all of the claims of BECO and Entergy, in their entirety, in these matters. In the alternative, we have argued that the Court, when deciding the amount owed to BECO, should also enter judgment on the specific amount of the offset against Entergy's claim to which the Government is entitled. We continue to believe that both of these actions are appropriate and request that the Court either defer entering a RCFC 54(b) judgment until the entirety of the amounts owed to Entergy are resolved or, in the alternative, enter a RCFC 54(b) judgment identifying both amounts owed to BECO and amounts to be offset against Entergy. Absent those actions, the Court should, for the reasons stated within our motion, enter judgment pursuant to

Counsel for Boston Edison Company ("BECO"), Bradley Wine, has represented that BECO opposes our request for entry of a RCFC 54(b) judgment in the partially consolidated Boston Edison/Entergy Nuclear cases, believing that entry of judgment only in Boston Edison is appropriate. In addition, although we have discussed the need for a RCFC 54(b) judgment in general with counsel for Entergy Nuclear Generation Company ("Entergy"), we have not yet heard Entergy's position upon this specific motion.

BACKGROUND

Both the Boston Edison case and the Entergy Nuclear case involve claims for a partial breach by the United States Department of Energy ("DOE") of the "Standard Contract For Disposal Of Spent Nuclear Fuel And/Or High-Level Radioactive Waste," the terms of which are published at 10 C.F.R. § 961.11. Seventy-one cases alleging breaches of the Standard Contract have been filed with the Court of Federal Claims, 48 of which remain pending before the trial court and 12 of which are now pending before the Federal Circuit. In each of the cases, plaintiffs, the majority of which are current or former owners of nuclear reactors that entered into the Standard Contract with DOE, are seeking damages for breach of contract (or, in some cases, for a taking under the Fifth Amendment of the United States Constitution) based upon DOE's delay in beginning acceptance of spent nuclear fuel ("SNF") from the contract holders by January 31, 1998, the date identified in the Standard Contract for commencing SNF acceptance.

In 1999, BECO filed its lawsuit against the United States, alleging that it had incurred damages because of DOE's failure timely to begin SNF acceptance under the Standard Contract at the Pilgrim Nuclear Power Station ("Pilgrim"), which BECO owned. The day after it filed

---

RCFC 54(b) in these partially consolidated cases.

suit, BECO sold its interests in Pilgrim to Entergy Nuclear Generation Company, and, in 2003, Entergy filed its own lawsuit against the United States for damages arising out of DOE's delay in accepting SNF from Pilgrim. In its lawsuit, BECO claimed that it was entitled to recover damages for the diminished value that it obtained upon the sale of the Pilgrim reactor to Entergy, asserting that, through the sale, Entergy had compensated itself for the additional on-site costs that it believed would be necessary because of DOE's delay by reducing the amount of money that it had paid to BECO and by requiring BECO to transfer certain decommissioning funds to Entergy to account for SNF storage. In its own complaint, Entergy did not identify any reduction in the amount of damages to which it claimed entitlement resulting from some reduction that it had made to compensate itself for such costs in the purchase price for the Pilgrim reactor. The United States subsequently filed a motion to consolidate the Boston Edison and Entergy Nuclear cases, arguing that, if the United States was obligated to pay damages to BECO to cover the diminished value that BECO recognized on the sale of its nuclear reactor, the trial court should, at the very least, provide a corresponding reduction in any damages awarded to Entergy, given that BECO's claims were dependent upon Entergy having already compensated itself for DOE's anticipated breaches.

On July 29, 2005, the Court declined to consolidate the Boston Edison and Entergy Nuclear cases for all purposes, but it ordered the consolidation of the two cases for the purpose of resolving particular issues that are relevant in both of them: "The cases are consolidated for the limited purpose of addressing issues concerning (1) contract formation, (2) contract implementation through the date of sale of the Pilgrim Nuclear Power Station [from BECO to Entergy], and (3) Boston Edison Company's diminution-in-value claim and the government's

attendant offset claim against Entergy." Boston Edison Co. v. United States, 67 Fed. Cl. 63, 67 (2005).[2] In its order consolidating the Boston Edison and Entergy cases for these limited purposes, the Court indicated that, at the appropriate time, "judgments will be issued under Rule 54(b) in each case, to insure that judgment in one case is not unduly delayed by the progression of the other." Id. RCFC Rule 54(b) provides, in relevant part, that, "[w]hen more than one claim for relief is presented in an action . . . the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."

Subsequently, following discovery, the Court proceeded to conduct a single trial involving both BECO and Entergy upon the issues that it had previously identified. The Court ultimately issued a single decision, dated February 15, 2008, that identified both BECO and Entergy in the case caption, as "partially consolidated" cases. See Attachment A. In that February 15, 2008 decision, the Court directed the Court's Clerk to "enter final judgment in favor of Boston Edison" in the amount of approximately $40 million. Boston Edison Co. v. United States, 80 Fed. Cl. 468, 496 (2008). In ordering the entry of judgment, the Court did not make any express determination, as identified in RCFC 54(b), that "there is no just cause for delay." Nevertheless, Entergy still has a claim before this Court. The Clerk of the Court entered judgment on February 15, 2008, pursuant to RCFC 58.

---

[2] We recently discovered that, although the Court partially consolidated the Boston Edison and Entergy Nuclear cases by order dated July 29, 2005, the Court's Electronic Court Filing ("ECF") system was never updated to reflect that consolidation. We have noticed that, in other cases that are consolidated, the PACER system is updated to link the dockets for the consolidated cases together. We respectfully request that the Court ask the Clerk's office to update the PACER system for the Boston Edison and Entergy Nuclear cases to reflect the partial consolidation.

The United States timely filed a notice of appeal of the trial court's judgment on April 15, 2008, which was 60 days after the judgment's issuance and which the Federal Circuit docketed as Case No. 2008-5066. Entergy filed a notice of cross-appeal on April 24, 2008, which the Federal Circuit docketed as Case No. 2008-5070.

DISCUSSION

We have recently identified a problem in the Court's judgment in these partially consolidated cases that needs to be rectified before the Federal Circuit can properly exercise jurisdiction over the appeals that the United States and Entergy have filed in these cases.

As previously discussed, the Court partially consolidated the Boston Edison and Entergy Nuclear cases to resolve particular issues in a single proceeding. In its order consolidating the cases, the Court indicated that, at appropriate times, it would issue RCFC 54(b) judgments in the two cases. Boston Edison, 67 Fed. Cl. at 67. Under RCFC 54(b), a trial court may issue a final judgment in a consolidated case, even though not all issues in the consolidated case have been resolved, "only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." As RCFC 54(b) expressly indicates, "[i]n the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

On February 15, 2008, following a consolidated trial in the Boston Edison and Entergy Nuclear cases, the Court directed the Clerk of the Court to enter judgment in BECO's favor.

Yet, the Court did not make the express determination required by RCFC 54(b), and it did not direct the Clerk to enter judgment pursuant to RCFC 54(b). Instead, the judgment that the Clerk entered in this case relies solely upon RCFC 58.

In Spraytex, Inc. v. DJS&T, 96 F.3d 1377 (Fed. Cir. 1996), the Federal Circuit undertook a thorough review of the precedent of different United States courts of appeals in evaluating whether a judgment from a lower court in consolidated cases, including cases consolidated for a limited purpose, should be considered "final" for purposes of appellate review in the absence of a Rule 54(b) certification. It recognized that some circuits allow appeal of the resolution of a single claim from a consolidated action without a Rule 54(b) certification, while other circuits approach the question of finality on a case-by-case basis that requires certification when cases have been fully consolidated but may not require it when they have been consolidated only for limited purposes. This Court, however, elected to adopt as its own precedent the views of the United States Courts of Appeals for the Ninth and Tenth Circuits, in which a clear-cut requirement exists: in any consolidated cases, whether consolidated completely or only for a limited purpose, any judgment prior to the complete resolution of all matters in all cases that are part of the consolidation must be issued pursuant to Rule 54(b) to constitute a final appealable judgment. Id. at 1382 ("We now extend this approach to join the Ninth and Tenth Circuits in adopting the rule that, absent Rule 54(b) certification, there may be no appeal of a judgment disposing of fewer than all aspects of a consolidated case"). This "bright line rule" eliminates the need for splitting hairs about the "type or extent" of consolidation. Id.

Here, there is no dispute that these two cases are partially consolidated and that the Court did not issue a Rule 54(b) judgment. Accordingly, in light of the Federal Circuit's precedent in

Spraytex, it does not appear that the Court's judgment here is final. Notwithstanding this defect, this Court has held, following the majority of other circuits, "that a premature notice of appeal ripens upon entry of a proper Rule 54(b) certification." State Contracting & Eng'g Corp. v. State of Fla., 258 F.3d 1329, 1335 (Fed. Cir. 2001); see SafeTCare Mfg., Inc. v. Tele-Made, Inc., 497 F.3d 1262, 1267 (Fed. Cir. 2007). Accordingly, the Court can remedy the existing deficiency during the pendency of this appeal. See, e.g., Tilder v. Eli Lilly & Co., 824 F.2d 84, 86 (D.C. Cir. 1987). To eliminate this deficiency, we respectfully request, to the extent that the Court does not adopt our requests in footnote 1 of this motion, that the Court find that there is no just reason for delay in the entry of the judgment directed by the Court in its February 15, 2008 decision and that the Court direct the Clerk of the Court to enter judgment pursuant to RCFC 54(b).

## CONCLUSION

For the foregoing reasons, defendant respectfully requests that the Court find that there is no just reason for delay in the entry of the judgment directed by its February 15, 2008 decision and that it direct the Clerk of the Court to enter a RCFC 54(b) judgment in these partially consolidated cases.

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/ Alan J. Lo Re
ALAN J. LO RE
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-0226
Fax: (202) 307-2503

Attorneys for Defendant

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

June 27, 2008

CERTIFICATE OF FILING

I hereby certify that on this 27th day of June 2008, a copy of foregoing "DEFENDANT'S MOTION FOR ENTRY OF JUDGMENT PURSUANT TO RCFC 54(b)" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Harold D. Lester, Jr.